IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| SCOTT D. DALESANDRO, et al., <br> On behalf of themselves and <br> all others similarly situated, | : | Case No.: C-1-01-109 |
| | : | |
| | : | Judge Sandra S. Beckwith |
| Plaintiffs, | : | |
| | : | |
| v. | : | **STIPULATED ENTRY MODIFYING** |
| | : | **CIVIL RULE 23 CLASS ACTION** |
| THE INTERNATIONAL PAPER <br> COMPANY, | : | **NOTICE** |
| | : | |
| Defendant. | : | |

Based on plan language and class counsel's position on attorneys fees, the parties have stipulated to the Court that modification is needed to the form of the notice to the certified class in the form attached hereto. Stipulation to these modifications does not waive defendant's objections to the class or the notice. Accordingly, the class notice, as modified, shall supercede that previously approved by the Court on August 22, 2003 (Doc. #47).

IT IS SO ORDERED.

_____
Sandra S. Beckwith
United States District Judge

STIPULATED:

_____
John C. Murdock
Counsel for Plaintiffs

_____
James P. McElligott
Counsel for Defendant

{00008600; 1}

<u>**COURT ORDERED NOTICE:**</u>

**YOUR RIGHTS TO SEVERANCE BENEFITS DUE TO THE TERMINATION OF YOUR EMPLOYMENT BY INTERNATIONAL PAPER COMPANY**

**[DATED *****]**

Dear _____:

RE:   *Dalesandro, et al. v. The International Paper Company*
      Case No. C-1-01-109
      U.S. District Court, Southern District of Ohio

This Notice is sent to you by order of U.S. District Court Judge Sandra S. Beckwith, in the case *Dalesandro, et al. v. The International Paper Company*, to inform you that this case has been certified as a class action, and that you are a member of the class. This case involves your entitlement to benefits under Champion International Paper Company Corporation Reorganization Policy #828 ("Policy #828") as a result of International Paper Company's termination of your employment, along with others, at the Hamilton B Street Mill on February 9, 2001. Judge Beckwith has ruled that you are entitled to severance benefits under Policy #828. A complete copy of Policy #828 is enclosed with this Notice for your review. As of the time of the issuance of this Notice, however, International Paper Company has indicated that it intends to exercise its right to appeal Judge Beckwith's ruling and judgment in your favor to the U.S. Federal Court of Appeals for the Sixth Circuit. In the event of an appeal, Judge Beckwith's ruling and judgment will be upheld, modified, or reversed. **THEREFORE, UNTIL THE OUTCOME OF THE APPEAL PROCESS, YOU WILL NOT KNOW THE FINAL STATUS OF YOUR ENTITLEMENT TO SEVERANCE PAY.**

Read this Notice carefully as it is designed to inform you of your rights in connection with this class action.

{00008595; 3}

1

I.  **YOUR SEVERANCE PAY CALCULATION UNDER POLICY #828**

The enclosed **EXHIBIT A** to this Notice is **YOUR** personal severance pay calculation performed by International Paper Company in accordance with Judge Beckwith's ruling. You have **30 DAYS** from \_\_\_\_ [the date set in BOLD in above Notice caption] in which to review this calculation to confirm its accuracy. In the event you believe that your severance pay calculation is incorrect, you must give notice to International Paper Company within this 30 day period by mailing a written explanation setting forth the basis for your disagreement to:

>   Sharon Barger
>   International Paper
>   6400 Poplar Avenue
>   Memphis, Tennessee 38197

Your severance pay calculation will be reviewed and resolved in accordance with the procedure as set forth below in **Section IV** of this Notice.

In addition, in the event that the Court of Appeals upholds Judge Beckwith's ruling regarding severance pay under Policy #828, International Paper Company agrees that if you were age 49 or older and your age and services equaled at least 59 as of February 9, 2001 you are also eligible for enhanced monthly pension benefits under the "Flex Six" amendments to the Champion Salaried Retirement Plan #001. Based upon International Paper Company records, if you are determined to be eligible, the enclosed **Exhibit A** will set forth the additional amount of the Flex Six enhancement. Importantly, however, it is International Paper Company's position that under the terms of the Champion Salaried Retirement Plan #001 and its successor plan, the Retirement Plan of International Paper Company, if you are presently employed by Smart Papers, LLC that you are not eligible to retire, and therefore you will not receive the Flex Six enhancement until after the end of your employment with Smart Papers, LLC.

{00008595; 3}

2

## II. BASIC BACKGROUND INFORMATION

You are being sent this Notice as a result the lawsuit, *Dalesandro, et al. v. The International Paper Company*, Case No. C-1-01-109, which was filed as a class action on your behalf, as well as others similar to you. This lawsuit was filed in federal court on February 22, 2001, and is pending before Judge Beckwith in the United States District Court for the Southern District of Ohio. The persons who sued on your behalf are former International Paper Company employees Scott D. Dalesandro and Diane Noonan.

The lawsuit was brought against International Paper Company for the recovery of severance pay under Policy #828. Plaintiffs Dalesandro and Noonan filed claims under federal law [known as the "Employment Retirement Income Security Act of 1972", Section 29 U.S.C. §1132(a)(1)(b)] seeking benefits under Policy #828 due to the termination of your employment, as well as others, at the Hamilton B Street Mill by International Paper Company on February 9, 2001. International Paper Company contested the legal claims and denied they owed you any severance pay.

After extensive briefing by the parties on the proper interpretation and purpose of Policy #828, on March 21, 2003, Judge Beckwith issued a ruling that all persons employed by International Paper Company at the Hamilton B Street Mill who were subject to Policy #828 and who were terminated without cause on February 9, 2001 as a result of the sale of the Mill are entitled to severance benefits under Policy #828.

It has been determined from the records of International Paper Company, that pursuant to Judge Beckwith's ruling you are entitled to severance pay under Policy #828. The calculation of your specific benefits are set forth in the attached Exhibit A to this Notice.

{00008595; 3}

3

III.  **YOUR LEGAL RIGHTS**

A.  **This Lawsuit was Brought as a Class Action**

In a Class Action, one or more people, called Class Representatives, who in this case are Scott D. Dalesandro and Diane Noonan, sue on behalf of persons who have similar claims. These persons are called Class Members. Generally, one court resolves all of the legal claims for all class members, except for those who decide to exclude themselves from the lawsuit.

Judge Beckwith, who is in charge of this lawsuit, decided that it may proceed as a class action. You have been identified as a class member because Judge Beckwith determined that your claim for severance pay under Policy #828 is similar to the claims for severance pay brought by the Class Representatives. Judge Beckwith ruled that you are entitled to this severance pay.

As of the time of the issuance of this Notice, however, International Paper Company has indicated that it intends to exercise its right to appeal Judge Beckwith's ruling and judgment in your favor to the U.S. Federal Court of Appeals for the Sixth Circuit. In the event of an appeal, Judge Beckwith's ruling and judgment will be upheld, modified, or reversed. Therefore, until after the outcome of the appeal process, as a class member you will not know the final status of your entitlement to severance pay.

B.  **Your Participation in the Class Action**

Although Judge Beckwith has determined that as a class member in this lawsuit, you are entitled to severance benefits under Policy #828, it is your legal right to decide not to participate. If you decide not to participate as a class member then Judge Beckwith's ruling and judgment that you are entitled to severance pay under Policy #828 **WILL NOT INCLUDE YOU** because you will no longer be a part of this lawsuit. If you desire not to participate as a class member and to be excluded from this lawsuit then send a letter so stating to: Attention: Theresa L. Groh, Esq., Murdock, Goldenberg, Schneider & Groh, 700 Walnut Street, Suite 400, Cincinnati, Ohio

{00008595; 3}

45202. Any such letter must be postmarked by no later than _____ [date calculated based upon adding 30 days to the date in BOLD in Notice caption] and must be signed by you. Judge Beckwith will then be advised of your desire not to participate. **If you desire to exclude yourself from this lawsuit, it is beyond the scope and purpose of this Notice to speculate as to your legal rights, if any.**

**Your Attorneys**

    As a Class Member, your Class Attorneys are:

| | |
|---|---|
| Theresa L. Groh, Esq.<br>Murdock, Goldenberg, Schneider<br>  & Groh, L.P.A.<br>700 Walnut Street, Suite 400<br>Cincinnati, Ohio 45202 | John C. Murdock, Esq.<br>Murdock, Goldenberg, Schneider<br>  & Groh, L.P.A.<br>700 Walnut Street, Suite 400<br>Cincinnati, Ohio 45202 |

(Listed as of Counsel)
Myron A. Wolf, Esq.
120 North Second Street
P.O. Box 741
Hamilton, Ohio 45012

Judge Beckwith approved these attorneys to represent you and all members of the class. These attorneys were retained by class representatives Scott D. Dalesandro and Diane Noonan at the time they filed this lawsuit. Judge Beckwith will determine, under applicable law, the amount of reasonable fees and costs to be paid by the Class to your Class Attorneys; your Class Attorneys are petitioning Judge Beckwith to require International Paper Company to pay these costs to the fullest extent under law in order to defray, in whole or in part, the amount paid by the Class. The Class Attorneys are also seeking from Judge Beckwith an award of interest on the amount of severance pay owed to you, to be calculated from the time the severance pay was otherwise due and owed to you. However, it is your legal right as a class member to retain other legal counsel, but you will be required to separately retain and pay for any such legal counsel at your own expense.

{00008595; 3}

IV. **REVIEW OF YOUR SEVERANCE PAY CALCULATION**

In the event you believe that the severance pay calculation set forth in **Exhibit A** is incorrect, you must mail a letter that is postmarked by no later than ____ [date calculated based upon adding 30 days to the date in BOLD in Notice caption], explaining the grounds as to why the calculation is incorrect. Send and address your letter to:

> Sharon Barger
> International Paper
> 6400 Poplar Avenue
> Memphis, Tennessee 38197

By no later than 20 days after the receipt of your letter, International Paper Company will send you return correspondence setting forth a reviewed determination of your severance pay as well as an explanation of the calculation. In the event you are in disagreement with this determination, by no later than 15 days from the receipt of International Paper Company's correspondence, you must submit a letter to your Class Attorneys, **Attention: Theresa L. Groh, 700 Walnut Street, Suite 400, Cincinnati, Ohio 45202**, and state the grounds for your disagreement. Your Class Attorneys will review your letter and seek to resolve the disagreement with the attorneys for International Paper Company. In the event your severance pay amount remains in dispute, then this matter will be brought before Judge Beckwith by your Class Attorneys for a final determination.

It is important that you promptly review and verify the calculation in **Exhibit A** within the provided 30 days. This is because on a later date Judge Beckwith will issue a binding order that will finalize and fix the amount of your severance pay.

V. **GETTING MORE INFORMATION**

This Notice summarizes the status of this litigation as well as your legal rights. This legal action, captioned *Dalesandro, et al. v. The International Paper Company*, Case No. C-1-01-109, exists on file with and is a matter of public record in the U.S. District Court for the

{00008595; 3}

6

Southern District of Ohio, 324 Potter Stewart U.S. Courthouse, 100 E. Fifth Street, Cincinnati, Ohio 45202. You are welcome to contact your Class Attorneys at 513-345-8291, and ask for Theresa Groh, Esq. with any questions. You are also welcome to write or fax your Class Attorneys, Attention: Theresa Groh, Esq. to Murdock, Goldenberg, Schneider & Groh, L.P.A., 700 Walnut Street, Suite 400, Cincinnati, Ohio 45202; Fax Number (513) 345-8294.

{00008595; 3}

Exhibit A to Class Notice

[Name of Class Member]

YOUR SEVERANCE PAY CALCULATION UNDER POLICY # 828

| Weekly Pay | Years of Service | Age at February 9, 2001 Termination | Weeks of Service |
|---|---|---|---|
| $[***] | [***] | [***] | [***] |

**Your #828 Severance Pay Amount:** $[***]

[Not eligible for Flex Six]

OR

[For the 17 Eligible former Employees]

**Your Flex Six Enhancement:**

Since International Paper Company's records indicate that you were age 49 or older and your age and service equaled at least 59 as of February 9, 2001, if the Court of Appeals upholds Judge Beckwith's decision, your monthly benefit under the Retirement Plan will be enhanced as indicated below. The amounts below reflect the benefits payable on a retirement as of February 9, 2001 and assume that the benefit is received as a single life annuity.

Monthly Benefits Without Flex Six       $[***]
Monthly Benefit With Flex Six           $[***]

Section 7.4(b) of the Champion Salaried Retirement Plan #0001 and its successor, the Retirement Plan of International Paper Company (the "Retirement Plan"), provides that the "Benefit Commencement Date" of a retiring employee can be any time after age 55 provided that a participant is not employed by Champion (now International Paper Company) or an affiliate or "with respect to a Participant who worked at a divested location, by any purchaser of such location." It is International Paper Company's position that since Smart Papers, LLC is a purchaser of a divested location under the Retirement Plan, an affected participant cannot start benefits until after the end of your employment with Smart Papers, LLC. Without Flex Six, the date you can obtain benefits is determined under the terms of the Retirement Plan. For more information about the Retirement Plan, refer to your Summary Plan Description or contact:

Sharon Barger
International Paper
6400 Poplar Ave
Memphis, Tennessee 38197

{00008540; 3}