# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| **SCOTT D. DALESANDRO, et al.,**  On behalf of themselves and all others similarly situated, | Case No. C-1-01-109 |
| | Judge Sandra S. Beckwith |
| Plaintiffs, | |
| v. | **PLAINTIFFS' MOTION FOR COURT APPROVAL OF CLASS <u>COMMUNICATION</u>** |
| **THE INTERNATIONAL PAPER COMPANY,** | |
| | (Exhibits & Proposed Entry attached) |
| Defendant. | |

## <u>MOTION</u>

Plaintiffs move the Court to approve and authorize a letter from Class Counsel to the class members informing them of the status of the parties' dispute as to whether vacation pay is recoverable in this lawsuit. The proposed communication is attached hereto as Exhibit A. The bases for this Motion are set forth in the following Memorandum in Support, and a proposed Entry is attached (Exhibit C) and has been sent to the Court via electronic mail in Word format.

## <u>MEMORANDUM IN SUPPORT</u>

In the Court Ordered Notice dated September 24, 2003 the class members were informed that this action had been certified, that judgment had been entered, and that they had certain rights and obligations related to their participation or exclusion from the action. This Notice also included Defendant's calculation of each employee's severance benefits (provided by Section 2 of Policy #828), but did not include any calculation of the employees' earned but unused vacation pay (provided by Section 7.1 of Policy #828).

{00008967; 1}

This Notice instructs the class members to review the calculation of their benefits and to send a letter within 30 days to Defendant (Sharon Barger is the contact person provided by International Paper) if they believe the calculation is incorrect and explaining the grounds as to why the calculation is incorrect. More than 70 employees sent letters within the required time objecting to the calculations based on the omission of their earned but unused vacation time that they had earned while under Defendant's employ.[1] The Notice also stated that International Paper Company would respond to those objections setting forth a reviewed determination and explanation of the calculation no later than 20 days after the receipt of any such letter.

Soon after the Court's Notice was mailed, Plaintiffs' counsel began receiving phone calls with questions about the omission of the vacation pay; these phone calls continued over the weeks and have not ceased.[2] Plaintiffs' counsel has also received many copies of letters that class members have sent to Defendant which, to date, total in excess of 70.[3] Further, Plaintiffs counsel has received multiple calls, which are increasing, from class members who have not received the promised response from International Paper within the 20 day period stated in the Notice.[4] Plaintiffs' counsel then contacted defense counsel to alert him to the issue, to inquire as to Defendant's response to the letters, and to come to an agreement on the procedure by which it should be addressed.[5] Counsel were unable to reach agreement and the parties presented the dispute to the Court in a phone conference on October 28, 2003.[6] The Court granted Defendant's request to conduct discovery and the dispute is in the process of being presented to and decided by the Court.[7]

---

[1] Groh Declaration, Exhibit B.
[2] Id.
[3] Id.
[4] Id.
[5] Id.
[6] Id.
[7] Court Order dated October 28, 2003 (Doc. #55).

At the conclusion of the October 28, 2003 conference with the Court, Plaintiffs' counsel requested permission to send a letter to the class members for the sole purpose of informing them of the status of the vacation pay dispute. Plaintiffs agreed to draft the letter and to submit it to Defendant and then to the Court for review. Immediately thereafter, on October 29, 2003, Plaintiffs sent via electronic mail the letter to the class that they intended to submit to the Court for approval.[8] That letter is attached as Exhibit A.

In that October 29 transmission Plaintiffs requested that Defendant inform them of any revisions so that the letter could be jointly submitted to the Court.[9] When, one week later on November 5, 2003, Plaintiffs had not received any response from Defendant, they sent another electronic message asking Defendant whether they could submit the letter and represent to the Court that Defendant did not oppose the language; Plaintiffs also informed Defendant that they intended to file the letter for the Court's review in the following days on November 6 or 7 before the end of that week.[10] As of November 11, 2003, Plaintiffs have received no response to these requests from Defendant.[11]

This communication is necessary based upon the number of phone calls and letters from employees, and based upon the belief that Defendant has not sent any response to any employee who wrote letters.[12] The proposed letter is appropriate under F.R.Civ.P. 23(d)(2) and will provide useful information in a neutral and uniform manner and ensure that the class members are notified that their responses to the first Court Notice will be fully and fairly addressed.

---

[8] Groh Declaration.
[9] Id.
[10] Id.
[11] Id.
[12] Plaintiffs' counsel has not received copies of any responses from Defendant to any employees' letters, and has been informed by many employees that their letters to International Paper were sent well over 20 days ago, as is supported by the dates of those employee letters, and that they have received no response from International Paper. Groh Declaration, Exhibit B.

Based upon the foregoing, Plaintiffs respectfully move the Court to grant their request and to approve the letter from Class Counsel to the class members which is attached as Exhibit A. A proposed Entry is attached as Exhibit C and has been sent to the Court via electronic mail in Word format.

Respectfully submitted,

s/Theresa L. Groh
Theresa L. Groh (0029806)
John C. Murdock (0063749)
Murdock Goldenberg Schneider & Groh, L.P.A.
700 Walnut Street, Suite 400
Cincinnati, Ohio 45202-2011
Telephone: (513) 345-8291
Facsimile: (513) 345-8294
**Trial Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

I hereby certify that on November 11, 2003, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Michael Roberts, Esq., Graydon, Head & Ritchey LLP, 1900 Fifth Third Center, 511 Walnut Street, Cincinnati, Ohio 45202, and I hereby certify that I have mailed the document by United States Postal Service to the following non CM/ECF participants: W. Carter Younger, Esq. and James P. McElligott, Esq., McGuire Woods, LLP, One James Center, 901 East Cary Street, Richmond, VA 23219-4030.

s/Theresa L. Groh
Theresa L. Groh