UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| SCOTT D. DALESANDRO and DIANE NOONAN, on behalf of themselves and others,<br><br>    Plaintiffs,<br><br>vs.<br><br>INTERNATIONAL PAPER COMPANY,<br><br>    Defendant. | :<br>:<br>:<br>:<br>:<br>:  Case No. C-1-01 109<br>:<br>:  Judge Sandra S. Beckwith<br>:<br>:<br>: |

## DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR CLASS NOTICE AND REQUESTED REVISIONS TO PROPOSED NOTICE

Defendant, International Paper Company, by counsel, responds to Plaintiffs' Motion for Class Notice as follows:

1.  Defendant does not object to Plaintiffs providing notice to the class regarding issues that have been raised as to whether claims for vacation benefits are matters in dispute, and are potentially issues in this lawsuit.

2.  Defendant International Paper objects to the content of Plaintiffs' proposed class notice, because it inaccurately characterizes the vacation policy applicable to plaintiffs. Plaintiffs' proposed notice, Exhibit A, to the Plaintiffs' motion, refers to payment "for unused vacation that you may have banked and earned as of February 9, 2001." The concept of "banked" vacation is not applicable to Plaintiffs. The question is whether Plaintiffs have "earned but unused" vacation, for which they were not paid. Thus, to be characterized correctly, the dispute must be referred to as a disagreement as to whether the Plaintiffs are entitled to a

payment from International Paper in this litigation for vacation earned in 2000, but not taken or paid in 2001.

    3.    International Paper also objects to the Notice because it states that "International Paper's position is that you are not entitled to vacation pay in this lawsuit." This does not fairly state International Paper's position. International Paper's position is that "you received your earned but unused vacation from Smart Papers after February 9, 2001, because Smart Papers assumed and satisfied this obligation pursuant to the Asset Purchase Agreement. International Paper also takes position that this claim has not properly been raised in this lawsuit, and it is not, therefore, properly part of this suit."

International Paper agrees with Plaintiffs that class members are entitled to be informed of the issues in the litigation, but International Paper believes that the position of both parties should be explained to the class members, and not simply the position of Plaintiffs' counsel.

Undersigned counsel for International Paper regrets that he was unable to provide this response to Plaintiffs within the time table requested by Plaintiffs' counsel. However, if the above changes to class notice are acceptable to Plaintiffs' counsel, there is no need for the court to rule on Plaintiffs motion.

    Respectfully submitted,

    INTERNATIONAL PAPER CO.

By: _____
    Of Counsel

**COUNSEL FOR DEFENDANT INTERNATIONAL PAPER CO.**

2

s/Michael A. Roberts
Michael Roberts (OH Bar No. 0047129)
Graydon Head & Ritchey LLP
1900 5th 3rd Center
511 Walnut Street
Cincinnati, Ohio 45202
(513) 629-2799

W. Carter Younger (VSB 01147)
(Admitted Pro Hac Vice)
James P. McElligott, Jr. (VSB 014109)
(Admitted Pro Hac Vice)
McGuire Woods LLP
One James Center
Richmond, VA  23219
(804) 775-4363
Trial Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2003, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Counsel for Plaintiff, Theresa L. Groh, Esq. and John C. Murdock at Murdock, Goldenberg, Schneider & Groh, L.P.A., 700 Walnut Street, Suite 400, Cincinnati, Ohio, 45202.

s/John P. Colbert (0066955)
John P. Colbert

9