# EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| SCOTT D. DALESANDRO and DIANE NOONAN, on behalf of themselves and others,  :  :  :  : | |
| Plaintiffs,  : | |
|  : | Case No. C-1-01 109 |
| vs.  : | |
|  : | Judge Sandra S. Beckwith |
| INTERNATIONAL PAPER COMPANY,  : | |
| Defendant.  : | |

## DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS RELATED TO VACATION PAY

Defendant International Paper Company ("Defendant" or "IP"), by counsel and pursuant to Federal Rules of Civil Procedure 33 and 34, responds to Plaintiff's Interrogatories and Requests for Production of Documents Related to Vacation Pay as follows:

## GENERAL OBJECTIONS

IP's specific objections and responses set forth below to Plaintiff's Interrogatories and Request for Production of Documents (hereinafter "Requests") are subject to the following general objections. The production at any time of information or documents encompassed within IP's General Objections shall not be deemed a waiver of other objections.

IP objects to these Requests in their entirety on the grounds that Plaintiff did not request nor receive approval from the Court to issue discovery requests on this issue, therefore there is no authority for the requests served beyond the close of discovery.

Notwithstanding this objection, Defendant will provide responses to reasonable and relevant requests.

IP objects to the Requests to the extent they seek documents protected by the attorney-client privilege and/or the work product doctrine, or are otherwise immune from discovery. Inadvertent production of any such document or information shall not constitute a waiver of any privilege with respect to the subject matter thereof or the information contained therein, and shall not waive the right of IP to object to the use of any document or the information contained therein during any subsequent proceeding.

IP objects to the Requests to the extent they are overly broad, unduly burdensome, or seek information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence or otherwise exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.

IP objects to the Requests to the extent they seek information and/or documents already in Plaintiff's knowledge or possession.

IP objects to the Requests to the extent they seek information and/or documents obtainable from some other source that is more convenient, less burdensome, or less expensive.

IP objects to the Requests to the extent they call for the production or identification of "each" or "any" or "all" or "every" document or documents of a specified nature or type, when a limited number of such documents will provide the requested information, on the grounds that such a requirement makes the Request overly broad, unduly burdensome, and oppressive.

IP objects to the Requests to the extent they call for the production or identification of documents or disclosure of information which "reference", "refer to", "implicate", "discuss", "concern", or "relate to" a particular entity, subject, or object, and to all duplicative or cumulative Requests, on the grounds that such Requests are vague, overly broad, unduly burdensome, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence.

IP objects to the Requests to the extent they call for a legal conclusion and/or assume facts not in evidence.

IP objects to the Requests to the extent they are not properly limited in time and scope.

The foregoing general objections are incorporated into IP's responses to each and every Request, whether or not express reference is made to the general objections in response to any particular Request.

IP has responded to these Requests based on its understanding of the Requests and to the best of its knowledge and recollection as of the date these responses are served. IP expressly reserves the right to amend, supplement, or correct these responses should that become appropriate.

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

1.  Identify the people answering these interrogatories and involved in obtaining, compiling and producing documents responsive to Plaintiffs' discovery requests.

> Diane Meess
> Sharon Barger
> Steve Patterson
> International Paper

International Place I
6400 Poplar Avenue
Memphis, TN 38197

Counsel for Defendant
McGuireWoods LLP

2. Identify the amount of unused and/or banked vacation time each International Paper salaried employee at the Hamilton B Street Mill had accrued as of February 9, 2001, regardless of whether or not that employee was subsequently hired by Smart Papers, LLC.

Defendant objects to Interrogatory No. 2 on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant or admissible evidence. Without waiving these objections, and subject to same, Defendant states that the Hamilton B Street Mill, up to the date of the sale of the Mill effective February 9, 2001, did not offer or utilize banked vacation time, therefore this benefit is inapplicable to any employees to this action. Pursuant to International Paper's vacation policy, as of January 1, 2001, each salaried employee was entitled to his or her full year's vacation earned during the previous year. The amount of vacation an employee was entitled to was determined by his or her length of continuous service as of December 31, 2000 as follows:

| | |
|---|---|
| 1 week of vacation after | 2 years of service |
| 3 weeks of vacation after | 5 years of service |
| 4 weeks of vacation after | 12 years of service |
| 5 weeks of vacation after | 18 years of service |
| 6 weeks of vacation after | 25 years of service |

Therefore, as of February 9, 2001, salaried employees were entitled to vacation pursuant to their length of continuous service, minus any vacation days taken between January 1, 2001 and February 9, 2001. In addition to annual vacation entitlements earned during

calendar year 2000, employees eligible for retirement were entitled to accrued vacation for the period January 1, 2001 until their resignation or termination from employment.

3. Identify the International Paper salaried employees at the Hamilton B Street Mill who were paid, at any time after February 9, 2001, lump sum monetary amounts by International Paper for the employee's unused and/or banked vacation time, and include the amounts and dates of payment.

Defendant objects to Interrogatory No. 2 and subpart (a) on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant or admissible evidence. Without waiving these objections, and subject to same, Defendant states that former salaried employees of International Paper who were not offered employment by Smart Papers, or who were offered employment at a reduced salary and rejected such offer, were paid lump sum monetary payments for earned but unused vacation time pursuant to Reorganization Severance Policy #828 and interpreting documents and IP's vacation policy summarized above in response to Interrogatory No. 2. Payments were made as soon as practicable after hiring decisions were made by Smart Papers and the closing of the sale of the Mill was completed.

  a. Explain the reasons those payments were made.

Payments were made to salaried employees who were not hired by Smart Papers.

  b. Identify the source of the funds used for those payments.

Payments were made from monetary assets of the Company.

4. Identify the source of the funds used to pay International Paper salaried employees for their vacation time prior to February 9, 2001, either as paid time off or as lump sum monetary payments.

Defendant objects to Interrogatory No. 4 on the grounds that it is overly broad and not reasonably calculated to lead to the discovery of relevant or admissible evidence. Specifically, Defendant objects to this Interrogatory on the grounds that it is not limited to the Hamilton B Street Mill or to any reasonable or relevant time period. Without waiving these objections, and subject to same, Defendant states that vacation payments for salaried employees at the Hamilton B Street Mill were made through IP's payroll system from monetary assets of the Company.

5. Describe all inquiries made by International Paper as to the vacation policy Smart Papers LLC would provide to former International Paper salaried employees at the Hamilton B Street Mill.

Defendant objects to Interrogatory No. 5 on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant or admissible evidence. Without waiving these objections, and subject to same, Defendant states that it had discussions with Smart Papers regarding the handling of vacation pay upon the sale of the Mill, and that their agreement culminating from such discussions was memorialized in the Asset Purchase Agreement. Pursuant to this Agreement, Section 4.1(c)(ii), Smart Papers was

> responsible for all earned but unused vacation for Hired Employees as each such Hired Employee shall have earned under Seller's vacation plan in effect for such Hired Employee as of the Closing (it being understood that a corresponding dollar-for-dollar accrual for such liability shall be made on the Closing Balance Sheet), (y) shall permit all such Hired Employees time off for such vacation days at reasonable times as approved by Buyer's managers, and (z) shall pay each such Hired Employee vacation pay for the time taken off at the rate that such Hired Employee would have received as of the day prior to the Closing Date for accrued unused vacation earned prior to the Closing, but not after the Closing; *provided, however,* that the provisions of this Section 4.1(c) shall

> not affect Buyer's right to establish a new vacation policy for all Hired
> Employees for vacation time earned after the Closing.

Therefore, IP, through its negotiations with Smart Papers, contractually secured that Smart Papers would assume the obligation to provide former IP salaried employees hired by Smart Papers with vacation benefits earned but not yet used under IP's policy.

6. Describe all inquiries made by International Paper as to the vacation policy any subsequent employer would provide to former International Paper salaried employees at the Hamilton B Street Mill.

Defendant objects to Interrogatory No. 6 on the grounds that it is vague and ambiguous, overly broad, and not reasonably calculated to lead to the discovery of relevant or admissible evidence.

7. Describe the reasons International Paper did not pay salaried employees at the Hamilton B Street Mill any lump sum monetary amount under Severance Policy #828 after February 9, 2001 for the employee's unused and/or banked vacation time.

Defendant objects to Interrogatory No. 7 on the grounds that it is overly broad, duplicative, and misstates the facts in evidence. Subject to these objections, and without waiving same, see generally responses to Interrogatories No. 2, 3, and 5 above. See also Defendant's Motion for Judgment on Administrative Record and Defendant's Response to Plaintiff's Motion for Judgment previously filed in this action and the reasons stated therein with regard to the Administrator's decision and IP's position that former salaried employees hired by Smart Papers are not entitled to severance benefits under Reorganization Severance Policy #828. Defendant further states that it did not pay former IP salaried employees hired by Smart Papers any lump sum monetary amount under Severance Policy #828 because their entitlement to earned but unused paid

vacation was contractually assumed and preserved for their use by agreement between IP and Smart Papers. Vacation was accordingly paid as it was taken during their employment with Smart Papers in lieu of a lump sum payment by IP.

### OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS

1. Please produce all documents received by International Paper employee Sharon Barger from any former International Paper salaried employee at the Hamilton B Street Mill relating to the employee's claim(s) for benefits under Severance Policy #828.

Defendant objects to Request No. 1 on the grounds that it is overly broad and not reasonably calculated to lead to the discovery of relevant or admissible evidence. Defendant further objects to this Request to the extent it seeks documents already within the possession of Plaintiffs. Without waiving these objections, and subject to same, Defendant will produce documents within its possession for members of the class in this action.

2. Please produce all documents sent by International Paper employee Sharon Barger to any former International Paper salaried employee at the Hamilton B Street Mill relating to the employee's claim(s) under Severance Policy #828.

Defendant objects to Request No. 2 on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant or admissible evidence. Defendant further objects to this Request to the extent it seeks documents already within the possession of Plaintiffs. Without waiving these objections, and subject to same, Defendant will produce documents within its possession for members of the class in this action.

3. Please produce all documents International Paper has received in the past from Smart Papers LLC relating to the vacation time accrued by the former International Paper salaried employees at the Hamilton B Street Mill.

Defendant objects to Request No. 3 on the grounds that it is overly broad and not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to these objections, and without waiving same, Defendant is unaware of any responsive documents.

4. Please produce all documents International Paper receives from Smart Papers LLC pursuant to any subpoena issued by International Paper relating to the vacation time accrued by the former salaried employees at the Hamilton B Street Mill.

Defendant has produced these documents.

5. Please produce all documents International Paper has received from any subsequent employer of any former International Paper salaried employees at the Hamilton B Street Mill relating to the vacation time accrued by that employee.

Defendant objects to Request No. 5 on the grounds that it is vague and ambiguous. Subject to this objection, and without waiving same, Defendant is not aware of any documents responsive to this Request that are not encompassed within Requests related to Smart Papers.

6. Please produce all documents that relate to International Paper's position that the former salaried employees at the Hamilton B Street Mill are not entitled under Severance Policy #828 to lump sum monetary payments for the vacation time that employee had not used and/or banked as of February 9, 2001.

Defendant objects to Request No. 6 on the grounds that it is overly broad, unduly burdensome, and misstates the facts in evidence, and to the extent such documents are already in the possession of Plaintiffs. Defendant further objects to this Request to the extent it seeks documents protected by the attorney client or attorney work product privileges. Without waiving these objections, and subject to same, see generally responses to Interrogatories No. 2, 3, 5, and 7 above. See also Asset Purchase Agreement between Champion International Corporation and Smart Papers LLC dated December 29, 2000; Champion International Corporation Reorganization Severance Policy #828 dated May 26, 2000; Champion International Corporation Merger With International Paper Company Benefit Plans Questions and Answers dated May 30, 2000; Champion International Corporation Merger with International Paper Company Reorganization Severance Policy #828 Questions and Answers dated May 25, 2000; Documents included with Claim Letters and Determination Letters by Administrator regarding vacation benefits under Reorganization Severance Policy #828; Letter from Paul Karre to Theresa Groh dated December 7, 2001; Smart Papers 2000 and 2001 Vacation Policies for Salaried Employees; Letter from Milton Lewis/Smart Papers to Smart Papers employees dated November 26, 2001 regarding Vacation Policy for Salaried Employees; Defendant's Motion for Judgment on Administrative Record and Response to Plaintiff's Motion for Judgment, and exhibits thereto; any documents contained in Administrative Record related to vacation pay.

7. Please produce all documents not produced in response to any other Document Request which relate to any of the foregoing Interrogatories.

Defendant objects to Request No. 7 on the grounds that it is vague, overly broad, and not reasonably calculated to lead to the discovery of relevant or admissible evidence. Defendant further objects to this Request to the extent it seeks documents protected by the attorney client or attorney work product privileges.

Respectfully submitted,

INTERNATIONAL PAPER CO.

By: _____
    Of Counsel

**COUNSEL FOR DEFENDANT
INTERNATIONAL PAPER CO.**

Michael A. Roberts (OH Bar No. 0047129)
Graydon Head & Ritchey, LLP
1900 5th 3rd Center
511 Walnut Street
Cincinnati, Ohio 45202
(513) 629-2799


W. Carter Younger (VSB 01147)
(Admitted Pro Hac Vice)
James P. McElligott, Jr. (VSB 014109)
(Admitted Pro Hac Vice)
McGuireWoods LLP
One James Center
Richmond, VA 23219
(804) 775-4363

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of November 2003, a true and complete copy of this document was delivered via first class mail and telecopy to Counsel for Plaintiff, Theresa L. Groh, Esq., and John C. Murdock at Murdock, Goldenberg, Schneider & Groh, L.P.A., 700 Walnut Street, Suite 400, Cincinnati, Ohio, 45202.

_James P. McHugh_