IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| SCOTT D. DALESANDRO, et al., On behalf of themselves and all others similarly situated, | : : : | Case No.: C-1-01-109 |
| | : | Judge Sandra S. Beckwith |
| Plaintiffs, | : : | |
| v. | : : : | PLAINTIFFS' SUPPLEMENTAL MOTION FOR ATTORNEY FEES AND EXPENSES |
| THE INTERNATIONAL PAPER COMPANY, | : : | |
| | : | (Exhibits attached) |
| Defendant. | : : | |

## MOTION

Plaintiffs hereby supplement their original Motion for Attorney Fees, Expenses, Interest and Incentive Awards (Doc. #45) which is presently pending before the Court. This supplemental submission is made pursuant to the same factual bases and legal reasoning set forth in their original Motion and includes the time and work performed from the end date of the original motion, July 31, 2003, through August 18, 2004. The affidavits of counsel and time entries supporting this supplemental application are attached hereto.

## MEMORANDUM IN SUPPORT

I.    PROCEDURAL POSTURE

This case was certified as a class action and judgment was ordered in favor of Plaintiffs on March 21, 2003 (Doc. # 40). The parties then agreed to brief the remaining issues of attorney fees, expenses, interest and incentive awards before the entry of final judgment so that all issues could be addresses in any appeal. The original fee application was fully briefed as of October

21, 2003 and remains pending (Doc. #s 45, 46, 49 & 53). That initial application covered the time and work performed up to July 31, 2003; this supplemental application covers the time spent and work performed in the year since that submission up through August 18, 2004.[1]

Since the Court's class certification order and ruling that Plaintiffs are entitled to severance benefits, Plaintiffs successfully notified all but one class member and no class member has opted out of the case. See Plaintiffs' Report (Doc. #68) filed separately this same date. Also, each member has verified the amount of his or her Section 2 severance benefits (id.), and Plaintiffs have submitted an economist report detailing the value of the Section 3 pension enhancement[2] and, with a ruling on Plaintiffs' original and this supplemental application for attorney fees, costs, interest and incentive awards, this case will be ripe for the entry of final judgment.

## II.    PLAINTIFFS' INITIAL APPLICATION FOR FEES

In their original Motion for Fees, Plaintiffs moved the Court to order the payment of attorney fees and expenses to the Class and to Plaintiffs' Counsel, to order pre- and post judgment interest, and to order incentive awards to the two class representatives. Plaintiffs incorporate herein by reference the factual and legal arguments set forth in the Memorandum in Support of that original application and in their Reply Memorandum (Doc. #s 45 & 54).

Plaintiffs seek the payment of attorney fees and expenses by the Defendant to the Class pursuant to ERISA's fee-shift provision, in a lodestar amount enhanced by a 1.5 multiplier. Plaintiffs' counsel seek attorney fees in the amount of 25% of the common fund created in this case, to be paid by the Class pursuant to their contingent fee contract and the common fund

---

[1] Plaintiffs' initial Motion for Attorney Fees, Expenses, Interest and Incentive Awards was filed August 8, 2003 (Doc. #45) and included the request for permission to file a supplemental submission for work performed and expenses incurred after July 31, 2003.

[2] The economists used the figures and pension enhancement explanations provided by Defendant. Exh. 5.

doctrine. The lodestar amount and multiplier sought by Plaintiffs from Defendant to be paid to the Class, and the percentage of the common fund sought by Plaintiffs' Counsel to be paid by the Class, are within the ranges established in the Sixth and other Circuits, and in the District Courts in Ohio.

Significantly, Defendant does not dispute that, if the fees and expenses are shifted pursuant to the ERISA statute, that payment is made by Defendant to the Class and becomes part of the Class' damages with their recovery of benefits. Moreover, Defendant does not contest the payment by the Class to its Class Counsel of a percentage of the common fund created by the recovery of benefits plus interest plus the fees and expenses that are paid into the fund by Defendant (if they are shifted under the statute); nor does Defendant oppose Class Counsel's application to receive 25% of that common fund of class damages as attorney fees from the Plaintiff Class.

### III. PLAINTIFFS' SUPPLEMENTAL APPLICATION FOR FEES AND EXPENSES

#### A. Attorney Fees

Plaintiffs hereby supplement their initial motion for fees by updating the time and work performed and expenses incurred since that first application, and by detailing the damages and interest figures. Consistent with the factual and legal reasoning set forth in their pleadings related to the first application, Plaintiffs seek an order from the Court ruling that the payment of attorney fees be shifted to and paid by Defendant to the Class pursuant to ERISA §502(g)(1), 29 U.S.C. §1132(g)(1).

In the first application, Plaintiffs requested payment of their attorney fees in the amount of $733,809.39.[3] The initial application set forth the basis for 1683.5 hours of work performed

---

[3] $733,809.39 represents the lodestar amount ($489,206.25) through July 31, 2003, enhanced by a multiplier of 1.5.

by Plaintiffs' counsel through July 31, 2003. In this Supplemental Motion, Plaintiffs request payment for the additional 433.40 hours of work performed by Plaintiff's counsel since July 31, 2003 through August 18, 2004 which totals $168,672.00.[4]

The summary and itemization of the time, rates and nature of the legal services rendered is attached as Tab A to the Groh Dec., Exh. 1. The time entries submitted herewith indicates that the hours are reasonable and necessary at the time the work was performed to moving the case forward; to issuing notice; to responding to the class members' objections to their benefits calculations; and to seeking fees, expenses, interest, and incentive awards. Further, Plaintiffs' counsel exercised billing judgment in submitting their time to the Court, including omitting much work which was duplicative of other attorney time or took less than ten minutes, and the time was tracked in six minute intervals to satisfy Defendant.[5] See the Declarations of all billing attorneys at Exhibits 1-4.

The legal and factual bases set forth in Plaintiffs' original Motion papers and Reply brief (Doc. #s 45 & 54) to support the requested lodestar and multiplier, and to support the two-step method of shifting the fees to Defendant and then ordering the payment of fees from the Class out of the common fund, are equally applicable to this supplemental submission of time and attorney fees and Plaintiffs incorporate the same herein by reference.

### B. Expenses

Plaintiffs also seek an order from the Court ruling that the payment of expenses be shifted to and paid by Defendant to the Class pursuant to ERISA §502(g)(1), 29 U.S.C. §1132(g)(1).

---

[4] $168,672.00 represents the lodestar amount ($112,448.00) through August 18, 2004, enhanced by the same 1.5 multiplier.

[5] Defendant objected to Plaintiffs' initial application because the time was tracked in quarter hours; although Plaintiffs maintain quarter hour billing is appropriate and not a valid basis to attack the time submitted in their initial motion, they tracked and now submit the subsequent time in six minute increments to avoid this defense objection.

{00010333; 1}    4

In the first application, Plaintiffs requested payment of their expenses in the amount of $5315.40. The initial application set forth the basis for reimbursement of those expenses incurred through July 31, 2003. In this Supplemental Motion, Plaintiffs request payment for the additional expenses incurred since July 31, 2003 through August 18, 2004 which total $7,559.39.

The listing of litigation-related expenses is attached as Tab B to the Groh Dec., Exh. 1. The expenses are reasonable and were necessarily incurred in connection with moving the case forward; to issuing notice; to responding to the class members' objections to their benefits calculations; and to seeking fees, expenses, interest, and incentive awards. Groh Dec., Exh. 1. Plaintiffs respectfully submit they are entitled to recover these expenses from Defendant on the same basis as set forth above and in their initial papers related to their original motion for fees and expenses.

IV.   **INTEREST**

Plaintiffs also seek pre- and post-judgment interest pursuant to 28 U.S.C. §1961 and well-established case law.

A.   **Prejudgment Interest**

There is no federal prejudgment interest statute, and the parties have agreed that it should be calculated according to the federal post-judgment statute, 28 U.S.C. §1961(a), however, the parties disagree as to the when the prejudgment interest accrues and how the rate should be determined.

Plaintiffs submit that prejudgment interest on the total amount of the Section 2 severance benefits accrues on February 17, 2001 pursuant to the terms of the Plan (Exh. 7, Section 8), and that the prejudgment rate is calculated according to the rates which existed the week prior to February 17, 2001 which is when they were due and payable. Likewise, Plaintiffs submit that

prejudgment interest on the amount of past due Section 3 pension benefits accrues on March 1, 2001 and that the prejudgment rate is calculated according to the rates which existed the week prior to March 1, 2001.

Defendant argues that the Section 2 severance benefits were not actually payable until the employees navigated through a claims procedure. This argument is illogical for two reasons: first, the Plan itself states that the benefits are due 8 days after termination (Exh. 7, Section 8) and does not premise payment on any claims made or procedure completed; and second, even if the employees were paid their benefits after a lengthy claims procedure, they would have been entitled to interest for that time those benefits were wrongfully withheld. Defendant also makes an illogical argument that the rate should be computed according to the rates in effect at the time of the final judgment entry because that is the language of the statute. This argument ignores the fact that we are trying to compute a **pre**judgment rate, not a post judgment rate which is the only rate addressed by the statute.

Plaintiffs contend that the interest rate should be based upon the average Treasury yield for the calendar week preceding the date payment was due since that is the interest rate at which those benefits could have been invested by the employee but for the wrongful withholding of that money by Defendant; that is also the rate at which Defendant was able to invest the amount it withheld. This accrual date and this method of calculating the rate mirror the purpose and language of the post-judgment interest statute as adjusted to apply to pre-judgment interest. It is appropriate to use the reasoning and formula of the **post**-judgment interest statute to determine a prejudgment interest rate, but it is illogical NOT to adjust its application and to use the date of judgment as the date by which the rate is determined as Defendant argues; of course the date of the final judgment triggers the determination of the **post**-judgment interest rate, but that date

should not be the date that determines the **pre**judgment interest rate. Just as post judgment accrues when the payment of the judgment is due and payable (date of judgment), prejudgment interest accrues when the payment of the benefits wrongfully withheld were due and payable. See, the authorities and legal basis set forth in Plaintiffs' original Motion and Reply (Doc. #s 45 & 54).

Therefore, prejudgment interest on the full amount of Section 2 benefits accrues on February 17, 2001 pursuant to the Severance Plan which states that the entire sum will be paid eight days after termination (Exh. 7 at Section 8(b)), and should be paid at the rate of 4.72% (Exh. 5).

Likewise, prejudgment interest accrues on the amount of Section 3 pension benefits that a qualified employee would have received starting on March 1, 2001 pursuant to the Retirement Plan which states that monthly payments of pension benefits will start on the first day of the next month following the retirement (Exhibit 8, Salaried Retirement Plan #001 at Section 7(b)), and should be paid at the rate of 4.69% (Exh. 5).

B. **Post Judgment Interest**

The parties agree that the calculation of the rate of post-judgment interest is specifically addressed and controlled by the statute. The parties disagree, however, as to when the pension is payable to the class members. Plaintiffs alleged in the Complaint and have asserted throughout this case that they were terminated without cause and wrongfully denied the opportunity to choose to receive their Policy #828 benefits rather than to work for the buyer of the paper mill, Smart Papers, LLC. This Court agreed and ruled that Plaintiffs were terminated by Defendant and entitled to the benefits in Policy #828. Amended Order (Doc. #40 at pp. 15-16 & 21). Therefore, the twenty class members who qualify for their pension benefits were entitled to have

those pension payments begin in March 2001 after their termination; their present employment with Smart Papers is irrelevant to their entitlement to, or the timing of, their receipt of monthly pension benefits and they should not have to wait until they leave their employment with Smart Papers to receive those benefits.

Accordingly, post-judgment interest for the Section 2 severance benefits accrues on the date of the Final Judgment Entry to the date of full payment of all severance benefits under Section 2 of Policy #828 to all class members; and should be calculated according to 28 U.S.C. §1961(a). Likewise, post-judgment interest for the Section 3 pension enhancement accrues on the date of the Final Judgment Entry to the date of full payment of all past due monthly pension benefits under Section 3 of Policy #828 to the twenty qualified class members; and should be calculated according to 28 U.S.C. §1961(a).

## V.    CONCLUSION

The United States Supreme Court has cautioned that, "[a] request for attorney's fees should not result in a second major litigation."[6] The district court has wide discretion in determining the amount of the fee award, and Plaintiffs respectfully request that the Court approve this supplemental application for attorney fees and expenses, in accord with their initial Motion for Fees (Doc. # 45). Accordingly, Plaintiffs' respectfully request to find and include in its Final Judgment Entry that:

1) The shifting of the payment of attorney fees to the Defendant pursuant to 29 U.S.C. § 1132(g)(1) is appropriate, and Defendant shall pay to the Class the lodestar amount with the multiplier requested by Plaintiffs which totals $902,481.38 through August 18, 2004, and which the Court finds is a fair and reasonable fee; the Class is permitted to make a supplemental

---

[6] *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

submission for attorney fees, calculated according to the same lodestar with enhancement formula, for work performed in this case after August 18, 2004.

2) The shifting of the payment of expenses to the Defendant pursuant to 29 U.S.C. § 1132(g)(1) is appropriate, and Defendant shall pay to the Class the litigation related expenses requested by Plaintiffs which total $12,874.79 through August 18, 2004, and which the Court finds are fair and reasonable expenses necessarily incurred in this action; the Class is permitted to make a supplemental submission for expenses incurred after August 18, 2004.

3) Class counsel shall be paid their attorney fees and expenses from the Class pursuant to their contingency fee contract with the class representatives and the common fund doctrine, and an a payment of 25% of the aggregate value of the common fund[7] – comprised of the benefits recovered for the Class, interest, court-ordered attorney fees with lodestar multiplier and expenses paid to the Class by Defendant, and court costs – fairly compensates counsel for their work and results, and protects the interests of the Class to the greatest extent possible.

4) The payment of prejudgment interest to the Class is appropriate and shall be paid by Defendant to the Class as follows:

    a. prejudgment interest shall be paid at the rate of 4.72% from February 17, 2001 to the date of the Final Judgment Entry on the full amount of severance benefits under Section 2 of Policy #828 which were wrongfully withheld, and

    b. prejudgment interest shall be paid at the rate of 4.69% from March 1, 2001 to the date of the Final Judgment Entry on the amount of past due

---

[7] The estimated value of the Common Fund of damages recoverable in this action is summarized and explained in Exhibits 5 & 6; the full economist report is filed under seal as Attachment G to Exh. 2 to Plaintiffs' Report on the Results of the Notice to the Class for Entry of Final Judgment (Doc. # 68).

pension benefits under Section 3 of Policy #828 which were wrongfully withheld.

5) The payment of post-judgment interest to the Class is appropriate and shall be paid by Defendant to the Class as follows:

    a. post-judgment interest shall be calculated according to 28 U.S.C. §1961(a) from the date of the Final Judgment Entry to the date of full payment of all severance benefits under Section 2 of Policy #828 to all class members;

    b. post-judgment interest shall be calculated according to 28 U.S.C. §1961(a) from the date of the Final Judgment Entry to the date of payment of all past due monthly pension benefits under Section 3 of Policy #828 to the twenty qualified class members.

6) Incentive awards to the two class representatives are appropriate and the amount of $10,000 to each is fair, reasonable and warranted and shall be paid by the Class from the common fund to Scott Dalesandro and Diane Noonan.

7) Accordingly, payments shall be made as follows: Defendant shall pay into the common fund the attorney fees, expenses and interest as set forth herein; then Plaintiffs' counsel shall be paid 25% of the aggregate value of the common fund; next, Plaintiffs' counsel shall be reimbursed from the common fund for the expenses they advanced; then the Class shall pay from the common fund the two incentive awards to the class representatives; last, the common fund shall be distributed to each class member according to his or her pro rata share of the common fund as established by the amount of benefits wrongfully withheld and the value of the enhancement to any pension benefit.

Respectfully submitted,

s/Theresa L. Groh
Theresa L. Groh, Esq. (0029806)
John C. Murdock, Esq. (0063749)
Murdock Goldenberg Schneider & Groh, L.P.A.
700 Walnut Street, Suite 400
Cincinnati, Ohio 45202-2011
Telephone: (513) 345-8291
Facsimile: (513) 345-8294

**Trial Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2004 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Michael Roberts, Esq., Graydon, Head & Ritchey LLP, 1900 Fifth Third Center, 511 Walnut Street, Cincinnati, Ohio 45202, and I hereby certify that I have mailed the document via UPS Next Day Air to the following non CM/ECF participants: W. Carter Younger, Esq. and James P. McElligott, Esq., McGuire Woods, LLP, One James Center, 901 East Cary Street, Richmond, VA 23219-4030.

s/Theresa L. Groh
Theresa L. Groh

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| SCOTT D. DALESANDRO, et al.,<br>On behalf of themselves and<br>all others similarly situated,<br><br>   Plaintiffs,<br>v.<br><br>THE INTERNATIONAL PAPER<br>COMPANY,<br><br>   Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No.: C-1-01-109<br><br>Judge Sandra S. Beckwith<br><br><br><br>INDEX OF EXHIBITS<br>TO PLAINTIFFS' SUPPLEMENTAL<br>MOTION FOR ATTORNEY FEES<br>AND EXPENSES |

Exhibit 1:   Declaration of Theresa L. Groh

      Tab A: Updated Summary of time and time records chart for August 1, 2003 through August 18, 2004

      Tab B: Expenses itemization

Exhibit 2:   Declaration of John C. Murdock

Exhibit 3:   Declaration of Jeffrey S. Goldenberg

Exhibit 4:   Declaration of Todd B. Naylor

Exhibit 5:   Report of Economists Burke, Rosen & Associates
(The attachments thereto are excluded due to the private and confidential financial information contained therein. The same report with all attachments have been filed under seal with Plaintiffs' Report on the Results of the Notice to the Class for Final Judgment Entry (Doc. #68))

Exhibit 6:   Summary of Damages to the Class

Exhibit 7:   Champion International Corporation Reorganization Severance Policy #828

Exhibit 8:   Champion International Corporation Salaried Retirement Plan #001 (excerpts)

{00010577; 1}