# EXHIBIT 8

# CHAMPION INTERNATIONAL CORPORATION

## SALARIED RETIREMENT PLAN #001

(As Amended and Restated Effective as of January 1, 1989)

(10/11/94)

(d)  With respect to a Participant classified as a Nationwide Salesman, who has any period of active employment which does not include a full Plan Year, an amount equal to the sum of his Actual Earnings for the part of the Plan Year in which he worked (using in computation thereof the applicable fraction of his full-year expenses which were used in computing his Actual Earnings for the preceding full Plan Year) and his imputed Actual Earnings for the balance of the Plan Year.  The imputed Actual Earnings for the balance of the Plan Year shall be determined by dividing his Actual Earnings for the preceding full Plan Year by twelve (12) and using that monthly rate to determine the balance of his Actual Earnings for the Plan Year involved.

2.5  "Administrator" means the Pension and Employee Benefits Committee of Champion International Corporation.

2.6  "Affiliate" means each of the following for such period of time as is applicable under section 414 of the Code:

(a)  a corporation which, together with the Employer, is a member of a controlled group of corporations within the meaning of section 414(b) of the Code (as modified by section 415(h) thereof for the purposes of Article 11) and the applicable regulations thereunder;

(b)  a trade or business (whether or not incorporated) with which the Employer is under common control within the meaning of section 414(c) of the Code (as modified by section 415(h) thereof for the purposes of Article 11) and the applicable regulations thereunder;

(c) an organization which, together with the Employer, is a member of an affiliated service group (as defined in section 414(m) of the Code); and

(d) any other entity required to be aggregated with the Employer under section 414(o) of the Code.

2.7 (a) "**Average Earnings**" as of any particular time (e.g., attainment of Normal Retirement Age, retirement, termination of salaried employment) with respect to a Participant, means the greater of:

(1) The average of his Actual Earnings, or Adjusted Earnings where applicable, for the highest five (5) consecutive Plan Years within the period of nine (9) consecutive Plan Years ending with the Plan Year prior to the Plan Year that includes such particular time; or

(2) The average of his Actual Earnings, or Adjusted Earnings where applicable, for the five (5) consecutive Plan Years ending with the Plan Year that includes such particular time; however, if the final period of employment is not a complete Plan Year, then, notwithstanding the provisions of Section 2.4(a), Actual Earnings will be imputed to the Participant as if he had been a full-time Employee for all of such Plan Year in accordance with the following:

(A) The Actual Earnings for that Plan Year to such particular time; plus,

(B) The earnings from such particular time to the end of the final Plan Year which are earnings equal to the

2 - 8

# ARTICLE 6

## VESTING

6.1 <u>Fully Vested Interests</u>. A Participant's rights to any of the following Accounts under Article 5 shall be nonforfeitable at all times:

    (a)  his Voluntary Participant Account;

    (b)  his Standard Contribution Account; and

    (c)  his Lewers & Cooke Employee Contribution Account.

6.2 <u>Vesting At Normal Retirement Age</u>. Upon and after a Participant's attainment of Normal Retirement Age, if he is then in the service of the Employer or an Affiliate, he shall have a nonforfeitable right to his Normal Retirement Benefit, or effective January 1, 1988, his Postponed Retirement Benefit, whichever is applicable.

6.3 <u>Vesting in Accrued Benefit Prior to Normal Retirement Age</u>.

    (a)  <u>Vesting Schedule</u>. Except as otherwise provided in the Plan, a Participant who has One Hour of Service on or after January 1, 1989 shall have a nonforfeitable right to a percentage of his Accrued Benefit on the basis of the number of Vesting Years or Years of Credited Service, whichever are greater, with which he is credited, pursuant to the following vesting schedule:

| Vesting Years or Years of Credited Service, whichever are greater | Nonforfeitable Percentage |
|---|---|
| Less than 5 | 0% |
| 5 or more | 100% |

payable in the form provided in Section 8.1 commencing upon the close of the Plan Year of the additional accrual. As of the first date benefit payments are due a Participant each Plan Year commencing after his Benefit Commencement Date under (b) above, the Participant's benefit payments (under the same form in which payments are being made) shall be increased to reflect the excess (if any) of the Actuarial Equivalent of this additional accrual less the Actuarial Equivalent of the lesser of (i) the total Plan benefit payments to the Participant through the end of the immediately preceding Plan Year, or (ii) the total Plan benefit payments to the Participant which would have been made to the Participant through the end of the immediately preceding Plan Year if such payments had been made in the basic form of benefit under Section 8.1; provided however, if as of the Participant's Benefit Commencement Date under (b) above, the Participant received his benefit as a lump sum, the increase (if any) shall also be paid as a lump sum as soon as administratively feasible after the Plan Year of the additional accrual.

7.4 Termination of Employment.

(a) A Participant whose employment has terminated but who is not entitled to a benefit under any of the preceding Sections of this Article 7 shall, unless distribution has been made pursuant to Section 8.5(d), be entitled, as of his Benefit Commencement Date, to the nonforfeitable part of his Accrued Benefit determined as of the termination of his employment as a Salaried Employee, reduced:

(1) by 1/180 for each of the first 60 months and 1/360 for each of the next 60 months by which his Benefit Commencement Date precedes his Normal Retirement Date; and

(2) pursuant to the following schedule for any period or periods, after August 22, 1984, during which the Participant is covered by the Preretirement Survivor Annuity:

| Participant's Age | Reduction for Each Month of Coverage |
|---|---|
| less than 35 | 0% |
| at least 35 but less than 45 | 1/12 of .1% |
| at least 45 but less than 55 | 1/12 of .2% |
| at least 55 but less than 65 | 1/12 of .5% |
| 65 or older | 0% |

(b) The "Benefit Commencement Date" of a Participant to whom (a) above applies shall be his Normal Retirement Date; provided however, if a Participant is not employed by the Employer or any of its subsidiary or affiliated corporations or, with respect to a Participant who worked at a divested location, by any purchaser of such location, then, subject to Section 8.5, he may elect as his Benefit Commencement Date the first day of any month, not later than his Normal Retirement Date, which coincides with or follows his attainment of age 55.

7.5 **Effect of Reemployment.** If, in any calendar month subsequent to the commencement of benefit payments, a Participant is reemployed in section 203(a)(3)(B) service, as defined in Labor Regulation §2530.203-3, and if such benefits are not being paid under an insurance or annuity contract which precludes a refund to the Plan of suspended payments, then, subject to the

Participant Account, if any, pursuant to Section 5.5. If a Participant's nonforfeitable benefit under the Plan has a present value (determined in accordance with Section 8.5(d)) of more than $3,500, then a withdrawal hereunder shall be subject to a waiver of the Qualified Joint and Survivor Annuity (with respect to such withdrawal) under Section 8.2.

(b) <u>Amount</u>. The "Pre-1975 Plan Withdrawal Right Amount" of a Participant shall be a retirement benefit in an amount equal to the portion of the Plan Assets attributable to Employer contributions with respect to which he had a withdrawal right, under the Pre-1975 Plan, at his retirement or termination of employment prior thereto (which portion, if not so withdrawn, would be used to provide a part of his retirement benefit under the Plan derived from Employer contributions), determined on the basis that he shall continue to have such withdrawal right under the Plan.

8.5 <u>Date of Payment and Cash-out</u>.

(a) <u>General</u>. Subject to the Subsections below, a Participant's benefit shall commence as of his Benefit Commencement Date determined under Article 7.

(b) <u>Consent to Early Payment</u>.

(1) Except as provided in (c) and (d) below, no part of a Participant's benefit may be paid to him prior to Normal Retirement Age unless he consents to the distribution.

(2) <u>Written Explanation</u>. The Administrator shall provide to each Participant whose consent is required under (1)

above, no less than 30 days and no more than 90 days prior to his Benefit Commencement Date, a written explanation of the material features and relative values of the optional forms of benefit under the Plan, and his right (if any) to defer receipt of the distribution.

(3) <u>Time of Consent</u>. A Participant's consent to a distribution must not be made before he receives the written explanation under (2) above and must not be made more than 90 days before his Benefit Commencement Date.

(c) <u>Latest Date of Payment</u>. The payment of a Participant's benefit under the Plan shall begin not later than the earlier of:

(1) the 60th day after the later of the close of the Plan Year in which the Participant

(A) reaches Normal Retirement Age, or

(B) terminates his service with the Employer and all Affiliates; or

(2) the April 1 of the calendar year following the later of the calendar year in which the Participant attains age 70-1/2.

(d) <u>Cash-Out Distributions</u>. Any other provisions of the Plan to the contrary notwithstanding, any amount payable to a Participant under the Plan shall be paid in a lump sum if the Participant so elects, provided that the Actuarial Equivalent of the Participant's nonforfeitable benefit under the Plan, determined as of the earlier of his Benefit Commencement Date (or