IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| SCOTT D. DALESANDRO, et al.,<br>   On behalf of themselves and<br>   all others similarly situated,<br><br>          Plaintiffs,<br>v.<br><br>THE INTERNATIONAL PAPER<br>COMPANY,<br><br>          Defendant. | Case No.: C-1-01-109<br><br>Judge Sandra S. Beckwith<br><br>PLAINTIFFS' REPORT ON THE<br>RESULTS OF THE NOTICE<br>TO THE CLASS FOR ENTRY<br>OF FINAL JUDGMENT<br><br>(Exhibits attached) |

## I.  SUMMARY

This Report is submitted to provide the Court and the record with the details and evidence of the means and results of the notice to the Class for the final judgment entry. More than sixteen months ago, this Court ruled on the merits of Plaintiffs' ERISA claims and certified under Rule 23 (b)(3) the class of employees who were entitled to severance benefits. Since that ruling, Plaintiffs' counsel sent the Court Ordered Notice to each class member which:

- attached a copy of Severance Policy #828;

- explained the procedure by which class members could opt-out of the Class;

- attached Defendant's calculation of that employee's severance benefits (pursuant to Section 2 of Policy #828);

- attached Defendant's explanation and calculation of the enhancement to the pension benefits (pursuant to Section 3 of Policy #828);

- set forth the procedure for the employee to follow if he or she objected to Defendant's calculation or explanation of benefits;

- set forth the procedure for Defendant to follow to respond to each employee's objections; and

{00010332; 1}

- set forth the procedure by which those objections were to be resolved by counsel or submitted to the Court.

With this Report, Plaintiffs represent to the Court that:

1) The Notice, in the form approved by the Court, was dated September 24, 2003 and sent on that date to all 149 class members in the manner approved by the Court;

2) The Notice was then resent to those for whom delivery was unsuccessful, resulting in a successful delivery to all but one class member;

3) No member has opted out of the Class;

4) Fourteen employees objected to Defendant's calculations of their severance or pension benefits on the basis that the company used incorrect figures for their salary and/or years of service; those fourteen employees provided the correct figures and basis for their objections in letters to Defendant pursuant to the procedure set forth in the Notice; Defendant did not respond or object to those corrections and, therefore, the benefits due under Section 2 of Policy #828 can be determined; and

5) The value of the pension enhancement benefit under Section 3 of Policy #828 (known as "Flex Six") can only be estimated since it is paid over time and into the future. Plaintiffs have submitted an Economist Report valuating that enhancement[1] and explaining the calculations of past due enhanced pension benefits, the interest to be applied to those past due benefits, and the present value of the enhanced future benefits. The exact damage figure need not be determined by the Court at this time, however, Plaintiffs' entitlement to the Flex Six enhanced pension benefit should be included in the final judgment entry, and the value of that

---

[1] The economists used the figures and pension enhancement explanations provided by Defendant. Exh. 2, Attachment G.

{00010332; 1}

enhancement should be considered an element of the Common Fund of damages recovered by the Class in this litigation..

Based upon the foregoing, Plaintiffs respectfully request the Court to enter final judgment ordering Defendant to pay to the Class the Section 2 severance benefits as calculated by Defendant and corrected by the employees; and finding that certain class members are entitled to the past due and future Section 3 "Flex Six" enhancement to their pension benefits; and ordering Defendant to pay pre- and post judgment interest, Plaintiffs' attorney fees and expenses, and incentive awards to the two class representatives. Accordingly, final judgment may be entered with a ruling on the only two pending motions in this case: Plaintiffs' Motion for Attorney Fees, Expenses, Interest and Incentive Awards (Doc. #45) and Plaintiffs' Supplemental Motion for Attorney Fees and Expenses (Doc. # 67).

## II.    PROCEDURAL HISTORY

The Class was certified in this case and judgment was ordered in favor of Plaintiffs on March 21, 2003 (Doc. # 40). The parties then disputed the form and substance of the class notice which the Court resolved and ordered on August 22, 2003 (Doc. # 47). The parties also agreed to brief the remaining issues of attorney fees, expenses, interest and incentive awards before the entry of final judgment, and those issues were submitted as of October 21, 2003 and remain pending (Doc. #s 45, 46, 49 & 53). The initial motion for fees covered the time and work performed up to July 31, 2003, and Plaintiffs have also recently filed a Supplemental Motion for Attorney Fees and Expenses (Doc. # 67) to include the time spent and work performed in the year since that submission up through August 18, 2004.[2]

---

[2] Plaintiffs' initial Motion for Attorney Fees, Expenses, Interest and Incentive Awards was filed August 8, 2003 (Doc. #45) and included the request for permission to file a supplemental submission for work performed and expenses incurred after July 31, 2003.

{00010332; 1}                                                3

## III. PLAINTIFFS' REPORT

### A. The September 24, 2003 Notice & Damages Calculations Sent to the Class

Pursuant to the Court's Orders (Doc. #s 47 & 50), Plaintiffs' counsel sent by first class U.S. Mail the Court Ordered Notice (Exhibit 1) on September 24, 2003 to each of the 149 persons whose name and address was provided by Defendant as all persons employed by International Paper Company at the Hamilton B Street Mill who were denied benefits under Champion International Paper Corporation Reorganization Policy #828. See the International Paper list of employees at Attachment A to the Declaration of Theresa Groh, Exhibit 2, filed under seal. This same Notice was also mailed to eight employees who had contacted Plaintiffs' counsel with a change of address; and several attempts were made to re-send the Notices to persons whose mailings were returned as undeliverable; the end result was that the Court-Ordered Notice was successfully mailed to all but one employee. Affidavit of Stephanie Vaaler, Exhibit 3.

Attached to each Notice was the addressee's personal severance pay calculation performed by Defendant; the Notice instructed the employee to review the calculation for accuracy and to mail an explanation of any disagreement to Defendant's representative, Sharon Barger, within 30 days. Notice, Exhibit 1 at Section I, p. 2. The Court Ordered Notice emphasized that:

> It is important that you promptly review and verify the calculation in Exhibit A within the provided 30 days. This is because on a later date Judge Beckwith will issue a binding order that will finalize and fix the amount of your severance pay.

Id. at Section IV, p. 6. The Notice also set forth the procedure by which Defendant was required to respond to such objections:

> By no later than 20 days after the receipt of your letter, International Paper Company will send you return correspondence setting forth a reviewed determination of your severance pay as well as an explanation of the calculation.

Id. The Notice also explained the class member's legal right to decide not to participate in the lawsuit and instructed the employee to send a letter so stating to Plaintiffs' Class Counsel, Theresa L. Groh, within 30 days of receipt of the Notice.

### B. The Class Members' Responses to the September 24, 2003 Notice

No class member opted out of the Class. Groh Dec., Exh. 2.

Many employees disagreed with the omission of their vacation pay and COBRA coverage. Plaintiffs moved the Court to order Defendant to include unpaid vacation in the computation of damages, and the Court ruled that vacation pay was not a recoverable benefit in this case.

Fourteen employees objected to the calculations on the grounds that Defendant used an incorrect salary figure and/or incorrect number of years of "credited service". See the 14 letters from the objecting employees at Attachment B to the Groh Dec., Exh. 2. Those fourteen class members followed the Court-ordered procedure set forth in the Notice and sent their objections with supporting explanations and documents to Sharon Barger at International Paper within the time period proscribed by the Notice procedure. Id.

### C. Defendant's Non-Response to the Class Members' Corrections

Although all class members followed the procedures set forth in the Notice, Defendant did not comply with the Court-ordered procedure. Plaintiffs investigated and could not identify even one employee who received any return correspondence from Defendant, or any communication addressing the benefits corrections and employee letters sent to Sharon Barger. Groh Dec., Exh. 2. Moreover, Defendant did not respond to Plaintiffs' counsel's repeated

requests for copies of any letters sent to employees by Sharon Barger or anyone else at International Paper. Id. and Attachment C thereto. Due to Defendant's failure to follow the return correspondence step, the remaining steps of the court-ordered procedure –that Class Counsel review the objections and seek to resolve the disagreement with defense counsel and then bring the matter to the Court's attention – were rendered meaningless. Accordingly, Plaintiffs submit that all disputed calculations should be considered to be finally resolved in favor of the objecting employee. The final and corrected calculations of Policy #828 Section 2 Severance Benefit amounts are listed on Attachment D to the Groh Dec., Exh. 2.

### D. The "Flex Six" Pension Enhancement Feature of Policy #828

Section 3 of Severance Policy #828 (Exhibit 4) provides an additional severance benefit in the form of an enhancement to an employee's pension benefit:

> If an Eligible Employee has attained age 49 as of the date of Termination and the Eligible Employee's age plus years of service equal at least 59, the Eligible Employee's pension benefit from the Retirement Plan shall be enhanced by crediting the Eligible Employee with the most beneficial combination of an additional six (6) years of age and/or service credit under the Retirement Plan for early or normal retirement. As part of such enhanced benefit the Eligible Employee shall be entitled to post retirement death benefits, life insurance and medical coverage.

Seventeen class members were identified by Defendant as being qualified for the Flex Six pension enhancement under Section 3 of Policy #828; the Exhibit A to the Notice sent to each of these individuals included Defendant's explanation of how their pension benefits would increase if they prevail in this lawsuit. Those individuals and their Exhibit A's are compiled at Attachment E to the Groh Dec., Exh. 2. Three additional class members actually qualify for this Flex Six enhancement but were not identified by Defendant and not given notification or an explanation of the increase to their pension benefits; those omissions resulted from Defendant's

miscalculations of the years of "Credited Service" for these three employees. Those individuals and their Exhibit A's are compiled at Attachment F to the Groh Dec., Exh. 2.

Therefore, but for Defendant's wrongful denial of Policy #828 benefits to the Class upon their termination on February 9, 2001, these twenty employees qualified for early retirement pursuant to the terms of the Flex Six provision of the Severance Plan #828 (Exhibit 4 at Section 3) and the Retirement Plan #001 (excerpts at Exhibit 5), and each could have started to receive their pension benefits on March 1, 2001 (Id. at Section 7.4(b)). Defendant has refused to pay any pension benefits until the employee ends his or her employment with Smart Papers,[3] however, the value of the pension enhancement provided by Section 3 of Policy #828 and the opportunity to retire early and receive those pension payments beginning March 1, 2001 should be included as damages recovered in this lawsuit. Plaintiffs' entitlement to those enhanced pension benefits should be included in the final judgment entry; and the value of those enhanced pension benefits should be included in the Common Fund of damages recovered in this action and considered in the context of an award of attorney fees as a percentage of the common fund.[4]

Based upon the foregoing, Plaintiffs report that:

- The best notice practicable was given to the Class resulting in successful delivery of Notice to all but one member of the Class;

- More than one year has passed since the expiration of the opt-out period and no class member has opted-out of this litigation;

---

[3] The class members' employment with Smart Papers, LLC, the buyer of the Mill, was forced upon them as they were denied the choice to receive their severance and pension due to them under Policy #828 instead of taking a position with Smart Papers. This Court agreed and ruled that Plaintiffs were terminated by Defendant and entitled to the benefits in Policy #828. Amended Order (Doc. #40 at 15-16 & 21).

[4] The estimated value of the Section 3 enhancement to these pension benefits as a result of this lawsuit is $2,353,793 (see Attachment G to the Groh Dec., Exh 2) and is included in Plaintiffs' Supplemental Motion for Attorney Fees and Expenses (Doc. #67).

- The amounts of each employee's severance benefits under Section 2 of Policy #828 have been verified with no objection from Defendant; and

- Twenty class members are entitled to the pension enhancement benefit under Section 3 of Policy #828.

## IV.    ENTRY OF FINAL JUDGMENT

The Court granted Plaintiffs' Motion for Class Certification and Plaintiffs' Motion for Judgment in an Order dated March 18, 2003 (Doc. No. 39), followed by an Amended Order dated March 21, 2003 (Doc. No. 40). Based upon that Amended Order and the foregoing Report, Plaintiffs respectfully request a Final Judgment Entry incorporating that decision and finding, concluding and ordering that:

1) The Class is defined as all persons employed by International Paper Company at the Hamilton B Street Mill who were terminated without cause on February 9, 2001 and who were denied benefits under Champion International Paper Corporation Reorganization Severance Policy #828.

2) The form and manner of Notice to the class members, and Plaintiffs' dissemination of the same, was the best notice practicable under the circumstances and complies in all respects with Rule 23.

3) Defendant wrongfully denied Plaintiffs and each class member the severance benefits provided by Section 2 and Section 3 of the Champion International Paper Corporation Reorganization Severance Policy #828.

4) Defendant shall pay as damages the full amount of each class member's severance benefits under Section 2 of the Champion International Paper Corporation Reorganization Severance Policy #828 in the amounts as calculated

by Defendant and corrected by the employees (set forth in sealed Exhibit 2 at Attachment D).

5) Certain identified class members[5] are entitled to enhanced pension benefits to be paid by Defendant under Section 3 of the Champion International Paper Corporation Reorganization Severance Policy #828 (known as the "Flex Six" benefit); the value of the enhanced pension payment shall be considered a part of the Class' damages and the common fund for purposes of the final judgment entry and determining the attorney fees which may be paid as a percentage of the common fund.

6) The payment of prejudgment interest[6] to the Class is appropriate and shall be paid by Defendant to the Class as damages as follows :

    a. prejudgment interest shall be paid at the rate of 4.72%[7] from February 17, 2001[8] to the date of the Final Judgment Entry on the full amount of severance benefits under Section 2 of Policy #828 which were wrongfully withheld, and

---

[5] Those qualified employees are identified in sealed Exhibit 2 at Attachments E , F & G.

[6] There is no federal prejudgment interest statute, and the parties have agreed that it should be calculated according to the federal post-judgment statute, 28 U.S.C. §1961(a); however, the parties disagree as to the **when** the prejudgment interest accrues and **how** the rate should be determined.

[7] Calculated according to 28 U.S.C. §1961(a); see, Economist Report at Attachment G to Exh. 2.

[8] The prejudgment interest on the full amount of Section 2 benefits accrues on February 17, 2001 pursuant to the Severance Plan which states that the entire sum will be paid eight days after termination (Exh. 4 at Section 8(b)). The interest rate should be based upon the average Treasury yield for the calendar week preceding that payment due date since that is the interest rate at which those benefits could have been invested by the employee but for the wrongful withholding of that money by Defendant. This accrual date and this method of calculating the rate mirror the purpose and language of the post-judgment interest statute as adjusted to apply to pre-judgment interest. See also, Plaintiffs' Supplemental Motion for Attorney Fees and Expenses (Doc. # 67 at pp. 5-7).

b. prejudgment interest shall be paid at the rate of 4.69%[9] from March 1, 2001[10] to the date of the Final Judgment Entry on the amount of past due pension benefits under Section 3 of Policy #828 which were wrongfully withheld.

7) The payment of post-judgment interest[11] to the Class is appropriate and shall be paid by Defendant to the Class as damages as follows:

a. post-judgment interest shall be calculated according to 28 U.S.C. §1961(a) from the date of the Final Judgment Entry to the date of full payment of all severance benefits under Section 2 of Policy #828 to all class members;

b. post-judgment interest shall be calculated according to 28 U.S.C. §1961(a) from the date of the Final Judgment Entry to the date of payment of all past due monthly pension benefits under Section 3 of Policy #828 to the twenty qualified class members.

8) The payment of attorney fees to the Class is appropriate and the lodestar amount plus a 1.5 multiplier totaling $902,481.39[12] for work performed through

---

[9] Calculated according to 28 U.S.C. §1961(a); see, Economist Report at Attachment G to Exh. 2.

[10] Prejudgment interest should accrue on the amount of past due Section 3 pension benefits that a qualified employee would have received starting on March 1, 2001 pursuant to the Retirement Plan which states that monthly payments of pension benefits will start on the first day of the next month following the retirement (Exhibit 5, Salaried Retirement Plan #001 at Section 7(b)).

[11] The parties agree on the accrual date (date of the Final Judgment Entry) and method of calculating the rate of post-judgment interest since the statute is clear and controls.

[12] The initial application (Doc. #45) sets forth the basis for fees in the amount of $ 733,809.39 for work performed up through July 31, 2003, and the supplemental application (Doc. #67) sets forth the basis for additional fees in the amount of $168,672 for work performed up through August 18, 2004.

August18, 2004, is fair, reasonable, and warranted and shall be paid by Defendant to the Class as damages.

9) The payment of expenses to the Class is appropriate and the amount of $12,874.79[13] for expenses incurred through August 18, 2004 is fair, reasonable, and warranted and shall be paid by Defendant to the Class as damages.

10) Class counsel shall be paid their attorney fees and expenses from the Class pursuant to their contingency fee contract with the class representatives; specifically, a payment of 25% of the common fund (which consists of the Section 2 benefits wrongfully withheld, the value of the Section 3 pension enhancement, the attorney fees and expenses paid into the common fund by Defendant, pre- and post-judgment interest, and court costs) is fair, reasonable and appropriate.[14]

11) Incentive awards to the two class representatives are appropriate and the amount of Ten Thousand ($10,000) to each is fair, reasonable, and warranted and shall be paid from the common fund of damages recovered by the Class.

12) The court costs of this litigation shall be paid by Defendant.

13) There is no just reason for delay in the entry of judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

---

[13] The initial application (Doc. #45) sets forth the basis for expenses in the amount of $5315.40 for expenses incurred through July 31, 2003, and the supplemental application (Doc. #67) sets forth the basis for expenses in the amount of $7,559.39 for additional expenses incurred through August 18, 2004.

[14] Defendant has not objected to or disputed any payment of attorney fees or expenses **from** the common fund; Defendant does oppose the shifting of fees and expenses which would require it to pay **into** that common fund as part of the damages recoverable by the class.

V.  **CONCLUSION**

Plaintiffs report that all but one class member has received the Court Ordered Notice dated September 24, 2003, and in the past sixteen months since this Court certified this case as a class action and ruled that Plaintiffs are entitled to severance benefits, no member of the Class has opted out of this action. Each member has verified the amount of his or her Section 2 severance benefits and, with a ruling on the Plaintiffs' two pending applications for attorney fees, costs, interest an incentive awards, this case will be ripe for the entry of final judgment. Based upon the foregoing, Plaintiffs' respectfully request the Court to enter final judgment finding, concluding, and ordering each item set forth in Section IV above.

Respectfully submitted,

s/Theresa L. Groh
Theresa L. Groh, Esq. (0029806)
John C. Murdock, Esq. (0063749)
Murdock Goldenberg Schneider & Groh, L.P.A.
700 Walnut Street, Suite 400
Cincinnati, Ohio 45202-2011
Telephone: (513) 345-8291
Facsimile: (513) 345-8294

**Trial Attorneys for Plaintiffs**

**CERTIFICATE OF SERVICE**

I hereby certify that on August 20, 2004 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Michael Roberts, Esq., Graydon, Head & Ritchey LLP, 1900 Fifth Third Center, 511 Walnut Street, Cincinnati, Ohio 45202, and I hereby certify that I have mailed the document via UPS Next Day Air to the following non CM/ECF participants: W. Carter Younger, Esq. and James P. McElligott, Esq., McGuire Woods, LLP, One James Center, 901 East Cary Street, Richmond, VA 23219-4030.

s/Theresa L. Groh
Theresa L. Groh