IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| SCOTT D. DALESANDRO and DIANE NOONAN, on behalf of themselves and others,<br><br>Plaintiffs,<br><br>vs.<br><br>INTERNATIONAL PAPER COMPANY,<br><br>Defendant. | Case No. C-1-01 109<br><br>Judge Sandra S. Beckwith |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL MOTION FOR ATTORNEYS' FEES AND EXPENSES[1]**

Defendant International Paper opposes Plaintiffs' motion for attorneys' fees, expenses, interest and incentive awards in significant part, and respectfully requests the Court deny the requested amounts. Plaintiffs' requests should be denied or reduced substantially for the following reasons:

**I.    Attorneys' Fees, Costs, And Expenses Are Not Recoverable For Vacation Pay Issues**

Plaintiffs' request for fees, costs, and expenses related to their belated claim for vacation pay is not compensable because a company's policy of paying its discharged employees for their unused vacation time is not an ERISA claim, and therefore ERISA's fee-shifting provision does not apply. Massachusetts v. Morash, 490 U.S. 107, 109, 114, 109 S. Ct. 1668, 104 L. Ed. 2d 98 (1989). Vacation plans in which a single employer pays benefits from its general assets do not constitute 'employee benefit plans' within the

---

[1] Counsel for International Paper attempted to file this document on September 16, 2004 over several hours, but there were technical difficulties with the Court's website. Therefore, the document is being filed today, and opposing counsel has no objection.

meaning of ERISA. Morash, 490 U.S. at 114 (citing 29 C.F.R. § 2510.3-1(b)(3)); Adams v. Avondale Indus., 905 F.2d 943, 951 (6th Cir. 1990). "Unlike normal severance pay, the employees' right to compensation for accrued vacation time is not contingent upon the termination of their employment," and its inclusion as part of Policy #828 does not convert this payroll practice to a welfare benefit plan. Morash, 490 U.S. at 120. Because such vacation plans are not covered by ERISA, the Plaintiffs may not claim entitlement to attorneys' fees, costs, or expenses under ERISA's fee-shifting provision.

Plaintiffs' request for fees, costs, and expenses related to vacation pay is not compensable, even if covered by ERISA, because Plaintiffs were not the prevailing party on this issue and should not be rewarded for belatedly raising and disputing the issue at this late juncture in the litigation. Section 502 of ERISA, 29 U.S.C. § 1132, provides that "in any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and cost of action to either party." 29 U.S.C. § 1132(g)(1). Before exercising this discretion under a fee-shifting statute, the district court must examine five factors: 1) the degree of the opposing party's culpability or bad faith; 2) the opposing party's ability to satisfy an award of attorneys' fees; 3) the deterrent effect of an award on other persons under similar circumstances; 4) whether the party requesting the fees sought to confer a benefit on all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and 5) the relative merits of the parties' positions. Schwartz v. Gregori, 160 F.3d 1116, 1119 (6th Cir. 1998), *citing* Secretary of Labor v. King, 775 F.2d 666, 669 (6th Cir. 1985).

As set forth above, this vacation pay dispute did not involve a significant legal question regarding ERISA. In addition, however, the fifth and final factor should be decisive in this instance, and preclude an award of fees. The Supreme Court has advised that "district courts should exercise their equitable discretion...to arrive at a reasonable fee award, either by attempting to identify specific hours that should be eliminated or by simply reducing the award to account for the limited success of the plaintiff." Hensley v. Eckerhart, 461 U.S. 424, 435, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). Many circuit courts have imposed a 'prevailing party" limitation on the availability of attorneys' fees under ERISA. See Martin v. Blue Cross & Blue Shield, 115 F.3d 1201, 1210 (4th Cir. l997) and cases cited therein. As this Court stated in its January 13, 2004 Order: "Plaintiffs have not properly raised claims for recovery of vacation pay in this lawsuit," and therefore "Plaintiffs motion for authorization to mail a supplemental notice [for vacation pay] to the class is not well-taken and is DENIED." (Jan. 13, 2004 Order at p. 7.) The merits of Plaintiffs' position was accordingly lacking, and because Plaintiffs did not prevail on this issue, the fees, costs, and expenses generated by Plaintiffs in pursuit of this late-filed motion should not be shifted to Defendant.

In addition, pursuant to Fed. R. Civ. P. 54(d), costs shall be allowed only "to the prevailing party." Because Plaintiffs were not the prevailing party on this issue, they are not entitled to recovery of any costs incurred in litigation of this issue.

Plaintiffs' request for fees, costs, and expenses related to this issue, including but not limited to legal research (time and expenses), conferences, drafting and responding to discovery, drafting of an amended class notice, briefing of this issue, and drafting of

notices to class members of the Court's decision, beginning October 27, 2003 through March 5, 2004, should accordingly be rejected.

**II.    Attorneys' Fees, Costs, and Expenses Are Not Recoverable for Plaintiff's "Expert Witness"**

Plaintiffs' counsel has submitted a lengthy analysis by economists opining on the enhanced value of pensions for a group of twenty Class Members.  This report is unnecessary, unsupported, and self-serving and Defendant should not be held responsible for the expense incurred for its production.  These pension amounts will be calculated by the administrator of the pension plan and paid as they come due.  Plaintiffs' counsel has calculated these potential future amounts only for the purpose of boosting the potential damage award and thus their contingent attorneys' fees.  Their request for reimbursement for the expense of this report, totaling $4775.00, as well as the attorneys' fees incurred in consultation and conferences regarding this report, beginning approximately July 26, 2004 through August 18, 2004, should be denied.  To the extent Plaintiffs' counsel has block billed entries concerning this analysis with other issues, these entries should be denied in their entirety.

In addition, this report is clearly insufficient under the requirements of the Federal Rules, as it fails to meet the requirements of Fed. R. Civ. P. 26(a)(2)(B).  Plaintiffs have failed to submit any qualifications or background for these "experts," and the report fails to provide a list of the information or documents utilized, or to explain the basis for the opinions or calculations.  The report should accordingly be rejected in its entirety as without foundation or relevance in this action.

### III. The Estimated Amount of the Enhanced Value of Pensions in the "Expert Report" Should Be Excluded From the Common Fund for Purposes of Determining Reasonable Attorneys' Fees

IP objects to Plaintiffs' request to include estimated future pension benefits in the common fund for the purpose of determining attorneys' fees, and requests the Court to exclude these potential benefits. While Plaintiffs' counsel has submitted a lengthy analysis by economists opining on the enhanced value of pensions for a group of twenty Class Members, these amounts are speculative and the submitted report is unsupported and self-serving. These pension amounts will necessarily vary over the years and cannot be determined with any reasonable amount of certainty because they are dependent upon numerous factors, including when each of the individual Class Members retires. Defendant should not be held to the unsubstantiated "guesstimates" of potential future pension benefits made in the Plaintiffs' report. Defendant should also not be held to the results of this post-judgment report which it has not had an opportunity or time to review, analyze, or refute, or to depose the economists regarding their basis and method for calculation.

In addition, as stated above, this report is clearly insufficient under the requirements of the Federal Rules, as it fails to meet the requirements of Fed. R. Civ. P. 26(a)(2)(B), and it should accordingly be rejected as without foundation or relevance in this action.

### IV. Plaintiff's Request for a 1.5 Multiplier Should Be Denied

Plaintiff's request for a 1.5 multiplier should be denied for the reasons set forth in Defendant's Response in Opposition to Plaintiff's Motion for Attorneys' Fees, Expenses, Interest, and Incentive Awards filed in opposition to Plaintiff's original motion for fees

up to and including July 31, 2003, and Defendant incorporates by reference Section II.D., pages 21 – 24 of its Response.

### IV. Plaintiff's Request for Expenses Incurred Should Be Denied in Part

Defendant incorporates by reference Section II.E., page 25, of its previous Response in Opposition to Plaintiff's Motion for Attorneys' Fees, Expenses, Interest, and Incentive Awards, with regard to the expenses claimed by Plaintiffs that are not recoverable.

### V. Plaintiff's Request for Prejudgment Interest Should Be Rejected

Defendant incorporates by reference Section III., pages 26-28, of its previous Response in Opposition to Plaintiff's Motion for Attorneys' Fees, Expenses, Interest, and Incentive Awards, with regard to prejudgment interest claimed by Plaintiffs. Defendant further objects to Plaintiffs' request for prejudgment interest on the estimated future pension benefits in its entirety on two additional grounds: 1) the estimated prejudgment interest by the economists hired by Plaintiffs is speculative, unsupported, and deficient and inadmissible under the Federal Rules as set forth above and in Defendant's Response to Plaintiff's Report on the Results of the Notice to the Class for Entry of Final Judgment; and 2) these benefits are not currently owing or due, and interest may not begin to run until Defendant has breached any obligation to pay such benefits. "Plaintiffs must be able to present evidence that demonstrates the monetary value of that breach with reasonable certainty," Walker v. Consumers Power Company, 824 F.2d 499 (6th Cir. 1987), which they cannot do.

Defendant has at all times taken the position based on the terms of its Retirement Plan that eligible Class Members cannot start retirement benefits until after the end of his

or her employment with Smart Papers. This position is clearly stated in the Class Notice issued in this action. Since no payment is currently due to the Class Members, no breach has occurred to date, and therefore no interest or damages have accrued. In addition, because the amount of each individual's pension cannot be determined with any measure of certainty until their retirement, prejudgment interest similarly cannot be ascertained. Defendant has agreed that should the judgment in this action be upheld on appeal, that it will recalculate and pay any and all pensions due under the Flex Six pension enhancement policy following the individual's retirement from employment and pursuant to this policy. Since the purpose of prejudgment interest is to provide compensation to the winning party for the delay in obtaining his or her funds, no interest should be charged on funds that the Plaintiffs will only become entitled to in the future and that cannot be determined with any reasonable amount of certainty until the actual retirement date of each eligible individual.

         Respectfully submitted,

         INTERNATIONAL PAPER CO.

         By: s / Michael Roberts_____

         **COUNSEL FOR DEFENDANT**
         **INTERNATIONAL PAPER CO.**

         Michael A. Roberts (OH Bar No. 0047129)
         Graydon Head & Ritchey, LLP
         1900 5th 3rd Center
         511 Walnut Street
         Cincinnati, Ohio 45202
         (513) 629-2799

        W. Carter Younger (VSB 01147)
        James P. McElligott, Jr. (VSB 014109)
        (Admitted Pro Hac Vice)
        McGuireWoods LLP
        One James Center
        Richmond, VA  23219
        (804) 775-4363

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of September 2004, a true and complete copy of this document was delivered via electronic filing to Counsel for Plaintiff, Theresa L. Groh, Esq., and John C. Murdock at Murdock, Goldenberg, Schneider & Groh, L.P.A., 700 Walnut Street, Suite 400, Cincinnati, Ohio, 45202.

        s/ Michael A. Roberts