IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| SCOTT D. DALESANDRO and DIANE NOONAN, on behalf of themselves and others,<br><br>      Plaintiffs,<br><br>      vs.<br><br>INTERNATIONAL PAPER COMPANY,<br><br>      Defendant. | Case No. C-1-01 109<br><br>Judge Sandra S. Beckwith |

## DEFENDANT'S RESPONSE TO PLAINTIFFS' REPORT ON THE RESULTS OF THE NOTICE TO THE CLASS FOR ENTRY OF FINAL JUDGMENT [1]

Defendant International Paper Company submits its response to Plaintiffs' Report on the Notice to the Class for Entry of Final Judgment and shows this Court the following:

**I.  Class Members' Corrections and IP's Responses**

Plaintiff asserts that fourteen employees submitted objections to the amount of severance pay contained in their individual Exhibit A notice based upon the weekly salary or credited years of service utilized in this calculation. Plaintiff further asserts that Defendant did not respond to any of these objections as provided by the Court's Order. According to IP's records, it received twenty-one letters from employees objecting to either the weekly pay or the credited years of service for their severance calculation. Two of these twenty-one letters also claimed entitlement to enhanced pension benefits based on the claimed years of service. IP had responded in writing to nineteen of these

---

[1] Counsel for International Paper attempted to file this document on September 16, 2004 over several hours, but there were technical difficulties with the Court's website. Therefore, the document is being filed today, and opposing counsel has no objection.

twenty-one letters at the time of the filing of Plaintiffs' report, and has of this date issued the final two letters to the remaining employees, Raleigh Bruce and Hocutt Phillips. Both Mr. Bruce and Mr. Phillips had claims regarding additional years of service which took significant time to research and verify. Copies of each of the letters received and IP's responses are attached in alphabetical order as Exhibit A hereto.[2] In addition, in its review of these letters in preparation of this response, IP identified three letters in which it overlooked and therefore failed to specifically respond to Class Member objections to weekly pay or years of service: Rick Bernard, Kenneth Kaup, and Mary Louden. As a result IP issued amended responses to these three individuals which are included in the attached responses.

IP also received numerous letters from Class Members claiming vacation pay and reimbursement for COBRA premiums, but who had no dispute with the weekly salary or years of service utilized to calculate their severance payment. Copies of all letters received and IP's responses are attached in alphabetical order as Exhibit B.[3] The Court has ruled that the employees are not entitled to vacation pay. As stated in IP's responses, it is also IP's position, which Plaintiffs have not disputed, that Class Members are not eligible for claimed COBRA benefits.

Defendant is willing to discuss any remaining disputes which may exist as to any of the attached individual responses or corrections.

## II.  Eligibility for "Flex Six" Pension Enhancement

Plaintiffs assert in addition to the employees identified by IP in Exhibit A to the Class Notices sent to Class Members, that three additional employees should qualify for

---

[2] Exhibit A is broken up into three parts due to the volume.

[3] Exhibit B is broken up into seven parts due to the volume of these letters and responses.

2

the Flex Six pension enhancement based on their age and years of service. These employees include: Raleigh Bruce, Michael Meyer, and Timothy Thompson. IP agrees that Mr. Bruce and Mr. Meyer are eligible for Flex Six benefits with additional credited years of service, and has advised each of their eligibility in writing, with attached amended "Exhibit As" and updated pension information. In addition, IP has determined that Hocutt Phillips, with his additional credited years of service, is also eligible for Flex Six benefits. Mr. Thompson, however, is not eligible for Flex Six benefits, and was advised of this in response to his letter.

### III.    Estimated Future Flex Six Benefits

IP objects to Plaintiffs' request to include estimated future pension benefits in the common fund for the purpose of determining attorneys' fees, and requests the Court to exclude these benefits. While Plaintiffs' counsel has submitted a lengthy analysis by economists opining on the enhanced value of pensions for a group of twenty Class Members, these amounts are speculative and the submitted report is unsupported and self-serving. These pension amounts will necessarily vary over the years and cannot be determined with any reasonable amount of certainty because they are dependent upon numerous factors, including when each of the individual Class Members retires. Defendant should not be held to the unsubstantiated "guesstimates" of potential future pension benefits made in the Plaintiffs' report. Defendant should also not be held to the results of this post-judgment report which it has not had an opportunity or time to review, analyze, or refute, or to depose the economists regarding their basis and method for calculation.

In addition, this report is clearly insufficient under the requirements of the Federal Rules, as it fails to meet the requirements of Fed. R. Civ. P. 26(a)(2)(B). Plaintiffs have failed to submit any qualifications or background for these "experts," and the report fails to identify the information or documents on which the economists relied, or to explain the basis for their opinions or calculations. The report should accordingly be rejected as without foundation or relevance in this action, and the estimated future pension benefits stated therein should not be included in the common fund.

### IV.     Prejudgment Interest

Defendant incorporates by reference and reasserts its objections to Plaintiff's proposed calculation for prejudgment interest on severance payments from February 17, 2001 and on pension benefits from March 1, 2001 for the reasons set forth in its response to Plaintiff's Motion for Attorneys' Fees, Expenses, Interest, and Incentive Awards still pending before the Court. (See Def.'s Resp. at pgs. 27-28.)

Defendant further objects to the Plaintiffs' request for prejudgment interest on the payment of pension benefits on two additional grounds: 1) the estimated prejudgment interest by the economists hired by Plaintiffs is speculative, unsupported, and deficient and inadmissible under the Federal Rules as set forth above; and 2) because these benefits are not currently owing or due, and interest may not begin to run until Defendant has breached any obligation to pay such benefits. Defendant has at all times taken the position based on the terms of its Retirement Plan that eligible Class Members cannot start retirement benefits until after the end of his or her employment with Smart Papers. This position is clearly stated in the Class Notice issued in this action. Since no payment is currently due to the Class Members, no breach has occurred to date, and therefore no

interest or damages have accrued. Defendant has agreed that should the judgment in this action be upheld on appeal, that it will recalculate and pay any and all pensions due under the Flex Six pension enhancement policy following the individual's retirement from employment and pursuant to this policy. Since the purpose of prejudgment interest is to provide compensation to the winning party for the delay in obtaining his or her funds, no interest should be charged on funds that the Plaintiffs will only become entitled to in the future, and that cannot be determined with any reasonable amount of certainty until the actual retirement date of each eligible individual.

## V.     Attorneys' Fees

Defendant incorporates by reference and reasserts its objections to Plaintiff's request for a multiplier and to Plaintiff's requested fees and expenses for the reasons set forth in its response to Plaintiff's Motion for Attorneys' Fees, Expenses, Interest, and Incentive Awards still pending before the Court. (See Def.'s Resp. at pgs. 21-24.) These objections include, but are not limited to: the excessiveness/unreasonableness of the hourly rates of Plaintiffs' counsel; the underutilization of associates/lower hourly rate attorneys for research and routine work; duplication of work by attorneys; vagueness; and block-billing. Defendant's objections to Plaintiffs' Supplemental Motion for Attorneys' Fees and Expenses are set forth in its separate response thereto, filed with the Court on the same date as the instant response.

## VI.    Class Representative Incentive Awards

Defendant incorporates by reference and reasserts its objections to Plaintiff's request for incentive awards for the class representatives, Scott Dalesandro and Diane Noonan, for the reasons set forth in its response to Plaintiff's Motion for Attorneys' Fees,

Expenses, Interest, and Incentive Awards still pending before the Court.  (See Def.'s Resp. at pgs. 29-30.)

        Respectfully submitted,

        INTERNATIONAL PAPER CO.

        By:  s / Michael Roberts_____

        **COUNSEL FOR DEFENDANT**
        **INTERNATIONAL PAPER CO.**

        Michael A. Roberts (OH Bar No. 0047129)
        Graydon Head & Ritchey, LLP
        1900 5th 3rd Center
        511 Walnut Street
        Cincinnati, Ohio 45202
        (513) 629-2799

        W. Carter Younger (VSB 01147)
        (Admitted Pro Hac Vice)
        James P. McElligott, Jr. (VSB 014109)
        (Admitted Pro Hac Vice)
        McGuireWoods LLP
        One James Center
        Richmond, VA  23219
        (804) 775-4363

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of September 2004, a true and complete copy of this document was delivered via electronic filing to Counsel for Plaintiff, Theresa L. Groh, Esq., and John C. Murdock at Murdock, Goldenberg, Schneider & Groh, L.P.A., 700 Walnut Street, Suite 400, Cincinnati, Ohio, 45202.

s/ Michael A. Roberts