Exhibit A

Part 1 of 3

JOSEPH A. BERGERON



**RECEIVED**                    26 September, 2003

Sharon Barger
International Paper                OCT 0 7 2003
6400 Poplar Avenue
Memphis, Tennessee 38197    **BENEFITS ADM.**

Dear Ms. Barger,

I am writing relative to the severance payout calculated by International Paper in response to a ruling by Judge Beckwith in the civil case No. C-1-01-109, Dalesandro, et al. v. The International Paper Company.

I believe International Paper's calculation relative to the Severance Pay amount due under Champion/International Paper's Reorganization Policy # 828 to be incorrect for the following reasons:

1.  The Section 2: Severance Benefits calculation is based on an incorrect number of years of "Credited Service".

    At the time of my termination in February 2001 I had worked continuously for International Paper and its affiliated Companies (Union Camp and Champion International) for 20.5 years. Both Champion International and Union Camp were acquired by International Paper. My vested pension benefits are now the responsibility of International Paper. Therefore I believe my Credited Service years should be 20.5 not the 4.1 years used in the calculation.

    <u>Using 20.5 years in the Section 2: Severance Benefits calculation results in 36 weeks of severance benefits.</u>
    - (a) ten (10) weeks' Earnings; plus
    - (b) twenty and one half (20.5) weeks' Earnings for each year of Credited Service; plus
    - (c) Five and one half (5.5) weeks' Earnings for the 5.5 years of Credited Service over fifteen (15) years.

2.  The Section 7: Miscellaneous Benefits, paragraph 7.1: Vacation Pay calculation was completely missing from the Exhibit A calculation.

    "Policy #828" provided for reimbursement for earned but unused vacation under Section 7, paragraph 7.1. My years of service with International Paper entitled me to five (5) weeks of paid vacation each year. At the time of my termination from International Paper in February of 2001, I had earned in 2000 but not taken in 2001, five weeks of vacation. Therefore, <u>an additional five (5) weeks of severance pay is due as a result of earned but unused vacation.</u>

    These two items taken together result in a total <u>of 41 weeks of severance pay owed by International Paper</u> under the terms and conditions of Champion/ International Paper Reorganization Policy # 828.

RECEIVED OCT 0 7 2003

The #828 Severance Pay Amount due in total would be as follows:

|  |  | Age on |
| --- | --- | --- |
| Weekly Pay |  | February 9, 2001 |
| $2100 |  | 44 |

|  | Years of Service | Weeks of Severance |
| --- | --- | --- |
| Section 2 Benefit: | 20.5 | 36 |
|  | Weeks of Vacation Earned/Untaken |  |
| Section 7.1 Benefit: | 5 | <u>5</u> |
| Total Weeks of Severance Due |  | 41 |

#828 Severance Pay Amount: $86,100.00

This calculation is consistent with the claim made by me in my original application letter for benefits submitted on January 7, 2002 and in my appeal of my original claim's denial dated April 17, 2002 in accordance with the provisions of Champion/International Paper's Reorganization Policy # 828. My original claim was denied but the amount was not disputed. My appeal was denied but the amount was not disputed.

I await your favorable reply to my interpretation of the correct calculation for severance benefits due.

Respectfully submitted,

*Joseph A. Bergeron*

Joseph A. Bergeron
242 North Ridge Drive
Oxford, OH 45056-8867



International Place I
6400 Poplar Ave.
Memphis, TN  38197
Phone 901 763 6000

May 25, 2004

Joseph A. Bergeron
242 North Ridge Drive
Oxford, Ohio 45056-8867

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Mr. Bergeron,

We are in receipt of your letter dated September 26, 2003, in which you question the years of service used for the calculation of possible severance benefits payable under Champion International Corporation Reorganization Severance Policy #828 ("the Plan") as well as entitlement to vacation pay. The following will explain the results of our research.

Severance benefits are calculated by using earnings and credited service as defined by the Plan. Section 1.4 defines Credited Service as "an Eligible Employee's period of employment with the Company…" Section 1.3 of the Plan defines Company as, "Champion International Corporation prior to the Merger (including it's United states subsidiaries), and after the Merger Company is the corporation that survives the Merger."

By definition, only your years of Champion service can be used in a calculation of estimated benefits under the Plan. Your request to have all of your years of service with Union Camp and Champion used in the calculation of your estimated severance from the Plan is denied.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill, the asset purchase agreement required Smart Papers to honor earned and accrued vacation for the employees it retained following the sale. Because you were retained by Smart Papers, Smart Papers was required to provide you with your earned and accrued vacation.

Cordially,

Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

/slb
Encl.
CC:  File

**RICK BERNARD**

October 19, 2003


Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, Tennessee 38197

Re:    Dalesandro, vs International Paper
       Case No. C-1-01-109
       US District Court, Southern District of Ohio

Dear Ms Barger:
In response to the court ordered Notice of September 24, 2003, we the individual
members are to notify you in writing of discrepancies in the calculation of our severance
pay and severance benefits of Severance Policy 828.

You did indeed calculate my weeks of service correctly, but by my records my weekly
pay is incorrect. The number of entitled weeks is 11.01 at $1145.84 weekly for a total of
$12,615.70.  However you left off other pertinent benefits that was part of the entire 828
package that I am eligible for, that being vacation pay and 9 months of COBRA
coverage.

I am entitled to two (2) weeks of vacation pay totaling $2291.67

                                  AND

9 months of Cobra at ($95.63 medical & $25.14 dental per pay) for 18 pay periods or
$2,173.86.

This brings the total owed to me from International Paper to:

| | |
|---|---|
| Salary | $12,615.70 |
| Vacation | $2,291.67 |
| Cobra | $2,173.86 |
| Total | $17,081.23 |


Sincerely,

Rick Bernard


Cc: Murdock, Goldenberg, Schneider & Groh


RECEIVED OCT 2 2 2003



International Place I
6400 Poplar Ave.
Memphis, TN 38197
Phone 901 763 6000

May 25, 2004

Mr. Rick Bernard
1216 Middletown-Eaton Rd.
Middletown, OH  45042

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Mr. Bernard:

We are in receipt of your letter dated 10/22/2003, in which you question your entitlement to vacation and/or COBRA.  The following will explain the results of our research.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill, the asset purchase agreement required Smart Papers to honor earned and accrued vacation for the employees it retained following the sale.  Because you were retained by Smart Papers, Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with information related to their COBRA benefits at the time of the sale to Smart Papers.  Under COBRA, continuation coverage must be elected within 60 days after your coverage ends or you are notified of your eligibility for continuation coverage, whichever is later.  As the time for electing COBRA coverage has long past, you are no longer eligible for COBRA benefits. Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you became eligible for Smart Paper's coverage which was comparable to the coverage provided by International Paper.  When you obtained comparable coverage, you eligibility for COBRA ended.  Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,


Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator



International Place I
6400 Poplar Ave.
Memphis, TN 38197
Phone 901 763 6000

## CORRECTION

September 16, 2004

Mr. Rick Bernard
1216 Middletown-Eaton Rd.
Middletown, OH 45042

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Mr. Bernard:

We are in receipt of your letter dated 10/22/2003, in which you question the amount of the earnings used for the calculation of possible severance benefits payable under Champion International Corporation Reorganization Severance Policy #828 ("the Plan") in addition to your entitlement to vacation and/or COBRA. The following will explain the results of our research.

A review of payroll records indicates you were paid on a semi-monthly basis. Your semi-monthly pay was $2,291.67, or $55,000.08 annually, which, according to the plan is $1,057.70 per week for severance.

As a result of our findings, no change will be made to the estimated severance benefit quoted in our previous communication.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill, the asset purchase agreement required Smart Papers to honor earned and accrued vacation for the employees it retained following the sale. Because you were retained by Smart Papers, Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with information related to their COBRA benefits at the time of the sale to Smart Papers. Under COBRA, continuation coverage must be elected within 60 days after your coverage ends or you are notified of your eligibility for continuation coverage, whichever is later. As the time for electing COBRA coverage has long past, you are no longer eligible for COBRA benefits. Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you became eligible for Smart Paper's coverage which was comparable to the coverage provided by International Paper. When you obtained comparable coverage, you eligibility for COBRA ended. Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,



Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

# JEFFREY R. BETZ

Jeffrey R. Betz
5651 Greenacres Ct.
Cincinnati, OH 45248

October 7, 2003

Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, TN 38197

Dear Sharon

In response the class action lawsuit brought against International Paper for our rights to severance benefits due to termination of employment by the International Paper Company, the calculations completed in Exhibit A are incorrect. There are several things that have not been included that I am entitled to under Champion International Paper Company Corporation Reorganization Policy #828 ("Policy #828").

1.  The calculations made by International Paper for years of service were 3.65 yrs. Champion International Corporation's, and subsequently International Paper, policy was to credit a cooperative student with years of service if they came to work for the company after completing schooling from their original hire date. This was my case and my original hire date for International Paper is March 22, 1994. Based on Policy #828, I am entitled to one (1) week's (or partial week's) Earnings for each year (or partial year) of Credited Service. Policy #828's definition of "Credited Service is an Eligible Employee's period of employment with the Company to and including the date of Termination, but not including years of service that have been taken into account for a prior severance payment from the Company." Please see attached sheet showing my Original Hire date as shown on International Papers HR System. This would modify my Years of Service in Exhibit A to 6.89 yrs.

2.  Section 7 of Policy #828 states that "An Eligible Employee will receive a lump sum payment for banked vacation, earned but unused vacation". Since International Papers' policy was to earn vacation during the year for the following year and since I had not used any vacation before termination in calendar year 2001, I am entitled to my earned but unused vacation totaling three (3) weeks.

3.  Section 4 of Policy #828 states that "an eligible employee who elects COBRA coverage shall have the COBRA medical and dental premiums payments waived". Since I elected and paid COBRA premiums from May 4, 2001 through July 27, 2001 when I became eligible for another plan, I am entitled to a refund of premiums paid at a rate of $22.95 per pay period for 7 periods totaling $137.70.

In conclusions, my entitled benefits to be paid as a result of Termination under Policy #828 would total [10 Weeks + 6.89 weeks for Credited Service + 3 weeks earned but unused vacation + $137.10]. Based on my weekly pay of $1,115.39 this comes to:

**My #828 Severance Pay Amount: $22,322.81**

Sincerely,

Jeffrey R. Betz
Class Member

RECEIVED OCT 1 6 2003



International Place I
6400 Poplar Ave.
Memphis, TN 38197
Phone 901 763 6000

September 8, 2004

Jeffrey R. Betz
5651 Greenacres Ct.
Cincinnati, Ohio 45248

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Mr. Betz,

We are in receipt of your letter dated October 7, 2003, in which you question the years of service used for the calculation of possible severance benefits payable under Champion International Corporation Reorganization Severance Policy #828 ("the Plan") as well as entitlement to vacation pay and reimbursement for COBRA coverage. The following will explain the results of our research.

A review of your records indicates a previous period of Champion service should have been included in your estimated severance calculation. A corrected Exhibit A is enclosed which reflects your co-op service.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill, the asset purchase agreement required Smart Papers to honor earned and accrued vacation for the employees it retained following the sale. Because you were retained by Smart Papers, Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with information related to their COBRA benefits at the time of the sale to Smart Papers. Under COBRA, continuation coverage must be elected within 60 days after your coverage ends or you are notified of your eligibility for continuation coverage, whichever is later. As the time for electing COBRA coverage has long past, you are no longer eligible for COBRA benefits. Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you became eligible for Smart Paper's coverage which was comparable to the coverage provided by International Paper. When you obtained comparable coverage, you eligibility for COBRA ended. Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,


Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

/slb

Encl.

CC: File

```
                    ESTIMATED
             SEVERANCE PLAN STATEMENT
                   POLICY 828


               JEFFREY R. BETZ

               

               HAMILTON, OH

               PREM PAPERS MILL OP

               002HAOH


          HIRE DATE:        06/16/95

     TERMINATION DATE:      02/09/01

          WEEKLY PAY:       $1,115.39

     YEARS OF SERVICE:      5.65



  WEEKS OF SEVERANCE:       15.65

       SEVERANCE PAY:       $17,455.86


             OR, IF GREATER,

     IP YEARS OF SERVICE:       6

  IP SEVERENCE WEEKS:        12.00

     IP SEVERANCE PAY:      $13,384.68
```

THIS ESTIMATE WAS BASED ON THE DEMOGRAPHIC INFORMATION
ABOVE AND THE WEEKS OF SEVERANCE WERE BASED ON YOUR LAST
DATE OF HIRE WITH THE COMPANY.  IF YOU HAVE ADDITONAL
SERVICE THAT MAY BE USED IN THE SEVERANCE CALCULATION,
PLEASE SEE YOUR HUMAN RESOURCES REPRESENTATIVE

05/28/04
1

# DONALD R. BOYD

Donald R. Boyd
4300 Lisa Lane
Middletown, Ohio 45042

October 21, 2003

Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, Tennessee 38197

Re:    Dalesandro, vs International Paper
       Case No. C-1-01-109
       US District Court, Southern District of Ohio

Dear Ms Barger:

In response to the court ordered Notice of September 24, 2003, we the individual members are to notify you in writing of discrepancies in the calculation of our severance pay and severance benefits of Severance Policy 828.

My severance pay calculation is incorrect. Exhibit A to Class Notice, Donald R. Boyd, shows 11.66 years of service. My starting date with Champion International was September 3, 1985. Therefore the correct number is 15.43 years of service, or 25.43 weeks of severance. At $1,402.50 per week, my correct severance pay amount is $35,665.57.

In addition, you left off other pertinent benefits that were part of the entire 828 package that I am eligible for, including vacation pay and 9 months of COBRA coverage.

I am entitled to four (4) weeks of vacation pay at $1,402.50 per week, for a total of $5,610.00.

I am also entitled to nine (9) months of Cobra at ($95.63 medical & $25.14 dental per pay) for 18 pay periods or $2,173.86.

This brings the total owed to me from International Paper to:

| | |
|---|---|
| Salary | $35,665.57 |
| Vacation | $ 5,610.00 |
| Cobra | $ 2,173.86 |
| Total | $43,449.43 |

Sincerely,

Donald R. Boyd

Cc:
Murdock,Goldenberg,Schneider & Groh

RECEIVED OCT 2 8 2003



INTERNATIONAL PAPER

International Place !
6400 Poplar Ave.
Memphis, TN  38197
Phone 901 763 6000

May 25, 2004

Donald R. Boyd
4300 Lisa Lane
Middletown, Ohio 45042

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Mr. Boyd,

We are in receipt of your letter dated October 21, 2003, in which you question the years of service used for the calculation of possible severance benefits payable under Champion International Corporation Reorganization Severance Policy #828 ("the Plan") as well as entitlement to vacation pay and reimbursement for COBRA coverage.  The following will explain the results of our research.

A review of your records indicates a previous period of Champion service should have been included in your estimated severance calculation.  A corrected Exhibit A is enclosed.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill, the asset purchase agreement required Smart Papers to honor earned and accrued vacation for the employees it retained following the sale.  Because you were retained by Smart Papers, Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with information related to their COBRA benefits at the time of the sale to Smart Papers.  Under COBRA, continuation coverage must be elected within 60 days after your coverage ends or you are notified of your eligibility for continuation coverage, whichever is later.  As the time for electing COBRA coverage has long past, you are no longer eligible for COBRA benefits.  Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you became eligible for Smart Paper's coverage which was comparable to the coverage provided by International Paper.  When you obtained comparable coverage, you eligibility for COBRA ended.  Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,


Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

/slb
Encl.
CC:  File

# Exhibit A
**Donald R. Boyd**

Severance Calculation

|            |                  | Age at<br>February 9, 2001 |                    |
|------------|------------------|----------------------------|--------------------|
| Weekly Pay | Years of Service | Termination                | Weeks of Severance |
| $1402.50   | 16               | 44                         | 32                 |

#828 Severance Pay:   $44,880.00

RALEIGH BRUCE, JR.

# RALEIGH BRUCE JR.

241 N Brookwood Ave

Hamilton , Ohio 45013
513 8689289

September 25, 2003

Sharon Barger
International Paper
6400 Poplar Ave
Memphis, Tennessee 38197

Dear Sharon,  The severance pay calculation under policy #828 that you made was in error.  My start date at Champion International was August 1983.  During that time frame I moved from hourly to a salary position and retained  all years of service that  I previously earned.  My retirement benefits also were shifted to salary.  My years of service should be 18.5 years.

Sincerely,
Raleigh Bruce Jr.

RECEIVED SEP 3 0 2003

## Exhibit A to Class Notice

## Raleigh Bruce, Jr.

### YOUR SEVERANCE PAY CALCULATION UNDER POLICY #828

| Weekly Pay | Years of Service | Age at February 9, 2001 Termination | Weeks of Severance |
|---|---|---|---|
| $757.70 | 3.08 | 52 | 13.08 |

**Your #828 Severance Pay Amount:  $9,910.72**

{00008567; I}



International Place I
6400 Poplar Ave.
Memphis, TN  38197
Phone 901 763 6000

September 16, 2004

Raleigh Bruce
241 N Brookwood Avenue
Hamilton, Ohio 45013

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Mr. Bruce,

We are in receipt of your letter dated September 25, 2003, in which you question the years of service used for the calculation of possible severance benefits payable under Champion International Corporation Reorganization Severance Policy #828 ("the Plan").

A review of your records indicates a previous period of Champion service should have been included in your estimated severance calculation as well as your eligibility for the pension enhancement.   A corrected Exhibit A is enclosed along with updated pension information.

Cordially,


Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

/slb

Encl.

CC:  File

```
              ESTIMATED
      SEVERANCE PLAN STATEMENT
              POLICY 828


          RALEIGH BRUCE JR

          ██████████

          HAMILTON, OH

          PREM PAPERS MILL OP

          002HAOH


          HIRE DATE:        09/23/83

    TERMINATION DATE:       02/09/01

         WEEKLY PAY:          $757.70

    YEARS OF SERVICE:       17.38



  WEEKS OF SEVERANCE:       29.76

       SEVERANCE PAY:      $22,549.16

          OR, IF GREATER,

    IP YEARS OF SERVICE:        18

  IP SEVERENCE WEEKS:       36.00

     IP SEVERANCE PAY:     $27,277.20
```

**THIS ESTIMATE WAS BASED ON THE DEMOGRAPHIC INFORMATION
ABOVE AND THE WEEKS OF SEVERANCE WERE BASED ON YOUR LAST
DATE OF HIRE WITH THE COMPANY.  IF YOU HAVE ADDITONAL
SERVICE THAT MAY BE USED IN THE SEVERANCE CALCULATION,
PLEASE SEE YOUR HUMAN RESOURCES REPRESENTATIVE**

**09/07/04**

## Flex6 Calculation for Raleigh Bruce Jr
**Social Security Number** ███████

### Employee Data

Social Security Number: ███████
Name: Raleigh Bruce Jr
Date of Birth: ██████ 8
Date of Hire: 08/24/1983
Marital Status: S
Spouse's Date of Birth ███████
Last Date of Hire: 01/12/1998
Location Code: 002HAOH
Current Annual Base Pay Amount: $39,400.08
Date of Termination: 02/09/2001
Credited Service: 17.15000
Vesting Service: 17.38000
Monthly Final Average Pay: $3,351.52
Current Monthly Social Security: $1,462.00
Flex 6 Monthly Social Security: $1,181.00
Age 62 Monthly SS for Level Income: $1,181.00
Age 65 Monthly SS for Level Income: $1,462.00

### Processing Notes

Prepared By: swp  09/07/2004
WARNING: Check service entries. Credited Service and Vesting Service differ by at least 0.1 years.

SALARIED RETIREMENT PLAN
OPTIONAL FORMS OF RETIREMENT BENEFITS

Name: Raleigh Bruce Jr
Social Security Number: 

Plan Number: 001A
Retirement Date: 03/01/2001
Date Prepared: 09/07/2004

Monthly Benefit Payable

| To retiree | To Contingent Annuitant | |
|---|---|---|
| $513.80 | N/A | SINGLE LIFE ANNUITY - You will receive a payment for your lifetime, payments stop at your death. |
| | | CONTINGENT ANNUITANT ANNUITY OPTIONS - You will receive a monthly benefit during your lifetime and guarantee that the contingent annuitant you designate will receive a selected percentage of that benefit for their lifetime after your death. |
| N/A | N/A | 50% CONTINGENT ANNUITANT/JOINT & SURVIVING SPOUSE |
| N/A | N/A | 75% CONTINGENT ANNUITANT/JOINT & SURVIVING SPOUSE |
| N/A | N/A | 100% CONTINGENT ANNUITANT/JOINT & SURVIVING SPOUSE |
| | | LIFE-TERM CERTAIN ANNUITY OPTIONS - This option provides you with a monthly benefit for your lifetime. If you die within the selected guaranteed period, your named beneficiary will continue to receive the same monthly amount for the balance of the period. If you live longer than the guaranteed period, payments stop at your death. |
| $503.52 | | 5 YEAR CERTAIN |
| $477.83 | | 10 YEAR CERTAIN |
| $447.01 | | 15 YEAR CERTAIN |
| $416.18 | | 20 YEAR CERTAIN |
| $867.85 | to 03/01/2010 | LEVEL INCOME OPTION - This option pays a larger benefit to age 62 and a benefit after age 62, reduced to account for social security. |
| $0.00 | thereafter | Payments stop at your death. |
| $724.95 | to 03/01/2013 | LEVEL INCOME OPTION - This option pays a larger benefit to age 65 and a benefit after age 65, reduced to account for social security. |
| $0.00 | thereafter | Payments stop at your death. |
| $472.70 | | FULL CASH REFUND ANNUITY - This option provides you with a monthly benefit for lifetime with a guarantee that if you die before receiving payments equal to the total annuity value, your named |
| ANNUITY VALUE $66,876.21 | | beneficiary will receive the difference in a lump sum. If you die after the monthly payments exceed the annuity value, payments stop at your death. |

If you are not married, the single life annuity is the basic form of retirement benefit under the plan.

If you are married, the joint & surviving spouse annuity is the basic form of retirement benefit under the plan and is payable in the amounts shown under the 50% contingent annuitant option above.

## SCHEDULE OF DEATH BENEFIT AFTER RETIREMENT

| | | | |
|---|---|---|---|
| Name | Raleigh Bruce Jr | Retirement Date | 03/01/2001 |
| Social Security Number | ▮ | Hire Date | 08/24/1983 |
| Plan Number | 001A | Birth Date | ▮ |
| | | Date Prepared | 09/07/2004 |

### DEATH BENEFITS AFTER RETIREMENT

| Amount | From | To |
|---|---|---|
| $5,000.00 | 03/01/2001 | Thereafter |

BRENDA GAIL BURNS

September 25, 2003

Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, Tennessee 38197

Regarding my severance pay calculation in Exhibit A, I am writing to disagree with the
years of service calculation, and the weeks of severance.

I have enclosed copies of previous salary review notices that will help explain my
situation. First of all, my original hire date with Champion International was 4-1-74, and
I worked until 10-82 to be a full time Mom for a short time. Then I was rehired back
with Champion International on 1-23-89 at which time I was given credit for my previous
years of employment with an adjusted hire date of 6-7-80. At no time was I ever given a
severance package from Champion International. My previous years of employment
were recognized. When rehired on 1-23-89 I did not "start over" with the company, but
was allowed for my previous time of employment and service to continue. I feel I should
get credit for 21 years of service and 37 weeks of severance.

Therefore, I feel the following calculations are correct using $688.47 weekly pay:

|   |   |   |   |
|---|---|---|---|
| a) | ten (10) weeks earnings plus: | (10 weeks) | **$6,884.70** |
| b) | one (1) week (or partial weeks) earnings for each year of credited service plus: | (21 weeks) | **$14,457.87** |
| c) | one (1) week (or partial weeks) earnings for each year (or partial year) of credited service over (15) years. | (6 weeks) | **$4,130.82** |

**37 weeks x $688.47 = $25,473.39**

Regarding Section 7 Miscellaneous Benefits 7.1 Vacation Pay: At the time of severance
on February 9, 2001 I was entitled to 5 weeks of vacation earned in the previous year,
which due to my adjusted hire date of 6-7-80, would total $3,442.35.

Thank you for your time and consideration in this matter.

Sincerely,

*Brenda Gail Burns*

Brenda Gail Burns
1910 Amarillo Drive
Hamilton, Ohio 45013

RECEIVED SEP 3 0 2003

# Employee Action Form

| | Last Name | First Name | Middle Initial | Effective Date |
|---|---|---|---|---|
| | BURNS, BRENDA GAIL | | | 910716 |

| L1L2 | Employee No./SSN | Pads No. | Last P/R Chg. Date | Last Pers. Chg. Date | Current Hire |
|---|---|---|---|---|---|
| CC 2A | | 01010135120 | 901010 | 901010 | 890123 |

Circle Action Type(s)   1. Salary Change   2. Position Change   3. Transfer   4. Termination/Retirement   5. Leave of Absence   6. Hire   7. Re-Hire   8. To from Salaried   9. Other

## Current Information

**Business Unit/Department/Location**

| Business Unit Name | Business Unit Location | L3 | L4 | L5 (Home Dept.) | L6 | L7 |
|---|---|---|---|---|---|---|
| PRINTING & WRITING PAPERS MFG | HAMILTON OH | PMHA | 5430 | 8420 | 5430 | PMHA |

**Position/Salary/Grade/Schedule/Range**

| Position Title | Grade | Schedule | Range: Minimum | Midpoint | Maximum | Pay Code | Pay Freq. | FT/PT | Std. Hrs. |
|---|---|---|---|---|---|---|---|---|---|
| SECY DRUM DEPT. | 05 | 6 | | | | 5 N | 3S | 1FR | 86.66 |

| Annual | S/M Rate | Hrly. Rate | Admin. Grade | Schedule Range: Minimum | Midpoint | Maximum | EEO Cat. Pos. No. | | Next Sal. Review Date |
|---|---|---|---|---|---|---|---|---|---|
| $ 18,250 | $ 760.42 | $ 8.7740 | | | | | 05 | 842000151 | 911016 |

## Proposed Change Information (Complete Applicable Change Data Only)

**A. Compensation Change**

| Annual | S/M Rate | Hrly. Rate | Next Sal. Review Date | | Last Salary Change Data | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | Effective Date | Change Amount | Percent Increase | Change Type | Perf. Rating | |
| $9,450.00 | $ 810.42 | $ 9.3509 | 920716 | 901016 | $ 700.00 | 3.99% | SI | 3 | |

| Change Amount | Percent Increase | Change Type | Perf. Rating | | Previous Salary Change Data | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | Effective Date | Change Amount | Percent Increase | Change Type | Perf. Rating | |
| $ 1,200.00 | 6.57 % | SI | 4 | 900116 | $ 900.00 | 5.41% | SI | 3 | |

**B. Position Change**

| Position Title | Grade | Schedule | Range: Minimum | Midpoint | Maximum | Pay Code | Pay Frequency |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| Position Number | FT/PT Status | Admin. Grade | Schedule | Range: Minimum | Midpoint | Maximum | Std. Hrs. | EEO Category |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

**C. Business Unit/Department/Location Change**

| New Business Unit Name | New Business Unit Location | L1L2 | L3 | L4 | L5 (Home Dept.) | L6 | L7 |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

## D. Separation

| | | | | LOA/LAYOFF | | | |
|---|---|---|---|---|---|---|---|
| Employee Status | Term. Reason and Code | Term./Retire Date | Retirement Status | Death Date | Last Day Worked | LOA/LO Type | LOA/LO Begin | LOA/LO End |
| | | | | | | OT | 820308 | 821116 |

| Unused Vacation | | Accrued Vacation | | Severance Pay | | Deferred Vacation | |
|---|---|---|---|---|---|---|---|
| days | wks | days | wks | wks | | | |

**Remarks and Other Changes**

| | Prior Employment | | | | |
|---|---|---|---|---|---|
| | Prior Hire Date | Prior Term. Date | Reason | Pension Hire Date | Vacation Eligibility Date |
| | 740401 | 821116 | QV | 800607 | 800607 |

**Approvals**

| Initiated By: | Date | Approved By: | Date | Approved By: | Date |
|---|---|---|---|---|---|
| Mae Hacker | | _(signature)_ 6-11-91 | | | |
| Approved By: | Date | Approved By: | Date | Approved By: | Date |
| Todd Downey | | _(signature) Doug Burks_ 6/7/91 | | | |

**After Final Approval Return To:**

Mae Hacker

| City | State | Zip |
|---|---|---|
| Hamilton Mill | | |

**Champion**

| BURNS | B | GAIL | 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 | 7/23/89 | 4/1/74 |
|---|---|---|---|---|---|

| Action | Reason | Effective Date | Action Code/Description | | Reason Code/Description |
|---|---|---|---|---|---|
| ZA CONVERT ACTIVE | CONDEF | 7/4/94 | | | |
| Employ Stat | Category | Vac Elig | Employment Category | Vacation Eligibility Date | Last Day Worked |
| A ACTIVE | FR FULL TIME REGULAR | 6/7/80 | | | |

| Action | Reason | Action Reason | Action Code/Description | | Reason Code/Description |
|---|---|---|---|---|---|
| CL CHANGE LEVELS | N/A | 12/15/97 | | | |
| L1L2 - Pay Entity | L3 - Pay Distribution | L4 - Glue | | | |
| CC5AC | MMHA | 5430 | | | |
| L6 - Department | L6 - Hierachy | L7 - Security | L1L2 L3 L4 | | Physical Location Code/Desc. |
| 8420 | 5430 | MMHA | CC5AC MMHA 5430 | | 002HAOH  Hamilton, OH |
| Business Unit | Location | | L5 L6 L7 | | Sched/Admin Sched Grade/Admin Grade |
| Manufacturing | 002HAOH  Hamilton, OH | | 5430 MMHA | | |
| Position | | Sched (S/A) | Position Number/Title | | |
| 02722100NA SR SECRETARY | | 05   06 | | | |
| Pay Code | EEO Cat/Grp | Worker Comp | Ext Dist (S/A) | Pay Code | Union | EEO Cat/Grp | Workers' Comp | Ext. Dist. |
| 005 NONEXEMPT | 05   01 | 8610 | 07   07 | | NONU | | | |

| Action/Description | Salary Reason/Description | Action Date | Salary Action/Description | | Salary Reason/Description |
|---|---|---|---|---|---|
| SI SALARY INC | SI SALARY INCREASE | 12/1/98 | | | |
| Base Rate  Salary Chg % | Salary Chg $ | Annual Base | Base Rate | Salary Chg % | Salary Chg $ | Annual Base |
| $1,404.17    8.01% | $2,600.00 | $33,700.00 | $1445.85 | 3.0 | 1000.00 | 34,700.00 |
| Lump Sum Reason/Description | Lump Sum $ | Lump Sum % Standard Hours | Lump Sum Action/Description | | Lump Sum Reason/Description |
| | | 86.66 | SI | | |
| Sustained Performance | | | Lump Sum $ | Lump Sum % | Type | Flex Benefits Earnings | Stan Hrs. |
| CONSISTENTLY EXCEEDS EXPECTATIONS | | | 1000 | 3.0 | | | |

| Salary Splits | Unused Vacation | | Accrued Vacation | | Severance Pay | |
|---|---|---|---|---|---|---|
| | Days | Wks | Days | Wks | | Wks |

**Sustained Performance Level (Choose one "X")**

(✓) Consistently exceeding expectations, surpassing established goals, and regularly making extraordinary contributions to the company.

( ) Fully skilled and knowledgeable in all areas of responsibility, and consistently meeting the principal job objectives ofr a sustained period of time.

( ) Acquiring the necessary skills and learning essential job elements.

( ) NOT meeting performance expectations

Comments

| Initiated | _Tom Wegan_ | Date _11/18/95_ | Approved | _____ | Date _____ | After Approval Return to: |
|---|---|---|---|---|---|---|
| Approved | _Chris De Wit_ | Date _11/21/99_ | Approved | _____ | Date _____ | |
| Approved | _____ | Date _____ | Approved | _____ | Date _____ | Keyed by:          Date |
| | | | | | | /   / |

# EMPLOYEE ACTION FORM

**Champion** Champion International Corporation

Name
Last: BURNS

Action Effective Date: 11/03/93

| | CURRENT | | | STATUS | | NEW | |
|---|---|---|---|---|---|---|---|

**STATUS**

| CURRENT | | | NEW | |
|---|---|---|---|---|
| Action: ZA CONVERT ACTIVE  Reason: CONVER  Action Date: 11/03/91 | | | Action Code/Description | Reason |
| Employ Stat: A ACTIVE  Category: FR FULL TIME/RE 60.700 | | | Employment Category | Vacation Eligibility Date | Last Day Worked |

**POSITION**

| CURRENT | | | NEW | |
|---|---|---|---|---|
| Pay Entity-L1L2: CC2AC  Pay Dist L3: PMHA  GL/US L4: 5430 | | | Action Code/Description: CP | Reason: PR |
| Dept-L5: 8420  Hier Unit L6: 5430  Sect/Un L7: PMHA | | | L1L2: CC2AC   L3: PMHA   L4: 5430 | Physical Location Code: 002HAOH Hamilton, OH |
| Business Unit: PWP/MFG OPERATIONS | | | L5: 8420   L6: 5430   L7: PMHA | Sched/Admin Sched: 05 06 | Grade/Admin Grade: 07 07 |
| Location: 002HAOH HAMILTON, OH  Sched (S/A): 05 05 | | | Position Number/Title: 02722100NA Senior Secretary | |
| Position: 02722700NA SECRETARY  Grade (S/A): 05 05 | | | Pay Code: 005 Sal. NE | Local Union: NONU | EEO Category/Group: 05 01 |
| Pay Code: 005 SALARIED NON-EXEMPT  EEO Cat/Grp: | | | | |

**COMPENSATION**

| CURRENT | | | NEW | |
|---|---|---|---|---|
| Action: SI SALARY INC  Reason: SI SALARY INCREA  Action Date: 08/16/93 | | | Action Code/Description: SC | Reason: PR |
| Perform Rating: 4  Base Rate: 891.67 | | | Performance Rating (Circle One): 1 2 3 4 5 | Base Rate: 981.25 | Pay Frequency: S | Standard Hours: 86.66 |
| Pay Frequency: S SEMI-MONTH  Annual Salary: 21,400.00  Sal Chg %: 4.90 | | | Annual Salary: 23,550.00 | Salary Chg Pct: 10% | Next Review Date: 8-1-94 | Flexible Benefits Earnings |

**REPORTING**    **PAYROLL**

| Extended Distribution | Salary Splits Location | % | Unused Vacation | Days | Wks | Accrued Vacation | Days | Wks |
|---|---|---|---|---|---|---|---|---|
| Worker's Comp | | | Severance Pay | | Wks | After Final Approval Return To: | | |

Comments:

Range - 21,542 - 24,415 - 27,287 - 30,159

| | Signature | Date | | Signature | Date | |
|---|---|---|---|---|---|---|
| Initiated By: | Betty Jones | 10/26/93 | Approved By: | Todd B. Tourney | 10/27/93 | Keyed By: Janet Shanahan |
| Approved By: | Dan Whish | 10/26/93 | Approved By: | D J Mal | 10/29/93 | Date: 11/03/93 |
| Approved By: | | / / | Approved By: | | / / | |

FC-1086        COPY 1        ST

# Employee Action Form

Champion International

| Name | First | MI | SSN | Last Hire | Date of Hire | Effective Date |
|------|-------|----|----|-----------|--------------|----------------|
| BURNS | BRENDA | G | 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 | 012389 | 040174 | 12-01-98 |

## Status

| Reason | Action Date | Action Code/Description | Reason Code/Description |
|--------|-------------|------------------------|-------------------------|
| CONVERT ACTIVE / CONDEF | 070191 | Employment Category | Vacation Eligibility Date | Last Day Worked |
| Category / ACTIVE | | | | |
| FR FULL TIME/REG | Vac Elig 060780 | | | |

## Position

| Reason | Action Date | Action Code/Description | Reason Code/Description |
|--------|-------------|------------------------|-------------------------|
| CHANGE LEVELS | N/A 121597 | | |
| L3 - Pay Distribution MMHA | L4 - Glus 5430 | L1L2   L3   L4 | Physical Location Code/Description |
| L6 - Hierarchy 5430 | L7 - Security MMHA | L5   L6   L7 | |
| | | | Sched/Admin Sched | Grade/Admin Grade |
| Location 002HAOH | HAMILTON, OH | Position Number/Title | |
| SR SECRETARY | Sched (S/A) 05 06 | | |
| NON-EXEMPT 05 01 | EEO Cat/Grp Worker's Comp Grade(S/A) 8810 07 07 | Pay Code | Union | EEO Cat/Grp | Worker's Comp | Ext Dist |

## Compensation

| Salary Reason/Description | Action Date | Salary Action/Description | Salary Reason/Description |
|--------------------------|-------------|--------------------------|---------------------------|
| SI SALARY INCRE | 110197 | | |
| Base Rate / Salary Chg % | Salary Chg $ | Annual Base | Base Rate | Salary Chg % | Salary Chg $ | Annual Base |
| 2,300.00  7.96 | 2,299.92 | 31,200.00 | 1404.17 | 8.0 | 2,500 | 33,700 |
| Lump Sum Reason/Description | Lump Sum $ | Lump Sum % | Standard Hours 86.66 | Lump Sum Action/Description | Lump Sum Reason/Description | Pay Frequence |
| Sustained Performance Level | | | | Lump Sum $ | Lump Sum % | Type | Flex Benefits Earnings | Standard Hour |
| CONSISTENTLY EXCEEDING EXPECTATIONS | | | | | | | | |

| Salary Splits | Unused Vacation Days Wks | Accrued Vacation Days Wks | Severance Pay Wks |
|---------------|--------------------------|---------------------------|-------------------|

## Performance

Sustained Performance Level (Choose one "X")

(X) Consistently exceeding expectations, surpassing established goals, and regularly making extraordinary contributions to the company.

( ) Fully skilled and knowledgeable in all areas of responsibility, and consistently meeting the principal job objectives for a sustained period of time.

( ) Acquiring the necessary skills and learning essential job elements.

( ) NOT meeting performance expectations.

Comments

| | | Date | | | Date | After Approval Return To: |
|---|---|------|---|---|------|---------------------------|
| Initiated | | | Approved | | | |
| Approved | Charles R. Wyatt | 4/25/98 | Approved | | 11/30/98 | Keyed By: | Date: |
| Approved | | 11/25/98 | Approved | | | |



International Place I
6400 Poplar Ave.
Memphis, TN 38197
Phone 901 763 6000

May 25, 2004

Brenda G. Burns
1910 Amarillo Drive
Hamilton, Ohio 45013

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Ms. Burns,

We are in receipt of your letter dated September 25, 2003, in which you question the years of service used for the calculation of possible severance benefits payable under Champion International Corporation Reorganization Severance Policy #828 ("the Plan") as well as entitlement to vacation pay. The following will explain the results of our research.

A review of your records indicates a previous period of Champion service should have been included in your estimated severance calculation. A corrected Exhibit A is enclosed.

In your letter, you also question your entitlement to vacation pay. When Smart Papers purchased the Hamilton Mill, the asset purchase agreement required Smart Papers to honor earned and accrued vacation for the employees it retained following the sale. Because you were retained by Smart Papers, Smart Papers was required to provide you with your earned and accrued vacation.

Cordially,


Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

/slb

Encl.

CC: File

# Exhibit A
**Brenda Burns**

Severance Calculation

| Weekly Pay | Years of Service | Age at February 9, 2001 Termination | Weeks of Severance |
|---|---|---|---|
| $688.47 | 21 | 45 | 42 |

#828 Severance Pay:   $28,915.74

**CARLA CATHERS**

October 15, 2003

Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, Tennessee 38197

Sharon,

After reviewing my severance pay calculation under policy #828, I have found a discrepancy. My last salaried position with International Paper was an Inside Sales Representative that paid an annual salary of **$37,600**.

The weekly pay should be **$783.33**, not $723.08. My calculation for the severance **pay amount should be $16,081.76**. The severance did not include my **3 weeks of earned, but unused vacation, which should be a total of $2,349.99.**

Also, an additional estimated Cobra Medical for 9 months at an approximate rate of $615.00 per month, along with Cobra Medical an approximate rate of $100 per month for Cobra Dental. **The total estimation for Cobra Medical and Dental should be in the range of $6,435.00.**

The severance pay amount of **$16,081.76**, three weeks of earned, but unused vacation of **$2,349.99**, along with the estimation for Cobra Medical and Dental of **$6435.00**, should bring the grand total to **$24,866.75**.

Please submit your return correspondence to the following address:

Carla Cathers
492 Tracy Lane
Hamilton, Ohio 45013

Thank you,
Carla Cathers

*Carla Cathers*

RECEIVED OCT 2 0 2003



International Place I
6400 Poplar Ave.
Memphis, TN 38197
Phone 901 763 6000

May 25, 2004

Carla Cathers
492 Tracy Lane
Hamilton, Ohio 45013

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Ms. Cathers,

We are in receipt of your letter dated October 15, 2003, in which you question the amount of the earnings used for the calculation of possible severance benefits payable under Champion International Corporation Reorganization Severance Policy #828 ("the Plan") as well as entitlement to vacation pay and reimbursement for COBRA coverage. The following will explain the results of our research.

A review of payroll records indicates you were paid on a semi-monthly basis. Your semi-monthly pay was $1,566.67, or $37,600.08 annually ($1,566.67 x 26 = $37,600.08), which is $723.08 per week for severance ($37,600.08 / 52 = $723.08).

As a result of our findings, no change will be made to the estimated severance benefit quoted in our previous communication.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill, the asset purchase agreement required Smart Papers to honor earned and accrued vacation for the employees it retained following the sale. Because you were retained by Smart Papers, Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with information related to their COBRA benefits at the time of the sale to Smart Papers. Under COBRA, continuation coverage must be elected within 60 days after your coverage ends or you are notified of your eligibility for continuation coverage, whichever is later. As the time for electing COBRA coverage has long past, you are no longer eligible for COBRA benefits. Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you became eligible for Smart Paper's coverage which was comparable to the coverage provided by International Paper. When you obtained comparable coverage, you eligibility for COBRA ended. Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,


Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

/slb

CC: File

GARY W. ELLIOTT

**RECEIVED**

OCT 1 3 2003

**BENEFITS ADM.**

October 11, 2003

Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, TN  38197

RE: Gary W. Elliott

Dear Ms. Barger,

I recently received notification of the court ordered notice of rights to severance benefits
due to the termination of employment by International Paper Company in regard to the
Hamilton, Ohio mill.

After reviewing my husbands payroll information I have found that there is a difference
in the calculation of my husbands severance.  I am sending along a payroll deposit
notification dated 1-16-01.  His earnings for that period of two weeks is $3,879.17.  For a
one week period it would be $1939.59.  In the letter that I received his income was
reported as $1,790.39. This is a difference of $149.20.

My husband passed away on April 3, 2001 and I was Gary's wife and beneficiary.  Any
further correspondence regarding this matter can be addressed to reflect that.  Thank you
for your attention to this matter and I will look forward to your response.

Sincerely,

Mary Jane Elliott
71 Brook Rd.
Portland, ME 04103

Enclosure (1)

RECEIVED

OCT 1 3 2003

BENEFITS ADM

CC 5A MMHA 5430 4500
GARY W ELLIOTT
3 RUTLEDGE COURT
HAMILTON                    OH 45013



# PAYROLL DEPOSIT ADVICE ONLY - NON NEGOTIABLE
### STATEMENT OF EARNINGS AND DEDUCTIONS      RETAIN FOR YOUR RECORDS

INTERNATIONAL PAPER    (CC-5A) ELLIOTT, GARY W.
                              CC5A

| DESCRIPTION | RATE | HOURS | EARNINGS | YEAR TO DATE |
|---|---|---|---|---|
| REGULAR EARNING | | 8666 | 387917 | 7758340 |
| BENEFIT $'S-1 | | | 12008 | 24016 |
| BENEFIT $'S-2 | | | 23450 | 46900 |

| TAXES/DEDUCTIONS | TAXES/DEDUCTIONS | YEAR TO DATE |
|---|---|---|
| FEDERAL TAX | 67616 | 135232 |
| SOCIAL SEC TAX | 24042 | 48084 |
| MEDICARE TAX | 5622 | 11245 |
| OHIO | 16966 | 33932 |
| HAMILTON | 7998 | 15996 |
| LTD | 4267 | 8534 |
| UNIV. MET LIFE | 8295 | 16590 |
| GROUP LIFE | 3544 | 7088 |
| POL ACTION COM | 1000 | 2000 |
| PRETAX DENTAL | 3050 | 6100 |
| PRTAX GRP LIFE | 1300 | 2600 |
| PRTAX SLRY SAV | 23275 | 46550 |
| PRTAX OCMED | 31250 | 62500 |
| UNITED WAY | 500 | 1000 |
| DIR DEP CHK | 224650 | 449299 |

| | EARNINGS | TAXES | DEDUCTIONS | NET PAY | PAY PERIOD | SEQUENCE NUMBER | AMOUNT OF DEPOS |
|---|---|---|---|---|---|---|---|
| CURRENT | 423375 - | 122244 - | 76481 = | 224650 | BEGIN 01-16-01 | 20001120 | 22465 |
| YEAR TO DATE | 846750 - | 244489 - | 152962 = | 449299 | END 01-31-01 | | |

FC1137



International Place I
6400 Poplar Ave.
Memphis, TN 38197
Phone 901 763 6000

May 25, 2004

Mary Jane Elliott
71 Brook Road
Portland, ME 04103

Re: Gary W. Elliott
    Champion International Corporation Reorganization Severance Policy #828

Dear Mrs. Elliott,

We are in receipt of your letter dated October 11, 2003, in which you question the amount of the earnings used for the calculation of possible severance benefits payable under Champion International Corporation Reorganization Severance Policy #828 ("the Plan"). The following will explain the results of our research.

A review of payroll records indicates Mr. Elliott was paid on a semi-monthly basis. The check stub that you provided in your correspondence was for the pay period of January 16 through January 31, which is a semi-monthly not a bi-weekly pay period. His semi-monthly pay was $3,879.17, or $93,100.08 annually, which, according to the plan is $1790.39 per week for severance.

As a result of our findings, no change will be made to the estimated severance benefit quoted in our previous communication.

Cordially,


Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

/slb

cc: File

RICHARD W. EMERY

October 21, 2003

Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, Tennessee 38197

Re:    Dalesandro, vs International Paper
       Case No. C-1-01-109
       US District Court, Southern District of Ohio

Dear Ms Barger:
In response to the court ordered Notice of September 24, 2003, we the individual
members are to notify you in writing of discrepancies in the calculation of our severance
pay and benefits under Severance Policy 828.

You did not calculate my weeks of service correctly, although the weekly pay was indeed
correct. My years of service should be 16.33, rather than the claimed 9.08.  I worked at
the Hamilton Mill for Champion from 1979 until 1986, then returned to that location in
1992 and worked there until being terminated by IP.  My years of service were given
back to me **in their entirety** by Champion, and must be included now as well.  Based on
a corrected number of 16.33 actual years of service, this converts into 17.66 years plus
the standard 10 weeks for all covered employees, for a total of 27.66 weeks.  At
$1278.85/wk, this will equal $35,372.99 for salary alone; however, you left off another
pertinent benefit that was part of the entire 828 package which I am eligible for, that
being vacation pay.  (I had no COBRA payments, having declined that coverage.)

I am entitled to four (4) weeks of vacation pay, which equals $5115.40.

This brings the total owed to me from International Paper to:

|         |            |
|---------|------------|
| Salary  | $35,372.99 |
| Vacation | $5,115.40 |
| Total   | $40,488.39 |

Sincerely,

Richard W. Emery

Richard W. Emery
2435 Sir Martin Drive
Hamilton, OH  45013

Cc:
Murdock,Goldenberg,Schneider & Groh

RECEIVED OCT 2 8 2003



INTERNATIONAL PAPER

International Place I
6400 Poplar Ave.
Memphis, TN 38197
Phone 901 763 6000

May 25, 2004

Richard W. Emery
2435 Sir Martin Drive
Hamilton, Ohio 45013

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Mr. Emery,

We are in receipt of your letter dated September 25, 2003, in which you question the years of service used for the calculation of possible severance benefits payable under Champion International Corporation Reorganization Severance Policy #828 ("the Plan") as well as entitlement to vacation pay. The following will explain the results of our research.

A review of your records indicates a previous period of Champion service should have been included in your estimated severance calculation. A corrected Exhibit A is enclosed.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill, the asset purchase agreement required Smart Papers to honor earned and accrued vacation for the employees it retained following the sale. Because you were retained by Smart Papers, Smart Papers was required to provide you with your earned and accrued vacation.

Cordially,

Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

/slb

Encl.

CC: File

# Exhibit A
**Richard Emery**

Severance Calculation

|  | | Age at February 9, 2001 | | |
| Weekly Pay | Years of Service | Termination | | Weeks of Severance |
| $1278.85 | 16 | 45 | 32 | |

#828 Severance Pay:   $40,923.20

KENNETH G. KAUP

October 14, 2003

Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, Tennessee 38197

Re:    Dalesandro, vs International Paper
       Case No. C-1-01-109
       US District Court, Southern District of Ohio

Dear Ms Barger:

In response to the court ordered Notice of September 24, 2003, we, the individual members, are to notify you in writing of discrepancies in the calculation of our severance pay and severance benefits of Severance Policy 828.

You did indeed calculate my weekly pay correctly. That number is $ 1,453.85. However you left off other pertinent benefits that were part of the entire 828 package that I am eligible to receive. Specifically, I am eligible for vacation pay, 9 months of COBRA coverage, and additional years of service were not correct.

I am entitled to four (4) weeks of vacation pay, $5,815.40.

I am entitled to 9 months of Cobra at ($71.73 medical & $16.40 dental per pay) for 19.5 pay periods (bi-weekly pay) or $1,718.53.

You listed my Years of service as 5.83. However, others who received the package received credit for their prior years of service with IP even though they were with Champion at the time of the merger. My original start date with IP was 5/1988. My years of credited service should be 12.75, not the 5.83 you had indicated. Combined with the 10 years added in the package, my total years should be 22.75, resulting in a total of $33,075.09.

This brings the total owed to me from International Paper to:

|          |             |
|----------|-------------|
| Salary   | $33,075.09  |
| Vacation | $ 5,815.40  |
| Cobra    | $ 1,718.53  |
| Total    | $40,609.02  |

Sincerely,

Kenneth G Kaup

Cc:
Murdock, Goldenberg, Schneider & Groh

RECEIVED OCT 2 0 2003



INTERNATIONAL PLACE I
6400 Poplar Ave.
Memphis, TN  38197
Phone 901 763 6000

May 25, 2004

Mr. Kenneth G. Kaup
541 Fairhaven Dr.
Hamilton, OH  45013

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Mr. Kaup:

We are in receipt of your letter dated 10/20/2003, in which you question your entitlement to
vacation and/or COBRA.  The following will explain the results of our research.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill,
the asset purchase agreement required Smart Papers to honor earned and accrued vacation for
the employees it retained following the sale.  Because you were retained by Smart Papers,
Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with
information related to their COBRA benefits at the time of the sale to Smart Papers.  Under
COBRA, continuation coverage must be elected within 60 days after your coverage ends or you
are notified of your eligibility for continuation coverage, whichever is later.  As the time for
electing COBRA coverage has long past, you are no longer eligible for COBRA benefits.
Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you
became eligible for Smart Paper's coverage which was comparable to the coverage provided by
International Paper.  When you obtained comparable coverage, you eligibility for COBRA
ended.  Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,



Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator



International Place I
6400 Poplar Ave.
Memphis, TN 38197
Phone 901 763 6000

## CORRECTION

Mr. Kenneth G. Kaup
541 Fairhaven Dr.
Hamilton, OH 45013

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Mr. Kaup:

We are in receipt of your letter dated 10/20/2003, in which you question you question the years of service used for the calculation of possible severance benefits payable under Champion International Corporation Reorganization Severance Policy #828 ("the Plan") and your entitlement to vacation and/or COBRA. The following will explain the results of our research.

Severance benefits are calculated by using earnings and credited service as defined by the Plan. Section 1.4 defines Credited Service as "an Eligible Employee's period of employment with the Company..." Section 1.3 of the Plan defines Company as, "Champion International Corporation prior to the Merger (including it's United states subsidiaries), and after the Merger Company is the corporation that survives the Merger."

By definition, only your years of Champion service can be used in a calculation of estimated benefits under the Plan. Your request to have all of your years of service with International Paper Company and Champion used in the calculation of your estimated severance from the Plan is denied.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill, the asset purchase agreement required Smart Papers to honor earned and accrued vacation for the employees it retained following the sale. Because you were retained by Smart Papers, Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with information related to their COBRA benefits at the time of the sale to Smart Papers. Under COBRA, continuation coverage must be elected within 60 days after your coverage ends or you are notified of your eligibility for continuation coverage, whichever is later. As the time for electing COBRA coverage has long past, you are no longer eligible for COBRA benefits. Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you became eligible for Smart Paper's coverage which was comparable to the coverage provided by International Paper. When you obtained comparable coverage, you eligibility for COBRA ended. Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,

Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

/slb

Encl.

CC: File

BARBARA M. LEHMAN

October 3, 2003

Sharon Barger
International Paper
6400 Poplar Ave.
Memphis, Tennessee 38197

Dear Ms. Barger,
    I recently received from Theresa Groh, of Murdock Goldenberg
Schneider & Groh, the enclosed Severance Pay Calculation Under Policy #828
pursuant to class action lawsuit Dalesandro, et al v. The International Paper
Company.

    I believe the calculation to be in error due to the years of service listed.

    I was employed by Champion International/International Paper from Jan.
1, 1974 through October 1978 for 4.75 years. Then I was employed from
November 9, 1981 through termination on February 9, 2001 for 19.25 year. This
leads to 24 years of service. The 24, not 19.25, years of service were used for all
things before the divestiture, including vacation time, years of service and
retirement calculations. Twenty-four (24) years of service leads to 43 Weeks of
Severance. (Ten (10) weeks regular earnings plus twenty-four (24) weeks for each
year of Credited Service plus nine (9) weeks for each year over fifteen years.)
This will increase my severance amount to $52,344.33.

    I request that you please review and resolve this discrepancy. My daytime
phone number is 513-869-5033.

Barbara M. Lehman
6664 Wayne Trace Rd
Somerville Oh 45064

## Exhibit A to Class Notice

### Barbara M. Lehman

YOUR SEVERANCE PAY CALCULATION UNDER POLICY #828

| Weekly Pay | Years of Service | Age at February 9, 2001 Termination | Weeks of Severance |
|---|---|---|---|
| $1,217.31 | 19.25 | 55 | 33.50 |

**Your #828 Severance Pay Amount:  $40,779.89**

**Your Flex Six Enhancement:**

Since International Paper Company's records indicate that you were age 49 or older and your age and service equaled at least 59 as of February 9, 2001, if the Court of Appeals upholds Judge Beckwith's decision, your monthly benefit under the Retirement Plan will be enhanced as indicated below.  The amounts below reflect the benefits payable on a retirement as of February 9, 2001 and assume that the benefit is received as a single life annuity.

Monthly Benefits Without Flex Six:

| | |
|---|---|
| Monthly life annuity of | $1,443.73 payable at normal retirement date |
| x Early retirement factor | 0.696 |
| = Monthly life annuity of | $1,004.84 payable 2/9/2001 |

Monthly Benefit With Flex Six:

| | |
|---|---|
| Monthly life annuity of | $1,443.72 payable at normal retirement date |
| x Early retirement factor | 0.984 |
| = Monthly life annuity of | $1,420.62 payable 2/9/2001 |

Section 7.4(b) of the Champion Salaried Retirement Plan #0001 and its successor, the Retirement Plan of International Paper Company (the "Retirement Plan"), provides that the "Benefit Commencement Date" of a retiring employee can be any time after age 55 provided that a participant is not employed by Champion (now International Paper Company) or an affiliate or "with respect to a Participant who worked at a divested location, by any purchaser of such location."  It is International Paper Company's position that since Smart Papers, LLC is a purchaser of a divested location under the Retirement Plan, an affected participant cannot start benefits until after the end of your employment with Smart Papers, LLC.  Without Flex Six, the date you can obtain benefits is determined under the terms of the Retirement Plan.  For more information about the Retirement Plan, refer to your Summary Plan Description or contact:

Sharon Barger
International Paper
6400 Poplar Ave
Memphis, Tennessee 38197

{00008540; 4}

October 8, 2003

Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, Tennessee 38197

Re:    Dalesandro, vs International Paper
       Case No. C-1-01-109
       US District Court, Southern District of Ohio

Dear Ms Barger:
In response to the court ordered Notice of September 24, 2003, we the individual members are to notify you in writing of discrepancies in the calculation of our severance pay and severance benefits of Severance Policy 828.

As outlined in the attached letter you miscalculated my year of service compensation. That number should have been 43 weeks at $ 1217.31 or $52344.33. Also, you left off other pertinent benefits that were part of the entire 828 package that I am eligible for, that being vacation pay and 9 months of COBRA coverage.

I am entitled to five (5) weeks of vacation pay, $6086.55.

Also 9 months of Cobra at ($95.63 medical & $25.14 dental per pay) for 18 pay periods or $2,173.86.

This brings the total owed to me from International Paper to:

| | |
|---|---|
| Salary | $52344.33 |
| Vacation | $ 6086.55 |
| Cobra | $ 2173.86 |
| Total | $60604.74 |

Sincerely,

Barbara Lehman
6664 Wayne Trace Rd
Somerville, Ohio 45064

Cc:
Murdock,Goldenberg,Schneider & Groh

RECEIVED OCT 2 0 2003



International Place I
6400 Poplar Ave.
Memphis, TN 38197
Phone 901 763 6000

May 25, 2004

Barbara M. Lehman
6664 Wayne Trace Road
Somerville, Ohio 45064

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Ms. Lehman,

We are in receipt of your letters dated October 3, 2003, and October 9, 2003 in which you question the years of service used for the calculation of possible severance benefits payable under Champion International Corporation Reorganization Severance Policy #828 ("the Plan") as well as entitlement to vacation pay and reimbursement for COBRA coverage. The following will explain the results of our research.

A review of your records indicates a previous period of Champion service should have been included in your estimated severance calculation. A corrected Exhibit A is enclosed.

In your letter, you also question your years of service used for your retirement calculation. Your benefit was calculated using 23.96 years of credited service. This does include your previous period of employment with the company, therefore there will be no change in your retirement calculation.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill, the asset purchase agreement required Smart Papers to honor earned and accrued vacation for the employees it retained following the sale. Because you were retained by Smart Papers, Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with information related to their COBRA benefits at the time of the sale to Smart Papers. Under COBRA, continuation coverage must be elected within 60 days after your coverage ends or you are notified of your eligibility for continuation coverage, whichever is later. As the time for electing COBRA coverage has long past, you are no longer eligible for COBRA benefits. Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you became eligible for Smart Paper's coverage, which was comparable to the coverage provided by International Paper. When you obtained comparable coverage, you eligibility for COBRA ended. Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,


Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

/slb
Encl.
CC: File

**Exhibit A**
**Barbara M. Lehman**

<u>Severance Calculation</u>

| | | Age at<br>February 9, 2001 | |
|---|---|---|---|
| <u>Weekly Pay</u> | <u>Years of Service</u> | <u>Termination</u> | <u>Weeks of Severance</u> |
| $1,217.31 | 25 | 55 | 50 |

#828 Severance Pay:   $60.865.50

Flex Six Enhancement:

Because you were age 49 or older and your age and service equaled at least 59 as of February 9, 2001, if the court's ruling that you are entitled to benefits is upheld following appeals, your monthly benefit under the Retirement Plan will be enhanced as follows. The amounts below reflect the benefits calculated as of February 9, 2001, on a single life annuity basis.

Monthly Benefits Without Flex Six:

| | |
|---|---|
| Monthly life annuity of | $1,443.73 payable at normal retirement date |
| X Early retirement factor | 0.696 |
| = Monthly life annuity of | $1,004.84 payable 2/9/2001 (subject to the blocking provision) |

Monthly Benefit with Flex Six:

| | |
|---|---|
| Monthly life annuity of | $1,443.72 payable at normal retirement date |
| X Early retirement factor | 0.984 |
| = Monthly life annuity of | $1,420.62 payable 2/9/2001 (subject to the blocking provision) |

Section 7.4(b) of the Champion Salaried Retirement Plan #001 and its successor, the Retirement Plan of International Paper Company, provides that the "Benefit Commencement Date" of a retiring employee can be any time after age 55 provided that a participant is not employed by Champion (now IP) or an affiliate or "with respect to a Participant who worked at a divested location, by any purchaser of such location". Because Smart Papers is a purchaser of a divested location under the Retirement Plan, an affected participant cannot start benefits until terminating employment with Smart Papers. This blocking provision applies whether or not you receive the Flex Six benefits. For more information about the Retirement Plan, refer to your Summary Plan Description or contact the Employee Service Center at 1 (888) ESC-2YOU.

**MARY LOUDEN**

October 20, 2003

Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, Tennessee 38197

Re:    Dalesandro, vs International Paper
       Case No. C-1-01-109
       US District Court, Southern District of Ohio

Dear Ms Barger:

In response to the court ordered Notice of September 24, 2003, we the individual members are to notify you in writing of discrepancies in the calculation of our severance pay and severance benefits of Severance Policy 828.

You did indeed calculate my weeks of service at 13.52 correctly, however my weekly pay should be at $987.58. (My bimonthly rate was $2139.75.) Therefore 13.52 weeks at $987.58 is $13,352.08.

Also, you left off other pertinent benefits that were part of the entire 828 package that I am eligible for, that being vacation pay and 9 months of COBRA coverage.

I am entitled to two (2) weeks of vacation pay, $1,975.16.

Also 9 months of Cobra at ($95.63 medical & $25.14 dental per pay) for 18 pay periods or $2,173.86.

This brings the total owed to me from International Paper to:

| | | |
|---|---|---|
| Salary | $13,352.08 |
| Vacation | $1,975.16 |
| Cobra | $2,173.86 |
| Total | $17,501.10 |

Sincerely,

Mary Louden

Cc:
Murdock,Goldenberg,Schneider & Groh

RECEIVED OCT 2 4 2003



International Place I
6400 Poplar Ave.
Memphis, TN  38197
Phone 901 763 6000

May 25, 2004

Ms. Mary C. Louden
7312 Bernard Avenue
Cincinnati, OH  45231

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Ms. Louden:

We are in receipt of your letter dated 10/24/2003, in which you question your entitlement to vacation and/or COBRA.  The following will explain the results of our research.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill, the asset purchase agreement required Smart Papers to honor earned and accrued vacation for the employees it retained following the sale.  Because you were retained by Smart Papers, Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with information related to their COBRA benefits at the time of the sale to Smart Papers.  Under COBRA, continuation coverage must be elected within 60 days after your coverage ends or you are notified of your eligibility for continuation coverage, whichever is later.  As the time for electing COBRA coverage has long past, you are no longer eligible for COBRA benefits.  Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you became eligible for Smart Paper's coverage which was comparable to the coverage provided by International Paper.  When you obtained comparable coverage, you eligibility for COBRA ended.  Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,


Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator



International Place I
6400 Poplar Ave.
Memphis, TN 38197
Phone 901 763 6000

**CORRECTION**

Ms. Mary C. Louden
7312 Bernard Avenue
Cincinnati, OH 45231

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Ms. Louden:

We are in receipt of your letter dated 10/24/2003, in which you question the amount of the earnings used for the calculation of possible severance benefits payable under Champion International Corporation Reorganization Severance Policy #828 ("the Plan") and your entitlement to vacation and/or COBRA. The following will explain the results of our research.

A review of payroll records indicates you were paid on a semi-monthly basis. Your semi-monthly pay was $2,054.17, or $49,300.08 annually, which, according to the plan is $948.08 per week for severance.

As a result of our findings, no change will be made to the estimated severance benefit quoted in our previous communication.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill, the asset purchase agreement required Smart Papers to honor earned and accrued vacation for the employees it retained following the sale. Because you were retained by Smart Papers, Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with information related to their COBRA benefits at the time of the sale to Smart Papers. Under COBRA, continuation coverage must be elected within 60 days after your coverage ends or you are notified of your eligibility for continuation coverage, whichever is later. As the time for electing COBRA coverage has long past, you are no longer eligible for COBRA benefits. Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you became eligible for Smart Paper's coverage which was comparable to the coverage provided by International Paper. When you obtained comparable coverage, you eligibility for COBRA ended. Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,


Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator