Exhibit A

Part 3 of 3

JAMES M. PHILLEY

James M. Philley
5850 Lake Tahoe Court
Fairfield, OH 45014
SSN

October 9, 2003

Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, TN 38197

Dear Sharon:

I was a former employee of Champion International Corporation's Hamilton Mill, 'B' Street. After the acquisition of Champion by International Paper Company, our location was sold to Sun Capital Partners, and we became known as SMART PAPERS, LLC. Effective the date of sale of this Mill, I was terminated, without cause, by International Paper, effective February 9, 2001. At the time of my termination, there was in effect a severance policy, namely Champion International Corporation Reorganization Severance Policy #828 ("Policy #828"). After several communications with International Paper in regard to my request for payment under the terms of Policy #828, it became painfully obvious that resolution could only be achieved through legal means, and a Class Action lawsuit was filed on my, as well as other affected current and former B Street employees, behalf. The attorneys in this matter are Murdock Goldenberg Schneider & Groh, LPA ("the attorneys").

On or about September 24, 2003, I received an information packet from the attorneys regarding proposed settlement in this suit. Included as a part of this packet was "Exhibit A to Class Notice", which details International Paper's calculation of my severance benefits, should the lawsuit result in a favorable decision for the plaintiffs.

In response to this Exhibit A, I believe that the calculations are incorrect. The following is a much more accurate account of the benefits to which I am entitled under Champion International Corporation Reorganization Policy #828.

1.   The calculations made by International Paper for years of service were 1.07 yrs. As evidenced by the attached documents (email dated October 8, 2003, from Ashleigh M Lindley at IP's Employee Service Center (Exhibit I); a pension calculation worksheet from Champion International Corporation dated February 2, 2000 (Exhibit II); a performance review cover page dated January 2, 2001 (Exhibit III); and a pension calculation worksheet from International Paper dated April 22, 2002 (Exhibit IV)), my date of hire is June 14, 1982. Based on this actual true date of hire, and a termination date of February 9, 2001, I have just over 18.65 years of service. This June 14, 1982 hire date is further supported by the enclosed Exhibit V, Account Statement as of 03-31-2001, from Champion International Corporation Savings Plan, which indicates that I am 100% vested in my account. With a five-year vesting policy, it is obvious that I have more than 1.07 years of service as indicated in your Exhibit A. Additionally, at my time of termination by International Paper, I was entitled to (5) weeks of vacation, which would be highly unlikely should I only have this short a service term.

Under Policy #828, I am entitled to "the following:

(a)     ten weeks' earnings; plus

(b)     one (1) week's (or partial week's) Earnings for each year (or partial year) of Credited Service; plus

(c).    one (1) week's (or partial week's) Earnings for each year (or partial year) of Credited Service over fifteen (15) years."

**RECEIVED OCT 1 6 2003**

● Page 2                                                    October 9, 2003

Policy #828's definition of credited service is as follows:

"Credited Service is an Eligible Employee's period of employment with the Company to and including the date of Termination, but not including years of service that have been taken into account for a prior severance payment from the Company."

Under these guidelines, I am entitled to (10) weeks' earnings plus (18.65) weeks' earnings plus (3.65) weeks' earnings, for a total of (32.3) weeks' earnings.

2.   Section 7 of Policy #828 states that "An Eligible Employee will receive a lump sum payment for banked vacation, earned but unused vacation, and....". Under International Papers' policy, vacation was earned during the year prior to which it was to be taken. As such, I earned my five weeks' vacation entitlement for 2001 during 2000. At the time of my termination by International paper, I had not used any of this five weeks of vacation. As such, my benefits under Policy #828 also include a lump sum payment equivalent to five (5) weeks' earnings.

Totaling the above benefits as calculated using the correct hire date of June 14, 1982, yields a **total benefit due me under Policy #828 of 37.3 weeks' earnings**. I believe that the Weekly Pay as shown on your Exhibit A ($1346.16) is correct. These facts result in a **net payment to me by International Paper of $50,211.77**. Please correct your records so there will be no further confusion in this regard.

The above figure represents benefits payable to me as of February 9, 2001. Any interest and/or penalties will be based on this figure, and added to the total due me under Policy #828.

You may issue a check at your earliest convenience for the amount shown above, plus any interest and/or penalties as required by law or otherwise.

Sincerely,

James M. Philley - 10/9/03

James M. Philley
Class Member

# EXHIBIT I

**Philley, Jim**

**From:** Ashleigh M Lindley [Ashleigh.Lindley@ipaper.com]
**Sent:** Wednesday, October 08, 2003 11:24 AM
**To:** Philley, Jim
**Subject:** Hire date

Mr. Jim here is your date of hire for future reference.

DOH:  06/14/1982
DOT:  02/09/2001

If you need any other information please call.

1

Knightsbridge Drive
Hamilton, Ohio 45020

EXHIBIT II

 **Champion**
Champion International Corporation

February 2, 2000

James M. Philley
5850 Lake Tahoe Court
Fairfield, OH 45014

RE: Vested Entitlement
    SSN

Dear Mr. Philley,

This is in reply to your request for information concerning your monthly pension benefit with Champion.

The enclosed represents what you can receive at the commencement date(s) you have requested.

When you are interested in receiving all the forms and information necessary to begin your pension benefit, complete a Request for Pension Information form and return to this office.

If you have any questions, please call our Customer Service Group at 513 868-5441 or 513 868-5599.

Sincerely,

Benefits Services
Retirement and Life Group

/kks

cc: file

encl.

*Jennifer McQuery*
*351-0234*
*8c82*

```
                    CHAMPION SALARIED PENSION CALCULATION
                       RETIREMENT CALCULATION WORKSHEET

          W PHILLEY
          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                          Retirement Date:    07/01/2015
          001A                                 Termination Date:   01/17/2000
                                               Preparation Date:   02/01/2000
                                               Prepared By:        0051

                              CALCULATION DATA
                              ----------------
     ----------------------------- PERSONAL  -------------------------------

     Birth Date:                         Normal Retirement Date:   07/01/2025
     Spouse's Birth Date:                Age at Retirement:          55.00000
     Hire Date:           06/14/1982     Soc. Sec. Benefit:     $    1,479.00
     Vesting Service:     17.25000       Minimum Benefit:       $
     Credited Service:    17.30000       Prior Plan Offset:     $        0.00

     -------------------------- FINAL AVERAGE EARNINGS -----------------------

     Total Earnings : $     312,433.12      2000    $6,416.67
     Monthly Average: $       5,207.22      1999    $67,729.19
     Annual Average:  $      62,486.64      1998    $64,754.16
                                            1997    $61,512.42
                                            1996    $57,949.92
                                            1995    $54,070.76

     ---------------- DETERMINATION OF MONTHLY RETIREMENT BENEFIT ------------


     A.  .01667 X    17.30000     X        5,207.22      =       1,501.72

     PLUS:

     B.  .00500 X     0.00000     X        5,207.22      =           0.00

     LESS:
                                    Social Security
                                        OFFSET
     C   .01667 X    17.30000     X        1,479.00      =         426.53

     D.  PRIOR PLAN OFFSET                                =           0.00

     E.  TOTAL                                            =       1,075.19

     MONTHLY BENEFIT PAYABLE AT 07/01/2015
            (GREATER OF E OR PRIOR PLAN MINIMUM)          =       1,075.19

     Reduction for Early Retirement (    0.50000)         =         537.60
              Grandfathered Factor (    1.00000)

     Monthly Benefit Payable At 07/01/2015               =         537.60


     This calculation assumes that you work until the termination date selected.
     In addition, no projection is made for your Final Average Earnings.
```

CHAMPION INTERNATIONAL CORPORATION
OPTIONAL FORMS OF RETIREMENT BENEFITS

**. W. PHILLEY**
**urity Number: 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**

Plan Number: 001A
Retirement Date: 07/01/2015
Date Prepared: 02/01/2000

**Benefits Payable:**

| To retiree | To Contingent Annuitant | |
|---|---|---|
| 537.60 | N/A | SINGLE LIFE ANNUITY - You will receive a payment for your lifetime, payments stop at your death. |
| | | CONTINGENT ANNUITANT ANNUITY OPTIONS - You will receive a monthly benefit during your lifetime and guarantee that the contingent annuitant you designate will receive a selected percentage of that benefit for their lifetime after your death. |
| $   483.84 | $   241.92 | 50% CONTINGENT ANNUITANT/JOINT & SURVIVING SPOUSE |
| $   456.96 | $   342.72 | 75% CONTINGENT ANNUITANT/JOINT & SURVIVING SPOUSE |
| $   430.08 | $   430.08 | 100% CONTINGENT ANNUITANT/JOINT & SURVIVING SPOUSE |
| | | LIFE-TERM CERTAIN ANNUITY OPTIONS - This option provides you with a monthly benefit for your lifetime. If you die within the selected guaranteed period, your named beneficiary will continue to receive the same monthly amount for the balance of the period. If you live longer than the guaranteed period, payments stop at your death. |
| $   526.85 | | 5 YEAR CERTAIN |
| $   499.97 | | 10 YEAR CERTAIN |
| $   467.71 | | 15 YEAR CERTAIN |
| $   435.46 | | 20 YEAR CERTAIN |
| $       to | | LEVEL INCOME OPTION - This option pays a larger benefit to age 62 and a benefit after age 62, reduced to account for social |
| $  thereafter | | security. Payments stop at your death. |
| $   0.00 to | | LEVEL INCOME OPTION - This option pays a larger benefit to age 65 and a benefit after age 65, reduced to account for social |
| $   0.00 thereafter | | security. Payments stop at your death. |
| $   494.59 | | FULL CASH REFUND ANNUITY - This option provides you with a monthly benefit for lifetime with a guarantee that if you die before receiving payments equal to the total annuity value, your named beneficiary will receive the difference in a lump sum. If you die after the monthly payments exceed the annuity value, payments stop at your death. |

ANNUITY VALUE
$  67984.90

If you are not married, the single life annuity is the basic form of retirement benefit under
the plan.

If you are married, the joint & surviving spouse annuity is the basic form of retirement
benefit under the plan and is payable in the amounts shown under the 50% contingent annuitant
option above.



Name:  JAMES M. PHILLEY
Soc Sec No.:
Plan No. 001A

Birth Date:
Spouse's Birth Date
H                        06/14/1982          Soc. Sec. Benefit:      $        1,479.00
                         17.25000            Minimum Benefit:        $
                         17.30000            Prior Plan Offset:      $            0.00

---------------------------- FINAL AVERAGE EARNINGS ---------------------------------

Total Earnings : $    312,433.12        2000    $6,416.67
Monthly Average: $      5,207.22        1999   $67,729.19
Annual Average: $      62,486.64        1998   $64,754.16
                                        1997   $61,512.42
                                        1996   $57,949.92
                                        1995   $54,070.76

                                                                    2843

A.                        X                         =

PLUS:

                                                                     808

D. PR                                               =

                                                    =          1,075.19

MONTHLY BENEFIT PAYABLE AT 07/01/2022               =          1,075.19
        (GREATER OF E OR PRIOR PLAN MINIMUM)

       on for Early Retirement (     0.80000)       =            215.04
             Grandfathered Factor (  1.00000)

                                                    =            860.15    1628



CHAMPION INTERNATIONAL CORPORATION
OPTIONAL FORMS OF RETIREMENT BENEFITS

me: JAMES M. PHILLEY
cial Security Number: ███████

Plan Number: 001A
Retirement Date: 07/01/2022
Date Prepared: 02/01/2000

Monthly Benefits Payable:

| To retiree | To Contingent Annuitant | |
|---|---|---|
| 860.15 | N/A | SINGLE LIFE ANNUITY - You will receive a payment for your lifetime, payments stop at your death. |
| | | CONTINGENT ANNUITANT ANNUITY OPTIONS - You will receive a monthly benefit during your lifetime and guarantee that the contingent annuitant you designate will receive a selected percentage of that benefit for their lifetime after your death. |
| $ 774.14 | $ 387.07 | 50% CONTINGENT ANNUITANT/JOINT & SURVIVING SPOUSE |
| $ 731.13 | $ 548.35 | 75% CONTINGENT ANNUITANT/JOINT & SURVIVING SPOUSE |
| $ 688.12 | $ 688.12 | 100% CONTINGENT ANNUITANT/JOINT & SURVIVING SPOUSE |
| | | LIFE-TERM CERTAIN ANNUITY OPTIONS - This option provides you with a monthly benefit for your lifetime. If you die within the selected guaranteed period, your named beneficiary will continue to receive the same monthly amount for the balance of the period. If you live longer than the guaranteed period, payments stop at your death. |
| $ 842.95 | | 5 YEAR CERTAIN |
| $ 799.94 | | 10 YEAR CERTAIN |
| $ 748.33 | | 15 YEAR CERTAIN |
| $ 696.72 | | 20 YEAR CERTAIN |
| $ | to | LEVEL INCOME OPTION - This option pays a larger benefit to age 62 and a benefit after age 62, reduced to account for social security. Payments stop at your death. |
| $ | thereafter | |
| $ 1916.22 to 07/01/2025 | | LEVEL INCOME OPTION - This option pays a larger benefit to age 65 and a benefit after age 65, reduced to account for social security. Payments stop at your death. |
| $ 437.22 thereafter | | |
| $ 791.34 | | FULL CASH REFUND ANNUITY - This option provides you with a monthly benefit for lifetime with a guarantee that if you die before receiving payments equal to the total annuity value, your named beneficiary will receive the difference in a lump sum. If you die after the monthly payments exceed the annuity value, payments stop at your death. |

ANNUITY VALUE
$   95622.88

If you are not married, the single life annuity is the basic form of retirement benefit under the plan.

If you are married, the joint & surviving spouse annuity is the basic form of retirement benefit under the plan and is payable in the amounts shown under the 50% contingent annuitant option above.

EXHIBIT III

STRICTLY CONFIDENTIAL
CHAMPION INTERNATIONAL
HAMILTON MILL
EMU DEPARTMENTS PERFORMANCE REVIEW

---

**Name:** James M. Philley                                                    **Date:** January 2, 2001

**Title:** Reliability Engineer (Mechanical) – Utilities    Yrs. In Position: 1    Hire Date: 6/14/82

**Principal Responsibilities:**
Provide assistance and technical support required to solve operating and maintenance problems; identify opportunities for improvement and implement action plans to ensure resolution and continuous improvement. The Reliability Engineer will handle all aspects of maintenance projects in the area; coordinate outside contractor activities in the area; development preventive/predictive maintenance schedules; provide solutions to repetitive equipment failures and develop/implement changes for process improvements.

---

**I. Review of Performance:**
Evaluate the performance of this employee. List accomplishments, strengths and areas in which results were not up to desired standards. Compare accomplishments with individual goals and department objectives that were set during the previous review period and performance expectations.

- **Strengths/Accomplishments:**
  - Successful completion of the following Capital Projects:
    - Replacement of No. 6 Generator Air Coolers
    - Replacement of the Top Blowdown Heat Exchanger tube bundle
    - Replacement of No. 4 Zeolite Tank (upgraded tank material)
    - Replacement of the liner in the Emergency Catch Basin at the WTP
    - Installation of a new PRV bypass around No. 6 Turbine
  - Participation on NOx team, investigating various options for NOx control
  - Initiation of Phases of a Project paperwork on the following:
    - Purchase and install new 18# safety relief valve
    - Replace Nos. 1 – 2 – 3 Zeolite Tanks
  - Coordination of outside contractors during annual overhaul of No. 10 Boiler
  - Documentation of Maintenance activities, ASME Code R-1 (repairs) and U-1 (manufacturing) reports
  - Development of system schematics, used for training and trouble-shooting
  - Took lead role in initiating Mill-wide steam and condensate system inspection and repair program through use of SECO
  - Developed lockout documentation for use during 10 Boiler outages; developed and documented pump inspection/element replacement procedures and checklist for inspection documentation.
  - Coordinated numerous piping repairs (outside contractor) required on various equipment, making material upgrades and/or system modifications as warranted to increase equipment reliability and ease of maintenance (new trap installations, ACM removal, double-valve upgrades, etc.)
  - Developed simplified training documents for electronic purchase requisitions, blanket order releases, and work request entry (for use in the HERM system).
  - Re-sized impeller for use in 100# Mill water supply pumps, resulting in decreased valve maintenance, increased pump life and reduced horsepower (est. $15,000/year saved)
  - Re-installed 10.5 MW field in No. 6 Generator, required extensive balance and alignment efforts
  - NDE readings obtained on various equipment, ASME Code calculations performed to determine minimum thickness requirement, evaluation of existing equipment and repair/replacement options
  - Developed Maintenance budget



EXHIBIT IV

**INTERNATIONAL PAPER**

Employee Service Center
P.O. Box 1001
Memphis, TN  38101

April 22, 2002

Mr. James M. Philley
5850 Lake Tahoe Ct.
Fairfield, OH 45014

Dear Mr. Philley:

This is in reply to your request for information concerning your pension benefit with International Paper.

The enclosed represents the benefits you are eligible to receive at the commencement dates requested.

We cannot accept pension election forms more than 90 days prior to their effective date.

Please contact our office when you are interested in receiving all the forms and information necessary to commence your pension benefit.

If you have any questions, please feel free to contact the Employee Service Center at 1-888-372-2968.

Sincerely,

International Paper
Employee Service Center
Memphis, TN
1-888-372-2968

SSN: ▮▮▮▮▮▮

SALARIED PENSION CALCULATION
RETIREMENT CALCULATION WORKSHEET

Name:  JAMES M. PHILLEY
Soc Sec No.: ███████
Plan No. 001A

Retirement Date:     07/01/2020
Termination Date:    02/09/2001
Preparation Date:    04/23/2002
Prepared By:         0088

CALCULATION DATA
----------------

-------------------------- PERSONAL  ----------------------------------------

Birth Date:          ██████████        Normal Retirement Date:   07/01/2025
Spouse's Birth Date: ██████████        Age at Retirement:           60.00000
Hire Date:           06/14/1982        Soc. Sec. Benefit:      $    1,531.00
Vesting Service:        18.32000       Minimum Benefit:        $
Credited Service:       18.33000       Prior Plan Offset:      $        0.00

-------------------------- FINAL AVERAGE EARNINGS ----------------------------

Total Earnings : $   323,896.32            2001    $7,717.95
Monthly Average: $     5,398.27            2000   $70,583.41
Annual Average:  $    64,779.24            1999   $67,729.19
                                           1998   $64,754.16
                                           1997   $61,512.42
                                           1996   $51,599.19

---------------- DETERMINATION OF MONTHLY RETIREMENT BENEFIT ------------------


A.  .01667 X    18.33000    X       5,398.27      =        1,649.50

PLUS:

B.  .00500 X    0.00000     X       5,398.27      =            0.00

LESS:
                              Social Security
                                  OFFSET
C   .01667 X    18.33000     X      1,531.00      =          467.81

D.  PRIOR PLAN OFFSET                             =            0.00

E.  TOTAL                                         =        1,181.69

MONTHLY BENEFIT PAYABLE AT 07/01/2020
         (GREATER OF E OR PRIOR PLAN MINIMUM)     =        1,181.69

Reduction for Early Retirement (   0.66667)       =          393.89
          Grandfathered Factor (   1.00000)

Monthly Benefit Payable At 07/01/2020             =          748.94


This calculation assumes that you work until the termination date selected.
In addition, no projection is made for your Final Average Earnings.

EXHIBIT V

## Champion International Corporation
## Savings Plan

08991

**Account Statement as of 03-31-2001**

### ACCOUNT SUMMARY

| Participant Information | |
|---|---|
| International Paper Stock Equivalent | 14.6136 |
| International Paper Stock Share Price | 36.0800 |
| Social Security Number: | 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 |

JAMES M. PHILLEY
5850 LAKE TAHOE COURT
FAIRFIELD, OH 45014-4427

## Account At A Glance

Account Activity by Contribution type for the period 01-01-2001 to 03-31-2001

| Sources | Beginning Balance | Contributions/Credits | Distributions/Debits | Investment Results | Ending Balance | Vested Percent | Vested Balance |
|---|---|---|---|---|---|---|---|
| Employee Before-Tax | 122,319.46 | 1,157.69 | 0.00 | (17,101.79) | 106,375.36 | 100% | 106,375.36 |
| Employee After-Tax | 7,540.02 | 385.89 | 0.00 | (1,121.55) | 6,804.36 | 100% | 6,804.36 |
| Company Match | 39,038.40 | 8,044.42 | (7,624.42) | (6,004.38) | 33,454.02 | 100% | 33,454.02 |
| TRASOP | 1,391.29 | 0.00 | 0.00 | (147.44) | 1,243.85 | 100% | 1,243.85 |
| TOTAL | 170,289.17 | 9,588.00 | (7,624.42) | (24,375.16) | 147,877.59 | N/A | 147,877.59 |



## Contribution Information as of 04-03-2001

Before-tax Contribution Percentage:          15.0%
Post-1986 After-tax Contributions:          8,228.87

## Investment of Future Contributions as of 04-03-2001

| Fund Name | After-tax | Company Match | Employee Before-Tax |
|---|---|---|---|
| Barclays Equity Indx | 40.00 | | 40.00 |
| Extended Equity Mkt | 20.00 | | 20.00 |
| ACI Ultra-IST | 40.00 | | 40.00 |
| Int'l Paper - Non Tr | | 100.00 | |
| TOTAL | 100.00% | 100.00% | 100.00% |

If you have questions about your plan, contact
J.P. Morgan/American Century® Retirement Plan Services at P.O. Box 419784, Kansas City MO 64141
Visit our Web site at www.retireonline.com or call 1-800-323-6334

Champion International Corporation
290460046  PHILLEY, JAMES M.    129403
CCSA    01-01-2001    03-31-2001

3



International Place I
6400 Poplar Ave.
Memphis, TN  38197
Phone 901 763 6000

May 25, 2004

James M. Philley
5850 Lake Tahoe Court
Fairfield, Ohio 45014

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Mr. Philley,

We are in receipt of your letter dated October 9, 2003, in which you question the years
of service used for the calculation of possible severance benefits payable under
Champion International Corporation Reorganization Severance Policy #828 ("the Plan")
as well as entitlement to vacation pay.  The following will explain the results of our
research.

A review of your records indicates a previous period of Champion service should have
been included in your estimated severance calculation.  A corrected Exhibit A is
enclosed.

With regard to your request for vacation pay, when Smart Papers purchased the
Hamilton Mill, the asset purchase agreement required Smart Papers to honor earned
and accrued vacation for the employees it retained following the sale.  Because you
were retained by Smart Papers, Smart Papers was required to provide you with your
earned and accrued vacation.

Cordially,


Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

/slb

Encl.

CC: File

# Exhibit A
## James M. Philley

Severance Calculation

| Weekly Pay | Years of Service | Age at February 9, 2001 Termination | Weeks of Severance |
|---|---|---|---|
| $1346.16 | 19 | 40 | 38 |

#828 Severance Pay:   $51,154.08

HOCUTT PHILLIPS

Copy For Sharon Barger



"hocutt phillips"
<hocutt7@hotmail.co
m>

11/04/2003 03:07 PM

To: sharon.barger@lpaper.com
cc:
Subject: Hocutt Phillips

<?xml:namespace prefix="v" /><?xml:namespace prefix="o" />
Dear Sharon,

I received the calculations associated with the severance under policy #828.

I have a questions, as follows:

The severance is calculated based on 2.41 years of service. My question is why this calculation was not based on my total Champion service. I worked for Champion from 1974 until Champion sold the Pasadena facility in 1987 I returned to Champion in 1998 until my termination when International Paper sold the Hamilton facility. It was also my understanding that in the sales agreement with Simpson to purchase the Pasadena facility, that prior service for Champion and Simpson was combined as one and that it could be interpreted that my return to Champion would also include the years I worked with Simpson, from the point of years of service. In the event that is not the case, my question would still be should my years of service with Champion from 1974 to 1987 be combined with my years of service from 1998 to 2001 or a total of 15.41 years.

Can you please respond via e-mail that you have received this request for information. I realize that you are extremely busy and it will probably be several days before I get an answer to the question but I just need a confirmation that you received the request as the package of information sent to me requires me to respond by Nov. 6,2003.

Thank you for your help.

Sincerely,
Hocutt Phillips

Hocutt Phillips
Phone 919-544-4729
Cell 919-961-5740
E-mail hocutt7@hotmail.com

RECEIVED NOV 0 5 2003

**Copy For Sharon Barger**

 **Sharon Barger**
11/04/2003 04:01 PM

To: "hocutt phillips" <hocutt7@hotmail.com>
cc:
Subject: Re: Hocutt Phillips

Mr. Phillips,

I have received your inquiry and will look into your employment history.  You will receive a response via US Postal mail as soon as possible.

Thank you.

Sharon L. Barger
Benefits Consultant
901-419-7714
Internal Extension - 27714
901-419-7723 (FAX)

CONFIDENTIALITY NOTICE
This e-mail is intended for the sole use of the individual(s) to whom it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. You are hereby notified that any dissemination, duplication, or distribution of this transmission by someone other than the intended addressee or its designated agent is strictly prohibited.  If you receive this e-mail in error, please notify me by replying to this e-mail and deleting this e-mail immediately.

"hocutt phillips" <hocutt7@hotmail.com>

 "hocutt phillips"
<hocutt7@hotmail.co
m>

11/04/2003 03:07 PM

To: sharon.barger@lpaper.com
cc:
Subject: Hocutt Phillips

<?xml:namespace prefix="v" /><?xml:namespace prefix="o" />
**Dear Sharon,**

**I received the calculations associated with the severance under policy #828.**

**I have a questions, as follows:**

**The severance is calculated based on 2.41 years of service. My question is why this calculation was not based on my total Champion service. I worked for Champion from 1974 until Champion sold the Pasadena facility in 1987 I returned to Champion in 1998 until my termination when International Paper sold the Hamilton facility. It was also my understanding that in the sales agreement with Simpson to purchase the Pasadena facility, that prior service for Champion and Simpson was combined as one and that it could be interpreted that my return to Champion would also include the years I worked with Simpson, from the point of years of service. In the event that is not the case, my question would still be should my years of service with Champion from 1974 to 1987 be combined with my years of service from 1998 to 2001 or a total of 15.41 years.**

**Copy For Sharon Barger**

**Can you please respond via e-mail that you have received this request for information. I realize that you are extremely busy and it will probably be several days before I get an answer to the question but I just need a confirmation that you received the request as the package of information sent to me requires me to respond by Nov. 6,2003.**

**Thank you for your help.**

**Sincerely,**
**Hocutt Phillips**

**Hocutt Phillips**
**Phone 919-544-4729**
**Cell 919-961-5740**
**E-mail hocutt7@hotmail.com**

September 16, 2004

Hocutt Phillips

**SENT VIA EMAIL TO hocutt7@hotmail.com**

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Mr. Phillips,

We are in receipt of your email dated November 4, 2003, in which you question the years of service used for the calculation of possible severance benefits payable under Champion International Corporation Reorganization Severance Policy #828 ("the Plan"). The following will explain the results of our research.

A review of your records indicates a previous period of Champion service should have been included in your estimated severance calculation. A corrected Exhibit A is enclosed. Only your years of service with Champion International can be included in the severance calculation, therefore your years of service with Simpson Paper is excluded.

Cordially,

Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

/slb

Encl.

CC: File

## Flex6 Calculation for EDWARD H PHILLIPS
**Social Security Number** <span style="background:black">     </span>

### Employee Data
Social Security Number <span style="background:black">    </span>
Name: EDWARD H PHILLIPS
Date of Birth: <span style="background:black">   </span>
Date of Hire: 10/14/1974
Marital Status: M
Spouse's Date of Birth: <span style="background:black">   </span>
Last Date of Hire: 05/29/1986
Location Code: 002HAOH
Current Annual Base Pay Amount: $103,000.08
Date of Termination: 02/09/2001
Credited Service: 14.79000
Vesting Service: 14.66000
Monthly Final Average Pay: $8,327.92
Current Monthly Social Security: $1,584.00
Flex 6 Monthly Social Security: $1,191.00
Age 62 Monthly SS for Level Income: $1,191.00
Age 65 Monthly SS for Level Income: $1,474.00

### Processing Notes
Prepared By: swp  09/13/2004
WARNING: Check service entries. Credited Service and Vesting Service differ by at least 0.1 years.
WARNING: Vesting Service differs from time elapsed between Date of Hire and Date of Termination. Check Vesting Service.

## SUMMARY OF SEVERANCE AND PENSION

**Basic Demographic Information**

| | | | |
|---|---|---|---|
| Age at retirement | | 51.75 | EDWARD H PHILLIPS |
| Credited service at termination for pension | | 14.79 | Name |
| Vesting service at termination for pension | | 14.66 | |
| Service from last hire date for severance | | 14.70 | |
| Annual base pay at termination for severance | $ | 103,000 | |
| 5-year final average earnings for pension | $ | 8,328 | Social Security Number |
| Assumed social security without Flex 6 enhancement | $ | 1,584 * | |
| Assumed social security with Flex 6 enhancement | $ | 1,191 ** | |

**Severance**

| | | |
|---|---|---|
| Weeks of severance | | 24.70 |
| Single sum severance payment | $ | **48,925** |

**Pension**

Without Flex 6

| | | | |
|---|---|---|---|
| Monthly life annuity of | $ | 1,662.71 | payable at normal retirement date |
| x Early retirement factor | | 0.500 | |
| = Monthly life annuity of | $ | **831.36** | payable when you turn age 55 |

Eligible for Flex 6?                          *YES*

Optimum combination            *Age plus 5 and Service plus 1*

With Flex 6

| | | | |
|---|---|---|---|
| Monthly life annuity of | $ | 1,878.58 | payable at age 65 |
| x Early retirement factor | | 0.748 | |
| = Monthly life annuity of | $ | **1,405.18** | payable immediately |

| | | |
|---|---|---|
| Adjusted age of | | 56.75 |
| Adjusted credited service of | | 15.79 |
| Adjusted vesting service of | | 15.66 |

\* with level future earnings if not currently retirement eligible; zero future earnings if currently retirement eligible
\*\* with zero future earnings if Flex 6 eligible

Preparation Date: 09/13/2004
Prepared By: swp

## TOTAL PENSION BENEFIT CALCULATION WITH FLEX 6 ENHANCEMENTS

| | | | |
|---|---|---|---|
| Name | EDWARD H PHILLIPS | Retirement Date | 03/01/2001 |
| Social Security Number | | Termination Date | 02/09/2001 |
| Plan Number | 001A | Preparation Date | 09/13/2004 |
| | | Prepared By | swp |

### CALCULATION DATA

| | | | |
|---|---|---|---|
| Birth Date | | Normal Retirement Date | |
| Spouse's Birth Date | 10/14/1974 | Age at Retirement | 51.75000 |
| Vesting Service with Flex 6 | 15.66000 | Soc. Sec. Benefit with Flex 6 | $1,191.00 |
| Credited Service with Flex 6 | 15.79000 | | |

Monthly Final Average Earnings (from before Flex 6 calculation sheet)                     $8,327.92

### DETERMINATION OF MONTHLY RETIREMENT BENEFIT

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| A. .01667 | x | 15.79000 | x | $8,327.92 | = | $ | 2,192.07 |
| PLUS: | | | | | | | |
| B. .00500 | x | 0.00000 | x | $8,327.92 | = | $ | - |
| LESS: | | | | | | | |
| C. .01667 | x | 15.79000 | x | $1,191.00 | = | $ | 313.49 |
| D. TOTAL | | | | | | $ | 1,878.58 |

| | | | |
|---|---|---|---|
| MONTHLY BENEFIT PAYABLE AT | 06/01/2014 | $ | 1,878.58 |
| Reduction for Early Retirement with Flex 6 | 0.74800 | $ | 473.40 |
| MONTHLY BENEFIT PAYABLE AT | 03/01/2001 | $ | 1,405.18 |

This calculation assumes that you work until the termination date selected.
In addition, no projection is made for your Final Average Earnings

Your optimum Flex 6 combination is: Age plus 5 and Service plus 1.

SALARIED RETIREMENT PLAN
OPTIONAL FORMS OF RETIREMENT BENEFITS

Name: EDWARD H PHILLIPS

Social Security Number:

Plan Number: 001A

Retirement Date: 03/01/2001

Date Prepared: 09/13/2004

Monthly Benefit Payable

| To retiree | To Contingent Annuitant | |
|---|---|---|
| $1,405.18 | N/A | SINGLE LIFE ANNUITY - You will receive a payment for your lifetime, payments stop at your death. |
| | | CONTINGENT ANNUITANT ANNUITY OPTIONS - You will receive a monthly benefit during your lifetime and guarantee that the contingent annuitant you designate will receive a selected percentage of that benefit for their lifetime after your death. |
| $1,264.66 | $632.33 | 50% CONTINGENT ANNUITANT/JOINT & SURVIVING SPOUSE |
| $1,194.40 | $895.80 | 75% CONTINGENT ANNUITANT/JOINT & SURVIVING SPOUSE |
| $1,124.14 | $1,124.14 | 100% CONTINGENT ANNUITANT/JOINT & SURVIVING SPOUSE |
| | | LIFE-TERM CERTAIN ANNUITY OPTIONS - This option provides you with a monthly benefit for your lifetime. If you die within the selected guaranteed period, your named beneficiary will continue to receive the same monthly amount for the balance of the period. If you live longer than the guaranteed period, payments stop at your death. |
| $1,377.08 | | 5 YEAR CERTAIN |
| $1,306.82 | | 10 YEAR CERTAIN |
| $1,222.51 | | 15 YEAR CERTAIN |
| $1,138.20 | | 20 YEAR CERTAIN |
| $1,838.74 | to 06/01/2011 | LEVEL INCOME OPTION - This option pays a larger benefit to age 62 and a benefit after age 62, reduced to account for social security. |
| $647.74 | thereafter | Payments stop at your death. |
| $1,788.33 | to 06/01/2014 | LEVEL INCOME OPTION - This option pays a larger benefit to age 65 and a benefit after age 65, reduced to account for social security. |
| $314.33 | thereafter | Payments stop at your death. |
| $1,292.77 | | FULL CASH REFUND ANNUITY - This option provides you with a monthly benefit for lifetime with a guarantee that if you die before receiving payments equal to the total annuity value, your named beneficiary will receive the difference in a lump sum. If you die after the monthly payments exceed the annuity value, payments stop at your death. |

ANNUITY VALUE
$185,986.11

If you are not married, the single life annuity is the basic form of retirement benefit under the plan.

If you are married, the joint & surviving spouse annuity is the basic form of retirement benefit under the plan and is payable in the amounts shown under the 50% contingent annuitant option above.

## SCHEDULE OF DEATH BENEFIT AFTER RETIREMENT

Name            EDWARD H PHILLIPS          Retirement Date  03/01/2001
Social Security Number  ████████          Hire Date        10/14/1974
Plan Number                    001A        Birth Date       ████████
                                            Date Prepared    09/13/2004

### DEATH BENEFITS AFTER RETIREMENT

| Amount | From | To |
|--------|------|-----|
| $5,000.00 | 03/01/2001 | Thereafter |

BRYAN SICKING

Bryan T. Sicking
4874 Hunt Road #204
Cincinnati, Ohio 45242
513.984.3790

October 12, 2003

Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, TN 38197

Dear Sharon Barger,

I received a court ordered Notice of September 24, 2003 from U.S. District Court Judge Sandra S. Beckwith regarding case No. C-1-01-109, Dalesandro, et al. v. The International Paper Company. This notice requires that I, as a member of the class action lawsuit, inform you of any errors in the calculation of my severance package from Policy # 828.

Exhibit A to Class Notice does have the correct weekly pay amount of $961.54. However, there are several calculation errors and omissions from Policy #828 that makes my calculated severance amount of $10,269.25 incorrect. Exhibit A states that my weeks of severance to be 10.68. This value does not include all benefits clearly stated in the entire #828 package that I am eligible for.

Under Section 4 of Policy #828 I am entitled to 9 months of Cobra medical and dental coverage. COBRA payroll deduction was offered at $22.95 per pay for medical and $11.22 per pay for dental. Over 18 pay periods this amounts to $615.06.

Under Section 7.1 of Policy #828 I am entitled to two (2) weeks of unused vacation pay, or $1,923.08

Lastly my calculated years of service are incorrect. Exhibit A shows that I had accumulated 0.68 years of service at the time the severance should have been issued. While I was in college I participated in a co-op program through Miami University's Paper Science department. From January 1998 through August 1998, I worked 40 hours per week as a process engineer co-op at Champion International's B Street facility in Hamilton, OH. When I was hired full time by Champion International in June 2000, this 8-month co-op time counted toward my years of service with the company. Therefore my correct years of service should be 0.68 + 0.66, totaling 1.34 years of service.

Therefore Exhibit A to Class Notice should reflect the following for 13.34 weeks:

| | |
|---|---|
| Salary | $10903.86 |
| Vacation | $1,923.08 |
| Cobra | $615.06 |
| Total | $13,442.00 |

Sincerely,

Bryan Sicking

RECEIVED OCT 1 5 2003



INTERNATIONAL PAPER

International Place I
6400 Poplar Ave.
Memphis, TN 38197
Phone 901 763 6000

September 8, 2004

Bryan T. Sicking
4874 Hunt Road #204
Cincinnati, Ohio 45242

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Mr. Sicking,

We are in receipt of your letter dated October 12, 2003, in which you question the years of service used for the calculation of possible severance benefits payable under Champion International Corporation Reorganization Severance Policy #828 ("the Plan") as well as entitlement to vacation pay and reimbursement for COBRA coverage. The following will explain the results of our research.

A review of your records indicates a previous period of Champion service should have been included in your estimated severance calculation. A corrected Exhibit A is enclosed which reflects your co-op service.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with information related to their COBRA benefits at the time of the sale to Smart Papers. Under COBRA, continuation coverage must be elected within 60 days after your coverage ends or you are notified of your eligibility for continuation coverage, whichever is later. As the time for electing COBRA coverage has long past, you are no longer eligible for COBRA benefits. Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you became eligible for Smart Paper's coverage which was comparable to the coverage provided by International Paper. When you obtained comparable coverage, you eligibility for COBRA ended. Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,


Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

/slb

Encl.

CC: File

ESTIMATED
SEVERANCE PLAN STATEMENT
POLICY 828


BRYAN SICKING

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

HAMILTON, OH

PREM PAPERS MILL OP

002HAOH


|  |  |
|---|---|
| HIRE DATE: | 10/23/99 |
| TERMINATION DATE: | 02/09/01 |
| WEEKLY PAY: | $961.54 |
| YEARS OF SERVICE: | 1.30 |

|  |  |
|---|---|
| WEEKS OF SEVERANCE: | 11.30 |
| SEVERANCE PAY: | $10,865.41 |

OR, IF GREATER,

|  |  |
|---|---|
| IP YEARS OF SERVICE: | 2 |
| IP SEVERENCE WEEKS: | 4.00 |
| IP SEVARANCE PAY: | $3,846.16 |


THIS ESTIMATE WAS BASED ON THE DEMOGRAPHIC INFORMATION
ABOVE AND THE WEEKS OF SEVERANCE WERE BASED ON YOUR LAST
DATE OF HIRE WITH THE COMPANY.  IF YOU HAVE ADDITONAL
SERVICE THAT MAY BE USED IN THE SEVERANCE CALCULATION,
PLEASE SEE YOUR HUMAN RESOURCES REPRESENTATIVE

05/28/04

PATRICIA STORTON

Patricia A Storton
228 Golfview Dr
Maggie Valley, NC 28751
828-926-0432 HM
828-646-3128 WK

October 31, 2003

Sharon Barger

I disagree with the severance benefits calculation for case no. C-1-01-109 (Dalesandro, et al. v. The International Paper Company) for Patricia Storton. The calculation of 11.75 weeks doesn't include my 3 weeks of vacation. The total amount should be 14.75 weeks under policy #828.

Attached is a copy of the original severance calculation, that doesn't include the 3 weeks of vacation.

The new severance amount is $23,458.52.

I also worked for International Paper from August 1986 through May 1999 (12.75 years). I don't know if I can bridge the years I previously worked at IP with the 1.75 years I worked at Champion (Hamilton) since I was shortly re-employed by International Paper when they purchased Champion.

Please review and send me a written reply. Thank you for your time.

Sincerely,

Patricia Storton

Patricia Storton

RECEIVED NOV 0 6 2003

## Exhibit A to Class Notice

### Patricia A. Storton

<u>YOUR SEVERANCE PAY CALCULATION UNDER POLICY #828</u>

| Years of Service | Age at February 9, 2001 Termination | Weeks of Severance |
|---|---|---|
| 1.75 | 46 | 11.75 |

**#828 Severance Pay Amount:  $18,687.09**



**INTERNATIONAL PAPER**

International Place I
6400 Poplar Ave.
Memphis, TN 38197
Phone 901 763 6000

May 25, 2004

Patricia Storton
228 Golfview Drive
Maggie Valley, NC 28751

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Ms. Storton,

We are in receipt of your letter dated October 31, 2003, in which you question the years of service used for the calculation of possible severance benefits payable under Champion International Corporation Reorganization Severance Policy #828 ("the Plan"). The following will explain the results of our research.

Severance benefits are calculated by using earnings and credited service as defined by the Plan. Section 1.4 defines Credited Service as "an Eligible Employee's period of employment with the Company…" Section 1.3 of the Plan defines Company as, "Champion International Corporation prior to the Merger (including it's United states subsidiaries), and after the Merger Company is the corporation that survives the Merger."

By definition, only your years of Champion service can be used in a calculation of estimated benefits under the Plan. Your request to have your prior years of service with International Paper combined with your Champion years in the calculation of your estimated severance from the Plan is denied.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill, the asset purchase agreement required Smart Papers to honor earned and accrued vacation for the employees it retained following the sale. Because you were retained by Smart Papers, Smart Papers was required to provide you with your earned and accrued vacation.

Cordially,


Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

/slb

CC: File

TIMOTHY W. THOMPSON

# TIMOTHY W. THOMPSON
## 429 BRANDHAM WAY
### DOWNINGTOWN, PA 19335

**RECEIVED**

OCT 1 5 2003

**BENEFITS ADM.**

October 10, 2003

Ms. Sharon Harper
International Paper
6400 Poplar Avenue
Memphis, TN 38197

R,    Dalesandro, et al. v. **The International Paper Company**
      Case No. C-1-01-109
      U. S. District Court, **Southern District of Ohio**

Dear Ms. Harper:

I believe that an error was made in the calculation of my severance pay under Policy #878. In this calculation I am not credited with prior years of service with Champion International Corporation – June, 1973 to August, 1982 – 9.17 years. Thus bringing total years of service to 10.71 years.

Taking this additional service time into account, I am also eligible for the enhanced monthly pension benefits provided under the "Flex Six" amendments to the Champion Salaried Retirement Plan #001.

Sincerely,

Timothy W. Thompson

May 6, 2004

Timothy W. Thompson
429 Brandham Way
Downington, PA 19335

Re:    Champion International Corporation Reorganization Severance Policy #828

Dear Mr. Thompson,

We are in receipt of your letter dated October 10, 2003, in which you question the
years of service used for the calculation of possible severance benefits payable
under Champion International Corporation Reorganization Severance Policy #828
("the Plan"). The following will explain the results of our research.

A review of your records indicates a previous period of Champion service should
have been included in your estimated severance calculation. A corrected Exhibit A
is enclosed.

In your letter you also indicate if the additional service is included for severance, you
would also be entitled to the pension enhancement under the Plan, Flex 6. Section
3 of the Plan states that an Eligible Employee's pension benefit from the Retirement
Plan can be enhanced if they have attained age 49 at their termination date and their
age and years of service equal at least 59. Although your previous period of
employment is includable for the calculation of severance, it is not included under
the pension plan.

Records indicate that at the time of your termination in 1982, participants must have
at least 10 years of service to be considered vested in a non-forfeitable right to a
pension benefit. At the time of your termination, you did not have the required 10
years of service and, therefore, was not vested under the plan.

Timothy Thompson
May 6, 2004
Page 2

The plan does have provisions for breaks in service. The Champion International Salaried Employees Summary Plan Description (SPD) states that non-vested employees with a break in service between January 1, 1976 through December 31, 1984, can retain their previous years of vesting and credited service if the length of time away was less than their years of service prior to the break. Unfortunately, your period of time away was greater than your period of employment and cannot be included with your years of service from your second period of employment.

For the reasons stated above, it is my determination that you were not eligible for the Pension Enhancement under the Plan and your request is denied.

Cordially,


Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

/slb

CC: File

```
                         ESTIMATED
              SEVERANCE PLAN STATEMENT
                       POLICY 828


               TIMOTHY W. THOMPSON

               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

               HAMILTON, OH

               PREMIUM PAPER SALES

               002HAOH


         HIRE DATE:        05/10/90

   TERMINATION DATE:       02/09/01

        WEEKLY PAY:        $1,661.54

   YEARS OF SERVICE:       10.75



 WEEKS OF SEVERANCE:       20.75

      SEVERANCE PAY:       $34,476.96

           OR, IF GREATER,

 IP YEARS OF SERVICE:       11

 IP SEVERENCE WEEKS:       22.00

    IP SEVERENCE PAY:      $36,553.88
```

THIS ESTIMATE WAS BASED ON THE DEMOGRAPHIC INFORMATION
ABOVE AND THE WEEKS OF SEVERANCE WERE BASED ON YOUR LAST
DATE OF HIRE WITH THE COMPANY.   IF YOU HAVE ADDITONAL
SERVICE THAT MAY BE USED IN THE SEVERANCE CALCULATION,
PLEASE SEE YOUR HUMAN RESOURCES REPRESENTATIVE

06/27/04

CHARLES E. VON BARGEN

Charles E. von Bargen
4603 Beechknoll Lane
Liberty Township, Ohio 45011
Phone: 513-868-0807

**RECEIVED**

October 7, 2003

OCT 1 3 2003

Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, Tennessee 38197

**BENEFITS ADM.**

Dear Ms. Barger,

I have received a Court Ordered Notice from Murdock, Goldenberg, Schneider and Groh, LPA concerning my rights to severance benefits due to the termination of my employment by International Paper Company.

The **Exhibit A** of this notice (attached) which I understand was provided by International Paper in regard to my personal severance pay calculation in accordance with Judge Beckwiths's ruling is <u>incorrect</u>.

As a "non-represented regular salaried employee of the Company" terminated without cause I am entitled to under "Summary Plan Description - Champion International Corporation Reorganization Severance Policy #828" the following severance benefits:

| BENEFIT | WEEKS |
|---|---|
| Ten (10) weeks regular earnings | 10 weeks |
| One week's earnings for each year of Credited Service | 20.42 weeks |
| One week's earnings for each year of Credited Service <u>over fifteen (15)</u> years | 5.42 weeks |
| Five weeks earned but unused vacation earned during the year 2000 | 5 weeks |
| **TOTAL NUMBER OF WEEKS** | **40.84 weeks** |
| Payment of continuation of medical and dental benefits under COBRA for the period until Smart Papers LLC arranged for medical and dental benefits. COBRA Medical $573.75. COBRA Dental $248.88 | **$ 822.63** |

My annual salary when terminated was $80,000/year which equates to **$1,538.47/week**.

My years of Credited Service from my original hire date with Champion International Corporation on September 8, 1980 until my termination on February 9, 2001 was **20.42 years**. I had received my <u>20 Year Service Award</u> in September 2000 just prior to my termination.

This comes to a total of **$63,653.75** which includes **40.84 weeks of pay** at a rate of **$1,538.47/week** and extended COBRA payments of **$822.63**.

I expect to hear from you at your earliest convenience.

Sincerely,

Charles E. von Bargen

Attachments (1) –Exhibit A to Class Notice - Charles E. von Bargen

**Exhibit A to Class Notice**

**Charles E. Von Bargen**

YOUR SEVERANCE PAY CALCULATION UNDER POLICY #828

| Weekly Pay | Years of Service | Age at February 9, 2001 Termination | Weeks of Severance |
|---|---|---|---|
| $1,538.47 | 16.65 | 40 | 28.30 |

**Your #828 Severance Pay Amount: $43,538.71**

{00008567; 1}



International Place I
6400 Poplar Ave.
Memphis, TN 38197
Phone 901 763 6000

September 8, 2004

Charles E. von Bargen
4603 Beechknoll Lane
Liberty Township, Ohio 45011

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Mr. von Bargen,

We are in receipt of your letter dated October 7, 2003, in which you question the years of service used for the calculation of possible severance benefits payable under Champion International Corporation Reorganization Severance Policy #828 ("the Plan") as well as entitlement to vacation pay and reimbursement for COBRA coverage. The following will explain the results of our research.

A review of your records indicates a previous period of Champion service should have been included in your estimated severance calculation. A corrected Exhibit A is enclosed.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with information related to their COBRA benefits at the time of the sale to Smart Papers. Under COBRA, continuation coverage must be elected within 60 days after your coverage ends or you are notified of your eligibility for continuation coverage, whichever is later. As the time for electing COBRA coverage has long past, you are no longer eligible for COBRA benefits. Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you became eligible for Smart Paper's coverage which was comparable to the coverage provided by International Paper. When you obtained comparable coverage, you eligibility for COBRA ended. Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,


Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

/slb

Encl.

CC: File

ESTIMATED
SEVERANCE PLAN STATEMENT
POLICY 828


CHARLES E. VON BARGEN

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

HAMILTON, OH

PREM PAPERS MILL OP

002HAOH


HIRE DATE:          09/08/80

TERMINATION DATE:   02/09/01

WEEKLY PAY:         $1,538.47

YEARS OF SERVICE:   20.42


WEEKS OF SEVERANCE:   35.84

SEVERANCE PAY:        $55,138.77


OR, IF GREATER,

IP YEARS OF SERVICE:    21

IP SEVERENCE WEEKS:     42.00

IP SEVERENCE PAY:       $64,615.74


THIS ESTIMATE WAS BASED ON THE DEMOGRAPHIC INFORMATION
ABOVE AND THE WEEKS OF SEVERANCE WERE BASED ON YOUR LAST
DATE OF HIRE WITH THE COMPANY.  IF YOU HAVE ADDITONAL
SERVICE THAT MAY BE USED IN THE SEVERANCE CALCULATION,
PLEASE SEE YOUR HUMAN RESOURCES REPRESENTATIVE

05/28/04