SPENCER M. ADSIT

4450 Oxford Trenton Rd.
Oxford, OH 45056
October 8, 2003

Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, Tennessee 38197

Re:    Dalesandro, vs International Paper
       Case No. C-1-01-109
       US District Court, Southern District of Ohio

       Dear Ms Barger:
       In response to the court ordered Notice of September 24, 2003, we the individual
members are to notify you, in writing, of discrepancies in the calculation of our severance
pay and severance benefits of Severance Policy 828.

       You did indeed calculate my weeks of service and weekly pay correctly. That
number 0.98 weeks at $1,442.31 or $15,836.57, however I believe you left off other
pertinent benefits that were part of the entire 828 package that I am eligible for, that
being vacation pay and 9 months of COBRA coverage.

       I believe I am entitled to three (3) weeks of vacation pay, totaling $4,326.93.

       Also, I believe I am entitled to the value of 9 months of Cobra at ($95.63 medical
& $25.14 dental per pay) for 18 pay periods or $2,173.86. Please excuse me if I am in
error on this amount, as I no longer have all those old medical records.

This should bring the total owed to me by International Paper to:

| | |
|---|---|
| Salary | $15,836.57 |
| Vacation | $4,326.93 |
| Cobra | $2,173.86 |
| Total | $22,337.36 |

Sincerely,

Spencer Adsit

Spencer M. Adsit

cc:
Murdock,Goldenberg,Schneider & Groh

RECEIVED OCT 2 3 2003



International Place I
6400 Poplar Ave.
Memphis, TN  38197
Phone 901 763 6000

June 16, 2004

Mr. Spencer M. Adsit
4450 Oxford Trenton Road
Oxford, OH  45056

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Mr. Adsit:

We are in receipt of your letter dated 10/23/2003, in which you question your entitlement to
vacation and/or COBRA.  The following will explain the results of our research.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill,
the asset purchase agreement required Smart Papers to honor earned and accrued vacation for
the employees it retained following the sale.  Because you were retained by Smart Papers,
Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with
information related to their COBRA benefits at the time of the sale to Smart Papers.  Under
COBRA, continuation coverage must be elected within 60 days after your coverage ends or you
are notified of your eligibility for continuation coverage, whichever is later.  As the time for
electing COBRA coverage has long past, you are no longer eligible for COBRA benefits.
Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you
became eligible for Smart Paper's coverage which was comparable to the coverage provided by
International Paper.  When you obtained comparable coverage, you eligibility for COBRA
ended.  Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,




Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

RICHARD AHNER

October 10, 2003

Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, Tennessee 38197

Re:    Dalesandro, vs International Paper
        Case No. C-1-01-109
        US District Court, Southern District of Ohio

Dear Ms Barger:
In response to the court ordered Notice of September 24, 2003, we the individual
members are to notify you in writing of discrepancies in the calculation of our severance
pay and severance benefits of Severance Policy 828.

You did indeed calculate my weeks of service and weekly pay correctly. That number
14.10 weeks at $1,232.70 or $17,381.07, however you left off other pertinent benefits
that were part of the entire 828 package that I am eligible for, that being vacation pay and
9 months of COBRA coverage.

I am entitled to three (4) weeks of vacation pay, $4,930.80.

Also 9 months of Cobra at ($95.63 medical & $25.14 dental per pay) for 18 pay periods
or $2,173.86.

This brings the total owed to me from International Paper to:

| | |
|---|---|
| Salary | $17,381.07 |
| Vacation | $4,930.80 |
| Cobra | $2,173.86 |
| Total | $24,485.73 |

Sincerely

Richard Ahner
12025 Bridgeport Lane
Springdale, Ohio 45240

Cc:
Murdock,Goldenberg,Schneider & Groh

RECEIVED OCT 2 0 2003



International Place I
6400 Poplar Ave.
Memphis, TN 38197
Phone 901 763 6000

May 25, 2004

Mr. Richard J. Ahner
12025 Bridgeport Lane
Springdale, OH 45240

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Mr. Ahner:

We are in receipt of your letter dated 10/20/2003, in which you question your entitlement to vacation and/or COBRA. The following will explain the results of our research.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill, the asset purchase agreement required Smart Papers to honor earned and accrued vacation for the employees it retained following the sale. Because you were retained by Smart Papers, Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with information related to their COBRA benefits at the time of the sale to Smart Papers. Under COBRA, continuation coverage must be elected within 60 days after your coverage ends or you are notified of your eligibility for continuation coverage, whichever is later. As the time for electing COBRA coverage has long past, you are no longer eligible for COBRA benefits. Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you became eligible for Smart Paper's coverage which was comparable to the coverage provided by International Paper. When you obtained comparable coverage, you eligibility for COBRA ended. Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,


Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

**MIKE J. ALLEN**

October 12, 2003


Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, Tennessee 38197

Re:    Dalesandro, VS International Paper
       Case No. C-1-01-109
       US District Court, Southern District of Ohio

Dear Ms Barger:
In response to the court ordered Notice of September 24, 2003, we the individual
members are to notify you in writing of discrepancies in the calculation of our severance
pay and severance benefits of Severance Policy 828.

You did indeed calculate my weeks of service and weekly pay correctly. That number
46.26 weeks at 1,361.54, however you left off other pertinent benefits that were part of
the entire 828 package that I am eligible for, that being vacation pay and 9 months of
COBRA coverage.

I am entitled to eight (8) weeks of vacation pay at 10, 892.32. I have two extra weeks of
vacation that I did not take. I have sent you the letter from Annetta Johnson explaining
why.

Also 9 months of COBRA at ($95.63 medical & $25.14 dental per pay) for 18 pay
periods or $2,173.86.

This brings the total owed to me from International Paper to:
| Salary   | $62,984.85 |
|----------|------------|
| Vacation | $10,892.32 |
| Cobra    | $2,173.86  |
| Total    | $76,051.03 |


Sincerely,    Mike Allen


Mike Allen

Cc:
Murdock, Goldenberg, Schneider & Groh

RECEIVED OCT 1 6 2003



International Place I
6400 Poplar Ave.
Memphis, TN 38197
Phone 901 763 6000

May 25, 2004

Mr. Mike J. Allen
6009 Wayne Trace Rd.
Somerville, OH 45064

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Mr. Allen:

We are in receipt of your letter dated 10/16/2003, in which you question your entitlement to vacation and/or COBRA. The following will explain the results of our research.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill, the asset purchase agreement required Smart Papers to honor earned and accrued vacation for the employees it retained following the sale. Because you were retained by Smart Papers, Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with information related to their COBRA benefits at the time of the sale to Smart Papers. Under COBRA, continuation coverage must be elected within 60 days after your coverage ends or you are notified of your eligibility for continuation coverage, whichever is later. As the time for electing COBRA coverage has long past, you are no longer eligible for COBRA benefits. Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you became eligible for Smart Paper's coverage which was comparable to the coverage provided by International Paper. When you obtained comparable coverage, you eligibility for COBRA ended. Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,


Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

January 11, 2001

I have two weeks vacation remaining from the year 2000. I was told by Annetta Johnson that I have until April 1, 2001 to take my two remaining weeks of vacation that is left over from 2000. I was informed by Annetta Johnson that if I am not employed with Smart Papers that I will be paid for the two weeks vacation remaining from 2000.



_Mike Allen_
**Mike Allen**

_Annetta Johnson_
**Annetta Johnson**



SHARON N. ALLEN

October 15, 2003

Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, Tennessee 38197

Re: Dalesandro, vs. International Paper
    Case No. C-1-01-109
    US District Court, Southern District of Ohio

Dear Ms. Barger:

In response to the court ordered Notice of September 24, 2003, we the individual members are to notify you in writing of discrepancies in the calculation of our severance pay and severance benefits of Severance Policy #828.

You did indeed calculate my weeks of service and weekly pay correctly. That number 30.72 weeks at $ 650.97 or $ 19,997.80, however you left off other pertinent benefits that were part of the entire 828 package that I am eligible for, that being vacation pay and 9 months of COBRA coverage.

I am entitled to five (5) weeks of vacation pay, $3,254.85.

Also, 9 months of COBRA at ($95.63 medical and $25.14 dental per pay) for 18 pay periods or $2,173.86.

This brings the total owed to me from International Paper to:

| | |
|---|---|
| Salary | $19,997.80 |
| Vacation | $ 3,254.85 |
| COBRA | $ 2,173.86 |
| Total | $25,426.51 |

Sincerely,

Sharon Allen          *Sharon N Allen 10/16/03*

Cc:
Murdock, Goldenberg, Schneider & Groh

RECEIVED OCT 2 0 2003



International Place I
6400 Poplar Ave.
Memphis, TN  38197
Phone 901 763 6000

May 25, 2004

Ms. Sharon N. Allen
5297 Layhigh Road
Hamilton, OH  45013

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Ms. Allen:

We are in receipt of your letter dated 10/20/2003, in which you question your entitlement to vacation and/or COBRA.  The following will explain the results of our research.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill, the asset purchase agreement required Smart Papers to honor earned and accrued vacation for the employees it retained following the sale.  Because you were retained by Smart Papers, Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with information related to their COBRA benefits at the time of the sale to Smart Papers.  Under COBRA, continuation coverage must be elected within 60 days after your coverage ends or you are notified of your eligibility for continuation coverage, whichever is later.  As the time for electing COBRA coverage has long past, you are no longer eligible for COBRA benefits.  Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you became eligible for Smart Paper's coverage which was comparable to the coverage provided by International Paper.  When you obtained comparable coverage, you eligibility for COBRA ended.  Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,


Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

BRETT ANDROSKI



INTERNATIONAL PAPER

International Place I
6400 Poplar Ave.
Memphis, TN 38197
Phone 901 763 6000

May 25, 2004

Mr. Brett Androski
9045 Shadetree Drive
Cincinnati, OH 45242

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Mr. Androski:

We are in receipt of your letter dated 10/14/2003, in which you question your entitlement to
vacation and/or COBRA. The following will explain the results of our research.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill,
the asset purchase agreement required Smart Papers to honor earned and accrued vacation for
the employees it retained following the sale. Because you were retained by Smart Papers,
Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with
information related to their COBRA benefits at the time of the sale to Smart Papers. Under
COBRA, continuation coverage must be elected within 60 days after your coverage ends or you
are notified of your eligibility for continuation coverage, whichever is later. As the time for
electing COBRA coverage has long past, you are no longer eligible for COBRA benefits.
Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you
became eligible for Smart Paper's coverage which was comparable to the coverage provided by
International Paper. When you obtained comparable coverage, you eligibility for COBRA
ended. Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,


Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

Bret Androski
9045 Shadetree Dr.
Cincinnati, OH 45242
(513) 791-9048

October 10, 2003

Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, Tennessee 38197

Re:    Dalesandro, vs International Paper
       Case No. C-1-01-109
       US District Court, Southern District of Ohio

Dear Ms Barger:

In response to the court ordered Notice of September 24, 2003, we the individual members are to notify you in writing of discrepancies in the calculation of our severance pay and severance benefits of Severance Policy 828. This letter is my communication that my benefits have not been completely accounted for in my Exhibit A to Class Notice, Severance Pay Calculation Under Policy #828.

You did calculate my weeks of service and weekly pay correctly. That number is 19.92 weeks at $1,476.93 per week or $29,420.45. You did not account for other pertinent benefits that were part of the entire 828 package that I am eligible for, that being vacation pay and COBRA coverage.

I am entitled to three (3) weeks of vacation pay at $1,476.93 per week or $4,430.79.

I am also entitled to nine months Cobra coverage which amounted to $504.90 in costs to me.

This brings the total owed to me from International Paper to:

| | |
|---|---|
| Salary | $29,420.45 |
| Vacation | $4,430.79 |
| Cobra | $504.90 |
| Total | $34,356.14 |

Sincerely,

*Bret Androski*

Bret Androski

cc:
Murdock,Goldenberg,Schneider & Groh

RECEIVED OCT 1 4 2003

**ANDREA ANGST**



International Place I
6400 Poplar Ave.
Memphis, TN 38197
Phone 901 763 6000

May 25, 2004

Ms. Andrea Angst
611 Leo Drive
Hamilton, OH 45013

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Ms. Angst:

We are in receipt of your letter dated 10/20/2003, in which you question your entitlement to vacation and/or COBRA. The following will explain the results of our research.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill, the asset purchase agreement required Smart Papers to honor earned and accrued vacation for the employees it retained following the sale. Because you were retained by Smart Papers, Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with information related to their COBRA benefits at the time of the sale to Smart Papers. Under COBRA, continuation coverage must be elected within 60 days after your coverage ends or you are notified of your eligibility for continuation coverage, whichever is later. As the time for electing COBRA coverage has long past, you are no longer eligible for COBRA benefits. Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you became eligible for Smart Paper's coverage which was comparable to the coverage provided by International Paper. When you obtained comparable coverage, you eligibility for COBRA ended. Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,

Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

October 10, 2003

Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, Tennessee 38197

Re:    Angst, vs. International Paper
       Case No. C-1-01-109
       US District Court, Southern District of Ohio

Dear Ms. Barger:

In response to the court ordered Notice of September 24, 2003, we, the individual members are to
notify you in writing of discrepancies in the calculation of our severance pay and severance benefits
of Severance Policy 828.

You did calculate my weeks of service and weekly pay correctly. The calculation of 27.38 weeks at
$598.08, or a total of $16,375.44 is correct. However, you left off other pertinent benefits that were
part of the entire 828 package that I am eligible for. I am also entitled to 4 weeks vacation pay. That
would calculate out to 4 weeks X $598.08, or $2,392.32.

The total owed to me would be:

Severance pay amount    $16,375.44
Vacation pay            $2,392.32
TOTAL                   $18,767.76

Sincerely,

*Andrea E. Angst*

Andrea E. Angst

Cc: Murdock, Goldenberg, Schneider & Groh

RECEIVED OCT 2 0 2003

DANIELLE BALES

October 13, 2003

Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, Tennessee 38197

Re:    Dalesandro, vs International Paper
       Case No. C-1-01-109
       US District Court, Southern District of Ohio

Dear Ms Barger:

In response to the court ordered Notice of September 24, 2003, we the individual members are to notify you in writing of discrepancies in the calculation of our severance pay and severance benefits of Severance Policy 828.

You did indeed calculate my weeks of service and weekly pay correctly. That number 12.10 weeks at $ 527.89 or $6,387.47, however you left off other pertinent benefits that were part of the entire 828 package that I am eligible for, that being vacation pay.

I am entitled to two (2) weeks of vacation pay, $1,055.78.

This brings the total owed to me from International Paper to:

| Salary | $6,387.47 |
|---|---|
| Vacation | $1,055.78 |
| Total | $7,443.25 |

Sincerely,

Danielle Bales

Danielle Bales

Cc:
Murdock,Goldenberg,Schneider & Groh

RECEIVED OCT 2 0 2003



International Place I
6400 Poplar Ave.
Memphis, TN  38197
Phone 901 763 6000

May 25, 2004

Ms. Danielle Bales
7515 Winkler Drive
Hamilton, OH  45011

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Ms. Bales:

We are in receipt of your letter dated 10/20/2003, in which you question your entitlement to
vacation.  The following will explain the results of our research.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill,
the asset purchase agreement required Smart Papers to honor earned and accrued vacation for
the employees it retained following the sale.  Because you were retained by Smart Papers,
Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with
information related to their COBRA benefits at the time of the sale to Smart Papers.  Under
COBRA, continuation coverage must be elected within 60 days after your coverage ends or you
are notified of your eligibility for continuation coverage, whichever is later.  As the time for
electing COBRA coverage has long past, you are no longer eligible for COBRA benefits.
Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you
became eligible for Smart Paper's coverage which was comparable to the coverage provided by
International Paper.  When you obtained comparable coverage, you eligibility for COBRA
ended.  Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,


Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

JOSEPH A. BERGERON



**RECEIVED**    26 September, 2003

Sharon Barger
International Paper        OCT 0 7 2003
6400 Poplar Avenue
Memphis, Tennessee 38197   **BENEFITS ADM.**

Dear Ms. Barger,

I am writing relative to the severance payout calculated by International Paper in response to a ruling by Judge Beckwith in the civil case No. C-1-01-109, Dalesandro, et al. v. The International Paper Company.

I believe International Paper's calculation relative to the Severance Pay amount due under Champion/International Paper's Reorganization Policy # 828 to be incorrect for the following reasons:

1.  **The Section 2: Severance Benefits calculation is based on an incorrect number of years of "Credited Service".**

    At the time of my termination in February 2001 I had worked continuously for International Paper and its affiliated Companies (Union Camp and Champion International) for 20.5 years. Both Champion International and Union Camp were acquired by International Paper. My vested pension benefits are now the responsibility of International Paper. Therefore I believe my Credited Service years should be 20.5 not the 4.1 years used in the calculation.

    <u>Using 20.5 years in the Section 2: Severance Benefits calculation results in 36 weeks of severance benefits.</u>
    - (a) ten (10) weeks' Earnings; plus
    - (b) twenty and one half (20.5) weeks' Earnings for each year of Credited Service; plus
    - (c) Five and one half (5.5) weeks' Earnings for the 5.5 years of Credited Service over fifteen (15) years.

2.  **The Section 7: Miscellaneous Benefits, paragraph 7.1: Vacation Pay calculation was completely missing from the Exhibit A calculation.**

    "Policy #828" provided for reimbursement for earned but unused vacation under Section 7, paragraph 7.1. My years of service with International Paper entitled me to five (5) weeks of paid vacation each year. At the time of my termination from International Paper in February of 2001, I had earned in 2000 but not taken in 2001, five weeks of vacation. Therefore, <u>an additional five (5) weeks of severance pay is due as a result of earned but unused vacation.</u>

    These two items taken together result in a total <u>of 41 weeks of severance pay owed by International Paper</u> under the terms and conditions of Champion/International Paper Reorganization Policy # 828.

RECEIVED OCT 0 7 2003

The #828 Severance Pay Amount due in total would be as follows:

| | | Age on |
|---|---|---|
| **Weekly Pay** | | **February 9, 2001** |
| **$2100** | | **44** |

| | Years of Service | Weeks of Severance |
|---|---|---|
| **Section 2 Benefit:** | 20.5 | 36 |
| | **Weeks of Vacation Earned/Untaken** | |
| **Section 7.1 Benefit:** | 5 | <u>5</u> |
| **Total Weeks of Severance Due** | | 41 |

**#828 Severance Pay Amount: $86,100.00**

This calculation is consistent with the claim made by me in my original application letter for benefits submitted on January 7, 2002 and in my appeal of my original claim's denial dated April 17, 2002 in accordance with the provisions of Champion/International Paper's Reorganization Policy # 828. My original claim was denied but the amount was not disputed. My appeal was denied but the amount was not disputed.

I await your favorable reply to my interpretation of the correct calculation for severance benefits due.

Respectfully submitted,

*Joseph A. Bergeron*

Joseph A. Bergeron
242 North Ridge Drive
Oxford, OH 45056-8867



International Place I
6400 Poplar Ave.
Memphis, TN 38197
Phone 901 763 6000

May 25, 2004

Joseph A. Bergeron
242 North Ridge Drive
Oxford, Ohio 45056-8867

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Mr. Bergeron,

We are in receipt of your letter dated September 26, 2003, in which you question the years of
service used for the calculation of possible severance benefits payable under Champion
International Corporation Reorganization Severance Policy #828 ("the Plan") as well as
entitlement to vacation pay. The following will explain the results of our research.

Severance benefits are calculated by using earnings and credited service as defined by the
Plan. Section 1.4 defines Credited Service as "an Eligible Employee's period of employment
with the Company…" Section 1.3 of the Plan defines Company as, "Champion International
Corporation prior to the Merger (including it's United states subsidiaries), and after the Merger
Company is the corporation that survives the Merger."

By definition, only your years of Champion service can be used in a calculation of estimated
benefits under the Plan. Your request to have all of your years of service with Union Camp and
Champion used in the calculation of your estimated severance from the Plan is denied.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill,
the asset purchase agreement required Smart Papers to honor earned and accrued vacation for
the employees it retained following the sale. Because you were retained by Smart Papers,
Smart Papers was required to provide you with your earned and accrued vacation.

Cordially,



Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

/slb
Encl.
CC: File

RICK BERNARD

October 19, 2003


Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, Tennessee 38197

Re:    Dalesandro, vs International Paper
       Case No. C-1-01-109
       US District Court, Southern District of Ohio

Dear Ms Barger:
In response to the court ordered Notice of September 24, 2003, we the individual
members are to notify you in writing of discrepancies in the calculation of our severance
pay and severance benefits of Severance Policy 828.

You did indeed calculate my weeks of service correctly, but by my records my weekly
pay is incorrect. The number of entitled weeks is 11.01 at $1145.84 weekly for a total of
$12,615.70.  However you left off other pertinent benefits that was part of the entire 828
package that I am eligible for, that being vacation pay and 9 months of COBRA
coverage.

I am entitled to two (2) weeks of vacation pay totaling $2291.67

                            AND

9 months of Cobra at ($95.63 medical & $25.14 dental per pay) for 18 pay periods or
$2,173.86.

This brings the total owed to me from International Paper to:

|          |            |
|----------|------------|
| Salary   | $12,615.70 |
| Vacation | $2,291.67  |
| Cobra    | $2,173.86  |
| Total    | $17,081.23 |


Sincerely,

Rick Bernard

Cc: Murdock, Goldenberg, Schneider & Groh


RECEIVED OCT 2 2 2003



International Place I
6400 Poplar Ave.
Memphis, TN 38197
Phone 901 763 6000

May 25, 2004

Mr. Rick Bernard
1216 Middletown-Eaton Rd.
Middletown, OH  45042

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Mr. Bernard:

We are in receipt of your letter dated 10/22/2003, in which you question your entitlement to vacation and/or COBRA.  The following will explain the results of our research.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill, the asset purchase agreement required Smart Papers to honor earned and accrued vacation for the employees it retained following the sale.  Because you were retained by Smart Papers, Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with information related to their COBRA benefits at the time of the sale to Smart Papers.  Under COBRA, continuation coverage must be elected within 60 days after your coverage ends or you are notified of your eligibility for continuation coverage, whichever is later.  As the time for electing COBRA coverage has long past, you are no longer eligible for COBRA benefits. Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you became eligible for Smart Paper's coverage which was comparable to the coverage provided by International Paper.  When you obtained comparable coverage, you eligibility for COBRA ended.  Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,


Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator



International Place I
6400 Poplar Ave.
Memphis, TN 38197
Phone 901 763 6000

**CORRECTION**

September 16, 2004

Mr. Rick Bernard
1216 Middletown-Eaton Rd.
Middletown, OH  45042

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Mr. Bernard:

We are in receipt of your letter dated 10/22/2003, in which you question the amount of the earnings used for the calculation of possible severance benefits payable under Champion International Corporation Reorganization Severance Policy #828 ("the Plan") in addition to your entitlement to vacation and/or COBRA. The following will explain the results of our research.

A review of payroll records indicates you were paid on a semi-monthly basis. Your semi-monthly pay was $2,291.67, or $55,000.08 annually, which, according to the plan is $1,057.70 per week for severance.

As a result of our findings, no change will be made to the estimated severance benefit quoted in our previous communication.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill, the asset purchase agreement required Smart Papers to honor earned and accrued vacation for the employees it retained following the sale. Because you were retained by Smart Papers, Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with information related to their COBRA benefits at the time of the sale to Smart Papers. Under COBRA, continuation coverage must be elected within 60 days after your coverage ends or you are notified of your eligibility for continuation coverage, whichever is later. As the time for electing COBRA coverage has long past, you are no longer eligible for COBRA benefits. Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you became eligible for Smart Paper's coverage which was comparable to the coverage provided by International Paper. When you obtained comparable coverage, you eligibility for COBRA ended. Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,



Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

JEFFREY R. BETZ

Jeffrey R. Betz
5651 Greenacres Ct.
Cincinnati, OH 45248

October 7, 2003

Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, TN 38197

Dear Sharon

In response the class action lawsuit brought against International Paper for our rights to severance benefits due to termination of employment by the International Paper Company, the calculations completed in Exhibit A are incorrect. There are several things that have not been included that I am entitled to under Champion International Paper Company Corporation Reorganization Policy #828 ("Policy #828").

1. The calculations made by International Paper for years of service were 3.65 yrs. Champion International Corporation's, and subsequently International Paper, policy was to credit a cooperative student with years of service if they came to work for the company after completing schooling from their original hire date. This was my case and my original hire date for International Paper is March 22, 1994. Based on Policy #828, I am entitled to one (1) week's (or partial week's) Earnings for each year (or partial year) of Credited Service. Policy #828's definition of "Credited Service is an Eligible Employee's period of employment with the Company to and including the date of Termination, but not including years of service that have been taken into account for a prior severance payment from the Company." Please see attached sheet showing my Original Hire date as shown on International Papers HR System. This would modify my Years of Service in Exhibit A to 6.89 yrs.

2. Section 7 of Policy #828 states that "An Eligible Employee will receive a lump sum payment for banked vacation, earned but unused vacation". Since International Papers' policy was to earn vacation during the year for the following year and since I had not used any vacation before termination in calendar year 2001, I am entitled to my earned but unused vacation totaling three (3) weeks.

3. Section 4 of Policy #828 states that "an eligible employee who elects COBRA coverage shall have the COBRA medical and dental premiums payments waived". Since I elected and paid COBRA premiums from May 4, 2001 through July 27, 2001 when I became eligible for another plan, I am entitled to a refund of premiums paid at a rate of $22.95 per pay period for 7 periods totaling $137.70.

In conclusions, my entitled benefits to be paid as a result of Termination under Policy #828 would total [10 Weeks + 6.89 weeks for Credited Service + 3 weeks earned but unused vacation + $137.10]. Based on my weekly pay of $1,115.39 this comes to:

**My #828 Severance Pay Amount: $22,322.81**

Sincerely,

Jeffrey R. Betz
Class Member

RECEIVED OCT 1 6 2003

# INTERNATIONAL ⊕ PAPER

International Place I
6400 Poplar Ave.
Memphis, TN 38197
Phone 901 763 6000

September 8, 2004

Jeffrey R. Betz
5651 Greenacres Ct.
Cincinnati, Ohio 45248

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Mr. Betz,

We are in receipt of your letter dated October 7, 2003, in which you question the years of service used for the calculation of possible severance benefits payable under Champion International Corporation Reorganization Severance Policy #828 ("the Plan") as well as entitlement to vacation pay and reimbursement for COBRA coverage. The following will explain the results of our research.

A review of your records indicates a previous period of Champion service should have been included in your estimated severance calculation. A corrected Exhibit A is enclosed which reflects your co-op service.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill, the asset purchase agreement required Smart Papers to honor earned and accrued vacation for the employees it retained following the sale. Because you were retained by Smart Papers, Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with information related to their COBRA benefits at the time of the sale to Smart Papers. Under COBRA, continuation coverage must be elected within 60 days after your coverage ends or you are notified of your eligibility for continuation coverage, whichever is later. As the time for electing COBRA coverage has long past, you are no longer eligible for COBRA benefits. Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you became eligible for Smart Paper's coverage which was comparable to the coverage provided by International Paper. When you obtained comparable coverage, you eligibility for COBRA ended. Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,


Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

/slb

Encl.

CC: File

```
                    ESTIMATED
              SEVERANCE PLAN STATEMENT
                    POLICY 828


              JEFFREY R. BETZ

              ███████████

              HAMILTON, OH

              PREM PAPERS MILL OP

              002HAOH


         HIRE DATE:        06/16/95

   TERMINATION DATE:       02/09/01

        WEEKLY PAY:        $1,115.39

   YEARS OF SERVICE:       5.65


  WEEKS OF SEVERANCE:      15.65

      SEVERANCE PAY:       $17,455.86

         OR, IF GREATER,

   IP YEARS OF SERVICE:        6

   IP SEVERENCE WEEKS:      12.00

      IP SEVERANCE PAY:    $13,384.68
```

THIS ESTIMATE WAS BASED ON THE DEMOGRAPHIC INFORMATION
ABOVE AND THE WEEKS OF SEVERANCE WERE BASED ON YOUR LAST
DATE OF HIRE WITH THE COMPANY.  IF YOU HAVE ADDITONAL
SERVICE THAT MAY BE USED IN THE SEVERANCE CALCULATION,
PLEASE SEE YOUR HUMAN RESOURCES REPRESENTATIVE

05/28/04
1

DAVID J. BIEKER

October 15, 2003

Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, Tennessee 38197

Re:    Dalesandro, vs International Paper
       Case No. C-1-01-109
       US District Court, Southern District of Ohio

Dear Ms Barger:
In response to the court ordered Notice of September 24, 2003, we the individual
members are to notify you in writing of discrepancies in the calculation of our severance
pay and severance benefits of Severance Policy #828.

You did calculate my weeks of service and weekly pay correctly. That number of 48.92
weeks at $ 1,153.85 for a total of $56,446.35 is correct, however you left off other
pertinent benefits that were part of the entire 828 package that I am eligible for, that
being vacation pay and nine months of COBRA coverage.

I am entitled to six (6) weeks of vacation pay, $1,152.85 x 6 for a total of $6,923.10.

Also, I do not know how much I paid into COBRA, if any.

This brings the total owed to me from International Paper to:

|  |  |
|---|---|
| Salary | $56,446.35 |
| Vacation | $6,923.10 |
| Cobra | you tell me |
| Total | $63,369.45 + |

Sincerely,

David J. Bieker
786 Millville-Oxford Road
Hamilton, Ohio
45013

Cc:
Murdock,Goldenberg,Schneider & Groh

RECEIVED OCT 2 0 2003



International Place I
6400 Poplar Ave.
Memphis, TN 38197
Phone 901 763 6000

May 25, 2004

Mr. David J. Bieker
786 Millville-Oxford Rd.
Hamilton, OH 45013

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Mr. Bieker:

We are in receipt of your letter dated 10/20/2003, in which you question your entitlement to vacation and/or COBRA. The following will explain the results of our research.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill, the asset purchase agreement required Smart Papers to honor earned and accrued vacation for the employees it retained following the sale. Because you were retained by Smart Papers, Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with information related to their COBRA benefits at the time of the sale to Smart Papers. Under COBRA, continuation coverage must be elected within 60 days after your coverage ends or you are notified of your eligibility for continuation coverage, whichever is later. As the time for electing COBRA coverage has long past, you are no longer eligible for COBRA benefits. Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you became eligible for Smart Paper's coverage which was comparable to the coverage provided by International Paper. When you obtained comparable coverage, you eligibility for COBRA ended. Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,

Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

**TOM BOKENO**

October 14, 2003

Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, Tennessee 38197

Re:    Dalesandro, vs International Paper
       Case No. C-1-01-109
       US District Court, Southern District of Ohio

Dear Ms Barger:

In response to the court ordered Notice of September 24, 2003, we the individual
members are to notify you in writing of discrepancies in the calculation of our severance
pay and severance benefits of Severance Policy 828.

There are three specific components of the Severance Policy 828 that apply to my
circumstance and should be included in the calculation of total benefits due.
These include;

1)  Section 2, Severance Benefits. It appears that Section 2 Severance Benefits have been
    calculated correctly. Specifically, 12.74 years of service (22.74 weeks of severance)
    at $1,500 weekly pay, equates to a payment of **$34,110**.

2)  Section 4, Cobra coverage was not included in your severance pay calculation. All
    payments made by me for Cobra coverage during the designated plan period should
    be included in the calculation of total severance benefits.

3)  Section 7.1, Vacations Pay was not included in your severance pay calculation. At the
    point of termination I had accrued 4 weeks of vacation at $1,500/week equaling a
    payment due to me of **$6,000**.

In summary, Section 2, Section 4, and Section 7.1 severance benefits should be included
in the payment of total severance benefits to me provided by Policy 828.

Sincerely,

Cc:
Murdock,Goldenberg,Schneider & Groh

RECEIVED OCT 2 2 2003



International Place I
6400 Poplar Ave.
Memphis, TN 38197
Phone 901 763 6000

May 25, 2004

Mr. Tom Bokeno
6094 Gray Road
Fairfield, OH 45014

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Mr. Bokeno:

We are in receipt of your letter dated 10/21/2003, in which you question your entitlement to vacation and/or COBRA. The following will explain the results of our research.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill, the asset purchase agreement required Smart Papers to honor earned and accrued vacation for the employees it retained following the sale. Because you were retained by Smart Papers, Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with information related to their COBRA benefits at the time of the sale to Smart Papers. Under COBRA, continuation coverage must be elected within 60 days after your coverage ends or you are notified of your eligibility for continuation coverage, whichever is later. As the time for electing COBRA coverage has long past, you are no longer eligible for COBRA benefits. Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you became eligible for Smart Paper's coverage which was comparable to the coverage provided by International Paper. When you obtained comparable coverage, you eligibility for COBRA ended. Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,


Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

MARY BOWLING

October 23, 2003


Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, TN 38197

Re: Dalesandro vs International Paper
    Case No. C-1-01-109
     US District Court, Southern District of Ohio

Dear Ms. Barger:

In response to the court ordered Notice of September 24, 2003, we the individual
members are to notify you in writing of discrepancies in the calculation of our severance
pay and severance benefits of Severance Policy 828.

You did indeed calculate my weeks of service and weekly pay correctly. That number
22.53 weeks at $996.16 or $22,443.49, however you left off other pertinent benefits that
were part of the entire 828 package that I am eligible for, that being vacation pay.

I am entitled to four (4) weeks of vacation pay, $3,984.64.

This brings the total owed to me from International Paper to:
|  |  |
| --- | --- |
| Salary | $22,443.49 |
| Vacation | $3,984.64 |
| Total | $26,428.13 |

Sincerely,

*Mary Bowling*

Mary Bowling

Cc: Murdock, Goldenberg, Schneider and Groh



**RECEIVED NOV 0 3 2003**



International Place I
6400 Poplar Ave.
Memphis, TN 38197
Phone 901 763 6000

May 25, 2004

Ms. Mary M. Bowling
5484 Lakeside Drive
Fairfield, OH 45014

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Ms. Bowling:

We are in receipt of your letter dated 11/3/2003, in which you question your entitlement to
vacation. The following will explain the results of our research.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill,
the asset purchase agreement required Smart Papers to honor earned and accrued vacation for
the employees it retained following the sale. Because you were retained by Smart Papers,
Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with
information related to their COBRA benefits at the time of the sale to Smart Papers. Under
COBRA, continuation coverage must be elected within 60 days after your coverage ends or you
are notified of your eligibility for continuation coverage, whichever is later. As the time for
electing COBRA coverage has long past, you are no longer eligible for COBRA benefits.
Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you
became eligible for Smart Paper's coverage which was comparable to the coverage provided by
International Paper. When you obtained comparable coverage, you eligibility for COBRA
ended. Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,



Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator