# DONALD R. BOYD

Donald R. Boyd
4300 Lisa Lane
Middletown, Ohio 45042

October 21, 2003

Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, Tennessee 38197

Re:    Dalesandro, vs International Paper
       Case No. C-1-01-109
       US District Court, Southern District of Ohio

Dear Ms Barger:

In response to the court ordered Notice of September 24, 2003, we the individual members are to notify
you in writing of discrepancies in the calculation of our severance pay and severance benefits of
Severance Policy 828.

My severance pay calculation is incorrect. Exhibit A to Class Notice, Donald R. Boyd, shows 11.66
years of service. My starting date with Champion International was September 3, 1985. Therefore the
correct number is 15.43 years of service, or 25.43 weeks of severance. At $1,402.50 per week, my
correct severance pay amount is $35,665.57.

In addition, you left off other pertinent benefits that were part of the entire 828 package that I am
eligible for, including vacation pay and 9 months of COBRA coverage.

I am entitled to four (4) weeks of vacation pay at $1,402.50 per week, for a total of $5,610.00.

I am also entitled to nine (9) months of Cobra at ($95.63 medical & $25.14 dental per pay) for 18 pay
periods or $2,173.86.

This brings the total owed to me from International Paper to:

| | |
|---|---|
| Salary | $35,665.57 |
| Vacation | $ 5,610.00 |
| Cobra | $ 2,173.86 |
| Total | $43,449.43 |

Sincerely,

Donald R. Boyd

Cc:
Murdock,Goldenberg,Schneider & Groh

RECEIVED OCT 2 8 2003



INTERNATIONAL PAPER

International Place I
6400 Poplar Ave.
Memphis, TN 38197
Phone 901 763 6000

May 25, 2004

Donald R. Boyd
4300 Lisa Lane
Middletown, Ohio 45042

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Mr. Boyd,

We are in receipt of your letter dated October 21, 2003, in which you question the years of service used for the calculation of possible severance benefits payable under Champion International Corporation Reorganization Severance Policy #828 ("the Plan") as well as entitlement to vacation pay and reimbursement for COBRA coverage. The following will explain the results of our research.

A review of your records indicates a previous period of Champion service should have been included in your estimated severance calculation. A corrected Exhibit A is enclosed.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill, the asset purchase agreement required Smart Papers to honor earned and accrued vacation for the employees it retained following the sale. Because you were retained by Smart Papers, Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with information related to their COBRA benefits at the time of the sale to Smart Papers. Under COBRA, continuation coverage must be elected within 60 days after your coverage ends or you are notified of your eligibility for continuation coverage, whichever is later. As the time for electing COBRA coverage has long past, you are no longer eligible for COBRA benefits. Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you became eligible for Smart Paper's coverage which was comparable to the coverage provided by International Paper. When you obtained comparable coverage, you eligibility for COBRA ended. Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,


Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

/slb
Encl.
CC: File

# Exhibit A
## Donald R. Boyd

Severance Calculation

|            |                  | Age at<br>February 9, 2001 |                    |
| ---------- | ---------------- | -------------------------- | ------------------ |
| Weekly Pay | Years of Service | Termination                | Weeks of Severance |
| $1402.50   | 16               | 44                         | 32                 |

#828 Severance Pay:    $44,880.00

ARCH W. BRANDENBURG

October 10, 2003

Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, Tennessee 38197

Re:    Dalesandro, vs International Paper
       Case No. C-1-01-109
       US District Court, Southern District of Ohio

Dear Ms Barger:
In response to the court ordered Notice of September 24, 2003, we the individual
members are to notify you in writing of discrepancies in the calculation of our severance
pay and severance benefits of Severance Policy 828.

You did indeed calculate my weeks of service and weekly pay correctly. That number
46.38 weeks at $ 1,355.77 or $62,880.62, however you left off other pertinent benefits
that were part of the entire 828 package that I am eligible for, that being vacation pay and
9 months of COBRA coverage.

I am entitled to ~~three~~ Six (6) weeks of vacation pay, $8,134.62.

Also 9 months of Cobra at ($95.63 medical & $25.14 dental per pay) for 18 pay periods
or $2,173.86.

This brings the total owed to me from International Paper to:
|          |             |
|----------|-------------|
| Salary   | $62,880.62  |
| Vacation | $8,134.62   |
| Cobra    | $2,173.86   |
| Total    | **$73,189.10** |

Sincerely,

Arch Wayne Brandenburg
Arch Wane Brandenburg
Cc:
Murdock,Goldenberg,Schneider & Groh

RECEIVED OCT 2 4 2003



INTERNATIONAL PAPER

International Place I
6400 Poplar Ave.
Memphis, TN 38197
Phone 901 763 6000

May 25, 2004

Mr. Arch Wayne Brandenburg
837 Oberlin Drive
Fairfield, OH  45014

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Mr. Brandenburg:

We are in receipt of your letter dated 10/24/2003, in which you question your entitlement to vacation and/or COBRA.  The following will explain the results of our research.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill, the asset purchase agreement required Smart Papers to honor earned and accrued vacation for the employees it retained following the sale.  Because you were retained by Smart Papers, Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with information related to their COBRA benefits at the time of the sale to Smart Papers.  Under COBRA, continuation coverage must be elected within 60 days after your coverage ends or you are notified of your eligibility for continuation coverage, whichever is later.  As the time for electing COBRA coverage has long past, you are no longer eligible for COBRA benefits.  Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you became eligible for Smart Paper's coverage which was comparable to the coverage provided by International Paper.  When you obtained comparable coverage, you eligibility for COBRA ended.  Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,

Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

DAVID BRISEBOIS

October 8, 2003

Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, Tennessee 38197

Re:   Dalesandro, vs International Paper
      Case No. C-1-01-109
      US District Court, Southern District of Ohio

Dear Ms Barger:
In response to the court ordered Notice of September 24, 2003, we the individual
members are to notify you in writing of discrepancies in the calculation of our severance
pay and severance benefits of Severance Policy 828.

You did indeed calculate my weeks of service and weekly pay correctly. That number
11.20 weeks at $1,438.47 or $16,110.87, however you left off other pertinent benefits
that were part of the entire 828 package that I am eligible for, that being vacation pay and
9 months of COBRA coverage.

I am entitled to three (3) weeks of vacation pay, $4,315.41.

Also 9 months of Cobra at ($95.63 medical & $25.14 dental per pay) for 18 pay periods
or $2,173.86.

This brings the total owed to me from International Paper to:
|          |            |
|----------|------------|
| Salary   | $16,110.87 |
| Vacation | $4,315.41  |
| Cobra    | $2,173.86  |
| Total    | $22,600.14 |

Sincerely,

David Brisebois

Cc:
Murdock,Goldenberg,Schneider & Groh

RECEIVED OCT 2 4 2003



INTERNATIONAL PAPER

International Place I
6400 Poplar Ave.
Memphis, TN 38197
Phone 901 763 6000

May 25, 2004

Mr. David Brisebois
34 Iroquois Ave.
Hubbardston, MA 01452

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Mr. Brisebois:

We are in receipt of your letter dated 10/24/2003, in which you question your entitlement to vacation and/or COBRA. The following will explain the results of our research.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill, the asset purchase agreement required Smart Papers to honor earned and accrued vacation for the employees it retained following the sale. Because you were retained by Smart Papers, Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with information related to their COBRA benefits at the time of the sale to Smart Papers. Under COBRA, continuation coverage must be elected within 60 days after your coverage ends or you are notified of your eligibility for continuation coverage, whichever is later. As the time for electing COBRA coverage has long past, you are no longer eligible for COBRA benefits. Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you became eligible for Smart Paper's coverage which was comparable to the coverage provided by International Paper. When you obtained comparable coverage, you eligibility for COBRA ended. Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,


Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

DEBORAH BROCKMAN-JESTER

October 15, 2003

Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, Tennessee 38197

Re: Dalesandro, vs. International Paper
     Case No. C-1-01-109
     US District Court, Southern District of Ohio

Dear Ms. Barger:

In response to the court ordered Notice of September 24, 2003, we the individual members are to notify
you in writing of discrepancies in the calculation of our severance pay and severance benefits of Severance
Policy #828.

You did indeed calculate my weeks of service and weekly pay correctly. That number 22.56 weeks at
$ 647.12 or $ 14,599.03, however you left off other pertinent benefits that were part of the entire 828
package that I am eligible for, that being vacation pay and 9 months of COBRA coverage.

I am entitled to three (3) weeks of vacation pay, $1,941.36.

Also, 9 months of COBRA at ($95.63 medical and $25.14 dental per pay) for 18 pay periods or $2,173.86.

This brings the total owed to me from International Paper to:

| | |
|---|---|
| Salary | $14,599.03 |
| Vacation | $ 1,941.36 |
| COBRA | $ 2,173.86 |
| Total | $18,714.25 |

Sincerely,

*Deborah Brockman-Jester*

Deborah Brockman-Jester
2474 Stahlheber Road (new address)
Hamilton, OH 45013

Cc:
Murdock, Goldenberg, Schneider & Groh

RECEIVED OCT 2 0 2003



International Place I
6400 Poplar Ave.
Memphis, TN 38197
Phone 901 763 6000

May 25, 2004

Ms. Deborah K. Brockman-Jester
74 Winston Drive
Hamilton, OH 45013

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Ms. Brockman-Jester:

We are in receipt of your letter dated 10/20/2003, in which you question your entitlement to vacation and/or COBRA. The following will explain the results of our research.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill, the asset purchase agreement required Smart Papers to honor earned and accrued vacation for the employees it retained following the sale. Because you were retained by Smart Papers, Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with information related to their COBRA benefits at the time of the sale to Smart Papers. Under COBRA, continuation coverage must be elected within 60 days after your coverage ends or you are notified of your eligibility for continuation coverage, whichever is later. As the time for electing COBRA coverage has long past, you are no longer eligible for COBRA benefits. Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you became eligible for Smart Paper's coverage which was comparable to the coverage provided by International Paper. When you obtained comparable coverage, you eligibility for COBRA ended. Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,


Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

RALEIGH BRUCE, JR.

# RALEIGH BRUCE JR.

241 N Brookwood Ave

Hamilton , Ohio  45013
513 8689289

September 25, 2003

Sharon Barger
International Paper
6400 Poplar Ave
Memphis, Tennessee 38197

Dear Sharon,  The severance pay calculation under policy #828 that you made was in error.  My
start date at Champion International was August 1983.  During that time frame I moved from
hourly to a salary position and retained  all years of service that  I previously earned.  My
retirement benefits also were shifted to salary.  My years of service should be 18.5 years.

Sincerely,
Raleigh Bruce Jr.

RECEIVED SEP 3 0 2003

**Exhibit A to Class Notice**

**Raleigh Bruce, Jr.**

<u>YOUR SEVERANCE PAY CALCULATION UNDER POLICY #828</u>

| <u>Weekly Pay</u> | <u>Years of Service</u> | Age at<br>February 9, 2001<br><u>Termination</u> | <u>Weeks of Severance</u> |
|---|---|---|---|
| $757.70 | 3.08 | 52 | 13.08 |

**Your #828 Severance Pay Amount:  $9,910.72**

{00008567; 1}



International Place I
6400 Poplar Ave.
Memphis, TN 38197
Phone 901 763 6000

September 16, 2004

Raleigh Bruce
241 N Brookwood Avenue
Hamilton, Ohio 45013

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Mr. Bruce,

We are in receipt of your letter dated September 25, 2003, in which you question the years of service used for the calculation of possible severance benefits payable under Champion International Corporation Reorganization Severance Policy #828 ("the Plan").

A review of your records indicates a previous period of Champion service should have been included in your estimated severance calculation as well as your eligibility for the pension enhancement.   A corrected Exhibit A is enclosed along with updated pension information.

Cordially,


Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

/slb

Encl.

CC:  File

ESTIMATED
SEVERANCE PLAN STATEMENT
POLICY 828


RALEIGH BRUCE JR



PREM PAPERS MILL OP

002HAOH


HIRE DATE:          09/23/83

TERMINATION DATE:   02/09/01

WEEKLY PAY:          $757.70

YEARS OF SERVICE:   17.38


WEEKS OF SEVERANCE:   29.76

SEVERANCE PAY:        $22,549.16

OR, IF GREATER,

IP YEARS OF SERVICE:    18

IP SEVERENCE WEEKS:    36.00

IP SEVERANCE PAY:     $27,277.20


THIS ESTIMATE WAS BASED ON THE DEMOGRAPHIC INFORMATION
ABOVE AND THE WEEKS OF SEVERANCE WERE BASED ON YOUR LAST
DATE OF HIRE WITH THE COMPANY.  IF YOU HAVE ADDITONAL
SERVICE THAT MAY BE USED IN THE SEVERANCE CALCULATION,
PLEASE SEE YOUR HUMAN RESOURCES REPRESENTATIVE

09/07/04

**Flex6 Calculation for Raleigh Bruce Jr**
Social Security Number █████████

## Employee Data

Social Security Number: ████████
Name: Raleigh Bruce Jr
Date of Birth: ███████
Date of Hire: 08/24/1983
Marital Status: S
Spouse's Date of Birth ██████████
Last Date of Hire: 01/12/1998
Location Code: 002HAOH
Current Annual Base Pay Amount: $39,400.08
Date of Termination: 02/09/2001
Credited Service: 17.15000
Vesting Service: 17.38000
Monthly Final Average Pay: $3,351.52
Current Monthly Social Security: $1,462.00
Flex 6 Monthly Social Security: $1,181.00
Age 62 Monthly SS for Level Income: $1,181.00
Age 65 Monthly SS for Level Income: $1,462.00

## Processing Notes

Prepared By: swp  09/07/2004
WARNING: Check service entries. Credited Service and Vesting Service differ by at least 0.1 years.

SALARIED RETIREMENT PLAN
OPTIONAL FORMS OF RETIREMENT BENEFITS

Name: Raleigh Bruce Jr
Social Security Number: 

Plan Number: 001A
Retirement Date: 03/01/2001
Date Prepared: 09/07/2004

Monthly Benefit Payable

| To retiree | To Contingent Annuitant | |
|---|---|---|
| $513.80 | N/A | SINGLE LIFE ANNUITY - You will receive a payment for your lifetime, payments stop at your death. |
| | | CONTINGENT ANNUITANT ANNUITY OPTIONS - You will receive a monthly benefit during your lifetime and guarantee that the contingent annuitant you designate will receive a selected percentage of that benefit for their lifetime after your death. |
| N/A | N/A | 50% CONTINGENT ANNUITANT/JOINT & SURVIVING SPOUSE |
| N/A | N/A | 75% CONTINGENT ANNUITANT/JOINT & SURVIVING SPOUSE |
| N/A | N/A | 100% CONTINGENT ANNUITANT/JOINT & SURVIVING SPOUSE |
| | | LIFE-TERM CERTAIN ANNUITY OPTIONS - This option provides you with a monthly benefit for your lifetime. If you die within the selected guaranteed period, your named beneficiary will continue to receive the same monthly amount for the balance of the period. If you live longer than the guaranteed period, payments stop at your death. |
| $503.52 | | 5 YEAR CERTAIN |
| $477.83 | | 10 YEAR CERTAIN |
| $447.01 | | 15 YEAR CERTAIN |
| $416.18 | | 20 YEAR CERTAIN |
| $867.85 | to 03/01/2010 | LEVEL INCOME OPTION - This option pays a larger benefit to age 62 and a benefit after age 62, reduced to account for social security. |
| $0.00 | thereafter | Payments stop at your death. |
| $724.95 | to 03/01/2013 | LEVEL INCOME OPTION - This option pays a larger benefit to age 65 and a benefit after age 65, reduced to account for social security. |
| $0.00 | thereafter | Payments stop at your death. |
| $472.70 | | FULL CASH REFUND ANNUITY - This option provides you with a monthly benefit for lifetime with a guarantee that if you die before receiving payments equal to the total annuity value, your named |
| ANNUITY VALUE $66,876.21 | | beneficiary will receive the difference in a lump sum. If you die after the monthly payments exceed the annuity value, payments stop at your death. |

If you are not married, the single life annuity is the basic form of retirement benefit under the plan.

If you are married, the joint & surviving spouse annuity is the basic form of retirement benefit under the plan and is payable in the amounts shown under the 50% contingent annuitant option above.

**SCHEDULE OF DEATH BENEFIT AFTER RETIREMENT**

| | | | |
|---|---|---|---|
| Name | Raleigh Bruce Jr | Retirement Date | 03/01/2001 |
| Social Security Number | ▮▮▮▮▮ | Hire Date | 08/24/1983 |
| Plan Number | 001A | Birth Date | ▮▮▮▮▮ |
| | | Date Prepared | 09/07/2004 |

**DEATH BENEFITS AFTER RETIREMENT**

| Amount | From | To |
|---|---|---|
| $5,000.00 | 03/01/2001 | Thereafter |

JOEL BRYANT

October 13, 2003

Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, Tennessee 38197

Re:    Dalesandro, vs International Paper
       Case No. C-1-01-109
       US District Court, Southern District of Ohio

Dear Ms Barger:
In response to the court ordered Notice of September 24, 2003, we the individual
members are to notify you in writing of discrepancies in the calculation of our severance
pay and severance benefits of Severance Policy 828.

You did indeed calculate my weeks of service and weekly pay correctly. That number
46.20 weeks at $ 1,225.00 or $56,595.00, however you left off other pertinent benefits
that were part of the entire 828 package that I am eligible for, that being vacation pay and
9 months of COBRA coverage.

I am entitled to three (6) weeks of vacation pay, $7,350.00.

Also 9 months of Cobra at ($198.94 medical & $21.00 dental per pay) for 18 pay periods
or $3958.92.

This brings the total owed to me from International Paper to:

| Salary | $56,595.00 |
|--------|------------|
| Vacation | $ 7350.00 |
| Cobra | $ 3958.92 |
| Total | $67903.92 |

Sincerely,

Joel Bryant
1764 Thall Drive
Hamilton,Ohio 45013

Cc:
Murdock,Goldenberg,Schneider & Groh

RECEIVED OCT 1 6 2003



International Place I
6400 Poplar Ave.
Memphis, TN 38197
Phone 901 763 6000

May 25, 2004

Mr. Joel E. Bryant
1764 Thall Drive
Hamilton, OH 45011

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Mr. Bryant:

We are in receipt of your letter dated 10/16/2003, in which you question your entitlement to vacation and/or COBRA. The following will explain the results of our research.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill, the asset purchase agreement required Smart Papers to honor earned and accrued vacation for the employees it retained following the sale. Because you were retained by Smart Papers, Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with information related to their COBRA benefits at the time of the sale to Smart Papers. Under COBRA, continuation coverage must be elected within 60 days after your coverage ends or you are notified of your eligibility for continuation coverage, whichever is later. As the time for electing COBRA coverage has long past, you are no longer eligible for COBRA benefits. Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you became eligible for Smart Paper's coverage which was comparable to the coverage provided by International Paper. When you obtained comparable coverage, you eligibility for COBRA ended. Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,


Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

**BOB BUCHANAN**

October 12, 2003

Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, Tennessee 38197

Re:    Dalesandro, vs International Paper
       Case No. C-1-01-109
       US District Court, Southern District of Ohio

Dear Ms Barger:

In response to the court ordered Notice of September 24, 2003, we the individual
members are to notify you in writing of discrepancies in the calculation of our severance
pay and severance benefits of Severance Policy 828.

   However you left off other pertinent benefits that were part of the entire 828 package
that I am eligible for, that being vacation pay and COBRA coverage.

I am entitled to four (4) weeks of vacation pay, also cobra.

            Sincerely,

   BOB BUCHANAN

   Cc:
   Murdock,Goldenberg,Schneider & Groh

RECEIVED OCT 2 1 2003



International Place I
6400 Poplar Ave.
Memphis, TN 38197
Phone 901 763 6000

May 25, 2004

Mr. Bob Buchanan
P.O. Box 206
Hamilton, OH 45012

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Mr. Buchanan:

We are in receipt of your letter dated 10/20/2003, in which you question your entitlement to vacation and/or COBRA. The following will explain the results of our research.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill, the asset purchase agreement required Smart Papers to honor earned and accrued vacation for the employees it retained following the sale. Because you were retained by Smart Papers, Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with information related to their COBRA benefits at the time of the sale to Smart Papers. Under COBRA, continuation coverage must be elected within 60 days after your coverage ends or you are notified of your eligibility for continuation coverage, whichever is later. As the time for electing COBRA coverage has long past, you are no longer eligible for COBRA benefits. Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you became eligible for Smart Paper's coverage which was comparable to the coverage provided by International Paper. When you obtained comparable coverage, you eligibility for COBRA ended. Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,


Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

CHERYL A. BUNN

October 24, 2003

Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, Tennessee 38197

Re: Dalesandro, vs International Paper
    Case No. C-1-01-109
    US District Court, Southern District of Ohio

Dear Ms Barger:

In response to the court ordered Notice of September 24, 2003, we the individual members are to notify you in writing of discrepancies in the calulation of our severance pay and severance benefits of Severance Policy 828.

You did indeed calculate my weeks of service and weekly pay correctly. That number 30.82 weeks at $965.39 per week, or $29,753.32. However, you left off other pertinent benefits that were part of the entire 828 package that I am eligible for, that being vacation pay and 9 months of COBRA coverage.

I am entitled to five (5) weeks of vacation pay, $4,826.95.

Also, 9 months of COBRA at ($95.63 medical & $25.14 dental per pay) for 18 pay periods or $2,173.86.

This brings the total owed to me from International Paper to:

| | |
|---|---|
| Salary | $29,753.32 |
| Vacation | 4,826.95 |
| COBRA | 2,173.86 |
| Total | $36,754.13 |

Sincerely,


Cheryl A. Bunn


cc:
Murdock, Goldenberg, Schneider & Groh

RECEIVED OCT 2 8 2003



International Place I
6400 Poplar Ave.
Memphis, TN 38197
Phone 901 763 6000

May 25, 2004

Ms. Cheryl A. Bunn
324 Mollie Drive
Hamilton, OH  45013

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Ms. Bunn:

We are in receipt of your letter dated 10/28/2003, in which you question your entitlement to vacation and/or COBRA.  The following will explain the results of our research.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill, the asset purchase agreement required Smart Papers to honor earned and accrued vacation for the employees it retained following the sale. Because you were retained by Smart Papers, Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with information related to their COBRA benefits at the time of the sale to Smart Papers.  Under COBRA, continuation coverage must be elected within 60 days after your coverage ends or you are notified of your eligibility for continuation coverage, whichever is later.  As the time for electing COBRA coverage has long past, you are no longer eligible for COBRA benefits. Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you became eligible for Smart Paper's coverage which was comparable to the coverage provided by International Paper.  When you obtained comparable coverage, you eligibility for COBRA ended.  Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,

Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

BRENDA GAIL BURNS

September 25, 2003

Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, Tennessee 38197


Regarding my severance pay calculation in Exhibit A, I am writing to disagree with the years of service calculation, and the weeks of severance.

I have enclosed copies of previous salary review notices that will help explain my situation. First of all, my original hire date with Champion International was 4-1-74, and I worked until 10-82 to be a full time Mom for a short time. Then I was rehired back with Champion International on 1-23-89 at which time I was given credit for my previous years of employment with an adjusted hire date of 6-7-80. At no time was I ever given a severance package from Champion International. My previous years of employment were recognized. When rehired on 1-23-89 I did not "start over" with the company, but was allowed for my previous time of employment and service to continue. I feel I should get credit for 21 years of service and 37 weeks of severance.

Therefore, I feel the following calculations are correct using $688.47 weekly pay:

| | | | |
|---|---|---|---|
| a) | ten (10) weeks earnings plus: | (10 weeks) | **$6,884.70** |
| b) | one (1) week (or partial weeks) earnings for each year of credited service plus: | (21 weeks) | **$14,457.87** |
| c) | one (1) week (or partial weeks) earnings for each year (or partial year) of credited service over (15) years. | (6 weeks) | **$4,130.82** |

**37 weeks x $688.47 = $25,473.39**

Regarding Section 7 Miscellaneous Benefits 7.1 Vacation Pay: At the time of severance on February 9, 2001 I was entitled to 5 weeks of vacation earned in the previous year, which due to my adjusted hire date of 6-7-80, would total $3,442.35.

Thank you for your time and consideration in this matter.

Sincerely,

Brenda Gail Burns

Brenda Gail Burns
1910 Amarillo Drive
Hamilton, Ohio 45013


RECEIVED SEP 3 0 2003

# Employee Action Form

| | Last Name | First Name | | Middle Initial | Effective Date |
|---|---|---|---|---|---|
| | BURNS, BRENDA GAIL | | | | 910716 |

| L1L2 | Employee No./SSN | Pads No. | Last P/R Chg. Date | Last Pers. Chg. Date | Current Hire |
|---|---|---|---|---|---|
| CC 2A | | 01010135120 | 901010 | 901010 | **890123** |

**Circle Action Type(s)**   1 Salary Change   2. Position Change   3. Transfer   4. Termination/Retirement   5. Leave of Absence   6. Hire   7. Re-Hire   8. To from Salaried   9. Other

## Current Information

**Business Unit/Department/Location**

| Business Unit Name | Business Unit Location | L3 | L4 | L5 (Home Dept.) | L6 | L7 |
|---|---|---|---|---|---|---|
| PRINTING & WRITING PAPERS MFG | HAMILTON OH | PMHA | 5430 | 8420 | 5430 | PMHA |

**Position/Salary/Grade/Schedule/Range**

| Position Title | Grade | Schedule | Range: Minimum | Midpoint | Maximum | Pay Code | Pay Freq. | FT/PT | Std. Hrs. |
|---|---|---|---|---|---|---|---|---|---|
| SECY DRUM DEPT. | 05 | 6 | | | | 5 N | 3S | 1FR | 86.66 |

| Annual | S/M Rate | Hrly. Rate | Admin. Grade | Schedule | Range: Minimum | Midpoint | Maximum | EEO Cat. Pos. No. | | Next Sal. Review Date |
|---|---|---|---|---|---|---|---|---|---|---|
| $18,250 | 760.42 | 8.7740 | | | | | | 05 | 842000151 | 911016 |

## Proposed Change Information (Complete Applicable Change Data Only)

**A. Compensation Change**

| Annual | S M Rate | Hrly. Rate | Next Sal. Review Date | Last Salary Change Data | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | Effective Date | Change Amount | Percent Increase | Change Type | Perf. Rating |
| $9,450.00 | $810.42 | $9.3509 | 920716 | 901016 | $700.00 | 3.99% | SI | 3 |

| Change Amount | Percent Increase | Change Type | Perf. Rating | Previous Salary Change Data | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | Effective Date | Change Amount | Percent Increase | Change Type | Perf. Rating |
| $1,200.00 | 6.57 % | SI | 4 | 900116 | $900.00 | 5.41% | SI | 3 |

**B. Position Change**

| Position Title | Grade | Schedule | Range: Minimum | Midpoint | Maximum | Pay Code | Pay Frequency |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| Position Number | FT/PT Status | Admin. Grade | Schedule | Range: Minimum | Midpoint | Maximum | Std. Hrs. | EEO Category |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

**C. Business Unit/Department/Location Change**

| New Business Unit Name | New Business Unit Location | L1L2 | L3 | L4 | L5 (Home Dept.) | L6 | L7 |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

## D. Separation

| | | | | | | LOA/LAYOFF | | |
|---|---|---|---|---|---|---|---|---|
| Employee Status | Term. Reason and Code | Term./Retire Date | Retirement Status | Death Date | Last Day Worked | LOA/LO Type | LOA/LO Begin | LOA/LO End |
| | | | | | | DT | 820308 | 821116 |

| Unused Vacation | Accrued Vacation | Severance Pay | Deferred Vacation | | | |
|---|---|---|---|---|---|---|
| days   wks | days   wks | wks | wks | | | |

**Remarks and Other Changes**

| Prior Employment | | | Pension Hire Date | Vacation Eligibility Date |
|---|---|---|---|---|
| Prior Hire Date | Prior Term. Date | Reason | | |
| **740401** | 821116 | OV | **800607** | **800607** |

## Approvals

| Initiated By: | Date | Approved By | Date |
|---|---|---|---|
| Mae Hacker | | [signature] 6-11-91 | |
| Approved By: | Date | Approved By | Date |
| Todd Downey | | [signature] 6/17/91 | |

| Approved By: | Date | After Final Approval Return To: |
|---|---|---|
| | | Mae Hacker |
| Approved By: | Date | City                    State    Zip |
| | | Hamilton Mill |

**Champion**

| BURNS | | B | | GAIL | | 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 | | 7/23/89 | 4/1/74 |
|---|---|---|---|---|---|---|---|---|---|

| Action | Reason | Effective Date | Action Code/Description | | Reason Code/Description | |
|---|---|---|---|---|---|---|
| ZA CONVERT-ACTIVE | CONDEF | 7/6/91 | | | | |
| Employ Stat | Category | Vac Elig | Employment Category | Vacation Eligibility Date | Last Day Worked | |
| A ACTIVE | FR FULL TIME REGULAR | 6/7/80 | | | | |

| Action | Reason | Action Reason | Action Code/Description | | | Reason Code/Description | |
|---|---|---|---|---|---|---|---|
| CL CHANGE LEVELS | N/A | 12/16/97 | | | | | |
| L1L2 - Pay Entity | L3 - Pay Distribution | L4 - Glue | | | | | |
| CC5AC | MMHA | 5430 | L1L2 | L3 | L4 | Physical Location Code/Desc. | |
| L5 - Department | L6 - Hierachy | L7 - Security | CC5AC | MMHA | 5430 | 002HAOH  Hamilton, OH | |
| 8420 | 5430 | MMHA | | | | | |
| Business Unit | Location | | L5 | L6 | L7 | Sched/Admin Sched | Grade/Admin Grade |
| Manufacturing | 002HAOH  Hamilton, OH | | | 5430 | MMHA | | |
| Position | | Sched (S/A) | Position Number/Title | | | | |
| 02722100NA  SR SECRETARY | | 05  06 | | | | | |
| Pay Code | EEO Cat/Grp | Worker's Comp | Grade (S/A) | Pay Code | Union | EEO Cat/Grp | Workers' Comp | Ext. Dist. |
| 005 NONEXEMPT | 05  01 | 8810 | 07  07 | | NONU | | | |

| Action/Description | Salary Reason/Description | Action Date | Salary Action/Description | | | Salary Reason/Description | |
|---|---|---|---|---|---|---|---|
| SI SALARY INC | SI SALARY INCREASE | 12/1/98 | | | | | |
| Base Rate | Salary Chg % | Annual Base | Base Rate | Salary Chg % | Salary Chg $ | Annual Base | |
| $1,404.17 | 8.01% | $2,600.00 | $35,700.00 | 1445.85 | 3.0 | 1000.00 | 34 700.00 |
| Lump Sum Reason/Description | Lump Sum $ | Lump Sum % | Standard Hours 86.66 | Lump Sum Action/Description SI | | Lump Sum Reason/Description | |
| Sustained Performance | | | | Lump Sum $ 1000 | Lump Sum % 3.0 | Type | Flex Benefits Earnings | Stan Hrs. |
| CONSISTENTLY EXCEEDS EXPECTATIONS | | | | | | | |

| Salary Splits | Unused Vacation | | Accrued Vacation | | Severance Pay | |
|---|---|---|---|---|---|---|
| | Days | Wks | Days | Wks | | Wks |

**Sustained Performance Level (Choose one "X")**

(√) Consistently exceeding expectations, surpassing established goals, and regularly making extraordinary contributions to the company.

( ) Fully skilled and knowledgeable in all areas of responsibility, and consistently meeting the principal job objectives ofr a sustained period of time.

( ) Acquiring the necessary skills and learning essential job elements.

( ) NOT meeting performance expectations

Comments

Initiated _Tom Wagar_ Date _11/18/98_  Approved _____ Date _____

Approved _Charl Du Wn_ Date _11/24/99_  Approved _____ Date _____

Approved _____ Date _____  Approved _____ Date _____

After Approval Return to:

Keyed by:    Date
    / /

# EMPLOYEE ACTION FORM

**Champion**
Champion International Corporation

Name: BURNS, BRENDA
Action Effective Date: 11-1-93

## STATUS

| CURRENT | NEW |
|---|---|
| Action/w Reason: ZA CONVERT ACTIVE / CONVERT | Action Code/Description: | Reason: |
| Action Date: 050191 | | |
| Employ Stat: A ACTIVE  Category: FR FULL-TIME/RE  060786 | Employment Category:   Vacation Eligibility Date:   Last Day Worked: |

## POSITION

| CURRENT | NEW |
|---|---|
| Pay Entry-L1L2: CC2AC   Pay Unit-L3: PMHA   GL/US-L4: 5430 | Action Code/Description: CP | Reason: PR |
| Dept-L5: 8420   Hierarchy-L6: 5430   Security-L7: PMHA | L1L2: CC2AC   L3: PMHA   L4: 5430 | Physical Location Code: 002HAOH Hamilton, OH |
| Business Unit: PWP/MFG OPERATIONS | L5: 8420   L6: 5430   L7: PMHA | Sched/Admin Sched: 05  06   Grade/Admin Grade: 07  07 |
| Location: 002HAOH HAMILTON, OH   Sched (S/A): 05  06 | Position Number/Title: 02722100NA Senior Secretary | |
| Position: 02722700NA SECRETARY   Grade (S/A): 05  05 | Pay Code: 005 Sal. NE | Local Union: NONU | EEO Category/Group: 05  01 |
| Pay Code: 005 SALARIED NON-EXEMPT   EEO Cat/Grp: 05  01 | | | |

## COMPENSATION

| CURRENT | NEW |
|---|---|
| Action/w Reason: SI SALARY INC. / SI SALARY INCREA   Action Date: 081693 | Action Code/Description: SC | Reason: PR |
| Perform Rating: 4   Base Rate: 891367 | Performance Rating (Circle One): 1  2  3  4  5 | Base Rate: 981.25 | Pay Frequency: S | Standard Hours: 86.66 |
| Pay Frequency: S SEMI-MONTH   Annual Salary: 21,400.00   Sal Chg %: 4.90 | Annual Salary: 23,550.00 | Salary Chg Pct: 10% | Next Review Date: 8-1-94 | Flexible Benefits Earnings: |

## REPORTING / PAYROLL

| | | | |
|---|---|---|---|
| Extended Distribution: | Salary Splits Location:    % | Unused Vacation:   Days  Wks | Accrued Vacation:   Days  Wks |
| Worker's Comp: | | Severance Pay:   Wks | After Final Approval Return To: |

Comments:

Range - 21,542 - 24,415 - 27,287 - 30,159

| | | | |
|---|---|---|---|
| Initiated By: *Betty Jones*   Date: 10/26/93 | Approved By: *Todd H. Tourny*   Date: 10/27/93 | Keyed By: Janet Shanahan |
| Approved By: *Don White*   Date: 10/26/93 | Approved By: *D J Mah*   Date: 10/29/93 | Date: 11/03/93 |
| Approved By:    Date: / / | Approved By:    Date: / / | |

FC-1086

COPY 1

# Employee Action Form

Champion International

| | First | MI | SSN | Last Hire | Date of Hire | Effective Date |
|---|---|---|---|---|---|---|
| | BRENDA | G | 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 | 012389 | 040174 | 11-01-98 |

## Status

| | Reason | Action Date | Action Code/Description | Reason Code/Description |
|---|---|---|---|---|
| CONVERT ACTIVE | CONDEF | 070191 | Employment Category | |
| ACTIVE | Category FR FULL TIME/R | Vac Elig 060780 | Vacation Eligibility Date | Last Day Worked |

## Position

| | Reason | Action Date | Action Code/Description | Reason Code/Description |
|---|---|---|---|---|
| CHANGE LEVELS | N/A | 121597 | | |
| | L3 - Pay Distribution MMHA | L4 - Glus 5430 | L1L2 | L3 | L4 | Physical Location Code/Description |
| | L6 - Hierarchy 5430 | L7 - Security MMHA | L5 | L6 | L7 | |
| | Location 002HAOH HAMILTON OH | | Position Number/Title | |
| | SR SECRETARY | Sched (S/A) 06 06 | | |
| SALARIED NON-EXEMP | EEO Cat/Grp 05 01 | Worker's Comp Grade(S/A) 8810 07 07 | Pay Code | Union | EEO Cat/Grp | Worker's Comp | Ext Dist |

## Compensation

| | Salary Reason/Description | Action Date | Salary Action/Description | Salary Reason/Description |
|---|---|---|---|---|
| | SI SALARY INCRE | 210197 | | |
| | Salary Chg % 7.96 | Salary Chg $ 2,299.92 | Annual Base 31,200.00 | Base Rate 1404.17 | Salary Chg % 8.0 | Salary Chg $ 2,500 | Annual Base 33,700 |
| | | Lump Sum $ | Lump Sum % | Standard Hours 86.66 | Lump Sum Action/Description | Lump Sum Reason/Description | Pay Frequenc |
| CONSISTENTLY EXCEEDING EXPECTATIONS | | | Lump Sum $ | Lump Sum % | Type | Flex Benefits Earnings | Standard Hour |

| Salary Splits | Unused Vacation Days | Wks | Accrued Vacation Days | Wks | Severance Pay | Wks |
|---|---|---|---|---|---|---|
| Comments | | | | | | |

## Performance

Sustained Performance Level (Choose one "X")

(X) Consistently exceeding expectations, surpassing established goals, and regularly making extraordinary contributions to the company.

( ) Fully skilled and knowledgeable in all areas of responsibility, and consistently meeting the principal job objectives for a sustained period of time.

( ) Acquiring the necessary skills and learning essential job elements.

( ) NOT meeting performance expectations.

| | | | | After Approval Return To: |
|---|---|---|---|---|
| Initiated | Date | Approved | Date | |
| Approved Charles A. Wyatt | Date 11/25/98 | Approved | Date 11/30/98 | Keyed By: | Date: |
| Approved | Date 11/25/98 | Approved | Date | |



International Place I
6400 Poplar Ave.
Memphis, TN 38197
Phone 901 763 6000

May 25, 2004

Brenda G. Burns
1910 Amarillo Drive
Hamilton, Ohio 45013

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Ms. Burns,

We are in receipt of your letter dated September 25, 2003, in which you question the years of service used for the calculation of possible severance benefits payable under Champion International Corporation Reorganization Severance Policy #828 ("the Plan") as well as entitlement to vacation pay. The following will explain the results of our research.

A review of your records indicates a previous period of Champion service should have been included in your estimated severance calculation. A corrected Exhibit A is enclosed.

In your letter, you also question your entitlement to vacation pay. When Smart Papers purchased the Hamilton Mill, the asset purchase agreement required Smart Papers to honor earned and accrued vacation for the employees it retained following the sale. Because you were retained by Smart Papers, Smart Papers was required to provide you with your earned and accrued vacation.

Cordially,

Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

/slb

Encl.

CC: File

# Exhibit A
### Brenda Burns

Severance Calculation

| Weekly Pay | Years of Service | Age at February 9, 2001 Termination | Weeks of Severance |
|---|---|---|---|
| $688.47 | 21 | 45 | 42 |

#828 Severance Pay:   $28,915.74