DONALD M. CAMPBELL

October 15, 2003

Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, Tennessee 38197

Re:    Dalesandro, vs International Paper
       Case No. C-1-01-109
       US District Court, Southern District of Ohio

Dear Ms Barger:
In response to the court ordered notice of September 24, 2003, we the individual members are to notify you in writing of discrepancies in the calculation of our severance pay and severance benefits of Severance Policy 828.

You did indeed calculate my weeks of service and weekly pay correctly. That number 10.63 weeks at $ 1,269.24 per week or $13,492.03, however you left off other pertinent benefits that were part of the entire 828 package that I am eligible for, that being vacation pay and reimbursement of COBRA coverage expenses.

I am entitled to three (3) weeks of vacation pay at $1,269.24 per week or $3,807.72. (See accompanying offer letter stating my eligibility for three weeks of vacation when I was hired in as Production Engineer with Champion International.  My eligibility for three weeks of vacation carried over to International Paper when Champion International was purchased.)

Also to Cobra reimbursement at ($22.95 per pay) for 6 pay periods or $137.70.

This brings the total owed to me from International Paper to:

| | |
|---|---|
| Salary | $13,492.03 |
| Vacation | $3,807.72 |
| Cobra | $137.70 |
| Total | $17,437.45 |

Sincerely,

Donald M. Campbell

Cc:
Murdock,Goldenberg,Schneider & Groh

RECEIVED OCT 2 0 2003

Hamilton Mill
Hamilton, Ohio 45013



**Champion**
Champion International Corporation

May 24, 2000

Donald M. Campbell
4397 Randall Drive
Hamilton, OH 45011

Dear Donald:

This letter is to confirm our offer of employment for the position of Production Engineer, reporting to Kevin Nobiling, at Champion International's Hamilton Premium Papers. This offer is contingent upon successful completion of our substance abuse and background screening process.

Your beginning salary will be $2,750.00 semi-monthly. You will be eligible for one week of vacation in 2000. You will be eligible for three weeks of vacation in 2001 and four weeks of vacation after you have completed twelve years of service.

Our salaried employee benefit plan provides medical, dental insurance, life insurance, and participation in the employee savings plan, a 401K, effective your first day of employment. Also provided to you, are disability and pension benefits. I am enclosing a brief overview of these benefits for your review. Also, I have enclosed a worksheet that will provide more information concerning your flexible benefit plan options and costs.

We request that you send a written acceptance of your offer by Thursday, June 1, 2000 indicating your acceptance and start date.

We believe the position we are offering will be challenging and we believe you will bring significant contributions to our business.

If you have any questions, please do not hesitate to call me at (513) 869-5292.

Sincerely,

*Barb Adams*

Barb Adams
Human Resources Development

cc:    Annetta Johnson
       Matt Lewis



International Place I
6400 Poplar Ave.
Memphis, TN 38197
Phone 901 763 6000

May 25, 2004

Mr. Donald M. Campbell
4919 Fields Ertel Rd.
Cincinnati, OH 45241

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Mr. Campbell:

We are in receipt of your letter dated 10/20/2003, in which you question your entitlement to vacation and/or COBRA. The following will explain the results of our research.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill, the asset purchase agreement required Smart Papers to honor earned and accrued vacation for the employees it retained following the sale. Because you were retained by Smart Papers, Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with information related to their COBRA benefits at the time of the sale to Smart Papers. Under COBRA, continuation coverage must be elected within 60 days after your coverage ends or you are notified of your eligibility for continuation coverage, whichever is later. As the time for electing COBRA coverage has long past, you are no longer eligible for COBRA benefits. Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you became eligible for Smart Paper's coverage which was comparable to the coverage provided by International Paper. When you obtained comparable coverage, you eligibility for COBRA ended. Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,



Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

ROBERT E. CARMEAN

October 21, 2003

Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, Tennessee 38197

Re:    Dalesandro, vs International Paper
       Case No. C-1-01-109
       US District Court, Southern District of Ohio

Dear Ms Barger:

In response to the court ordered Notice of September 24, 2003, we the individual
members are to notify you in writing of discrepancies in the calculation of our severance
pay and severance benefits of Severance Policy 828.

You did indeed calculate my weeks of service and weekly pay correctly. That number
6.18 weeks at $ 1432.70 per week, however you left off other pertinent benefits that were
part of the entire 828 package that I am eligible for, that being vacation pay.

I am entitled to three (3) weeks of vacation pay, $4298.10

This brings the total owed to me from International Paper to:
       Salary      $23181.09
       Vacation    $4298.10
       Total       $27,479.19

Sincerely,

*R. Carmean*

Robert E. Carmean

Cc:
Murdock,Goldenberg,Schneider & Groh

RECEIVED OCT 2 8 2003

RECEIVED OCT 2 6 2003



International Place I
6400 Poplar Ave.
Memphis, TN  38197
Phone 901 763 6000

May 25, 2004

Mr. Robert E. Carmean
Smart Papers 601 North B Street
Hamilton, OH  45013

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Mr. Carmean:

We are in receipt of your letter dated 10/28/2003, in which you question your entitlement to vacation.  The following will explain the results of our research.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill, the asset purchase agreement required Smart Papers to honor earned and accrued vacation for the employees it retained following the sale.  Because you were retained by Smart Papers, Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with information related to their COBRA benefits at the time of the sale to Smart Papers.  Under COBRA, continuation coverage must be elected within 60 days after your coverage ends or you are notified of your eligibility for continuation coverage, whichever is later.  As the time for electing COBRA coverage has long past, you are no longer eligible for COBRA benefits.  Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you became eligible for Smart Paper's coverage which was comparable to the coverage provided by International Paper.  When you obtained comparable coverage, you eligibility for COBRA ended.  Thus, you are not currently eligible for COBRA benefits from International Paper.


Cordially,



Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

SUSAN D. CARPENTER

October 17, 2003

**RECEIVED**

OCT 2 0 2003

**BENEFITS ADM.**

Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, Tennessee 38197

Re:    Dalesandro, vs International Paper
       Case No. C-1-01-109
       US District Court, Southern District of Ohio

Dear Ms Barger:

In response to the court ordered Notice of September 24, 2003, we the individual members are to notify you in writing of discrepancies in the calculation of our severance pay and severance benefits of Severance Policy 828.

You did indeed calculate my weeks of service and weekly pay correctly. That number 10.68 weeks at $ 653.85 or $6,983.12, however you left off other pertinent benefits that were part of the entire 828 package that I am eligible for, that being vacation pay.

I am entitled to two (2) weeks of vacation pay, $1307.70.

This brings the total owed to me from International Paper to:

| | |
|---|---|
| Salary | $6,983.12 |
| Vacation | $1,307.70 |
| **Total** | **$8,290.82** |

Sincerely,

Susan D. Carpenter
441 Cleveland Avenue
Hamilton OH 45013
513.868.8802

CC:    Murdock, Goldenberg, Schneider & Groh

RECEIVED OCT 2 0 2003



International Place I
6400 Poplar Ave.
Memphis, TN 38197
Phone 901 763 6000

May 25, 2004

Ms. Susan D. Carpenter
441 Cleveland Avenue
Hamilton, OH 45013

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Ms. Carpenter:

We are in receipt of your letter dated 10/20/2003, in which you question your entitlement to vacation. The following will explain the results of our research.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill, the asset purchase agreement required Smart Papers to honor earned and accrued vacation for the employees it retained following the sale. Because you were retained by Smart Papers, Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with information related to their COBRA benefits at the time of the sale to Smart Papers. Under COBRA, continuation coverage must be elected within 60 days after your coverage ends or you are notified of your eligibility for continuation coverage, whichever is later. As the time for electing COBRA coverage has long past, you are no longer eligible for COBRA benefits. Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you became eligible for Smart Paper's coverage which was comparable to the coverage provided by International Paper. When you obtained comparable coverage, you eligibility for COBRA ended. Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,

Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

CARLA CATHERS

October 15, 2003

Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, Tennessee 38197

Sharon,

After reviewing my severance pay calculation under policy #828, I have found a discrepancy. My last salaried position with International Paper was an Inside Sales Representative that paid an annual salary of **$37,600**.

The weekly pay should be **$783.33**, not $723.08. My calculation for the severance **pay amount should be $16,081.76**. The severance did not include my **3 weeks of earned, but unused vacation, which should be a total of $2,349.99**.

Also, an additional estimated Cobra Medical for 9 months at an approximate rate of $615.00 per month, along with Cobra Medical an approximate rate of $100 per month for Cobra Dental. **The total estimation for Cobra Medical and Dental should be in the range of $6,435.00.**

The severance pay amount of **$16,081.76**, three weeks of earned, but unused vacation of **$2,349.99**, along with the estimation for Cobra Medical and Dental of **$6435.00**, should bring the grand total to **$24,866.75**.

Please submit your return correspondence to the following address:

Carla Cathers
492 Tracy Lane
Hamilton, Ohio 45013

Thank you,
Carla Cathers

RECEIVED OCT 2 0 2003



International Place I
6400 Poplar Ave.
Memphis, TN  38197
Phone 901 763 6000

May 25, 2004

Carla Cathers
492 Tracy Lane
Hamilton, Ohio 45013

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Ms. Cathers,

We are in receipt of your letter dated October 15, 2003, in which you question the amount of the earnings used for the calculation of possible severance benefits payable under Champion International Corporation Reorganization Severance Policy #828 ("the Plan") as well as entitlement to vacation pay and reimbursement for COBRA coverage.  The following will explain the results of our research.

A review of payroll records indicates you were paid on a semi-monthly basis.  Your semi-monthly pay was $1,566.67, or $37,600.08 annually ($1,566.67 x 26 = $37,600.08), which is $723.08 per week for severance ($37,600.08 / 52 = $723.08).

As a result of our findings, no change will be made to the estimated severance benefit quoted in our previous communication.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill, the asset purchase agreement required Smart Papers to honor earned and accrued vacation for the employees it retained following the sale.  Because you were retained by Smart Papers, Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with information related to their COBRA benefits at the time of the sale to Smart Papers.  Under COBRA, continuation coverage must be elected within 60 days after your coverage ends or you are notified of your eligibility for continuation coverage, whichever is later.  As the time for electing COBRA coverage has long past, you are no longer eligible for COBRA benefits.  Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you became eligible for Smart Paper's coverage which was comparable to the coverage provided by International Paper.  When you obtained comparable coverage, you eligibility for COBRA ended.  Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,


Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

/slb

CC:  File

JEFFREY N. COCHRAN

October 23, 2003

Jeffrey N. Cochran
535 Kings Manor Drive
O'Fallon, MO 63366

Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, Tennessee 38197

RE:    Dalesandro, et al. v. The International Paper Company
       Case No. C-1-01-109
       U.S. District Court, Southern District of Ohio

Dear Ms. Barger:

In response to the court ordered Notice of September 24, 2003, we the individual members are to notify you in writing of discrepancies in the calculation of our severance pay and severance benefits of Severance Policy 828.

The calculation of my weeks of service and weekly pay were correct with that number being 12.48 weeks of severance at $1,628.85 or $20,328.05 total. However, you left off other pertinent benefits that were part of the entire 828 package that I am eligible for which include vacation pay and 9 months of COBRA coverage.

I am entitled to three (3) weeks of vacation pay totaling $4,886.55.

Also, 9 months of Cobra at $120.77 ($95.63 medical & $25.14 dental per pay) for a total of $2,173.86.

This brings the total owed to me from International Paper to:

| | |
|---|---|
| Salary | $20,328.05 |
| Vacation | $4,886.55 |
| Cobra | $2,173.86 |
| **Total** | **$27,388.46** |

Best Regards,

Jeffrey N. Cochran

Cc: Murdock, Goldenberg, Schneider & Groh

RECEIVED OCT 2 8 2003



INTERNATIONAL PAPER

International Place I
6400 Poplar Ave.
Memphis, TN 38197
Phone 901 763 6000

May 25, 2004

Mr. Jeffrey N. Cochran
535 Kings Manor Drive
O'Fallon, MO 63366

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Mr. Cochran:

We are in receipt of your letter dated 10/28/2003, in which you question your entitlement to vacation and/or COBRA. The following will explain the results of our research.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill, the asset purchase agreement required Smart Papers to honor earned and accrued vacation for the employees it retained following the sale. Because you were retained by Smart Papers, Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with information related to their COBRA benefits at the time of the sale to Smart Papers. Under COBRA, continuation coverage must be elected within 60 days after your coverage ends or you are notified of your eligibility for continuation coverage, whichever is later. As the time for electing COBRA coverage has long past, you are no longer eligible for COBRA benefits. Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you became eligible for Smart Paper's coverage which was comparable to the coverage provided by International Paper. When you obtained comparable coverage, you eligibility for COBRA ended. Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,

Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

LONNIE CRAWFORD

October 24, 2003


Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, Tennessee 38197

Re:   Dalesandro, vs International Paper
      Case No. C-1-01-109
      US District Court, Southern District of Ohio

Dear Ms Barger:
In response to the court ordered Notice of September 24, 2003, I am notifying you of
discrepancies in the calculation of my severance pay and severance benefits under
Severance Policy 828.

I agree that my weeks of service and weekly pay were calculated correctly. However
Severance Policy 828 also stated that terminated individuals would also receive payment
for their remaining vacation days and 9 months of COBRA coverage.

According to my records, I was eligible for three (3) weeks of vacation at the time of
termination and am requesting that that be added my severance pay calculation. I am also
requesting payment of 9 months of Cobra at ($95.63 medical & $25.14 dental per pay)
for 18 pay periods or $2,173.86.

Sincerely,

*Lonnie Crawford*

Lonnie Crawford


Cc:
Murdock,Goldenberg,Schneider & Groh

RECEIVED OCT 2 8 2003



**INTERNATIONAL PAPER**

International Place I
6400 Poplar Ave.
Memphis, TN 38197
Phone 901 763 6000

May 25, 2004

Mr. Lonnie Crawford
1500 Sherwood #1K
Fairfield, OH 45014

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Mr. Crawford:

We are in receipt of your letter dated 10/28/2003, in which you question your entitlement to vacation and/or COBRA. The following will explain the results of our research.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill, the asset purchase agreement required Smart Papers to honor earned and accrued vacation for the employees it retained following the sale. Because you were retained by Smart Papers, Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with information related to their COBRA benefits at the time of the sale to Smart Papers. Under COBRA, continuation coverage must be elected within 60 days after your coverage ends or you are notified of your eligibility for continuation coverage, whichever is later. As the time for electing COBRA coverage has long past, you are no longer eligible for COBRA benefits. Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you became eligible for Smart Paper's coverage which was comparable to the coverage provided by International Paper. When you obtained comparable coverage, you eligibility for COBRA ended. Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,

Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

CLARENCE W. CROUCHER, JR.

October 8, 2003

Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, Tennessee 38197

Re:     Dalesandro, vs International Paper
        Case No. C-1-01-109
        US District Court, Southern District of Ohio

Dear Ms Barger:
In response to the court ordered Notice of September 24, 2003, we the individual
members are to notify you in writing of discrepancies in the calculation of our severance
pay and severance benefits of Severance Policy 828.

You did indeed calculate my weeks of service and weekly pay correctly. That number
28.82 weeks at $ 1259.62 or $36,302.25, however you left off a pertinent benefit that is
part of the entire 828 package that I am eligible for, that being vacation pay.

I am entitled to four (4) weeks of vacation pay at $1259.62 each or $5,038.48.

This brings the total owed to me from International Paper to:
        Salary      $36,302.25
        Vacation    $5,038.48
        Total       $41,340.73

Sincerely,

Clarence W. Croucher Jr.

Cc:
Murdock,Goldenberg,Schneider & Groh

RECEIVED OCT 1 4 2003



International Place I
6400 Poplar Ave.
Memphis, TN 38197
Phone 901 763 6000

June 16, 2004

Mr. Clarence W. Croucher
641 Schultz Drive
Hamilton, OH 45013

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Mr. Croucher:

We are in receipt of your letter dated 10/14/2003, in which you question your entitlement to
vacation. The following will explain the results of our research.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill,
the asset purchase agreement required Smart Papers to honor earned and accrued vacation for
the employees it retained following the sale. Because you were retained by Smart Papers,
Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with
information related to their COBRA benefits at the time of the sale to Smart Papers. Under
COBRA, continuation coverage must be elected within 60 days after your coverage ends or you
are notified of your eligibility for continuation coverage, whichever is later. As the time for
electing COBRA coverage has long past, you are no longer eligible for COBRA benefits.
Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you
became eligible for Smart Paper's coverage which was comparable to the coverage provided by
International Paper. When you obtained comparable coverage, you eligibility for COBRA
ended. Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,

Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

SCOTT DALESANDRO

October 8, 2003

Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, Tennessee 38197

Re:    Dalesandro, vs International Paper
       Case No. C-1-01-109
       US District Court, Southern District of Ohio

Dear Ms Barger:
In response to the court ordered Notice of September 24, 2003, we the individual
members are to notify you in writing of discrepancies in the calculation of our severance
pay and severance benefits of Severance Policy 828.

You did indeed calculate my weeks of service and weekly pay correctly. That number
12.25 weeks at $1,423.08 or $17,432.73, however you left off other pertinent benefits
that were part of the entire 828 package that I am eligible for, that being vacation pay and
9 months of COBRA coverage.

I am entitled to three (3) weeks of vacation pay, $4,269.24.

Also 9 months of Cobra at ($95.63 medical & $25.14 dental per pay) for 18 pay periods
or $2,173.86.

This brings the total owed to me from International Paper to:

| | |
|---|---|
| Salary | $17,432.73 |
| Vacation | $ 4,269.24 |
| Cobra | $ 2,173.86 |
| Total | $23,875.83 |

Sincerely,

Scott Dalesandro

Cc:
Murdock,Goldenberg,Schneider & Groh

RECEIVED OCT 1 6 2003



International Place I
6400 Poplar Ave.
Memphis, TN 38197
Phone 901 763 6000

May 25, 2004

Mr. Scott D. Dalesandro
3465 Lakebrook Court
Hamilton, OH 45011

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Mr. Dalesandro:

We are in receipt of your letter dated 10/16/2003, in which you question your entitlement to vacation and/or COBRA. The following will explain the results of our research.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill, the asset purchase agreement required Smart Papers to honor earned and accrued vacation for the employees it retained following the sale. Because you were retained by Smart Papers, Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with information related to their COBRA benefits at the time of the sale to Smart Papers. Under COBRA, continuation coverage must be elected within 60 days after your coverage ends or you are notified of your eligibility for continuation coverage, whichever is later. As the time for electing COBRA coverage has long past, you are no longer eligible for COBRA benefits. Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you became eligible for Smart Paper's coverage which was comparable to the coverage provided by International Paper. When you obtained comparable coverage, you eligibility for COBRA ended. Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,

Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

JANET L. DEMPSEY

October 13, 2003

Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, Tennessee 38197

Re:    Dalesandro, vs International Paper
       Case No. C-1-01-109
       US District Court, Southern District of Ohio

Dear Ms Barger:
In response to the court ordered Notice of September 24, 2003, we the individual
members are to notify you in writing of discrepancies in the calculation of our severance
pay and severance benefits of Severance Policy 828.

You did indeed calculate my weeks of service and weekly pay correctly. That number
23.24 weeks at $1230.77 or $28,603.10, however you left off other pertinent benefits that
were part of the entire 828 package that I am eligible for, that being vacation pay and 9
months of COBRA coverage.

I am entitled to four (4) weeks of vacation pay, $4,923.08

Also 9 months of Cobra at ($95.63 medical & $25.14 dental per pay) for 18 pay periods
or $2,173.86.

This brings the total owed to me from International Paper to:
|  |  |
|---|---|
| Salary | $28,603.10 |
| Vacation | $ 4,923.08 |
| Cobra | $ 2,173.86 |
| Total | $35,700.04 |

Sincerely,

*Janet L. Dempsey*

Janet L. Dempsey

Cc:
Murdock,Goldenberg,Schneider & Groh

RECEIVED OCT ! 6 2003



International Place I
6400 Poplar Ave.
Memphis, TN 38197
Phone 901 763 6000

May 25, 2004

Ms. Janet L. Dempsey
8 Highknoll Ct.
Fairfield, OH 45014

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Ms. Dempsey:

We are in receipt of your letter dated 10/16/2003, in which you question your entitlement to vacation and/or COBRA. The following will explain the results of our research.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill, the asset purchase agreement required Smart Papers to honor earned and accrued vacation for the employees it retained following the sale. Because you were retained by Smart Papers, Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with information related to their COBRA benefits at the time of the sale to Smart Papers. Under COBRA, continuation coverage must be elected within 60 days after your coverage ends or you are notified of your eligibility for continuation coverage, whichever is later. As the time for electing COBRA coverage has long past, you are no longer eligible for COBRA benefits. Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you became eligible for Smart Paper's coverage which was comparable to the coverage provided by International Paper. When you obtained comparable coverage, you eligibility for COBRA ended. Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,

Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

DAVID L. DICKERSON

October 28, 2003

Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, Tennessee 38197

Re:    Dalesandro, vs International Paper
       Case No. C-1-01-109
       US District Court, Southern District of Ohio

Dear Ms Barger:
In response to the court ordered Notice of September 24, 2003, we the individual members are to notify you in writing of discrepancies in the calculation of our severance pay and severance benefits of Severance Policy 828.

You did indeed calculate my weeks of service and weekly pay correctly. That number 12.25 weeks at $ 1284.62 or $21427.47, however you left off other pertinent benefits that were part of the entire 828 package that I am eligible for, that being vacation pay and 9 months of COBRA coverage.

I am entitled to three (3) weeks of vacation pay, $3853.86.

Also 9 months of Cobra at ($95.63 medical & $25.14 dental per pay) for 18 pay periods or $2,173.86.

This brings the total owed to me from International Paper to:

| | |
|---|---|
| Salary | $21427.47 |
| Vacation | $3853.86 |
| Cobra | $2173.86 |
| Total | $27455.19 |

Sincerely,

*David L. Dickerson*
David L. Dickerson

Cc:
Murdock,Goldenberg,Schneider & Groh

RECEIVED NOV 0 3 2003



INTERNATIONAL PAPER

International Place I
6400 Poplar Ave.
Memphis, TN 38197
Phone 901 763 6000

May 25, 2004

Mr. David L. Dickerson
6940 Ken Arbre Drive
Cincinnati, OH 45236

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Mr. Dickerson:

We are in receipt of your letter dated 11/3/2003, in which you question your entitlement to
vacation and/or COBRA. The following will explain the results of our research.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill,
the asset purchase agreement required Smart Papers to honor earned and accrued vacation for
the employees it retained following the sale. Because you were retained by Smart Papers,
Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with
information related to their COBRA benefits at the time of the sale to Smart Papers. Under
COBRA, continuation coverage must be elected within 60 days after your coverage ends or you
are notified of your eligibility for continuation coverage, whichever is later. As the time for
electing COBRA coverage has long past, you are no longer eligible for COBRA benefits.
Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you
became eligible for Smart Paper's coverage which was comparable to the coverage provided by
International Paper. When you obtained comparable coverage, you eligibility for COBRA
ended. Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,

Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

DAVE DISNEY

Sharon,

The only dispute I would Have with my Policy #828 Settlement is that I feel it should contain my vacations at that time which was 3 weeks per year. I did not elect to take any COBRA insurance at that Time.

Thank You

Dave Disney

17061 US 52
METAMORA, IN. 47030

RECEIVED
OCT ·· 5 ···
BENEFITS ADM.



International Place I
6400 Poplar Ave.
Memphis, TN 38197
Phone 901 763 6000

May 25, 2004

Mr. Dave Disney
17061 US 52
Metamora, IN 47030

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Mr. Disney:

We are in receipt of your letter dated 10/14/2003, in which you question your entitlement to vacation. The following will explain the results of our research.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill, the asset purchase agreement required Smart Papers to honor earned and accrued vacation for the employees it retained following the sale. Because you were retained by Smart Papers, Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with information related to their COBRA benefits at the time of the sale to Smart Papers. Under COBRA, continuation coverage must be elected within 60 days after your coverage ends or you are notified of your eligibility for continuation coverage, whichever is later. As the time for electing COBRA coverage has long past, you are no longer eligible for COBRA benefits. Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you became eligible for Smart Paper's coverage which was comparable to the coverage provided by International Paper. When you obtained comparable coverage, you eligibility for COBRA ended. Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,

Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

GARY W. ELLIOTT

RECEIVED

OCT 1 3 2003

BENEFITS ADM.

October 11, 2003

Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, TN  38197

RE: Gary W. Elliott

Dear Ms. Barger,

I recently received notification of the court ordered notice of rights to severance benefits due to the termination of employment by International Paper Company in regard to the Hamilton, Ohio mill.

After reviewing my husbands payroll information I have found that there is a difference in the calculation of my husbands severance.  I am sending along a payroll deposit notification dated 1-16-01.  His earnings for that period of two weeks is $3,879.17.  For a one week period it would be $1939.59.  In the letter that I received his income was reported as $1,790.39. This is a difference of $149.20.

My husband passed away on April 3, 2001 and I was Gary's wife and beneficiary.  Any further correspondence regarding this matter can be addressed to reflect that.  Thank you for your attention to this matter and I will look forward to your response.

Sincerely,

*Mary Jane Elliott*

Mary Jane Elliott
71 Brook Rd.
Portland, ME 04103

Enclosure (1)

RECEIVED

OCT 1 3 2003

BENEFITS ADM

```
CC 5A MMHA 5430 4500        C007440468
GARY W ELLIOTT
3 RUTLEDGE COURT
HAMILTON              OH 45013
```

# PAYROLL DEPOSIT ADVICE ONLY - NON NEGOTIABLE

STATEMENT OF EARNINGS AND DEDUCTIONS        RETAIN FOR YOUR RECORDS

INTERNATIONAL PAPER    (CC-5A) ELLIOTT, GARY W.
CC5A
C007440468

| DESCRIPTION | RATE | HOURS | EARNINGS | YEAR TO DATE | | TAXES/DEDUCTIONS | YEAR TO DATE |
|---|---|---|---|---|---|---|---|
| REGULAR EARNING | | 8666 | 387917 | 7758340 | FEDERAL TAX | 67616 | 135232 |
| BENEFIT $'S-1 | | | 12008 | 24016 | SOCIAL SEC TAX | 24042 | 48084 |
| BENEFIT $'S-2 | | | 23450 | 46900 | MEDICARE TAX | 5622 | 11245 |
| | | | | | OHIO | 16966 | 33932 |
| | | | | | HAMILTON | 7998 | 15996 |
| | | | | | LTD | 4267 | 8534 |
| | | | | | UNIV. MET LIFE | 8295 | 16590 |
| | | | | | GROUP LIFE | 3544 | 7088 |
| | | | | | POL ACTION COM | 1000 | 2000 |
| | | | | | PRETAX DENTAL | 3050 | 6100 |
| | | | | | PRTAX GRP LIFE | 1300 | 2600 |
| | | | | | PRTAX SLRY SAV | 23275 | 46550 |
| | | | | | PRTAX OCMED | 31250 | 62500 |
| | | | | | UNITED WAY | 500 | 1000 |
| | | | | | DIR DEP CHK | 224650 | 449299 |

| | EARNINGS | TAXES | DEDUCTIONS | NET PAY | PAY PERIOD | SEQUENCE NUMBER | AMOUNT OF DEPOS |
|---|---|---|---|---|---|---|---|
| CURRENT | 423375 - | 122244 - | 76481 = | 224650 | BEGIN 01-16-01 | 20001120 | 22465 |
| YEAR TO DATE | 846750 - | 244489 - | 152962 = | 449299 | END 01-31-01 | | |

FC1137



International Place I
6400 Poplar Ave.
Memphis, TN  38197
Phone 901 763 6000

May 25, 2004

Mary Jane Elliott
71 Brook Road
Portland, ME 04103

Re:  Gary W. Elliott
      Champion International Corporation Reorganization Severance Policy #828

Dear Mrs. Elliott,

We are in receipt of your letter dated October 11, 2003, in which you question the amount of the earnings used for the calculation of possible severance benefits payable under Champion International Corporation Reorganization Severance Policy #828 ("the Plan").  The following will explain the results of our research.

A review of payroll records indicates Mr. Elliott was paid on a semi-monthly basis.  The check stub that you provided in your correspondence was for the pay period of January 16 through January 31, which is a semi-monthly not a bi-weekly pay period.  His semi-monthly pay was $3,879.17, or $93,100.08 annually, which, according to the plan is $1790.39 per week for severance.

As a result of our findings, no change will be made to the estimated severance benefit quoted in our previous communication.

Cordially,

Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

/slb

cc: File

RICHARD W. EMERY

October 21, 2003

Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, Tennessee 38197

Re:    Dalesandro, vs International Paper
       Case No. C-1-01-109
       US District Court, Southern District of Ohio

Dear Ms Barger:
In response to the court ordered Notice of September 24, 2003, we the individual
members are to notify you in writing of discrepancies in the calculation of our severance
pay and benefits under Severance Policy 828.

You did not calculate my weeks of service correctly, although the weekly pay was indeed
correct. My years of service should be 16.33, rather than the claimed 9.08. I worked at
the Hamilton Mill for Champion from 1979 until 1986, then returned to that location in
1992 and worked there until being terminated by IP. My years of service were given
back to me **in their entirety** by Champion, and must be included now as well. Based on
a corrected number of 16.33 actual years of service, this converts into 17.66 years plus
the standard 10 weeks for all covered employees, for a total of 27.66 weeks. At
$1278.85/wk, this will equal $35,372.99 for salary alone; however, you left off another
pertinent benefit that was part of the entire 828 package which I am eligible for, that
being vacation pay. (I had no COBRA payments, having declined that coverage.)

I am entitled to four (4) weeks of vacation pay, which equals $5115.40.

This brings the total owed to me from International Paper to:

|          |            |
|----------|------------|
| Salary   | $35,372.99 |
| Vacation | $5,115.40  |
| Total    | $40,488.39 |

Sincerely,

Richard W. Emery
2435 Sir Martin Drive
Hamilton, OH  45013

Cc:
Murdock,Goldenberg,Schneider & Groh

RECEIVED OCT 2 8 2003



INTERNATIONAL PAPER

International Place I
6400 Poplar Ave.
Memphis, TN  38197
Phone 901 763 6000

May 25, 2004

Richard W. Emery
2435 Sir Martin Drive
Hamilton, Ohio 45013

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Mr. Emery,

We are in receipt of your letter dated September 25, 2003, in which you question the years of service used for the calculation of possible severance benefits payable under Champion International Corporation Reorganization Severance Policy #828 ("the Plan") as well as entitlement to vacation pay.  The following will explain the results of our research.

A review of your records indicates a previous period of Champion service should have been included in your estimated severance calculation.  A corrected Exhibit A is enclosed.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill, the asset purchase agreement required Smart Papers to honor earned and accrued vacation for the employees it retained following the sale.  Because you were retained by Smart Papers, Smart Papers was required to provide you with your earned and accrued vacation.

Cordially,

Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

/slb

Encl.

CC:  File

# Exhibit A
## Richard Emery

<u>Severance Calculation</u>

| <u>Weekly Pay</u> | <u>Years of Service</u> | Age at<br>February 9, 2001<br><u>Termination</u> | | <u>Weeks of Severance</u> |
|---|---|---|---|---|
| $1278.85 | 16 | 45 | 32 | |

#828 Severance Pay:   $40,923.20

NANCY L. ETTER

October 9, 2003

Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, Tennessee 38197

Re:    Dalesandro, vs International Paper
       Case No. C-1-01-109
       US District Court, Southern District of Ohio

Dear Ms Barger:
In response to the court ordered Notice of September 24, 2003, we the individual
members are to notify you in writing of discrepancies in the calculation of our severance
pay and severance benefits of Severance Policy 828.

You did indeed calculate my weeks of service and weekly pay correctly. (Weekly pay :
$676.93;  Yrs. of Service: 20.44:  Age at Termination on Feb. 9, 2001: 46:  Weeks of
Severance: 35.88:  My total Severance Pay amount: $24,288.25)  However you left off
other pertinent benefits that were part of the entire 828 package that I am eligible for, that
being vacation pay and 9 months of COBRA coverage.

I am entitled to five (5) weeks of vacation pay, $3,384.65.

Also 9 months of Cobra at ($22.95 medical per pay) for 18 pay periods or $413.10.

This brings the total owed to me from International Paper to:

|          |            |
|----------|------------|
| Salary   | $24,288.25 |
| Vacation | $ 3,384.65 |
| Cobra    | $   413.10 |
| Total    | $28,086.00 |

Sincerely,

*Nancy L. Etter*

Nancy L. Etter


Cc:
Murdock,Goldenberg,Schneider & Groh

RECEIVED OCT 1 4 2003



INTERNATIONAL PAPER

International Place I
6400 Poplar Ave.
Memphis, TN  38197
Phone 901 763 6000

May 25, 2004

Ms. Nancy Etter
487 Haven Avenue
Hamilton, OH  45013

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Ms. Etter:

We are in receipt of your letter dated 10/14/2003, in which you question your entitlement to vacation and/or COBRA.  The following will explain the results of our research.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill, the asset purchase agreement required Smart Papers to honor earned and accrued vacation for the employees it retained following the sale.  Because you were retained by Smart Papers, Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with information related to their COBRA benefits at the time of the sale to Smart Papers.  Under COBRA, continuation coverage must be elected within 60 days after your coverage ends or you are notified of your eligibility for continuation coverage, whichever is later.  As the time for electing COBRA coverage has long past, you are no longer eligible for COBRA benefits.  Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you became eligible for Smart Paper's coverage which was comparable to the coverage provided by International Paper.  When you obtained comparable coverage, you eligibility for COBRA ended.  Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,

Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

TERESA FIELDS

October 11, 2003

Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, Tennessee 38197

Re:    Dalesandro, vs International Paper
       Case No. C-1-01-109
       US District Court, Southern District of Ohio

Dear Ms Barger:

In response to the court ordered Notice of September 24, 2003, we the individual
members are to notify you in writing of discrepancies in the calculation of our severance
pay and severance benefits of Severance Policy 828.

You did indeed calculate my weeks of service and weekly pay correctly. That number
22.56 weeks at $ 963.47 or $21,735.89, however you left off other pertinent benefits that
were part of the entire 828 package that I am eligible for, that being vacation pay and 9
months of COBRA coverage.

I am entitled to three (4) weeks of vacation pay, $3,853.88.

Also 9 months of Cobra at ($95.63 medical & $25.14 dental per pay) for 18 pay periods
or $2,173.86.

This brings the total owed to me from International Paper to:

| | |
|---|---|
| Salary | $21,735.89 |
| Vacation | $ 3,853.88 |
| Cobra | $ 2,173.86 |
| Total | $27,763.63 |

Sincerely,

Teresa Fields
SS# 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

Cc:
Murdock,Goldenberg,Schneider & Groh

RECEIVED OCT 2 4 2003



INTERNATIONAL PAPER

International Place I
6400 Poplar Ave.
Memphis, TN  38197
Phone 901 763 6000

May 25, 2004

Ms. Teresa Fields
524 Southwick Place
Trenton, OH  45067

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Ms. Fields:

We are in receipt of your letter dated 10/24/2003, in which you question your entitlement to vacation and/or COBRA.  The following will explain the results of our research.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill, the asset purchase agreement required Smart Papers to honor earned and accrued vacation for the employees it retained following the sale.  Because you were retained by Smart Papers, Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with information related to their COBRA benefits at the time of the sale to Smart Papers.  Under COBRA, continuation coverage must be elected within 60 days after your coverage ends or you are notified of your eligibility for continuation coverage, whichever is later.  As the time for electing COBRA coverage has long past, you are no longer eligible for COBRA benefits. Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you became eligible for Smart Paper's coverage which was comparable to the coverage provided by International Paper.  When you obtained comparable coverage, you eligibility for COBRA ended.  Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,

Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

MARTIN B. FORSYTHE

October 14, 2003

Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, Tennessee 38197

Re:    Dalesandro, et al. v. The International Paper Company
       Case No. C-1-01-109
       US District Court, Southern District of Ohio

Dear Ms Barger:

In response to the court ordered Notice of September 24, 2003, we the individual
members are to notify you in writing of discrepancies in the calculation of our severance
pay and severance benefits of Severance Policy 828.

You did indeed calculate my weeks of service and weekly pay correctly. That number
31.14 weeks at $1,655.77 per week totaling $51,560.68 is correct.  You did however
leave off other pertinent benefits that were part of the entire 828 package that I am
eligible for.  In my case that is five (5) weeks of vacation pay which totals $8,278.85.  I
did not have medical coverage under IP and therefore I am not requesting any COBRA
benefits as outlined in the 828 Severance Policy.

This brings the total owed to me from International Paper to:

| | |
|---|---|
| Salary | $51,560.68 |
| Vacation | $8,278.85 |
| Cobra | $0 |
| | |
| Total | **$59,839.53** |

Sincerely,

Martin B. Forsythe

Cc:Murdock,Goldenberg,Schneider & Groh

RECEIVED OCT 2 0 2003

# INTERNATIONAL (A) PAPER

International Place I
6400 Poplar Ave.
Memphis, TN  38197
Phone 901 763 6000

May 25, 2004

Mr. Martin B. Forsythe
301 N. Washington Blvd.
Hamilton, OH  45013

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Mr. Forsythe:

We are in receipt of your letter dated 10/20/2003, in which you question your entitlement to vacation and/or COBRA.  The following will explain the results of our research.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill, the asset purchase agreement required Smart Papers to honor earned and accrued vacation for the employees it retained following the sale.  Because you were retained by Smart Papers, Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with information related to their COBRA benefits at the time of the sale to Smart Papers.  Under COBRA, continuation coverage must be elected within 60 days after your coverage ends or you are notified of your eligibility for continuation coverage, whichever is later.  As the time for electing COBRA coverage has long past, you are no longer eligible for COBRA benefits.  Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you became eligible for Smart Paper's coverage which was comparable to the coverage provided by International Paper.  When you obtained comparable coverage, you eligibility for COBRA ended.  Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,

Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

GARTH GEIST

October 24, 2003

Sharon Barger

International Paper

6400 Poplar Avenue

Memphis, Tennessee 38197


Re:     Dalesandro, vs International Paper

        Case No. C-1-01-109

US District Court, Southern District of Ohio


Dear Ms Barger:


In response to the court ordered Notice of September 24, 2003, we the individual members are to notify you in writing of discrepancies in the calculation of our severance pay and severance benefits of Severance Policy 828.


You did indeed calculate my weeks of service and weekly pay correctly. That number 22.35 weeks at $1,569.24 or $35,072.52 however you left off other pertinent benefits that were part of the entire 828 package that I am eligible for, that being vacation pay and 9 months of COBRA coverage.


I am entitled to four (4) weeks of vacation pay, $6,276.96.


Also 9 months of Cobra at (value unknown) for 18 pay periods.


RECEIVED OCT 2 8 2003

This brings the total owed to me from International Paper to:

|         |             |
|---------|-------------|
| Salary  | $35,072.52  |
| Vacation| $6,276.96   |
| Cobra   | $           |
| Total   | $41,349.48  |

Sincerely,

Garth Geist

Cc:

Murdock,Goldenberg,Schneider & Groh



International Place I
6400 Poplar Ave.
Memphis, TN  38197
Phone 901 763 6000

June 16, 2004

Mr. Garth B. Geist
1695 Hoop Road
Xenia, OH  45385

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Mr. Geist:

We are in receipt of your letter dated 10/28/2003, in which you question your entitlement to
vacation and/or COBRA.  The following will explain the results of our research.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill,
the asset purchase agreement required Smart Papers to honor earned and accrued vacation for
the employees it retained following the sale.  Because you were retained by Smart Papers,
Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with
information related to their COBRA benefits at the time of the sale to Smart Papers.  Under
COBRA, continuation coverage must be elected within 60 days after your coverage ends or you
are notified of your eligibility for continuation coverage, whichever is later.  As the time for
electing COBRA coverage has long past, you are no longer eligible for COBRA benefits.
Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you
became eligible for Smart Paper's coverage which was comparable to the coverage provided by
International Paper.  When you obtained comparable coverage, you eligibility for COBRA
ended.  Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,

Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

WALTER C. GETZ

October 14, 2003

Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, Tennessee 38197

Re: Dalesandro, vs. International Paper
Case No. C-1-01-109
US District Court, Southern District of Ohio

Dear Ms Barger:
In response to the court ordered Notice of September 24, 2003, we the individual
members are to notify you in writing of discrepancies in the calculation of our severance pay
and severance benefits of Severance Policy 828.

You did indeed calculate my weeks of service and weekly pay correctly. That number is
48.56. weeks at $1,084.62, or $52, 669.15; however you left off another pertinent
benefit that is part of the entire 828 package that I am eligible for, that being vacation
pay.

I am entitled to six (6) week of vacation pay, $6, 507.72.

This brings the total owed to me from International Paper to:
        Salary        $ 52,669.15
        Vacation      $  6,507.72
        Total         $ 59,176.87

Sincerely,

Walter C. Getz

Walter C. Getz

Cc:
Murdock, Goldenberg, Schneider & Groh

RECEIVED OCT 2 0 2003



International Place I
6400 Poplar Ave.
Memphis, TN 38197
Phone 901 763 6000

May 25, 2004

Mr. Walter C. Getz
107 W Fairway Dr.
Hamilton, OH  45013

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Mr. Getz:

We are in receipt of your letter dated 10/20/2003, in which you question your entitlement to vacation and/or COBRA.  The following will explain the results of our research.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill, the asset purchase agreement required Smart Papers to honor earned and accrued vacation for the employees it retained following the sale.  Because you were retained by Smart Papers, Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with information related to their COBRA benefits at the time of the sale to Smart Papers.  Under COBRA, continuation coverage must be elected within 60 days after your coverage ends or you are notified of your eligibility for continuation coverage, whichever is later.  As the time for electing COBRA coverage has long past, you are no longer eligible for COBRA benefits.  Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you became eligible for Smart Paper's coverage which was comparable to the coverage provided by International Paper.  When you obtained comparable coverage, you eligibility for COBRA ended.  Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,

Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

MICHAEL P. GLAAB

October 9, 2003


Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, Tennessee 38197

Re:    Dalesandro, vs International Paper
       Case No. C-1-01-109
       US District Court, Southern District of Ohio

Dear Ms Barger:
In response to the court ordered Notice of September 24, 2003, we the individual
members are to notify you in writing of discrepancies in the calculation of our severance
pay and severance benefits of Severance Policy 828.

You did indeed calculate my weeks of service and weekly pay correctly. That number
58.62 weeks at $ 1,444.24 or $84,661.35, however you left off other pertinent benefits
that were part of the entire 828 package that I am eligible for, that being vacation pay and
9 months of COBRA coverage.

I am entitled to six (6) weeks of vacation pay, $8,665.44.

Also 9 months of Cobra at ($95.63 medical & $25.14 dental per pay) for 18 pay periods
or $2,173.86.

This brings the total owed to me from International Paper to:

| | |
|---|---|
| Salary | $84,661.35 |
| Vacation | $ 8,665.44 |
| Cobra | $ 2,173.86 |
| Total | $95,500.65 |


Sincerely,

*Michael P. Glaab*

Michael P. Glaab


Cc:
Murdock, Goldenberg, Schneider & Groh


RECEIVED OCT 1 4 2003

Michael P. Glaab

## YOUR SEVERANCE PAY CALCULATION UNDER POLICY #828

| Weekly Pay | Years of Service | Age at February 9, 2001 Termination | Weeks of Severance |
|---|---|---|---|
| $1,444.24 | 31.81 | 50 | 58.62 |

**Your #828 Severance Pay Amount:  $84,661.35**

**Your Flex Six Enhancement:**

Since International Paper Company's records indicate that you were age 49 or older and your age and service equaled at least 59 as of February 9, 2001, if the Court of Appeals upholds Judge Beckwith's decision, your monthly benefit under the Retirement Plan will be enhanced as indicated below.  The amounts below reflect the benefits payable on a retirement as of February 9, 2001 and assume that the benefit is received as a single life annuity.

Monthly Benefits Without Flex Six:

| | |
|---|---|
| Monthly life annuity of | $2,115.07 payable at normal retirement date |
| x Early retirement factor | 0.500 |
| = Monthly life annuity of | $1,057.54 payable when you turn age 55 |

Monthly Benefit With Flex Six:

| | |
|---|---|
| Monthly life annuity of | $2,286.57 payable at normal retirement date |
| x Early retirement factor | 0.760 |
| = Monthly life annuity of | $1,737.79 payable 2/9/2001 |

Section 7.4(b) of the Champion Salaried Retirement Plan #0001 and its successor, the Retirement Plan of International Paper Company (the "Retirement Plan"), provides that the "Benefit Commencement Date" of a retiring employee can be any time after age 55 provided that a participant is not employed by Champion (now International Paper Company) or an affiliate or "with respect to a Participant who worked at a divested location, by any purchaser of such location."  It is International Paper Company's position that since Smart Papers, LLC is a purchaser of a divested location under the Retirement Plan, an affected participant cannot start benefits until after the end of your employment with Smart Papers, LLC.  Without Flex Six, the date you can obtain benefits is determined under the terms of the Retirement Plan.  For more information about the Retirement Plan, refer to your Summary Plan Description or contact:

Sharon Barger
International Paper
6400 Poplar Ave
Memphis, Tennessee 38197

{00008540; 4}

MPg



INTERNATIONAL PAPER

International Place I
6400 Poplar Ave.
Memphis, TN 38197
Phone 901 763 6000

May 25, 2004

Mr. Michael P. Glaab
2330 Oyler Drive
Hamilton, OH 45013-9314

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Mr. Glaab:

We are in receipt of your letter dated 10/14/2003, in which you question your entitlement to vacation and/or COBRA. The following will explain the results of our research.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill, the asset purchase agreement required Smart Papers to honor earned and accrued vacation for the employees it retained following the sale. Because you were retained by Smart Papers, Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with information related to their COBRA benefits at the time of the sale to Smart Papers. Under COBRA, continuation coverage must be elected within 60 days after your coverage ends or you are notified of your eligibility for continuation coverage, whichever is later. As the time for electing COBRA coverage has long past, you are no longer eligible for COBRA benefits. Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you became eligible for Smart Paper's coverage which was comparable to the coverage provided by International Paper. When you obtained comparable coverage, you eligibility for COBRA ended. Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,

Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

JAMES A. GRANTZ

October 13, 2003

Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, Tennessee 38197

Re:     *Dalesandro, et al. v. The International Paper Company*
        Case No. C-1-01-109
        US District Court, Southern District of Ohio
        Severance Pay and Other Severance Benefits
        Notice of Needed Corrections for James A. Grantz

Dear Ms Barger:

In response to the court ordered Notice of September 24, 2003, we the individual class
members are to notify you in writing of any discrepancies in the calculation of our
severance pay and severance benefits under Severance Policy #828.

I have reviewed the Exhibit A to the Notice that you prepared for James A. Grantz. You
did indeed calculate my weeks of service and weekly pay correctly. That number 19.86
weeks at $2,007.70 equals $39,872.93 and agrees with that shown in Exhibit A.
However, you left off other pertinent benefits that were part of the entire 828 package
that I am eligible for, that being vacation pay and up to 9 months of COBRA coverage.

I am also entitled to five (5) weeks of vacation pay at the same rate of $2,007.70, totaling
an additional amount due of $10,038.50.

Also, under the policy we were eligible for up to 9 months of Cobra insurance coverage.
The amount I actually paid out for Cobra coverage was $573.75. That is the amount that
should be reimbursed to me.

This brings the total owed to me from International Paper to:

|          |              |
|----------|--------------|
| Salary   | $ 39,872.93  |
| Vacation | $ 10,038.50  |
| Cobra    | $    573.75  |
| Total    | $ 50,485.18  |

Very truly yours,

*James A. Grantz*

James A. Grantz
10 Tiffany Court
Hamilton, OH 45013

RECEIVED OCT 1 6 2003



International Place I
6400 Poplar Ave.
Memphis, TN  38197
Phone 901 763 6000

May 25, 2004

Mr. James A. Grantz
10 Tiffany Court
Hamilton, OH  45013

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Mr. Grantz:

We are in receipt of your letter dated 10/16/2003, in which you question your entitlement to vacation and/or COBRA.  The following will explain the results of our research.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill, the asset purchase agreement required Smart Papers to honor earned and accrued vacation for the employees it retained following the sale.  Because you were retained by Smart Papers, Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with information related to their COBRA benefits at the time of the sale to Smart Papers.  Under COBRA, continuation coverage must be elected within 60 days after your coverage ends or you are notified of your eligibility for continuation coverage, whichever is later.  As the time for electing COBRA coverage has long past, you are no longer eligible for COBRA benefits.  Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you became eligible for Smart Paper's coverage which was comparable to the coverage provided by International Paper.  When you obtained comparable coverage, you eligibility for COBRA ended.  Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,

Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator