DORIS HAMPTON

*Rec'd 10-16-03*

October 16, 2003

Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, Tennessee 38197

Re:   Dalesandro, vs International Paper
      Case No. C-1-01-109
      US District Court, Southern District of Ohio

Dear Ms Barger:
In response to the court ordered Notice of September 24, 2003, we the individual members are to notify you in writing of discrepancies in the calculation of our severance pay and severance benefits of Severance Policy 828.

You did indeed calculate my weeks of service and weekly pay correctly. That number 24.20 weeks at $ 795.97 weekly or $31,507.10, however you left off other pertinent benefits that were part of the entire 828 package that I am eligible for, that being vacation pay and 9 months of COBRA coverage.

I am entitled to six (6) weeks of vacation pay, $2,387.91

Also 9 months of Cobra at ($95.63 medical & $25.14 dental per pay) for 18 pay periods or $2,173.86.

This brings the total owed to me from International Paper to:
| | |
|---|---|
| Salary | $31,507.10 |
| Vacation | $ 2,387.91 |
| Cobra | $ 2,173.86 |
| Total | $36,068.87 |

Sincerely,

*Doris Hampton*

Doris Hampton


cc:    Murdock,Goldenberg,Schneider & Groh


RECEIVED OCT 1 6 2003

October 16, 2003

Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, Tennessee 38197

Re:    Dalesandro, vs International Paper
       Case No. C-1-01-109
       US District Court, Southern District of Ohio

Dear Ms Barger:
In response to the court ordered Notice of September 24, 2003, we the individual
members are to notify you in writing of discrepancies in the calculation of our severance
pay and severance benefits of Severance Policy 828.

You did indeed calculate my weeks of service and weekly pay correctly. That number
24.20 weeks at $ 795.97 weekly or $31,507.10, however you left off other pertinent
benefits that were part of the entire 828 package that I am eligible for, that being vacation
pay and 9 months of COBRA coverage.

I am entitled to six (6) weeks of vacation pay, $2,387.91

Also 9 months of Cobra at ($95.63 medical & $25.14 dental per pay) for 18 pay periods
or $2,173.86.

This brings the total owed to me from International Paper to:

| | |
|---|---|
| Salary | $31,507.10 |
| Vacation | $ 2,387.91 |
| Cobra | $ 2,173.86 |
| Total | $36,068.87 |

Sincerely,

*Doris Hampton*

Doris Hampton

cc:    Murdock,Goldenberg,Schneider & Groh

RECEIVED OCT 2 0 2003



International Place I
6400 Poplar Ave.
Memphis, TN 38197
Phone 901 763 6000

May 25, 2004

Ms. Doris Hampton
4794 Garver-Elliott Road
Oxford, OH 45056

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Ms. Hampton:

We are in receipt of your letter dated 10/16/2003, in which you question your entitlement to vacation and/or COBRA. The following will explain the results of our research.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill, the asset purchase agreement required Smart Papers to honor earned and accrued vacation for the employees it retained following the sale. Because you were retained by Smart Papers, Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with information related to their COBRA benefits at the time of the sale to Smart Papers. Under COBRA, continuation coverage must be elected within 60 days after your coverage ends or you are notified of your eligibility for continuation coverage, whichever is later. As the time for electing COBRA coverage has long past, you are no longer eligible for COBRA benefits. Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you became eligible for Smart Paper's coverage which was comparable to the coverage provided by International Paper. When you obtained comparable coverage, you eligibility for COBRA ended. Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,

Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

KENNETH L. HARDESTY

**Kenneth L. Hardesty**
**630 Shultz Drive**
**Hamilton, OH 45013-1451**
**(513) 894-0761**

October 13, 2003

Ms. Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, Tennessee 38197

Re:    **Dalesandro, vs International Paper, Case No. C-1-01-109**
       **US District Court, Southern District of Ohio**

Dear Ms Barger:

In response to the court ordered Notice of September 24, 2003, we the individual members are to notify you in writing of discrepancies in the calculation of our severance pay and severance benefits of Severance Policy 828.

You did indeed calculate my weeks of service and weekly pay correctly. That number, 42.38 weeks at $1,657.70 or $70,253.33, however you left off other pertinent benefits that were part of the entire Severance Policy 828 package that I am eligible for, that being vacation pay and 9 months of COBRA coverage.

I am entitled to five (5) weeks of vacation pay, $8,288.50.

Also 9 months of Cobra at ($168.30 medical & $62.22 dental per month) or $2,074.68.

This brings the total owed to me from International Paper to:

|  |  |
|---|---|
| Salary | $70,253.33 |
| Vacation | $ 8,288.50 |
| Cobra | $ 2,074.68 |
| Total | $ 80,616.51 |

Sincerely,

Kenneth L. Hardesty

Cc: Theresa L. Groh, Esq., Murdock, Goldenberg, Schneider & Groh

RECEIVED OCT 1 6 2003



International Place I
6400 Poplar Ave.
Memphis, TN 38197
Phone 901 763 6000

May 25, 2004

Mr. Kenneth L. Hardesty
630 Shultz Drive
Hamilton, OH 45013-1451

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Mr. Hardesty:

We are in receipt of your letter dated 10/16/2003, in which you question your entitlement to vacation and/or COBRA. The following will explain the results of our research.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill, the asset purchase agreement required Smart Papers to honor earned and accrued vacation for the employees it retained following the sale. Because you were retained by Smart Papers, Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with information related to their COBRA benefits at the time of the sale to Smart Papers. Under COBRA, continuation coverage must be elected within 60 days after your coverage ends or you are notified of your eligibility for continuation coverage, whichever is later. As the time for electing COBRA coverage has long past, you are no longer eligible for COBRA benefits. Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you became eligible for Smart Paper's coverage which was comparable to the coverage provided by International Paper. When you obtained comparable coverage, you eligibility for COBRA ended. Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,

Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

WAYMOND R. HENDERSHOT

October 9, 2003

Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, Tennessee 38197

Re: Dalesandro, vs International Paper
    Case No. C-1-01-109
    US District Court, Southern District of Ohio

Dear Ms. Barger:

In response to the court ordered notice of September 24, 2003, we the individual members are to notify you in writing of discrepancies in the calculation of our severance pay and severance benefits of Severance Policy 828.

You did indeed calculate my weeks of service and weekly pay correctly. That number 61.18 weeks at $ 1,461.54 or $ 89,417.02 , however you left out other pertinent benefits that were part of the entire 828 package that I am eligible for, that being vacation pay and 9 months of COBRA coverage.

I am entitled to five (5) weeks of vacation pay, totaling $7,307.70. I am also entitled to nine (9) months Cobra at ($95.63 medical and $15.10 dental per pay) for 18 pay periods or $1,993.14.

This brings the total owed to me from International Paper to:

Salary    $89,417.02
Vacation $ 7,307.70
Cobra    $ 1,993.14
Total     $98,717.86

Sincerely,

*Waymond R. Hendershot*

Waymond R. Hendershot

Cc: Murdock, Goldenberg, Schneider & Groh

RECEIVED OCT 1 4 2003

# INTERNATIONAL ⒶPAPER

International Place I
6400 Poplar Ave.
Memphis, TN  38197
Phone 901 763 6000

May 25, 2004

Mr. Waymond R. Hendershot
12 Bristol Ct.
Hamilton, OH  45013

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Mr. Hendershot:

We are in receipt of your letter dated 10/14/2003, in which you question your entitlement to vacation and/or COBRA.  The following will explain the results of our research.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill, the asset purchase agreement required Smart Papers to honor earned and accrued vacation for the employees it retained following the sale.  Because you were retained by Smart Papers, Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with information related to their COBRA benefits at the time of the sale to Smart Papers.  Under COBRA, continuation coverage must be elected within 60 days after your coverage ends or you are notified of your eligibility for continuation coverage, whichever is later.  As the time for electing COBRA coverage has long past, you are no longer eligible for COBRA benefits. Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you became eligible for Smart Paper's coverage which was comparable to the coverage provided by International Paper.  When you obtained comparable coverage, you eligibility for COBRA ended.  Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,

Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

JENNIFER D. HENSLEY

October 9, 2003

Ms. Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, TN 38197

RE: Dalesandro, et al. v. The International Paper Company
    Case No. C-1-01-109

Dear Ms. Barger:

In accordance with the instructions I was supplied in a court ordered notice dated
September 24, 2003, I am notifying you of a discrepancy in the amount of the severance
pay calculation under Policy #828.

In addition to the $33,956.89, I am requesting reimbursement of COBRA payments that I
made (under Section 4 of Policy #828) in the amount of $91.80. Also, I am requesting
Vacation Pay in the amount of 5 weeks (Section 7.1 under Policy #828) in the amount of
$4,206.75.

With all of the above included, my #828 Severance Pay amount should be:
$38,255.44.

Thank you for your attention in this matter.

Sincerely,

Jennifer D. Hensley
201 New London Road
Hamilton, OH 45013

xc: Theresa L. Groh

RECEIVED OCT 1 4 2003



INTERNATIONAL PAPER

International Place I
6400 Poplar Ave.
Memphis, TN  38197
Phone 901 763 6000

May 25, 2004

Ms Jennifer D Hensley
201 New London Road
Hamilton, OH  45013

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Ms Hensley:

We are in receipt of your letter dated 10/14/2003, in which you question your entitlement to vacation and/or COBRA.  The following will explain the results of our research.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill, the asset purchase agreement required Smart Papers to honor earned and accrued vacation for the employees it retained following the sale.  Because you were retained by Smart Papers, Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with information related to their COBRA benefits at the time of the sale to Smart Papers.  Under COBRA, continuation coverage must be elected within 60 days after your coverage ends or you are notified of your eligibility for continuation coverage, whichever is later.  As the time for electing COBRA coverage has long past, you are no longer eligible for COBRA benefits.  Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you became eligible for Smart Paper's coverage which was comparable to the coverage provided by International Paper.  When you obtained comparable coverage, you eligibility for COBRA ended.  Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,

Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

October 13, 2003

Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, Tennessee 38197

Re: Dalesandro, vs International Paper
     Case No. C-1-01-109
     US District Court, Southern District of Ohio

Dear Ms Barger:

In response to the court ordered Notice of September 24, 2003, we the individual members are to notify you in writing of discrepancies in the calculation of our severance pay and severance benefits of Severance Policy 828.

You did indeed calculate my weeks of service and weekly pay correctly. That number 34.38 weeks at $682.70 or $23,471.23, however you left off other pertinent benefits that were part of the entire 828 package that I am eligible for, that being vacation pay and 9 months of COBRA coverage.

I am entitled to five (5) weeks of vacation pay or $3,413.50.

Also, 9 months of Cobra at $30.50 per pay for 18 pay periods or $549.00.

This brings the total owed to me from International Paper to:

|       |       |
|-------|-------|
| Salary | $23,471.23 |
| Vacation | $ 3,413.50 |
| Cobra | $   549.00 |
| Total | $27,433.73 |

Sincerely,

*Jewel M. Hensley*

Jewel M. Hensley

Cc:
Murdock, Goldenberg, Schneider & Groh

# INTERNATIONAL ⦿ PAPER

International Place I
6400 Poplar Ave.
Memphis, TN  38197
Phone 901 763 6000

May 25, 2004

Ms. Jewel Hensley
732 Shultz Drive
Hamilton, OH  45013

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Ms. Hensley:

We are in receipt of your letter dated 10/20/2003, in which you question your entitlement to vacation and/or COBRA.  The following will explain the results of our research.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill, the asset purchase agreement required Smart Papers to honor earned and accrued vacation for the employees it retained following the sale.  Because you were retained by Smart Papers, Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with information related to their COBRA benefits at the time of the sale to Smart Papers.  Under COBRA, continuation coverage must be elected within 60 days after your coverage ends or you are notified of your eligibility for continuation coverage, whichever is later.  As the time for electing COBRA coverage has long past, you are no longer eligible for COBRA benefits.  Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you became eligible for Smart Paper's coverage which was comparable to the coverage provided by International Paper.  When you obtained comparable coverage, you eligibility for COBRA ended.  Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,

Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

THEODORE J. HILLBERG

Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, Tennessee 38197

October 18, 2003

Re:    *Dalesandro, et al. v The International Paper Company*
       Case No. C-1-01-109
       U.S. District Court, Southern District of Ohio

Dear Ms. Barger:

I am responding to International Papers' severance calculation under Policy #828.

Section 7.1 Vacation Pay  (of Policy #828) states:

> An Eligible Employee will receive a lump sum payment for banked vacation,
> earned but unused vacation and, if eligible to retire (under the provisions of
> Section 3 or otherwise), accrued vacation.

At the time of my termination I had two weeks of accrued unused vacation.

Therefore I submit the following as a corrected severance pay calculation:

| Weekly Pay | Years of Service | Age at 2/2/01 | Weeks of Severance |
|---|---|---|---|
| $ 1,100.00 | 1.82 | 42 | 11.82 |
| $ 1,100.00 | Accrued Vacation | | 2.00 |

Total Severance Pay Amount:  **$ 15,202.00.**

Sincerely,

Theodore J. Hillberg
5751 Valley Vista Way
Cincinnati, Ohio 45247

RECEIVED OCT 2 3 2003



International Place I
6400 Poplar Ave.
Memphis, TN 38197
Phone 901 763 6000

May 25, 2004

Mr. Theodore J. Hillberg
5751 Valley Vista Way
Cincinnati, OH 45247

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Mr. Hillberg:

We are in receipt of your letter dated 10/23/2003, in which you question your entitlement to vacation and/or COBRA. The following will explain the results of our research.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill, the asset purchase agreement required Smart Papers to honor earned and accrued vacation for the employees it retained following the sale. Because you were retained by Smart Papers, Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with information related to their COBRA benefits at the time of the sale to Smart Papers. Under COBRA, continuation coverage must be elected within 60 days after your coverage ends or you are notified of your eligibility for continuation coverage, whichever is later. As the time for electing COBRA coverage has long past, you are no longer eligible for COBRA benefits. Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you became eligible for Smart Paper's coverage which was comparable to the coverage provided by International Paper. When you obtained comparable coverage, you eligibility for COBRA ended. Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,

Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

JENNIFER L. HOBBS

Jennifer L. Hobbs
292 Taylor School Road
Hamilton, OH  45013
Social Security Number 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
Telephone:  513-726-4923

October 20, 2003

Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, TN  38197

RE:     Dalesandro vs International Paper
        Case No. C-1-01-109
        US District Court, Southern District of Ohio

Dear Ms. Barger:

In response to the court ordered Notice of September 24, 2003, we the individual members are to notify
you in writing of discrepancies in the calculation of our severance pay and severance benefits of Severance
Policy 828.

My original request of severance benefits granted under the Summary Plan Description of the Champion
International Corporation Reorganization Severance Policy #828 Documentation is below.  Although the
Severance Pay Calculation Under Policy #828 contained in the Notice of September 24, 2003 was correct,
the following items (in bold print) from my original request were omitted from the Severance Pay
Calculation:

- I am requesting payment for ten (10) weeks regular earnings plus nineteen (19) weeks earnings for
  each year of Credited Service plus four (4) weeks earnings for each year of Credited Service over
  fifteen years.  This is a total of 33 weeks earnings at my bimonthly rate of $1,629.17 (Section 2).
- **Payment of continuation of medical and dental benefits under COBRA for the period until I
  am no longer Cobra eligible not to exceed nine (9) months (Section 4)  $95.63 medical and
  $25.14 dental for 18 pay periods totaling $2,173.86.**
- **Five (5) weeks earned but unused vacation resulting from year 2000 totaling $3,759.65**

Sincerely,

*Jennifer L. Hobbs*

Jennifer L. Hobbs

Cc:     Murdock, Goldenberg, Schneider & Groh
        700 Walnut Street
        Suite 400
        Cincinnati, OH  45202

RECEIVED OCT 2 4 2003



**INTERNATIONAL PAPER**

International Place I
6400 Poplar Ave.
Memphis, TN  38197
Phone 901 763 6000

May 25, 2004

Ms. Jennifer L. Hobbs
292 Taylor School Road
Hamilton, OH  45013

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Ms. Hobbs:

We are in receipt of your letter dated 10/24/2003, in which you question your entitlement to vacation and/or COBRA.  The following will explain the results of our research.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill, the asset purchase agreement required Smart Papers to honor earned and accrued vacation for the employees it retained following the sale.  Because you were retained by Smart Papers, Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with information related to their COBRA benefits at the time of the sale to Smart Papers.  Under COBRA, continuation coverage must be elected within 60 days after your coverage ends or you are notified of your eligibility for continuation coverage, whichever is later.  As the time for electing COBRA coverage has long past, you are no longer eligible for COBRA benefits.  Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you became eligible for Smart Paper's coverage which was comparable to the coverage provided by International Paper.  When you obtained comparable coverage, you eligibility for COBRA ended.  Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,

Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

# MIKE HOFF

October 24, 2003

Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, Tennessee 38197

Re:    Dalesandro, vs International Paper
       Case No. C-1-01-109
       US District Court, Southern District of Ohio

Dear Ms Barger:

In response to the court ordered Notice of September 24, 2003, I am notifying you of discrepancies in the calculation of my severance pay and severance benefits under Severance Policy 828.

I agree that my weeks of service and weekly pay were calculated correctly. However Severance Policy 828 also stated that terminated individuals would also receive payment for their remaining vacation days and 9 months of COBRA coverage.

According to my records, I was eligible for three (3) weeks of vacation at the time of termination and am requesting that that be added my severance pay calculation. I am also requesting payment of 9 months of Cobra at ($95.63 medical & $25.14 dental per pay) for 18 pay periods or $2,173.86.

Sincerely,

Mike Hoff

Cc:
Murdock,Goldenberg,Schneider & Groh

RECEIVED OCT 2 8 2003



International Place I
6400 Poplar Ave.
Memphis, TN  38197
Phone 901 763 6000

May 25, 2004

Mr. Mike Hoff
6 Madeline Place
Hamilton, OH  45013

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Mr. Hoff:

We are in receipt of your letter dated 10/28/2003, in which you question your entitlement to vacation and/or COBRA.  The following will explain the results of our research.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill, the asset purchase agreement required Smart Papers to honor earned and accrued vacation for the employees it retained following the sale.  Because you were retained by Smart Papers, Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with information related to their COBRA benefits at the time of the sale to Smart Papers.  Under COBRA, continuation coverage must be elected within 60 days after your coverage ends or you are notified of your eligibility for continuation coverage, whichever is later.  As the time for electing COBRA coverage has long past, you are no longer eligible for COBRA benefits.  Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you became eligible for Smart Paper's coverage which was comparable to the coverage provided by International Paper.  When you obtained comparable coverage, you eligibility for COBRA ended.  Thus, you are not currently eligible for COBRA benefits from International Paper.


Cordially,



Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

TODD J. HOFFERBERTH

October 13, 2003


Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, Tennessee 38197

Re:    Dalesandro, vs International Paper
       Case No. C-1-01-109
       US District Court, Southern District of Ohio

Dear Ms Barger:
In response to the court ordered Notice of September 24, 2003, we the individual
members are to notify you in writing of discrepancies in the calculation of our severance
pay and severance benefits of Severance Policy 828.

You did indeed calculate my weeks of service and weekly pay correctly. That number
12.66 weeks at $ 1,267.31 or $27,449.94, however you left off other pertinent benefits
that were part of the entire 828 package that I am eligible for, that being vacation pay and
9 months of COBRA coverage.

I am entitled to three (3) weeks of vacation pay, $3,801.93

Also 9 months of Cobra at ($95.63 medical & $25.14 dental per pay) for 18 pay periods
or $2,173.86.

This brings the total owed to me from International Paper to:

| | |
|---|---|
| Salary | $27,449.94 |
| Vacation | $3,801.93 |
| Cobra | $2,173.86 |
| Total | $33,425.73 |


Sincerely,

Todd J. Hofferberth


Cc:
Murdock,Goldenberg,Schneider & Groh

RECEIVED OCT 1 6 2003



International Place I
6400 Poplar Ave.
Memphis, TN  38197
Phone 901 763 6000

May 25, 2004

Mr. Todd James Hofferberth
6481 Cedar Hill Dr.
Liberty Township, OH  45011

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Mr. Hofferberth:

We are in receipt of your letter dated 10/16/2003, in which you question your entitlement to
vacation and/or COBRA.  The following will explain the results of our research.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill,
the asset purchase agreement required Smart Papers to honor earned and accrued vacation for
the employees it retained following the sale.  Because you were retained by Smart Papers,
Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with
information related to their COBRA benefits at the time of the sale to Smart Papers.  Under
COBRA, continuation coverage must be elected within 60 days after your coverage ends or you
are notified of your eligibility for continuation coverage, whichever is later.  As the time for
electing COBRA coverage has long past, you are no longer eligible for COBRA benefits.
Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you
became eligible for Smart Paper's coverage which was comparable to the coverage provided by
International Paper.  When you obtained comparable coverage, you eligibility for COBRA
ended.  Thus, you are not currently eligible for COBRA benefits from International Paper.


Cordially,



Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

**RICHARD W. IVEY**

**RECEIVED**

OCT 1 5 2003

**BENEFITS ADM.**

October 7, 2003

International Paper
6400 Poplar Avenue
Memphis, Tennessee 38197

Attention: Sharon Barger:

RE: Dalesandro, et al. v. The International Paper Company

Case No. C-1-01-109
U.S. District Court, Southern District of Ohio

I, Richard Ivey, believe the severance pay calculation set forth in Policy #828 Exhibit A is incorrect, and this letter is to explain the grounds of why it is incorrect. I find two omissions:

- Per Section 4 COBRA of the Policy, an Eligible Employee who elects COBRA coverage shall have the COBRA medical and dental premium payments waived until the earlier to occur of (i) the last day of the ninth month following Termination, or (ii) the date Eligible Employee ceases to be eligible for COBRA coverage. I am hereby requesting that funding to cover COBRA costs during any time period for which I am eligible for this benefit under the Policy.
- Per Section 7.1 Vacation Pay of the Policy, an Eligible Employee will receive a lump sum payment for banked vacation, earned but unused vacation and, if eligible to retire (under the provisions of the Section 3 or otherwise), accrued vacation. I am hereby requesting a lump sum payment for earned but unused vacation. At the time of Termination, I was eligible for three (3) weeks' vacation, none of which had been used; and I am therefore entitled to three weeks' Earnings. Using the definitions provided in Section 1 Definitions of the Policy, based on my salary during the Policy Period, this amounts to $4,321.17. I am hereby requesting that this lump sum payment be provided me.

Thank you for your attention,

*Richard W. Ivey*

Richard W. Ivey
5706 Kingsway West
Cincinnati, OH 45215



International Place I
6400 Poplar Ave.
Memphis, TN 38197
Phone 901 763 6000

May 25, 2004

Mr. Richard W. Ivey
5706 Kingsway West
Cincinnati, OH 45215

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Mr. Ivey:

We are in receipt of your letter dated 10/15/2003, in which you question your entitlement to vacation and/or COBRA. The following will explain the results of our research.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill, the asset purchase agreement required Smart Papers to honor earned and accrued vacation for the employees it retained following the sale. Because you were retained by Smart Papers, Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with information related to their COBRA benefits at the time of the sale to Smart Papers. Under COBRA, continuation coverage must be elected within 60 days after your coverage ends or you are notified of your eligibility for continuation coverage, whichever is later. As the time for electing COBRA coverage has long past, you are no longer eligible for COBRA benefits. Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you became eligible for Smart Paper's coverage which was comparable to the coverage provided by International Paper. When you obtained comparable coverage, you eligibility for COBRA ended. Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,

Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

KENNETH G. KAUP

October 14, 2003

Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, Tennessee 38197

Re:    Dalesandro, vs International Paper
       Case No. C-1-01-109
       US District Court, Southern District of Ohio

Dear Ms Barger:

In response to the court ordered Notice of September 24, 2003, we, the individual members, are to notify you in writing of discrepancies in the calculation of our severance pay and severance benefits of Severance Policy 828.

You did indeed calculate my weekly correctly. That number is $ 1,453.85. However you left off other pertinent benefits that were part of the entire 828 package that I am eligible to receive. Specifically, I am eligible for vacation pay, 9 months of COBRA coverage, and additional years of service were not correct.

I am entitled to four (4) weeks of vacation pay, $5,815.40.

I am entitled to 9 months of Cobra at ($71.73 medical & $16.40 dental per pay) for 19.5 pay periods (bi-weekly pay) or $1,718.53.

You listed my Years of service as 5.83. However, others who received the package received credit for their prior years of service with IP even though they were with Champion at the time of the merger. My original start date with IP was 5/1988. My years of credited service should be 12.75, not the 5.83 you had indicated. Combined with the 10 years added in the package, my total years should be 22.75, resulting in a total of $33,075.09.

This brings the total owed to me from International Paper to:

| Salary | $33,075.09 |
|--------|-----------|
| Vacation | $ 5,815.40 |
| Cobra | $ 1,718.53 |
| Total | $40,609.02 |

Sincerely,

Kenneth G Kaup

Cc:
Murdock, Goldenberg, Schneider & Groh

RECEIVED OCT 2 0 2003



International Place I
6400 Poplar Ave.
Memphis, TN  38197
Phone 901 763 6000

May 25, 2004

Mr. Kenneth G. Kaup
541 Fairhaven Dr.
Hamilton, OH  45013

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Mr. Kaup:

We are in receipt of your letter dated 10/20/2003, in which you question your entitlement to
vacation and/or COBRA.  The following will explain the results of our research.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill,
the asset purchase agreement required Smart Papers to honor earned and accrued vacation for
the employees it retained following the sale.  Because you were retained by Smart Papers,
Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with
information related to their COBRA benefits at the time of the sale to Smart Papers.  Under
COBRA, continuation coverage must be elected within 60 days after your coverage ends or you
are notified of your eligibility for continuation coverage, whichever is later.  As the time for
electing COBRA coverage has long past, you are no longer eligible for COBRA benefits.
Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you
became eligible for Smart Paper's coverage which was comparable to the coverage provided by
International Paper.  When you obtained comparable coverage, you eligibility for COBRA
ended.  Thus, you are not currently eligible for COBRA benefits from International Paper.


Cordially,



Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator



International Place I
6400 Poplar Ave.
Memphis, TN  38197
Phone 901 763 6000

**CORRECTION**

Mr. Kenneth G. Kaup
541 Fairhaven Dr.
Hamilton, OH  45013

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Mr. Kaup:

We are in receipt of your letter dated 10/20/2003, in which you question you question the years of service used for the calculation of possible severance benefits payable under Champion International Corporation Reorganization Severance Policy #828 ("the Plan") and your entitlement to vacation and/or COBRA.  The following will explain the results of our research.

Severance benefits are calculated by using earnings and credited service as defined by the Plan.  Section 1.4 defines Credited Service as "an Eligible Employee's period of employment with the Company…"  Section 1.3 of the Plan defines Company as,  "Champion International Corporation prior to the Merger (including it's United states subsidiaries), and after the Merger Company is the corporation that survives the Merger."

By definition, only your years of Champion service can be used in a calculation of estimated benefits under the Plan.  Your request to have all of your years of service with International Paper Company and Champion used in the calculation of your estimated severance from the Plan is denied.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill, the asset purchase agreement required Smart Papers to honor earned and accrued vacation for the employees it retained following the sale.  Because you were retained by Smart Papers, Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with information related to their COBRA benefits at the time of the sale to Smart Papers.  Under COBRA, continuation coverage must be elected within 60 days after your coverage ends or you are notified of your eligibility for continuation coverage, whichever is later.  As the time for electing COBRA coverage has long past, you are no longer eligible for COBRA benefits.  Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you became eligible for Smart Paper's coverage which was comparable to the coverage provided by International Paper.  When you obtained comparable coverage, you eligibility for COBRA ended.  Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,

Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

/slb

Encl.

CC:  File

JOSEPH P. KEATING

Joseph P. Keating
2 Baldwin Court
Hamilton, Ohio 45013

October 8, 2003

Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, Tennessee 38197

Dear Ms. Barger,

I am writing to correct the attached Exhibit A as requested by the court order Notice of
September 24, 2003. Exhibit A does not accurately reflect the severance pay due me in
accordance with Judge Beckwith's ruling in the case Dalesandro, et al vs. The
International Paper Company Case No. C-1-01-109 US District Court, Southern District
of Ohio.

In my letter to Joyce Marguiliese dated February 23, 2001 I asked for the benefits
extended to terminated employees as stated in Champion International Corporation
Reorganization Severance Policy #828... I requested 23 weeks pay of $1401.93 which
you have rounded to 22.99 weeks which comes to $32,230.38. On this point we agree but
you neglected to count the other conditions for which I filed my claim.

I asked for continuation of medical and dental benefits under COBRA for the period until
I was no longer COBRA eligible, not to exceed nine months. This was a cost for medical
of $191.26 per month and dental of $62.22 per month. For nine months this would be
$2281.32.

I also asked for my four weeks earned but unused vacation which is $5607.72.

The total owed to me by International Paper is $41,119.42 as explained in Champion
International Corporation Reorganization Severance Policy #828.

Thank you for your prompt attention in making the necessary corrections to my
severance pay.

Sincerely,

*Joseph P. Keating*

Joseph P. Keating

Cc: Teresa L. Groh, Esq.
    Murdock, Goldenberg, Schneider & Groh L.P.A.
    700 Walnut Street, Suite 400
    Cincinnati, Ohio 45202

RECEIVED OCT 1 4 2003

**Exhibit A to Class Notice**

**Joseph P. Keating**

<u>YOUR SEVERANCE PAY CALCULATION UNDER POLICY #828</u>

| <u>Weekly Pay</u> | <u>Years of Service</u> | Age at<br>February 9, 2001<br><u>Termination</u> | <u>Weeks of Severance</u> |
|---|---|---|---|
| $1,401.93 | 12.99 | 41 | 22.99 |

**Your #828 Severance Pay Amount:  $32,230.38**



International Place I
6400 Poplar Ave.
Memphis, TN 38197
Phone 901 763 6000

May 25, 2004

Mr. Joseph P. Keating
2 Baldwin Court
Hamilton, OH 45013

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Mr. Keating:

We are in receipt of your letter dated 10/14/2003, in which you question your entitlement to vacation and/or COBRA. The following will explain the results of our research.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill, the asset purchase agreement required Smart Papers to honor earned and accrued vacation for the employees it retained following the sale. Because you were retained by Smart Papers, Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with information related to their COBRA benefits at the time of the sale to Smart Papers. Under COBRA, continuation coverage must be elected within 60 days after your coverage ends or you are notified of your eligibility for continuation coverage, whichever is later. As the time for electing COBRA coverage has long past, you are no longer eligible for COBRA benefits. Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you became eligible for Smart Paper's coverage which was comparable to the coverage provided by International Paper. When you obtained comparable coverage, you eligibility for COBRA ended. Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,

Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

**PAM KIDD**

11/25/03

Mrs. Barger —

This is being resent as the certified mail copy sent on October 10th was lost by the post office. We were given the wrong zip code. (Everyone else I talked to said their letters got through!) I thought maybe regular mail would be more successful.

Thank you,

Pam Kidd

RECEIVED

DEC 0 1 2003

BENEFITS ADM.

October 16, 2003

Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, Tennessee 38197

**RECEIVED**

DEC 0 3 2003

**BENEFITS ADM.**

Re:    Dalesandro, vs International Paper
        Case No. C-1-01-109
        US District Court, Southern District of Ohio

Dear Ms Barger:
In response to the court ordered Notice of September 24, 2003, we the individual members are to notify you in writing of discrepancies in the calculation of our severance pay and severance benefits of Severance Policy 828.

You did indeed calculate my weeks of service and weekly pay correctly. That number 13.67 weeks at $ 959.62 or $13118.01, however you left off other pertinent benefits that were part of the entire 828 package that I am eligible for, that being vacation pay and 9 months of COBRA coverage.

I am entitled to three (4) weeks of vacation pay, $3838.48.

Also 9 months of Cobra at ($95.63 medical & $25.14 dental per pay) for 18 pay periods or $2,173.86.

This brings the total owed to me from International Paper to:
Salary        $13118.01
Vacation    $ 3838.48
Cobra        $ 2173.86
Total        $19130.35

Sincerely,

Pam Kidd

Cc:
Murdock,Goldenberg,Schneider & Groh

**U.S. Postal Service**
**CERTIFIED MAIL · RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com.

**OFFICIAL USE**

MEMPHIS TN 38197

| | | |
|---|---|---|
| Postage | $ | $0.60 |
| Certified Fee | | $2.30 |
| Return Receipt Fee (Endorsement Required) | | $1.75 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $4.65 |

Sent To   *Sharon Barger I.P*
Street, Apt No.; or PO Box No.   *6400 Poplar ave*
City, State, ZIP+4   *Memphis TN 38197*

7002 2410 0004 3332 1602

PS Form 3800, June 2002                See Reverse for Instructions

*Kidd*

October 16, 2003

Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, Tennessee 38197

Re:   Dalesandro, vs International Paper
      Case No. C-1-01-109
      US District Court, Southern District of Ohio

Dear Ms Barger:
In response to the court ordered Notice of September 24, 2003, we the individual
members are to notify you in writing of discrepancies in the calculation of our severance
pay and severance benefits of Severance Policy 828.

You did indeed calculate my weeks of service and weekly pay correctly. That number
13.67 weeks at $ 959.62 or $13118.01, however you left off other pertinent benefits that
were part of the entire 828 package that I am eligible for, that being vacation pay and 9
months of COBRA coverage.

I am entitled to three (4) weeks of vacation pay, $3838.48.

Also 9 months of Cobra at ($95.63 medical & $25.14 dental per pay) for 18 pay periods
or $2,173.86.

This brings the total owed to me from International Paper to:

| | |
|---|---|
| Salary | $13118.01 |
| Vacation | $ 3838.48 |
| Cobra | $ 2173.86 |
| Total | $19130.35 |

Sincerely,

*Pam Kidd*

Pam Kidd

Cc:
Murdock,Goldenberg,Schneider & Groh

RECEIVED OCT 2 4 2003



INTERNATIONAL PAPER

International Place I
6400 Poplar Ave.
Memphis, TN 38197
Phone 901 763 6000

May 25, 2004

Ms. Pam Kidd
1146 Davis Road
Hamilton, OH 45013

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Ms. Kidd:

We are in receipt of your letter dated 10/24/2003, in which you question your entitlement to vacation and/or COBRA. The following will explain the results of our research.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill, the asset purchase agreement required Smart Papers to honor earned and accrued vacation for the employees it retained following the sale. Because you were retained by Smart Papers, Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with information related to their COBRA benefits at the time of the sale to Smart Papers. Under COBRA, continuation coverage must be elected within 60 days after your coverage ends or you are notified of your eligibility for continuation coverage, whichever is later. As the time for electing COBRA coverage has long past, you are no longer eligible for COBRA benefits. Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you became eligible for Smart Paper's coverage which was comparable to the coverage provided by International Paper. When you obtained comparable coverage, you eligibility for COBRA ended. Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,

Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

SANDY L. KNOBELOCH-PLENTZ

October 14, 2003

Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, Tennessee 38197

Re:    Dalesandro, vs International Paper
       Case No. C-1-01-109
       US District Court, Southern District of Ohio

Dear Ms Barger:

In response to the court ordered Notice of September 24, 2003, we the individual members are to notify you in writing of discrepancies in the calculation of our severance pay and severance benefits of Severance Policy 828.

You did indeed calculate my weeks of service and weekly pay correctly. That number 12.27 weeks at $ 938.47 per week or $11515.03, however you left off other pertinent benefits that were part of the entire 828 package that I am eligible for, that being vacation pay and 9 months of COBRA coverage.

I am entitled to two (2) weeks of vacation pay, $1876.94.

Also 9 months of Cobra at ($137.70 medical & $52.96 dental per pay) for 18 pay periods or $3431.88.

This brings the total owed to me from International Paper to:

| | |
|---|---|
| Salary | $11515.03 |
| Vacation | $1876.94 |
| Cobra | $3431.88 |
| Total | $16823.85 |

Sincerely,

Sandy L. (Knobeloch) Plenz

Cc:
Murdock,Goldenberg,Schneider & Groh

RECEIVED OCT 2 0 2003



**INTERNATIONAL PAPER**

International Place I
6400 Poplar Ave.
Memphis, TN 38197
Phone 901 763 6000

May 25, 2004

Ms. Sandy Knobeloch-Plenz
2183 Bluegrama Drive
Burlington, KY 41005

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Ms. Knobeloch-Plenz:

We are in receipt of your letter dated 10/20/2003, in which you question your entitlement to vacation and/or COBRA. The following will explain the results of our research.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill, the asset purchase agreement required Smart Papers to honor earned and accrued vacation for the employees it retained following the sale. Because you were retained by Smart Papers, Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with information related to their COBRA benefits at the time of the sale to Smart Papers. Under COBRA, continuation coverage must be elected within 60 days after your coverage ends or you are notified of your eligibility for continuation coverage, whichever is later. As the time for electing COBRA coverage has long past, you are no longer eligible for COBRA benefits. Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you became eligible for Smart Paper's coverage which was comparable to the coverage provided by International Paper. When you obtained comparable coverage, you eligibility for COBRA ended. Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,

Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

DEBORAH J. LACEY

October 10, 2003


Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, Tennessee 38197


Re:   Dalesandro, vs International Paper
      Case No. C-1-01-109
      US District Court, Southern District of Ohio

Dear Ms Barger:
In response to the court ordered Notice of September 24, 2003, we the individual members are to notify you in writing of discrepancies in the calculation of our severance pay and severance benefits of Severance Policy 828.

You did indeed calculate my weeks of service and weekly pay correctly. That number 10 weeks + 23 years of service and 8 weeks for credited service total  41 weeks of pay  at $38,004.13  however you left off other pertinent benefits that were part of the entire 828 package that I am eligible for, that being vacation pay and 9 months of COBRA coverage.

I am entitled to three (5) weeks of vacation pay, $4,634.65

Also 9 months of Cobra at ($95.63 medical & $25.14 dental per pay) for 18 pay periods or $2,173.86.

This brings the total owed to me from International Paper to:

| | |
|---|---|
| Salary | $38,004.13 |
| Vacation | $4,634.65 |
| Cobra | $2,173.86 |
| Total | $44,812.64 |


Sincerely,


Deborah J. Lacey
2705 Darrtown Rd.
Hamilton, Ohio   45013


Cc:
Murdock,Goldenberg,Schneider & Groh

RECEIVED OCT 1 4 2003



INTERNATIONAL PAPER

International Place I
6400 Poplar Ave.
Memphis, TN  38197
Phone 901 763 6000

May 25, 2004

Ms. Deborah J. Lacey
2765 Darrtown Road
Hamilton, OH  45013

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Ms. Lacey:

We are in receipt of your letter dated 10/14/2003, in which you question your entitlement to vacation and/or COBRA.  The following will explain the results of our research.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill, the asset purchase agreement required Smart Papers to honor earned and accrued vacation for the employees it retained following the sale.  Because you were retained by Smart Papers, Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with information related to their COBRA benefits at the time of the sale to Smart Papers.  Under COBRA, continuation coverage must be elected within 60 days after your coverage ends or you are notified of your eligibility for continuation coverage, whichever is later.  As the time for electing COBRA coverage has long past, you are no longer eligible for COBRA benefits.  Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you became eligible for Smart Paper's coverage which was comparable to the coverage provided by International Paper.  When you obtained comparable coverage, you eligibility for COBRA ended.  Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,

Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator