# JOHN M. SANTAMARIA

October 20, 2003

Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, Tennessee 38197

Re:   Dalesandro, vs International Paper
      Case No. C-1-01-109
      US District Court, Southern District of Ohio

Dear Ms Barger:
In response to the court ordered Notice of September 24, 2003, we the individual
members are to notify you in writing of discrepancies in the calculation of our severance
pay and severance benefits of Severance Policy 828.

You did indeed calculate my weeks of service and weekly pay correctly. That number
11.30 weeks at $ 1692.31 or $19,123.11, however you left off other pertinent benefits
that were part of the entire 828 package that I am eligible for, that being vacation pay and
9 months of COBRA coverage.

I am entitled to three (4) weeks of vacation pay, $6,769.24.

Also 9 months of Cobra at ( $25.14 dental per pay) for 18 pay periods or $452.52.

This brings the total owed to me from International Paper to:

| | |
|---|---|
| Salary | $19,123.11 |
| Vacation | $ 6,769.24 |
| Cobra | $ 452.52 |
| Total | $26,344.87 |

Sincerely,

*John M Santamaria*

John M Santamaria

Cc:
Murdock,Goldenberg,Schneider & Groh

RECEIVED OCT 2 4 2003

**Exhibit A to Class Notice**

**John M. Santamaria**

YOUR SEVERANCE PAY CALCULATION UNDER POLICY #828

| Weekly Pay | Years of Service | Age at February 9, 2001 Termination | Weeks of Severance |
|---|---|---|---|
| $1,692.31 | 1.30 | 58 | 11.30 |

**Your #828 Severance Pay Amount: $19,123.11**

Dear Ms Barger;                                      Oct. 6, 2003

The above is incorrect due to vacation time not being included as stated under section 7.1, "earned but unused vacation."

In my case the amount of vacation to be included is four (4) weeks.

The ~~severance~~ severance would therefore become $25,892.34 (15.30 weeks at $1,692.31 per week).

Respectfully,

John Santamaria

cc/ Theresa Groh, Esg
Murdock Goldenberg
Schneider & Groh LPA

RECEIVED OCT 1 6 2003

{00008567; 1}



INTERNATIONAL Ⓐ PAPER

International Place I
6400 Poplar Ave.
Memphis, TN  38197
Phone 901 763 6000

May 25, 2004

Mr. John M. Santamaria
18 Sherwood Court, Box 676
Holmdel, NJ  07733

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Mr. Santamaria:

We are in receipt of your letter dated 10/16/2003, in which you question your entitlement to vacation.  The following will explain the results of our research.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill, the asset purchase agreement required Smart Papers to honor earned and accrued vacation for the employees it retained following the sale.  Because you were retained by Smart Papers, Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with information related to their COBRA benefits at the time of the sale to Smart Papers.  Under COBRA, continuation coverage must be elected within 60 days after your coverage ends or you are notified of your eligibility for continuation coverage, whichever is later.  As the time for electing COBRA coverage has long past, you are no longer eligible for COBRA benefits.  Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you became eligible for Smart Paper's coverage which was comparable to the coverage provided by International Paper.  When you obtained comparable coverage, you eligibility for COBRA ended.  Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,

Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

LAWRENCE W. SCHINDLER

October 13, 2003

Sharon Barger
International Paper
6400 Poplar Ave.
Memphis, Tennessee 38197

Dear Ms. Barger,

I am writing in regard to the court ordered notice that I received dealing with my rights to severance benefits due to the termination of my employment by International Paper dated September 24, 2003. In attachment A of this notice it say that I am eligible for 42.28 weeks of severance. While this calculation is correct based on the 23.64 years of service, I feel that I am due an additional 5 weeks of severance pay based on paragraph 7.1 of policy #828. I earned 5 weeks of vacation in the year 2000 which I did not take in the year 2001 prior to my termination from International Paper. Thus, I feel that my appropriate weeks of severance eligibility should be 47.28 weeks. Please respond to my request within the allotted 20 days after your receipt of this letter.

Sincerely,

Lawrence W. Schindler
23 Tabor Ln.
Hamilton, OH 45013
S.S. # 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

CC: Theresa L. Groh

RECEIVED OCT 1 6 2003



International Place I
6400 Poplar Ave.
Memphis, TN 38197
Phone 901 763 6000

May 25, 2004

Mr. Lawrence W. Schindler
23 Tabor Lane
Hamilton, OH 45013

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Mr. Schindler:

We are in receipt of your letter dated 10/16/2003, in which you question your entitlement to vacation. The following will explain the results of our research.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill, the asset purchase agreement required Smart Papers to honor earned and accrued vacation for the employees it retained following the sale. Because you were retained by Smart Papers, Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with information related to their COBRA benefits at the time of the sale to Smart Papers. Under COBRA, continuation coverage must be elected within 60 days after your coverage ends or you are notified of your eligibility for continuation coverage, whichever is later. As the time for electing COBRA coverage has long past, you are no longer eligible for COBRA benefits. Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you became eligible for Smart Paper's coverage which was comparable to the coverage provided by International Paper. When you obtained comparable coverage, you eligibility for COBRA ended. Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,

Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

**BRYAN SICKING**

Bryan T. Sicking
4874 Hunt Road #204
Cincinnati, Ohio 45242
513.984.3790

October 12, 2003

Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, TN  38197

Dear Sharon Barger,

I received a court ordered Notice of September 24, 2003 from U.S. District Court Judge Sandra S. Beckwith regarding case No. C-1-01-109, Dalesandro, et al. v. The International Paper Company.  This notice requires that I, as a member of the class action lawsuit, inform you of any errors in the calculation of my severance package from Policy # 828.

Exhibit A to Class Notice does have the correct weekly pay amount of $961.54.  However, there are several calculation errors and omissions from Policy #828 that makes my calculated severance amount of $10,269.25 incorrect.  Exhibit A states that my weeks of severance to be 10.68.  This value does not include all benefits clearly stated in the entire #828 package that I am eligible for.

Under Section 4 of Policy #828 I am entitled to 9 months of Cobra medical and dental coverage.  COBRA payroll deduction was offered at $22.95 per pay for medical and $11.22 per pay for dental.  Over 18 pay periods this amounts to $615.06.

Under Section 7.1 of Policy #828 I am entitled to two (2) weeks of unused vacation pay, or $1,923.08

Lastly my calculated years of service are incorrect.  Exhibit A shows that I had accumulated 0.68 years of service at the time the severance should have been issued.  While I was in college I participated in a co-op program through Miami University's Paper Science department.  From January 1998 through August 1998, I worked 40 hours per week as a process engineer co-op at Champion International's B Street facility in Hamilton, OH.  When I was hired full time by Champion International in June 2000, this 8-month co-op time counted toward my years of service with the company.  Therefore my correct years of service should be 0.68 + 0.66, totaling 1.34 years of service.

Therefore Exhibit A to Class Notice should reflect the following for 13.34 weeks:

| | |
|---|---|
| Salary | $10903.86 |
| Vacation | $1,923.08 |
| Cobra | $615.06 |
| Total | $13,442.00 |

Sincerely,

Bryan Sicking

RECEIVED OCT 1 5 2003

# INTERNATIONAL (A) PAPER

International Place I
6400 Poplar Ave.
Memphis, TN  38197
Phone 901 763 6000

September 8, 2004

Bryan T. Sicking
4874 Hunt Road #204
Cincinnati, Ohio 45242

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Mr. Sicking,

We are in receipt of your letter dated October 12, 2003, in which you question the years of service used for the calculation of possible severance benefits payable under Champion International Corporation Reorganization Severance Policy #828 ("the Plan") as well as entitlement to vacation pay and reimbursement for COBRA coverage.  The following will explain the results of our research.

A review of your records indicates a previous period of Champion service should have been included in your estimated severance calculation.  A corrected Exhibit A is enclosed which reflects your co-op service.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with information related to their COBRA benefits at the time of the sale to Smart Papers.  Under COBRA, continuation coverage must be elected within 60 days after your coverage ends or you are notified of your eligibility for continuation coverage, whichever is later.  As the time for electing COBRA coverage has long past, you are no longer eligible for COBRA benefits. Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you became eligible for Smart Paper's coverage which was comparable to the coverage provided by International Paper.  When you obtained comparable coverage, you eligibility for COBRA ended.  Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,

Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

/slb

Encl.

CC:  File

```
                    ESTIMATED
              SEVERANCE PLAN STATEMENT
                    POLICY 828


                   BRYAN SICKING

                   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

                   HAMILTON, OH

                   PREM PAPERS MILL OP

                   002HAOH



          HIRE DATE:        10/23/99

    TERMINATION DATE:       02/09/01

          WEEKLY PAY:        $961.54

    YEARS OF SERVICE:        1.30



   WEEKS OF SEVERANCE:       11.30

       SEVERANCE PAY:      $10,865.41


           OR, IF GREATER,

   IP YEARS OF SERVICE:        2

   IP SEVERENCE WEEKS:       4.00

      IP SEVERANCE PAY:    $3,846.16
```

   THIS ESTIMATE WAS BASED ON THE DEMOGRAPHIC INFORMATION
   ABOVE AND THE WEEKS OF SEVERANCE WERE BASED ON YOUR LAST
   DATE OF HIRE WITH THE COMPANY.  IF YOU HAVE ADDITONAL
   SERVICE THAT MAY BE USED IN THE SEVERANCE CALCULATION,
   PLEASE SEE YOUR HUMAN RESOURCES REPRESENTATIVE

05/28/04

SUZANNE SLONEKER

October 21, 2003

## <u>VIA CERTIFIED MAIL</u>

Ms. Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, TN 38197

**Re:   Dalesandro, vs International Paper**
**Case No. C-1-01-109**
**US District Court, Southern District of Ohio**

Dear Ms Barger:

In response to the court ordered Notice of September 24, 2003, we, the individual members, are to notify you in writing of discrepancies in the calculation of our severance pay and severance benefits of Severance Policy 828.

You did indeed calculate my weeks of service and weekly pay correctly. That number, 13.82 weeks at $940.39, or $12,996.19, however you left off a pertinent benefit that was part of the entire 828 package that I am eligible for; that being vacation pay.

I am entitled to two (2) weeks of vacation pay, $1880.78

This brings the total owed to me from International Paper to:

|          |              |
|----------|--------------|
| Salary   | $12,996.19   |
| Vacation | $ 1,880.78   |
| Total    | **$14,876.97** |

Sincerely,

Suzanne Sloneker
Class Member
6238 Chablis Drive
Liberty Township, OH 45011

cc: Murdock, Goldenberg, Schneider & Groh, LPA

RECEIVED OCT 2 4 2003



INTERNATIONAL PAPER

International Place I
6400 Poplar Ave.
Memphis, TN 38197
Phone 901 763 6000

May 25, 2004

Ms. Suzanne Sloneker
6238 Chablis Drive
Hamilton, OH 45011

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Ms. Sloneker:

We are in receipt of your letter dated 10/24/2003, in which you question your entitlement to vacation and/or COBRA. The following will explain the results of our research.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill, the asset purchase agreement required Smart Papers to honor earned and accrued vacation for the employees it retained following the sale. Because you were retained by Smart Papers, Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with information related to their COBRA benefits at the time of the sale to Smart Papers. Under COBRA, continuation coverage must be elected within 60 days after your coverage ends or you are notified of your eligibility for continuation coverage, whichever is later. As the time for electing COBRA coverage has long past, you are no longer eligible for COBRA benefits. Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you became eligible for Smart Paper's coverage which was comparable to the coverage provided by International Paper. When you obtained comparable coverage, you eligibility for COBRA ended. Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,

Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

# KAREN SPEARS

October 16, 2003

Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, Tennessee 38197

Re:    Dalesandro, vs International Paper
       Case No. C-1-01-109
       US District Court, Southern District of Ohio

Dear Ms Barger:

In response to the court ordered Notice of September 24, 2003, we the individual members are to notify you in writing of discrepancies in the calculation of our severance pay and severance benefits of Severance Policy 828.

You did indeed calculate my weeks of service and weekly pay correctly. That number 13.21 weeks at $ 565.39 or $7468.81, however you left off other pertinent benefits that were part of the entire 828 package that I am eligible for, that being vacation pay and 9 months of COBRA coverage.

I am entitled to two (2) weeks of vacation pay, $1,130.78.

Also 9 months of Cobra at ($95.63 medical & $25.14 dental per pay) for 18 pay periods or $2,173.86.

This brings the total owed to me from International Paper to:

| | |
|---|---|
| Salary | $7,468.81 |
| Vacation | $1,130.78 |
| Cobra | $2,173.86 |
| Total | $10,773.45 |

Sincerely,

*Karen Spears*

Karen Spears

Cc:
Murdock,Goldenberg,Schneider & Groh

RECEIVED OCT 1 7 2003



International Place I
6400 Poplar Ave.
Memphis, TN 38197
Phone 901 763 6000

May 25, 2004

Ms. Karen Spears
2648 Redford Dr.
Cincinnati, OH 45231

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Ms. Spears:

We are in receipt of your letter dated 10/17/2003, in which you question your entitlement to vacation and/or COBRA. The following will explain the results of our research.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill, the asset purchase agreement required Smart Papers to honor earned and accrued vacation for the employees it retained following the sale. Because you were retained by Smart Papers, Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with information related to their COBRA benefits at the time of the sale to Smart Papers. Under COBRA, continuation coverage must be elected within 60 days after your coverage ends or you are notified of your eligibility for continuation coverage, whichever is later. As the time for electing COBRA coverage has long past, you are no longer eligible for COBRA benefits. Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you became eligible for Smart Paper's coverage which was comparable to the coverage provided by International Paper. When you obtained comparable coverage, you eligibility for COBRA ended. Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,

Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

MATTHEW D. STEVENS

October 14, 2003

Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, Tennessee 38197

Re:    Dalesandro, vs International Paper
       Case No. C-1-01-109
       US District Court, Southern District of Ohio

Dear Ms Barger:
In response to the court ordered Notice of September 24, 2003, we the individual members are to notify you in writing of discrepancies in the calculation of our severance pay and severance benefits of Severance Policy 828.

You did indeed calculate my weeks of service and weekly pay correctly. That number 5.57 weeks at $ 1,336.54 or $20,809.93, however you left off other pertinent benefits that were part of the entire 828 package that I am eligible for, that being vacation pay.

I am entitled to three (3) weeks of vacation pay, $4,009.62.

This brings the total owed to me from International Paper to:

|  |  |
|---|---|
| Salary | $20,809.93 |
| Vacation | $4,009.62 |
| Total | $24,819.55 |

Sincerely,

Matthew D. Stevens

Cc:
Murdock, Goldenberg, Schneider & Groh

RECEIVED OCT 2 0 2003



International Place I
6400 Poplar Ave.
Memphis, TN 38197
Phone 901 763 6000

May 25, 2004

Mr. Matthew D. Stevens
6455 Lakerun Ct.
Hamilton, OH 45011-7181

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Mr. Stevens:

We are in receipt of your letter dated 10/20/2003, in which you question your entitlement to vacation and/or COBRA. The following will explain the results of our research.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill, the asset purchase agreement required Smart Papers to honor earned and accrued vacation for the employees it retained following the sale. Because you were retained by Smart Papers, Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with information related to their COBRA benefits at the time of the sale to Smart Papers. Under COBRA, continuation coverage must be elected within 60 days after your coverage ends or you are notified of your eligibility for continuation coverage, whichever is later. As the time for electing COBRA coverage has long past, you are no longer eligible for COBRA benefits. Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you became eligible for Smart Paper's coverage which was comparable to the coverage provided by International Paper. When you obtained comparable coverage, you eligibility for COBRA ended. Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,

Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

PATRICIA STORTON

Patricia A Storton
228 Golfview Dr
Maggie Valley, NC 28751
828-926-0432 HM
828-646-3128 WK

October 31, 2003

Sharon Barger

I disagree with the severance benefits calculation for case no. C-1-01-109 (Dalesandro, et al. v. The International Paper Company) for Patricia Storton. The calculation of 11.75 weeks doesn't include my 3 weeks of vacation. The total amount should be 14.75 weeks under policy #828.

Attached is a copy of the original severance calculation, that doesn't include the 3 weeks of vacation.

The new severance amount is $23,458.52.

I also worked for International Paper from August 1986 through May 1999 (12.75 years). I don't know if I can bridge the years I previously worked at IP with the 1.75 years I worked at Champion (Hamilton) since I was shortly re-employed by International Paper when they purchased Champion.

Please review and send me a written reply. Thank you for your time.

Sincerely,

*Patricia Storton*

Patricia Storton

RECEIVED NOV 0 6 2003

## Exhibit A to Class Notice

### Patricia A. Storton

**YOUR SEVERANCE PAY CALCULATION UNDER POLICY #828**

| | Years of Service | Age at February 9, 2001 Termination | Weeks of Severance |
|---|---|---|---|
| | 1.75 | 46 | 11.75 |

**Severance Pay Amount:  $18,687.09**



International Place I
6400 Poplar Ave.
Memphis, TN  38197
Phone 901 763 6000

May 25, 2004

Patricia Storton
228 Golfview Drive
Maggie Valley, NC 28751

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Ms. Storton,

We are in receipt of your letter dated October 31, 2003, in which you question the years of service used for the calculation of possible severance benefits payable under Champion International Corporation Reorganization Severance Policy #828 ("the Plan").  The following will explain the results of our research.

Severance benefits are calculated by using earnings and credited service as defined by the Plan.  Section 1.4 defines Credited Service as "an Eligible Employee's period of employment with the Company…" Section 1.3 of the Plan defines Company as,  "Champion International Corporation prior to the Merger (including it's United states subsidiaries), and after the Merger Company is the corporation that survives the Merger."

By definition, only your years of Champion service can be used in a calculation of estimated benefits under the Plan.  Your request to have your prior years of service with International Paper combined with your Champion years in the calculation of your estimated severance from the Plan is denied.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill, the asset purchase agreement required Smart Papers to honor earned and accrued vacation for the employees it retained following the sale.  Because you were retained by Smart Papers, Smart Papers was required to provide you with your earned and accrued vacation.

Cordially,


Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

/slb


CC:  File

# HUGH D. THOMAS

**RECEIVED**

OCT 13 2003

**BENEFITS ADM.**

Hugh D. Thomas
2530 W. Columbus Dr.
Hamilton, Oh. 45013
October 7, 2003

Sharon Barger
International Paper
6400 Poplar ave
Memphis, Tennessee 38197

Dear Ms. Barger,
    In addition to the claim that has been awarded in the case Dalesando, et al. v. The International Paper Company (case C-1-01-109), now in appeal, I am formally requesting that vacation time due to me also be added to this award. As I had no cobra expenses I am not claiming cobra reimbursement.

Sincerely
Hugh D. Thomas



International Place I
6400 Poplar Ave.
Memphis, TN  38197
Phone 901 763 6000

May 25, 2004

Mr. Hugh D Thomas
2530 W. Columbus Drive
Hamilton, OH  45013

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Mr. Thomas:

We are in receipt of your letter dated 10/13/2003, in which you question your entitlement to vacation.  The following will explain the results of our research.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill, the asset purchase agreement required Smart Papers to honor earned and accrued vacation for the employees it retained following the sale.  Because you were retained by Smart Papers, Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with information related to their COBRA benefits at the time of the sale to Smart Papers.  Under COBRA, continuation coverage must be elected within 60 days after your coverage ends or you are notified of your eligibility for continuation coverage, whichever is later.  As the time for electing COBRA coverage has long past, you are no longer eligible for COBRA benefits. Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you became eligible for Smart Paper's coverage which was comparable to the coverage provided by International Paper.  When you obtained comparable coverage, you eligibility for COBRA ended.  Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,

Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

TIMOTHY W. THOMPSON

# TIMOTHY W. THOMPSON
## 429 BRANDHAM WAY
## DOWNINGTOWN, PA 19335

RECEIVED

OCT 1 5 2003

BENEFITS ADM.

October 10, 2003

Ms. Sharon Barper
International Paper
6400 Poplar Avenue
Memphis, TN 38197

Re:    Dalesandro, et al. v. The International Paper Company
       Case No. C-1-01-109
       U. S. District Court, Southern District of Ohio

Dear Ms. Barper:

Please note that an error was made in the calculation of my severance pay under Policy #838. In this calculation I am not credited with prior years of service with Champion International Corporation – June, 1973 to August, 1982 – 9.17 years. Thus bringing total years of service to 10.71 years.

Taking this additional service time into account, I am also eligible for the enhanced monthly pension benefits provided under the "Flex Six" amendments to the Champion Salaried Retirement Plan #001.

Sincerely,

Timothy W. Thompson

May 6, 2004

Timothy W. Thompson
429 Brandham Way
Downington, PA 19335

Re:    Champion International Corporation Reorganization Severance Policy #828

Dear Mr. Thompson,

We are in receipt of your letter dated October 10, 2003, in which you question the years of service used for the calculation of possible severance benefits payable under Champion International Corporation Reorganization Severance Policy #828 ("the Plan").  The following will explain the results of our research.

A review of your records indicates a previous period of Champion service should have been included in your estimated severance calculation.  A corrected Exhibit A is enclosed.

In your letter you also indicate if the additional service is included for severance, you would also be entitled to the pension enhancement under the Plan, Flex 6.  Section 3 of the Plan states that an Eligible Employee's pension benefit from the Retirement Plan can be enhanced if they have attained age 49 at their termination date and their age and years of service equal at least 59.  Although your previous period of employment is includable for the calculation of severance, it is not included under the pension plan.

Records indicate that at the time of your termination in 1982, participants must have at least 10 years of service to be considered vested in a non-forfeitable right to a pension benefit.  At the time of your termination, you did not have the required 10 years of service and, therefore, was not vested under the plan.

Timothy Thompson
May 6, 2004
Page 2

The plan does have provisions for breaks in service. The Champion International Salaried Employees Summary Plan Description (SPD) states that non-vested employees with a break in service between January 1, 1976 through December 31, 1984, can retain their previous years of vesting and credited service if the length of time away was less than their years of service prior to the break. Unfortunately, your period of time away was greater than your period of employment and cannot be included with your years of service from your second period of employment.

For the reasons stated above, it is my determination that you were not eligible for the Pension Enhancement under the Plan and your request is denied.

Cordially,


Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

/slb

CC:  File

ESTIMATED
SEVERANCE PLAN STATEMENT
POLICY 828


TIMOTHY W. THOMPSON

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

HAMILTON, OH

PREMIUM PAPER SALES

002HAOH


|                        |              |
|------------------------|--------------|
| HIRE DATE:             | 05/10/90     |
| TERMINATION DATE:      | 02/09/01     |
| WEEKLY PAY:            | $1,661.54    |
| YEARS OF SERVICE:      | 10.75        |


|                        |              |
|------------------------|--------------|
| WEEKS OF SEVERANCE:    | 20.75        |
| SEVERANCE PAY:         | $34,476.96   |

OR, IF GREATER,

|                        |              |
|------------------------|--------------|
| IP YEARS OF SERVICE:   | 11           |
| IP SEVERENCE WEEKS:    | 22.00        |
| IP SEVERANCE PAY:      | $36,553.88   |


**THIS ESTIMATE WAS BASED ON THE DEMOGRAPHIC INFORMATION
ABOVE AND THE WEEKS OF SEVERANCE WERE BASED ON YOUR LAST
DATE OF HIRE WITH THE COMPANY.   IF YOU HAVE ADDITONAL
SERVICE THAT MAY BE USED IN THE SEVERANCE CALCULATION,
PLEASE SEE YOUR HUMAN RESOURCES REPRESENTATIVE**

06/27/04

**JON TRUSTER**

_____ber 14, 2003


___n Barger
___national Paper
___ Poplar Avenue
___his, Tennessee 38197


        Dalesandro, vs International Paper
        Case No. C-1-01-109
        US District Court, Southern District of Ohio

___r Ms Barger:
___ ___ponse to the court ordered Notice of September 24, 2003, we the individual
___ers are to notify you in writing of discrepancies in the calculation of our severance
___ and severance benefits of Severance Policy 828.

___ did indeed calculate my weeks of service and weekly pay correctly. That number is
___ weeks at $ 1409.72 or $52864.50; however you left off other pertinent benefits that
___ part of the entire 828 package that I am eligible for, that being vacation pay and 9
___ths of COBRA coverage.

___ entitled to five (5) weeks of vacation pay, $7048.60.

___ 9 months of Cobra at ($95.63 medical & $25.14 dental per pay) for 18 pay periods
___ 173.86.

___ brings the total owed to me from International Paper to:

        Salary      $52864.50
        Vacation    $7048.60
        Cobra       $2173.86
        Total       $62086.96


___erely,

___ Truster

Cc:
Murdock,Goldenberg,Schneider & Groh

RECEIVED OCT 1 6 2003



International Place I
6400 Poplar Ave.
Memphis, TN 38197
Phone 901 763 6000

May 25, 2004

Mr. Jonathon H. Truster
6645 Cotton Run Road
Middletown, OH 45042

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Mr. Truster:

We are in receipt of your letter dated 10/16/2003, in which you question your entitlement to vacation and/or COBRA. The following will explain the results of our research.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill, the asset purchase agreement required Smart Papers to honor earned and accrued vacation for the employees it retained following the sale. Because you were retained by Smart Papers, Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with information related to their COBRA benefits at the time of the sale to Smart Papers. Under COBRA, continuation coverage must be elected within 60 days after your coverage ends or you are notified of your eligibility for continuation coverage, whichever is later. As the time for electing COBRA coverage has long past, you are no longer eligible for COBRA benefits. Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you became eligible for Smart Paper's coverage which was comparable to the coverage provided by International Paper. When you obtained comparable coverage, you eligibility for COBRA ended. Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,



Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

CHARLES E. VON BARGEN

Charles E. von Bargen
4603 Beechknoll Lane
Liberty Township, Ohio 45011
Phone: 513-868-0807

**RECEIVED**

**OCT 1 3 2003**

**BENEFITS ADM.**

October 7, 2003

Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, Tennessee 38197

Dear Ms. Barger,

I have received a Court Ordered Notice from Murdock, Goldenberg, Schneider and Groh, LPA concerning my rights to severance benefits due to the termination of my employment by International Paper Company.

The **Exhibit A** of this notice (attached) which I understand was provided by International Paper in regard to my personal severance pay calculation in accordance with Judge Beckwiths's ruling is <u>incorrect</u>.

As a "non-represented regular salaried employee of the Company" terminated without cause I am entitled to under "Summary Plan Description - Champion International Corporation Reorganization Severance Policy #828" the following severance benefits:

| BENEFIT | WEEKS |
|---|---|
| Ten (10) weeks regular earnings | 10 weeks |
| One week's earnings for each year of Credited Service | 20.42 weeks |
| One week's earnings for each year of Credited Service <u>over</u> fifteen (15) years | 5.42 weeks |
| Five weeks earned but unused vacation earned during the year 2000 | 5 weeks |
| **TOTAL NUMBER OF WEEKS** | **40.84 weeks** |
| Payment of continuation of medical and dental benefits under COBRA for the period until Smart Papers LLC arranged for medical and dental benefits. COBRA Medical $573.75. COBRA Dental $248.88 | **$ 822.63** |

My annual salary when terminated was $80,000/year which equates to **$1,538.47/week**.

My years of Credited Service from my original hire date with Champion International Corporation on September 8, 1980 until my termination on February 9, 2001 was **20.42 years**. I had received my <u>20 Year Service Award</u> in September 2000 just prior to my termination.

This comes to a total of **$63,653.75** which includes **40.84 weeks of pay** at a rate of **$1,538.47/week** and extended COBRA payments of **$822.63**.

I expect to hear from you at your earliest convenience.

Sincerely,

Charles E. von Bargen

Attachments (1) –Exhibit A to Class Notice - Charles E. von Bargen

**Exhibit A to Class Notice**

**Charles E. Von Bargen**

<u>YOUR SEVERANCE PAY CALCULATION UNDER POLICY #828</u>

| <u>Weekly Pay</u> | <u>Years of Service</u> | Age at February 9, 2001 <u>Termination</u> | <u>Weeks of Severance</u> |
|---|---|---|---|
| $1,538.47 | 16.65 | 40 | 28.30 |

**Your #828 Severance Pay Amount:  $43,538.71**

{00008567; 1}



International Place I
6400 Poplar Ave.
Memphis, TN 38197
Phone 901 763 6000

September 8, 2004

Charles E. von Bargen
4603 Beechknoll Lane
Liberty Township, Ohio 45011

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Mr. von Bargen,

We are in receipt of your letter dated October 7, 2003, in which you question the years of service used for the calculation of possible severance benefits payable under Champion International Corporation Reorganization Severance Policy #828 ("the Plan") as well as entitlement to vacation pay and reimbursement for COBRA coverage. The following will explain the results of our research.

A review of your records indicates a previous period of Champion service should have been included in your estimated severance calculation. A corrected Exhibit A is enclosed.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with information related to their COBRA benefits at the time of the sale to Smart Papers. Under COBRA, continuation coverage must be elected within 60 days after your coverage ends or you are notified of your eligibility for continuation coverage, whichever is later. As the time for electing COBRA coverage has long past, you are no longer eligible for COBRA benefits. Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you became eligible for Smart Paper's coverage which was comparable to the coverage provided by International Paper. When you obtained comparable coverage, you eligibility for COBRA ended. Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,


Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

/slb

Encl.

CC: File

ESTIMATED
SEVERANCE PLAN STATEMENT
POLICY 828


CHARLES E. VON BARGEN

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

HAMILTON, OH

PREM PAPERS MILL OP

002HAOH


HIRE DATE:        09/08/80

TERMINATION DATE:    02/09/01

WEEKLY PAY:      $1,538.47

YEARS OF SERVICE:    20.42


WEEKS OF SEVERANCE:    35.84

SEVERANCE PAY:      $55,138.77


OR, IF GREATER,

IP YEARS OF SERVICE:    21

IP SEVERENCE WEEKS:    42.00

IP SEVERANCE PAY:    $64,615.74


THIS ESTIMATE WAS BASED ON THE DEMOGRAPHIC INFORMATION
ABOVE AND THE WEEKS OF SEVERANCE WERE BASED ON YOUR LAST
DATE OF HIRE WITH THE COMPANY.  IF YOU HAVE ADDITONAL
SERVICE THAT MAY BE USED IN THE SEVERANCE CALCULATION,
PLEASE SEE YOUR HUMAN RESOURCES REPRESENTATIVE

05/28/04

**JAMES D. WALCH**

October 20, 2003


Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, Tennessee 38197

Re:    Dalesandro, vs International Paper
       Case No. C-1-01-109
       US District Court, Southern District of Ohio

Dear Ms Barger:
In response to the court ordered Notice of September 24, 2003, we the individual
members are to notify you in writing of discrepancies in the calculation of our severance
pay and severance benefits of Severance Policy 828.

You did indeed calculate my weeks of service and weekly pay correctly. That number
23.42 weeks at $ 1,142.31 or $26,752.91, however you left off another pertinent benefit
that is part of the entire 828 package that I am eligible for, that being vacation pay.

I am entitled to four (4) weeks of vacation pay, $4,569.24.

This brings the total owed to me from International Paper to:
|         |            |
|---------|------------|
| Salary  | $26,752.91 |
| Vacation| $ 4,569.24 |
| Total   | $31,322.15 |



Sincerely,

James D. Walch
1865 Wiltshire Blvd.
Fairfield, OH 45014


Cc:
Murdock,Goldenberg,Schneider & Groh

RECEIVED OCT 2 8 2003



International Place I
6400 Poplar Ave.
Memphis, TN  38197
Phone 901 763 6000

May 25, 2004

Mr. James D. Walch
1865 Wiltshire Blvd.
Fairfield, OH  45014

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Mr. Walch:

We are in receipt of your letter dated 10/28/2003, in which you question your entitlement to vacation.  The following will explain the results of our research.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill, the asset purchase agreement required Smart Papers to honor earned and accrued vacation for the employees it retained following the sale.  Because you were retained by Smart Papers, Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with information related to their COBRA benefits at the time of the sale to Smart Papers.  Under COBRA, continuation coverage must be elected within 60 days after your coverage ends or you are notified of your eligibility for continuation coverage, whichever is later.  As the time for electing COBRA coverage has long past, you are no longer eligible for COBRA benefits.  Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you became eligible for Smart Paper's coverage which was comparable to the coverage provided by International Paper.  When you obtained comparable coverage, you eligibility for COBRA ended.  Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,


Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

TOM WEISER

October 12, 2003

Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, Tennessee 38197

Re:    Dalesandro, vs International Paper
        Case No. C-1-01-109
        US District Court, Southern District of Ohio

Dear Ms Barger:
In response to the court ordered Notice of September 24, 2003, we the individual
members are to notify you in writing of discrepancies in the calculation of our severance
pay and severance benefits of Severance Policy 828.

You did indeed calculate my weeks of service and weekly pay correctly. That number
41.94 weeks at $ 1,675.00 or $70,249.50 , however you left off other pertinent benefits
that were part of the entire 828 package that I am eligible for, that being vacation pay and
9 months of COBRA coverage.

I am entitled to five (5) weeks of vacation pay, $8375.00.

Also 9 months of Cobra at ($191.25 / month medical & $62.22 / month dental ) for a
total Cobra of $ 2281.23.

This brings the total owed to me from International Paper to:

| | |
|---|---|
| Salary | $ 70,249.50 |
| Vacation | $ 8,375.00 |
| Cobra | $ 2,281.23 |
| Total | $ 80,905.73 |

Sincerely,

Tom Weiser   ( S.S # 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 )

Cc:
Murdock,Goldenberg,Schneider & Groh

RECEIVED OCT 1 6 2003



International Place I
6400 Poplar Ave.
Memphis, TN 38197
Phone 901 763 6000

May 25, 2004

Mr. Thomas E. Weiser
1247 Sharkey Ct.
Hamilton, OH 45013

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Mr. Weiser:

We are in receipt of your letter dated 10/16/2003, in which you question your entitlement to vacation and/or COBRA. The following will explain the results of our research.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill, the asset purchase agreement required Smart Papers to honor earned and accrued vacation for the employees it retained following the sale. Because you were retained by Smart Papers, Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with information related to their COBRA benefits at the time of the sale to Smart Papers. Under COBRA, continuation coverage must be elected within 60 days after your coverage ends or you are notified of your eligibility for continuation coverage, whichever is later. As the time for electing COBRA coverage has long past, you are no longer eligible for COBRA benefits. Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you became eligible for Smart Paper's coverage which was comparable to the coverage provided by International Paper. When you obtained comparable coverage, you eligibility for COBRA ended. Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,

Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

RENEE WILBURN

October 15, 2003


Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, Tennessee 38197

Re:    Dalesandro, vs International Paper
       Case No. C-1-01-109
       US District Court, Southern District of Ohio

Dear Ms Barger:
In response to the court ordered Notice of September 24, 2003, we the individual
members are to notify you in writing of discrepancies in the calculation of our severance
pay and severance benefits of Severance Policy 828.

You did indeed calculate my weeks of service and weekly pay correctly. That number
28.68 weeks at $ 597.12 per week or $17,125.41, however you left off other pertinent
benefits that were part of the entire 828 package that I am eligible for, that being vacation
pay.

I am entitled to four (4) weeks of vacation pay, $597.12 per week.


This brings the total owed to me from International Paper to:
                Salary       $17,125.41
                Vacation     $ 2,388.48

                Total        $19,513.89



Sincerely,


Renee Wilburn
2484 Trenton-Oxford Rd.
Oxford, OH 45056


Cc
Murdock, Goldenberg, Schneider & Groh

RECEIVED OCT 2 0 2003



INTERNATIONAL Ⓐ PAPER

International Place I
6400 Poplar Ave.
Memphis, TN 38197
Phone 901 763 6000

May 25, 2004

Ms. Renee S. Wilburn
1855 New London Rd.
Hamilton, OH 45013

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Ms. Wilburn:

We are in receipt of your letter dated 10/20/2003, in which you question your entitlement to vacation. The following will explain the results of our research.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill, the asset purchase agreement required Smart Papers to honor earned and accrued vacation for the employees it retained following the sale. Because you were retained by Smart Papers, Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with information related to their COBRA benefits at the time of the sale to Smart Papers. Under COBRA, continuation coverage must be elected within 60 days after your coverage ends or you are notified of your eligibility for continuation coverage, whichever is later. As the time for electing COBRA coverage has long past, you are no longer eligible for COBRA benefits. Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you became eligible for Smart Paper's coverage which was comparable to the coverage provided by International Paper. When you obtained comparable coverage, you eligibility for COBRA ended. Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,

*Sharon L. Barger*

Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator



International Place I
6400 Poplar Ave.
Memphis, TN 38197
Phone 901 763 6000

June 11, 2004

Ms. Renee S. Wilburn
2354 Trenton-Oxford Rd.
Oxford, OH  45056

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Ms. Wilburn:

We are in receipt of your letter dated 10/20/2003, in which you question your entitlement to
vacation.  The following will explain the results of our research.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill,
the asset purchase agreement required Smart Papers to honor earned and accrued vacation for
the employees it retained following the sale.  Because you were retained by Smart Papers,
Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with
information related to their COBRA benefits at the time of the sale to Smart Papers.  Under
COBRA, continuation coverage must be elected within 60 days after your coverage ends or you
are notified of your eligibility for continuation coverage, whichever is later.  As the time for
electing COBRA coverage has long past, you are no longer eligible for COBRA benefits.
Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you
became eligible for Smart Paper's coverage which was comparable to the coverage provided by
International Paper.  When you obtained comparable coverage, you eligibility for COBRA
ended.  Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,

Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

PATRICIA WILHELM

October 9, 2003


Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, Tennessee 38197

Re:    *Dalesandro, et al. vs. The International Paper Company*
       Case No. C-1-01-109
       U.S. District Court, Southern District of Ohio

Dear Ms. Barger:

In response to the court ordered Notice of September 24, 2003, we the individual members are to notify you in writing of discrepancies in the calculation of our severance pay and severance benefits of Severance Policy 828.

You did indeed calculate my weeks of service and weekly pay correctly. That number 41.66 weeks at $703.85 or $29,322.40, however, you left off other pertinent benefits that were part of the entire 828 package that I am eligible for, that being vacation pay. I am entitled to five (5) weeks of vacation pay, $3,519.25.

This brings the total owed to me from International Paper to:

|          |            |
|----------|------------|
| Salary   | $29,322.40 |
| Vacation | $ 3,519.25 |
| Total    | $32,841.65 |

Sincerely,

*Patricia Wilhelm*

Patricia Wilhelm


cc: Murdock, Goldenberg, Schneider & Groh

**RECEIVED OCT 1 4 2003**



International Place I
6400 Poplar Ave.
Memphis, TN 38197
Phone 901 763 6000

May 25, 2004

Ms. Patricia Ann Wilhelm
85 Beverly Drive
Hamilton, OH 45013

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Ms. Wilhelm:

We are in receipt of your letter dated 10/14/2003, in which you question your entitlement to vacation and/or COBRA. The following will explain the results of our research.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill, the asset purchase agreement required Smart Papers to honor earned and accrued vacation for the employees it retained following the sale. Because you were retained by Smart Papers, Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with information related to their COBRA benefits at the time of the sale to Smart Papers. Under COBRA, continuation coverage must be elected within 60 days after your coverage ends or you are notified of your eligibility for continuation coverage, whichever is later. As the time for electing COBRA coverage has long past, you are no longer eligible for COBRA benefits. Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you became eligible for Smart Paper's coverage which was comparable to the coverage provided by International Paper. When you obtained comparable coverage, you eligibility for COBRA ended. Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,

Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

DAVID WULKER

October 21, 2003

Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, Tennessee 38197

Re:    Dalesandro, vs International Paper
       Case No. C-1-01-109
       US District Court, Southern District of Ohio

Dear Ms. Barger:

In response to the court ordered Notice of September 24, 2003, we the individual members are to notify you in writing of discrepancies in the calculation of our severance pay and severance benefits of Severance Policy 828.

You did indeed calculate my weeks of service and weekly pay correctly, the number 11.16 weeks at $1,025.00 or $11,439.00. However, you left off other pertinent benefits that were part of the entire 828 package that I am eligible for, that being vacation pay and 9 months of COBRA coverage.

I am entitled to three (3) weeks of vacation pay, $3,075.00.

Also, 9 months of COBRA at ($95.63 medical and $31.11 dental per pay) for 18 pay periods or $2,281.32.

This brings the total owed to me from International Paper to:

| | |
|---|---|
| Salary | $11,439.00 |
| Vacation | $3,075.00 |
| COBRA | $2,281.32 |
| Total | $16,795.32 |

Sincerely,

David Wulker

Cc:
Murdock, Goldenberg, Schneider & Groh

RECEIVED OCT 2 4 2003



International Place I
6400 Poplar Ave.
Memphis, TN  38197
Phone 901 763 6000

May 25, 2004

Mr. David R. Wulker
9269 Fidelis Drive
Blue Ash, OH  45242

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Mr. Wulker:

We are in receipt of your letter dated 10/24/2003, in which you question your entitlement to vacation and/or COBRA.  The following will explain the results of our research.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill, the asset purchase agreement required Smart Papers to honor earned and accrued vacation for the employees it retained following the sale.  Because you were retained by Smart Papers, Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with information related to their COBRA benefits at the time of the sale to Smart Papers.  Under COBRA, continuation coverage must be elected within 60 days after your coverage ends or you are notified of your eligibility for continuation coverage, whichever is later.  As the time for electing COBRA coverage has long past, you are no longer eligible for COBRA benefits.  Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you became eligible for Smart Paper's coverage which was comparable to the coverage provided by International Paper.  When you obtained comparable coverage, you eligibility for COBRA ended.  Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,

Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

KENNETH A. YIZNITSKY

Kenneth A. Yiznitsky
6031 Golf Club Lane
Hamilton, OH 45011
October 14, 2003

Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, Tennessee 38197

Re:    Dalesandro, vs International Paper
       Case No. C-1-01-109
       US District Court, Southern District of Ohio

Dear Ms Barger:

In response to the court ordered Notice of September 24, 2003, we the individual
members are to notify you in writing of discrepancies in the calculation of our severance
pay and severance benefits of Severance Policy 828.

You did indeed calculate my weeks of service and weekly pay correctly. That number
12.57 weeks at $ 1,742.21 per week for a total of $21,900.84. However you left off other
pertinent benefits that were part of the entire 828 package that I am eligible for, that
being vacation pay.

I am entitled to four (4) weeks of vacation pay, $6,968.84.

This brings the total owed to me from International Paper to:

| | |
|---|---|
| Salary | $21,900.84 |
| Vacation | $ 6,968.84 |
| Total | $28,869.68 |

Sincerely,

Kenneth A. Yiznitsky

Cc:
Murdock,Goldenberg,Schneider & Groh

RECEIVED OCT 2 4 2003



International Place I
6400 Poplar Ave.
Memphis, TN 38197
Phone 901 763 6000

May 25, 2004

Mr. Kenneth A. Yiznitsky
6031 Golf Club Lane
Indian Springs, OH 45011

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Mr. Yiznitsky:

We are in receipt of your letter dated 10/24/2003, in which you question your entitlement to vacation and/or COBRA. The following will explain the results of our research.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill, the asset purchase agreement required Smart Papers to honor earned and accrued vacation for the employees it retained following the sale. Because you were retained by Smart Papers, Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with information related to their COBRA benefits at the time of the sale to Smart Papers. Under COBRA, continuation coverage must be elected within 60 days after your coverage ends or you are notified of your eligibility for continuation coverage, whichever is later. As the time for electing COBRA coverage has long past, you are no longer eligible for COBRA benefits. Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you became eligible for Smart Paper's coverage which was comparable to the coverage provided by International Paper. When you obtained comparable coverage, you eligibility for COBRA ended. Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,

Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administrator

DANIEL W. ZEEK

October 10, 2003

Sharon Barger
International Paper
6400 Poplar Avenue
Memphis, Tennessee 38197

Re:    Dalesandro, vs International Paper
       Case No. C-1-01-109
       .US District Court, Southern District of Ohio

Dear Ms Barger:
In response to the court ordered Notice of September 24, 2003, we the individual members are to notify you in writing of discrepancies in the calculation of our severance pay and severance benefits of Severance Policy 828.

You did indeed calculate my years of service 19.88 years and weekly pay correctly. My weeks of severance 34.76 weeks at $ 1,192.31 or $41,444.70, however you left off other pertinent benefits that were part of the entire 828 package that I am eligible for, that being vacation pay and 9 months of COBRA coverage.

Section 7 of Policy #828 states that "An Eligible Employee will receive a lump sum payment for banked vacation, earned but unused vacation, and….". Under International Papers' policy, vacation was earned during the year prior to which it was to be taken. As such, I earned my five (5) weeks' vacation entitlement for 2001 during 2000. At the time of my termination by International paper, I had not used any of this five weeks of vacation. As such, my benefits under Policy #828 also include a lump sum payment equivalent to five (5) weeks' earnings. I am entitled to Five (5) weeks of vacation pay, $5,961.55.

Also I should be reimbursed for all eligible Cobra payments as dictated in Policy #828 Section 4.

This brings the total owed to me from International Paper to:

| | |
|---|---|
| Salary | $41,444.70 |
| Vacation | $ 5,961.55 |
| Total | $47,406.25  +  The total of  all eligible Cobra payments. |

The above figure represents benefits payable to me as of February 9, 2001. Any interest and/or penalties will be based on this figure, and added to the total due me under Policy #828. You may issue a check at your earliest convenience for the amount shown above, plus any interest and/or penalties as required by law or otherwise.

Sincerely,

*Daniel W Zeek*

Daniel W. Zeek
518 Ridgelawn Ave  Hamilton, Ohio 45013
Cc: Murdock, Goldenberg, Schneider & Groh

RECEIVED OCT 2 0 2003



International Place I
6400 Poplar Ave.
Memphis, TN 38197
Phone 901 763 6000

May 25, 2004

Mr. Daniel W. Zeek
518 Ridgelawn Ave.
Hamilton, OH 45013

Re: Champion International Corporation Reorganization Severance Policy #828

Dear Mr. Zeek:

We are in receipt of your letter dated 10/20/2003, in which you question your entitlement to vacation and/or COBRA. The following will explain the results of our research.

With regard to your request for vacation pay, when Smart Papers purchased the Hamilton Mill, the asset purchase agreement required Smart Papers to honor earned and accrued vacation for the employees it retained following the sale. Because you were retained by Smart Papers, Smart Papers was required to provide you with your earned and accrued vacation.

With regard to your claim for COBRA benefits, all Hamilton Mill employees were provided with information related to their COBRA benefits at the time of the sale to Smart Papers. Under COBRA, continuation coverage must be elected within 60 days after your coverage ends or you are notified of your eligibility for continuation coverage, whichever is later. As the time for electing COBRA coverage has long past, you are no longer eligible for COBRA benefits. Furthermore, because you were hired by Smart Papers on or about February 9, 2001, you became eligible for Smart Paper's coverage which was comparable to the coverage provided by International Paper. When you obtained comparable coverage, you eligibility for COBRA ended. Thus, you are not currently eligible for COBRA benefits from International Paper.

Cordially,

Sharon L. Barger
Benefits Consultant, Employee Benefits
Office of the Plan Administration