IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| SCOTT D. DALESANDRO, et al., On behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br> v. <br><br> THE INTERNATIONAL PAPER COMPANY, <br><br> Defendant. | Case No.: C-1-01-109 <br><br> Judge Sandra S. Beckwith <br><br> PLAINTIFFS' REPLY IN SUPPORT OF THEIR REPORT ON THE RESULTS OF THE NOTICE TO THE CLASS FOR ENTRY OF FINAL JUDGMENT |

## REPLY MEMORANDUM

### I. INTRODUCTION

Plaintiffs filed their Report (Doc. # 68) providing the details and evidence of the means and results of the Notice to the Class, and providing the bases for the Court to enter final judgment on its Order of March 21, 2003 (Doc. #40). Nearly nineteen months have passed since this Court ruled on the merits of Plaintiffs' ERISA claims and certified the class of employees who were entitled to severance benefits. Since that ruling, Plaintiffs' counsel have successfully sent Notice to all but one class member, no member has opted out of the Class, and the employees and counsel have exchanged damages figures. The only outstanding issues are the two fee motions (Doc. #s 45 & 67).

Plaintiffs respectfully request the Court to enter final judgment ordering Defendant to pay to the Class the Section 2 Severance Benefits as calculated by Defendant and corrected by the employees; and finding that certain class members are entitled to the past due and future Section 3 "Flex Six" enhancement to their pension benefits; and ordering Defendant to pay pre- and post

judgment interest, Plaintiffs' attorney fees and expenses, and incentive awards to the two class representatives.

## II.   REPLY TO DEFENDANT'S REPSONSE TO PLAINTIFFS' REPORT

### A. Defendant's Failure to Respond to Class Members

Defendant does not dispute that it did not comply with the Court-ordered procedure set out in the September 24, 2003 Notice to the class members by failing to respond to class members' objections to Defendant's calculations of damages. Although the employees submitted their damages challenges according to the Court ordered procedure (in writing and within 30 days of receiving the Notice), Defendant failed to respond within the required 20 day period, and <u>did not respond until 7-11 months later.</u> Moreover, Defendant admits in its Response to Plaintiffs' Report that it only reviewed the letters "in preparation of this response" which was filed <u>a year</u> after its responses to the employees and Plaintiffs' counsel were due! (Doc. # 73 at p. 2). In fact, the first these documents were ever produced to Plaintiffs was when they were filed on September 17, 2004 with Defendant's Response to Plaintiffs' Report.

Due to Defendant's refusal to produce this information, even after Plaintiffs' counsel repeatedly requested it, Plaintiffs retained an economist to perform the calculations with the best information available and based upon the figures provided by Defendant in the Notices. The arguments related to the economist report are set forth in Plaintiffs' Reply in Support of Their Supplemental Motion for Attorney Fees and Expenses (Doc. # 81).

### B. Eligibility for Pension Enhancement

Without waiving any objection related to any class member's eligibility for pension enhancement benefits, and specifically reserving the right to add other class members upon

sufficient proof of eligibility, Plaintiffs believe the parties are in agreement as to who is eligible for the Section 3 pension enhancement benefit of Policy #828.

### C. Estimated Future Pension Enhancement Benefits

The value of the <u>past</u> due pension enhancement benefits under Section 3 of Policy #828 (known as "Flex Six") can be ascertained with sufficient certainty; the <u>future</u> pension benefits that will be paid over time can only be estimated, but can be estimated with a sufficient degree of certainty based upon standard economic principles and published employment data. Plaintiffs have submitted an Economist Report[1] valuating that enhancement and explaining the calculations of past due enhanced pension benefits, the interest to be applied to those past due benefits, and the present value of the enhanced future benefits. This exact damage figure need not be determined by the Court at this time, however, Plaintiffs' entitlement to the Flex Six enhanced pension benefit should be included in the final judgment entry, and the value of that enhancement should be considered an element of the Common Fund of damages recovered by the Class in this litigation.

Plaintiffs' arguments and evidence in support of their estimation of the value of the pension enhancement benefits of Policy #828, and their inclusion of that benefit in the valuation of the common fund of damages recovered in this case are set forth in their Reply in Support of their Supplemental Motion for Attorney Fees, Expenses and Interest filed this same date (Doc. #81) and in their Report on Notice for Final Judgment Entry (Doc. # 68).

---

[1] The economist used the figures and pension enhancement explanations provided by Defendant; the Report is attached to Plaintiffs' Report (Doc. #68) at Exhibit 2, Attachment G.

### D. Prejudgment Interest

Plaintiffs maintain that they are entitled to prejudgment interest on all of the wrongfully withheld Section 2 Severance Benefits and on the past due Section 3 Pension Benefits in the same manner and for the same reasons set forth in their Report (Doc. # 68) and the motion and reply briefs related to their initial and supplemental motions for fees, expenses and interest (Doc. #s 45, 53, 67 & 81).

### E. Attorney's Fees

Plaintiffs incorporate the evidence and legal reasoning set forth in their motion and reply briefs related to their initial and supplemental motions for fees, expenses and interest (Doc. #s 45, 53, 67 & 81).

### F. Class Representative Incentive Awards

Since Plaintiffs have repeatedly explained that any payment of incentive awards will not be made by Defendant, but will be made by the Class to the representatives out of the common fund, the basis of Defendant's objections are unclear. Incentive awards are permitted in ERISA cases and Plaintiffs' request for the Court's approval of incentive awards of $10,000 each for the two class representatives is made pursuant to the principles of equity and the prior practice and case law in the Ohio District Courts and Sixth Circuit. Plaintiffs incorporate and rely upon the legal and factual arguments made in their initial application and reply for fees, expenses, interest and incentive awards (Doc. #s 45 & 53).

### III.  ENTRY OF FINAL JUDGMENT

Based upon the Court's March 21, 2003 Amended Order, and upon the previously cited pleadings filed and of record, Plaintiffs respectfully request the Court to enter final judgment with the findings and conclusions set forth in Plaintiffs' Report on Notice for Final Judgment (Doc. # 68).

                     Respectfully submitted,

                     _s/Theresa L. Groh_____
                     Theresa L. Groh, Esq. (0029806)
                     John C. Murdock, Esq. (0063749)
                     Murdock Goldenberg Schneider & Groh, L.P.A.
                     700 Walnut Street, Suite 400
                     Cincinnati, Ohio 45202-2011
                     Telephone: (513) 345-8291
                     Facsimile: (513) 345-8294

                     **Trial Attorneys for Plaintiffs**

### CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2004 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Grant S. Cowan, Esq., Frost Brown Todd LLC, 2200 PNC Center, 201 East Fifth Street, Cincinnati, Ohio 45202-4182; and I hereby certify that I have mailed the document via U.S. First Class Mail to the following non CM/ECF participants: W. Carter Younger, Esq. and James P. McElligott, Esq., McGuire Woods, LLP, One James Center, 901 East Cary Street, Richmond, VA 23219-4030.

                     s/Theresa L. Groh_____
                     Theresa L. Groh