UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SCOTT D. DALESANDRO and DIANNE : 
NOONAN, on behalf of themselves and :
Others, :
: Case No. C-1-01 109
Plaintiffs, :
: Judge Sandra S. Beckwith
Vs. :
:
INTERNATIONAL PAPER COMPANY, :
:
Defendant :

**DEFENDANT'S BRIEF REGARDING FLEX SIX RETIREMENT BENEFITS**

Following the January 13, 2005 conference with the parties, the Court directed the parties to file briefs summarizing the parties' positions with respect to Flex Six pension enhancement benefits in the current posture of this case. Questions concerning the Flex Six pension enhancement have arisen at this late stage of the proceeding because plaintiffs belatedly sought to supplement their motion for an award of attorneys' fees, originally filed August 8, 2003, with materials that purport to value the Flex Six pension enhancement.

Since the January 13, 2005 conference with the Court, counsel for the parties have discussed resolving this issue with a stipulation, but have not yet reached a stipulation on this point.

Summary of Argument

International Paper respectfully believes that the Court should make no ruling or valuation with respect to the Flex Six benefits on the present record. A determination or valuation of these benefits can only be made following exhaustion of the ERISA claims procedure with respect to the pension benefit.

The Flex Six benefits were never addressed during the merits stage of this proceeding, and it is therefore inappropriate to award the plaintiffs any additional attorneys' fees because of this issue. Indeed, plaintiffs raised these Flex Six issues more than a year after they filed their motion for attorneys' fees on August 8, 2003. Moreover, the Flex Six issues raised by plaintiff are wholly collateral and speculative issues at this time. They have nothing to do with the merits of this case and should have nothing to do with the Court's consideration of the motion for fees.

International Paper has objected to plaintiffs' attempt to estimate a monetary value for the Flex Six benefits and to the materials offered by plaintiffs in support of that valuation. As previously discussed in defendant's briefs, these materials lack proper foundation and show no knowledge of Retirement Plan terms, benefit formulas or actuarial criteria necessary for valuing the pension benefits. On their face, these materials are wholly insufficient under the federal rules of evidence and rules of procedure.

In addition, no valuation of Flex Six benefits can be made at this state of the proceedings because the Retirement Plan "blocking provision" prevents commencement of benefit payments to persons still working for the purchaser of the Hamilton Mill: Smart Papers. The "blocking provision" was clearly communicated to Retirement Plan Participants in the 1998 Retirement Plan Summary Plan Description. (See attached Affidavit of John E. Tharp and Exhibits A and B thereto).

Finally, any determination of the value of benefits by this court would require an evidentiary hearing on the issues which would be entirely inappropriate for this collateral and untimely issue. Any determination with respect to the Flex Six benefits should be made solely in the context of a proper claim submitted to the Retirement Plan's Administrative Claims Procedure and reviewed by a court only following exhaustion of that claims procedure.

2

### The Flex Six Enhancement to the Retirement Plan

The Champion International Corporation Reorganization Severance Policy #828, page 4, section 3, refers to pension enhancement (Flex Six):

> "If an Eligible Employee has attained age 49 as of the date of Termination and Eligible Employee's age plus years of service equal at least 59, the Eligible Employee's pension benefits from the Retirement Plan shall be enhanced by crediting the Eligible Employee with the most beneficial combination of an additional six (6) years of age and/or service credit under the Retirement Plan for early or normal retirement."

As explained in the Affidavit of John E. Tharp, attached hereto, for eligible employees, the pension benefit enhancement of Flex Six is calculated by adding a total of six years to age and/or service at the time of termination to determine the combination that produces the greatest pension amount under the Plan. Years are generally added in whole numbers (0 + 6 or 1 + 5 or 2 + 4 or 3 + 3 or 4 + 2 or 5 + 1 or 6 + 0) or if applicable, years and months are added to get an exact age 55 or an exact age 62 with any balance added to service. The calculation assumes retirement at separation from employment and determines the greatest benefit with that commencement date. Average earnings are determined under normal Retirement Plan provisions as of termination date. (Affidavit of John E. Tharp, attached hereto).

### The Blocking Provision

The Retirement Plan also contains a "blocking provision" under which: "If you continued employment with a purchaser of any Champion operation after a sale, payments cannot commence until the date you leave employment with a purchaser or age 65, if sooner." Retirement Plan Summary Plan Description, Exhibit B to Tharp Affidavit, attached hereto. See also Tharp Affidavit and Exhibit A.

Because of this blocking provision, even if members of the class are deemed "Eligible Employees" for purposes of obtaining a Flex 6 Enhanced Benefit under the Retirement Plan, they

3

cannot begin their pension payments under the terms of the Retirement Plan until they reach age 65 or terminate employment from Smart Papers, whichever occurs first.

### The Flex Six Benefit is a Collateral Issue Raised More Than One Year After the Motion for Attorneys' Fees

As the Court knows, Flex Six Benefits were never an issue in the merits stage of this case. Unless the Court's ruling on the merits is altered on appeal, International Paper has said that members of the class who met the age and service requirements for the Flex Six Benefit will be eligible for that benefit as of the date of sale. However, the amount of that benefit cannot be determined in this proceeding, particularly when it is raised for the first time only in an untimely effort to obtain additional attorneys' fees.

Accordingly, the Court should make no rulings or valuation with respect to the Flex Six Benefits. Plaintiffs' motion for attorneys' fees should not be enhanced in any way by these untimely, after the fact arguments raised long after Plaintiffs' motion for attorneys' fees was submitted to this court.

International Paper has already stated that unless the Court's ruling on eligibility for severance benefits is altered on appeal, the International Paper Retirement Plan will not contest eligibility of class members who met the age and service requirements for Flex Six benefits, subject to the provisions of the Pension Plan. There has been no need for adjudication of this issue, and no attorneys' fees should be awarded plaintiffs for this.

### Benefits are Not Available Under the Pension Plan While Participants Under Age 65 Are Still Working for Smart Papers

International Paper has consistently pointed out that the Retirement Plan contains a "blocking provision" in § 7.4 of the Retirement Plan, which precludes participants from commencing payment of benefits under the Retirement Plan if they are under age 65 and still employed by a purchaser of a divested company or business. This "blocking provision" was clearly explained in the 1998 Summary Plan Description to the Retirement Plan reviewed by all

4

class members: "If you continued employment with a purchaser of any Champion operation after a sale, the [Retirement Plan] payments cannot commence until after the date you leave employment with a purchaser or age 65, if sooner." (Summary Plan Description, pages 7-25, affidavit John Tharp). Class members were again notified of the "blocking provision" in the class notice.

To the extent class members continue in the employ of Smart Papers, therefore, class members are not entitled to commence any benefits under the Retirement Plan (including any Flex Six benefits that might be applicable) until they reach age 65.

For these reasons, International Paper respectfully submits that it is not appropriate for the court to consider or address questions concerning the Flex Six retirement benefits at this stage of the proceedings.

<u>Plaintiffs have not Exhausted the Benefits Claims Procedure</u>.

As this Court knows, a participant may not bring an action under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) for benefits under the Retirement Plan without first exhausting the plan's internal claims procedure, including appeals. <u>Baxter v. C.A. Muer Corp.</u>, 941 F.2d 451 (6th Cir. 1991); <u>Miller v. Metropolitan Life Ins. Co.</u>, 925 F.2d 979 (6th Cir. 1991). This prerequisite to judicial enforcement of benefit claims has been uniformly accepted by the Federal Courts. <u>Baxter v. C.A. Muer Corp.</u>, supra; <u>Fallick v. Nationwide Mut. Ins. Co.</u>, 162 F.3d 410, 418, note 4 (Citing cases). No exception to the exhaustion rule applies to these facts.

The Court should not short-circuit the ERISA claims procedure. If a claim with respect to the Flex Six benefits is made, it must first be submitted to the Retirement Plan's administrative claims procedure where an appropriate administrative record can be made, proper appeal can occur if necessary, and only then can a court review the decision of the Retirement Plan administrator.

Conclusion

This Court previously ruled that the Plaintiff's vacation pay claims were not a proper part of this proceeding. A similar result should follow with respect to the Flex Six valuation arguments raised by Plaintiffs. Flex Six eligibility and calculation issues were not raised in the case and are not a part of this proceeding. International Paper has confirmed that, unless the Court's ruling on the merits is altered on appeal, members of the class who met the age and service requirements for the Flex Six Benefit will be eligible for that benefit under the terms of the Retirement, including the "blocking provision." For these reasons, the calculation of this retirement benefit is not before the court and should not be considered in plaintiffs' motion for attorneys' fees.

                                      Respectfully submitted,

                                      s/ Grant S. Cowan
                                      Grant S. Cowan (0029667)
                                      Frost Brown Todd LLC
                                      2200 PNC Center
                                      201 East Fifth Street
                                      Cincinnati, Ohio  45202-4182
                                      (513) 651-6800
                                      gcowan@fbtlaw.com


                                      W. Carter Younger (VSB #01147)
                                      (Admitted Pro Hac Vice)
                                      James P. McElligott, Jr. (VSB #014109)
                                      McGuireWoods LLP
                                      One James Center
                                      Richmond, Virginia  23219
                                      (804) 775-4363

                                      **COUNSEL FOR DEFENDANT**
                                      **INTERNATIONAL PAPER CO.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of February 2005, a true and complete copy of this document was delivered via electronic filing to Counsel for Plaintiff, Theresa L. Groh, Esq., and John C. Murdock at Murdock, Goldenberg, Schneider & Groh, L.P.A., 35 East Seventh Street, Suite 600, Cincinnati, Ohio, 45202.

s/ Grant S. Cowan

CinLibrary 0010443.0528997 1478040v.1