UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SCOTT D. DALESANDRO and DIANNE
NOONAN, on behalf of themselves and
Others,

    Plaintiffs,

Vs.

INTERNATIONAL PAPER COMPANY,

    Defendant

Case No. C-1-01 109

Judge Sandra S. Beckwith

## DEFENDANT'S REPLY BRIEF REGARDING FLEX SIX RETIREMENT BENEFITS

Plaintiffs have withdrawn their request that the Court value Flex Six benefits in any calculation of attorneys' fees or order any payment of pension benefits to any employee:

> Plaintiffs recognize the impracticalities and evidentiary problems with trying to value an enhancement to a benefit that is tied to future and various payments pursuant to a separate benefits plan (the Retirement Plan). Therefore, Plaintiffs withdraw their request that the Court include the value of the Section 3 Flex Six pension enhancement in any calculation of attorney fees. Plaintiffs also recognize that this Court should not order any payment of past due pension benefits to any employee currently working for Smart Papers, and should not order any future payment of benefits governed by a separate retirement plan. Therefore, Plaintiffs withdraw their requests for such an order to the extent those requests relate to pension payments, including their requests for pre- and/or post-judgment interest on the payment of any pension benefits to any class member.

Plaintiffs' Memorandum Regarding Flex Six Pension Enhancement Benefits, pages 6-7 (Electronically filed February 21, 2005).

Plaintiffs now request that the Court make a "determination" or "finding" of "their" "eligibility" or "entitlement" for Flex Six benefits. The Court should reject this improper attempt to bypass the ERISA claims procedure, which must be exhausted before any Flex Six benefit claims are considered by a court.

This Court should make no ruling, determination or finding with respect to the Flex Six benefits on the present record. Any determination with respect to these benefits can only be made following exhaustion of the ERISA claims procedure with respect to the pension benefit. No claims with respect to these Flex Six benefits are properly before this Court.

ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), permits an ERISA plan participant to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, and to clarify his rights to future benefits under the terms of the plan." However, a participant may not bring an action under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) without first exhausting the plan's internal claims procedure, including appeals. *Baxter v. C.A. Muer Corp.*, 941 F.2d 451 (6th Cir. 1991); *Miller v. Metropolitan Life Ins. Co.*, 925 F.2d 979 (6th Cir. 1991). No exception to the exhaustion rule applies to these facts.

Moreover, there is no justiciable case or controversy before the Court on this issue. International Paper has confirmed that, unless the Court's ruling on the merits is altered on appeal, members of the class who met the age and service requirements for the Flex Six Benefit will be eligible for that benefit under the terms of the Retirement Plan, including the "blocking provision." Plaintiffs make a vague "request" that the Court make a "finding" or "determination" of "eligibility" or "entitlement." It is unclear to International Paper what the Court is being asked to do.

Plaintiffs' "request" conflicts with basic principles under Article III of the Constitution and the Federal Rules of Civil Procedures. As the Eighth Circuit Court of Appeals noted in applying these principles in the ERISA context:

> The doctrine of standing serves to identify cases and controversies that are justiciable under Article III. An "irreducible constitutional minimum of standing" is that "plaintiff must have suffered an 'injury in fact' -- an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 119 L. Ed. 2d 351, 112 S. Ct. 2130 (1992).

2

*Harley v. 3M*, 284 F.3d 901, 906 (8th Cir., 2002). Plaintiffs fail to show any justiciable controversy that this Court can resolve.

For these important reasons, the Court should not short-circuit the ERISA claims procedure. Any determination, finding or ruling with respect to the Flex Six benefits should be made solely in the context of a proper claim submitted to the Retirement Plan's Administrative Claims Procedure and reviewed by a court only following exhaustion of that claims procedure.

Plaintiffs devote most of their Memorandum to matters that do not relate to the Flex Six issue on which the Court requested briefs. Plaintiffs complain, for example, that the "blocking provision" of the Retirement Plan is "inequitable" because it prevents commencement of benefit payments to class members under age 65 still working for the purchaser of the Hamilton Mill: Smart Papers. This "blocking provision" was clearly explained in the 1998 Summary Plan Description to the Retirement Plan received by all class members:

> If you continued employment with a purchaser of any Champion operation after a sale, payments cannot commence until the date you leave employment with a purchaser or age 65, if sooner.

Retirement Plan Summary Plan Description, Exhibit B to Tharp Affidavit, previously filed. Class members were again notified of the "blocking provision" in the class notice.

International Paper objects to the other extraneous matters that Plaintiffs have submitted in their brief which do not relate to the issue on which the Court requested briefs. International Paper specifically objects to the proposed order included in plaintiffs' brief, including the "lode star" and enhancement calculation for attorney's fees, the interest claims, and the common funds

claims. International Paper's previous briefs on these issues are incorporated herein by reference to the extent a response is required on those points.

                              Respectfully submitted,

                              INTERNATIONAL PAPER CO.

                              By:    s/ Grant S. Cowan

**TRIAL COUNSEL FOR DEFENDANT INTERNATIONAL PAPER CO.**

Grant S. Cowan
Frost Brown Todd LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, Ohio  45202-4182
(513) 651-6800

W. Carter Younger (VSB #01147)
(Admitted Pro Hac Vice)
James P. McElligott, Jr. (VSB #014109)
McGuireWoods LLP
One James Center
Richmond, Virginia  23219
(804) 775-4363

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 4th day of March, 2005, a true and complete copy of this document was served both electronically and by ordinary United States mail to Counsel for Plaintiff, Theresa L. Groh, Esq., and John C. Murdock at Murdock, Goldenberg, Schneider & Groh, L.P.A., 700 Walnut Street, Suite 400, Cincinnati, Ohio, 45202.

                              s/ Grant S. Cowan