IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| SCOTT D. DALESANDRO, et al., On behalf of themselves and all others similarly situated, | : : : : | Case No.: C-1-01-109 Judge Sandra S. Beckwith |
| Plaintiffs, v. | : : : : | FILED UNDER SEAL PLAINTIFFS' SUBMISSION |
| THE INTERNATIONAL PAPER COMPANY, | : : : | IN SUPPORT OF CONTINGENCY FEE REQUEST |
| Defendant. | : : | (Exhibits attached) |

Pursuant to the Court's Order dated July 8, 2005 (Doc. #96), Plaintiffs submit the following in support of that portion of their fee application requesting a 25% contingent fee.

I.  Background

The Court addressed and decided all other fee issues in its Order, including the finding that, as a component of the judgment in favor of the Class, the Class is entitled to recover attorney fees and expenses from Defendant in the amounts $323,531.80 and $6,334.77, respectively, pursuant to ERISA's fee shift statute. The Court also awarded prejudgment interest in the amount of $628,822.65 (Final Judgment, Doc. #97), bringing the total value of the final judgment to $5,162,449.54.

Plaintiffs' counsel moved for Court approval of the fee that the Class would then pay to Class Counsel based on either the common fund doctrine or their contingent fee contract with the Class representatives. The Court found the common fund doctrine inapplicable and permitted Plaintiffs' counsel the opportunity to submit further support for their request for payment of 25% contingent fee from the value of the judgment. Order, Doc. #96 at 52.

{00012864; 1}

II.     **Evidence in Support of the 25% Contingent Fee**

Both Class representatives, Scott Dalesandro and Diane Noonan, herewith submit additional affidavit testimony which describe and explain in greater detail their knowledge, understanding, and acceptance of the fee request submitted by their counsel. This additional testimony provides a more in-depth history of their agreement and a description of the various discussions and open communication in which they participated with Class counsel relating to attorney fees. Also, several absent class members who have first hand knowledge of the agreements with regard to the contingent fee also submit their affidavit testimony herewith.

The Class representatives explain that they, and other employees, have understood and expected from the beginning of this case that they would pay a portion of their recovery to their attorneys on a contingency basis. Exhibits 1 & 2. Further, as is evidenced by this affidavit testimony and original fee agreements attached thereto, the contingency percentage they agreed to, on behalf of themselves and the Class, was **33⅓%** their recovery. Id. In their initial fee application, Plaintiffs submitted their "Rights and Responsibilities" agreement to demonstrate that common fund principles of paying a fee to counsel out of a recovery had been contemplated and agreed to by the Class representatives; in this submission, Plaintiffs explain and attach their original fee agreement which specifically states the contingency fee percentage they and counsel had agreed upon. Id.

Moreover, employees other than the two Class representatives signed fee agreements with Plaintiffs' counsel at the outset of the case and have submitted their affidavits explaining their own understanding of the fee agreement and the eventual payment of attorney fees out of their recovery. Those other employees also agreed to and expected to pay 33⅓% of their recovery to Plaintiffs' counsel for their fees on a contingent basis. Exhibits 3-7. This testimony

of absent class members is offered to support and corroborate that offered by the two Class representatives, and to address the Court's expressed concern about absent class members' knowledge and acceptance of the 25% contingent fee arrangement (Order at 53).

The two Class representatives also address the Court's concern about absent class members by describing the great deal of contact and discussions they have had with numerous employees explaining the status and progress of the litigation, including the prospect of obtaining a recovery which would amount to less than the full amount of their benefits. Exhibits 1 & 2 at ¶3. Many of those discussions related to the employees' understanding, agreement and expectation that they would pay attorney fees to Plaintiffs' counsel fees out of their recovery. Id.; Exhibits 3-7 at ¶7. Ms. Noonan testified that she has spent approximately 275 hours, and Mr. Dalesandro testified that he has spent approximately 225 hours, executing their duties as Class representatives, and much of that was spent communicating with other employees with whom they still worked as those employees looked to them for information and updates over the past four and one half years. Exhibits 1 & 2 at ¶3.

The Class representatives also explain that they have met with and had several discussions with Plaintiffs' counsel, including discussions related to the various methods by which the Class might receive, and also pay, their attorneys' fees and costs. Id. at ¶¶2 & 7. Plaintiffs' counsel explained exactly the manner and method of the payment of fees they were seeking on behalf of the Class and themselves and even sought the Class representatives' review and approval of the fee application at the time of its filing. Id. at ¶7.

Therefore, the communication between counsel and the Class representatives, and between the Class representatives and the other employees, on the issue of attorney fees has always been a full and open exchange of accurate, realistic information.

A review of the background and nature of the retention agreements between counsel and the employees, and the eventual Class representatives, is also helpful. The employees all describe the difficulty they encountered in trying to find attorneys to represent them against International Paper. When they first began investigating whether they had claims and whether they could hire someone to represent them, that they could not find any attorney who was qualified to represent all of the employees and prosecute an ERISA class action, or, more importantly, an attorney willing to take this case on a contingency basis. Id. at ¶4; Exhibits 3-7 at ¶3. When they first met with Ms. Groh and Mr. Murdock, each employee stated that he/she could not afford to pay an hourly fee. Exhibits 1 & 2 at ¶¶5, 8 & 9; Exhibits 3-7 at ¶¶3 & 9. Therefore, the attorneys agreed to represent the Plaintiffs and to seek to represent the Class on a contingent basis whereby the employees agreed to pay 33⅓% of their recovery to the attorneys for their fee and only if they prevailed. Id. Absent a contingent fee arrangement this case would not have been brought. Affidavits of Scott Dalesandro and Diane Noonan, attached as Exhibits 6 & 7 to the original fee application (Doc. #45). Most important to the clients was that they were assured that if they were <u>un</u>successful in this case, did <u>not</u> prevail, and realized <u>no</u> recovery, they would not be obligated to pay the attorneys any fee. Exhibits 1 & 2 at ¶10; Exhibits 3-7 at ¶9.

Even after the attorneys explained the availability of a "fee shift" in the ERISA statute, the Class representatives and other employees always knew and expected that they would pay a part of their recovery that resulted from the case to their attorneys for their fees. These employees did not expect or rely upon the idea that International Paper would pay all of their attorney fees, and each testified that Plaintiffs' attorneys never made any such promises, guarantees or representations to them. Exhibits 1 & 2 at ¶¶6 & 7; Exhibits 3-7 at ¶¶5 & 6. Also, based upon the many conversations the Class representatives had with other class members, the

Class representatives have submitted that they believe that those employees' expectations and understanding have been consistent with their own. Exhibits 1 & 2 at ¶6.

Throughout the four-plus years of this case, the Class representatives have made every effort to maximize the recovery for the Class and, in doing so, have participated in key strategic decisions, including several discussions related to the eventual payment of attorney fees and expenses, and related to the method and manner of that payment under various scenarios including after judgment or appeal, or upon a settlement. Id. at ¶7. They explain and confirm to the Court that Plaintiffs' counsel were clear in explaining that they would first seek a payment of the fees and costs from International Paper to the Class, and that they would make every effort to obtain a Court order directing International Paper to pay the maximum amount of the attorneys' fees and expenses permitted by law. Id. Counsel fully explained that an outcome could be that the Court would order International Paper to pay an amount less than the amount the employees sought, or none at all. Id. They understood that the Court had complete discretion with regard to whether and how much to order International Paper to pay to the Class, and that such an order was not automatic. Id.

The Class representatives and other employees who separately retained Plaintiffs' counsel all understood from the beginning that the agreement was a 33⅓% contingent fee agreement pursuant to which they would be responsible for paying all or a part of their attorneys' fees and expenses out of any recovery that they might receive through judgment or settlement. Exhibits 1 & 2 at ¶¶5-8; Exhibits 3-7 at ¶¶3 & 7. They also understood and accepted the fact that the exact amount they might be responsible to pay for attorney fees was unknown at the time the fee agreements were signed, and would not be determined until the conclusion of the case when the extent and nature of the work performed and the results were known, and when the

Court decided what amount of fees, expenses and interest, if any, International Paper was obligated to pay to the Class. Exhibits 1 & 2 at ¶8; Exhibits 3-7 at ¶4. In fact, at the time of the fee agreements, it was not certain the case would be certified as a class action. Counsel and the clients agreed that this fee arrangement was in the best interests of the employees as it was the most favorable for all of the employees and allowed for the fairest apportionment of attorney fees to counsel. Id.

Now that the Court has ruled on the attorney fees, expenses and interest, and now that everyone knows the total value of the judgment, the Class representatives and other employees have expressly stated that they fully agree with and support a payment by the Class to Plaintiffs' counsel of an attorney fee in the amount of 25% of the total judgment. Exhibits 1 & 2 at ¶9; Exhibits 3-7 at ¶8. They have testified that they believe a 25% fee is imminently fair and reasonable to both the Class of employees who stand to recover a substantial portion of their benefits if the judgment is upheld, and fair to the attorneys for their work and the results achieved. Id.

Significantly, both Class representatives and the other employees who have filed the attached affidavits have all expressed their willingness to appear and answer any questions the Court may have of them with regard to the issue of attorney fees or any other matter in this case. Exhibits 1 & 2 at ¶11; Exhibits 3-7 at ¶10.

Therefore, the Class representatives and other absent class members have been clear and unequivocal in their support of and agreement to the 25% contingent fee requested by Plaintiffs' counsel.

Based upon the foregoing, and upon the briefs and evidence previously filed by Plaintiffs in support of their fee request (Doc. #s 45, 53, 67 & 82), a 25% contingent fee is fair and

reasonable compensation for the work performed and the results obtained in this case. The case authority demonstrates that a 25% fee is well within, if not below, the acceptable range in ERISA and other class actions; and although most of the cases discussing the amount of attorney fees to be paid by the Class to Class counsel are in the context of a settlement and common funds, this point only underscores the reasonableness of the 25% request in this case which was vigorously prosecuted and defended to its conclusion, over more than four years, requiring much more work, strategy and risk than a case which is settled in earlier stages.

In this case, the amount of statutory fees does not constitute full and fair compensation to Class counsel, and the Class representatives and other absent class members agree. The request for a payment of a 25% contingent fee from the Class to Class counsel is also supported by the case law in this Circuit. See, the authorities cited in Plaintiffs' previous briefs, supra, and specifically, *Drennan v. General Motors Corp.*, 977 F.2d 246, 253-54 (6th Cir. 1992), *reh'g en banc denied*, 1991 U.S. App. LEXIS 310 (6th Cir. 1993), *cert. denied*, 508 U.S. 940 (1993), citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 806 (2002), and *Venegas v. Mitchell*, 495 U.S. 82, 87 & 90 (1990), holding that a payment of fees to the party pursuant to a statutory fee shift does not prelude a lawyer from collecting a contingency fee from that party even though the contingent fee exceeds the statutory amount. "At bottom, the court must ensure that class counsel are fairly compensated for the amount of work done as well as the results achieved." *In Re Southern Ohio Correctional Facility*, 173 F.R.D. 205, 217 (S.D. Ohio 1997), citing *Rawlings v. Prudential-Bache Properties, Inc.*, 9 F.R.D. 513, 516 (6th Cir. 1993).

### III.   Notice to Absent Class Members

Plaintiffs' counsel appreciate this opportunity to further develop the record and respectfully submit that there is now sufficient evidence to address, and hopefully settle, the

{00012864; 1}                                7

concerns expressed by the Court, including those related to absent class members. Plaintiffs and their counsel have offered all that is relevant to support the reasonableness and appropriateness of their fee request, and respectfully submit that notice to absent class members will not inform the inquiry.

Notice to absent class members is not warranted based upon the current record, and based upon the purpose and design of Rule 23 and the roles of Class representatives. "To be an adequate representative, the named plaintiff must demonstrate a willingness and ability to play an active role in and control the litigation and to protect the absent class members. In order to fulfill this obligation, the named plaintiff must possess a sufficient knowledge and understanding of the case that he may be said to be capable of controlling or prosecuting the litigation." *J.B.D.L. Corp. v. Wyeth-Ayerst Labs., Inc.*, 225 F.R.D. 208, 216 (S.D. Ohio, 2003) (internal citations omitted).

Thus, given their role, courts in the Sixth Circuit have concluded that a Class representative's support of a fee agreement is a factor in concluding that a fee is reasonable and fair. *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 534 (S.D. Mich., 2003) ("This favorable response [from the Class representatives] lends further support to this Court's conclusion that the requested fee is reasonable and fair"). "One measure of the market rate is any contingency fee agreement negotiated at the outset of the litigation, when the risk of loss still existed." *Millsap v. McDonnell Douglas Corp.*, 2003 U.S. Dist. LEXIS 26223 (D. Okla., 2003).

The fact that a named Plaintiff agreed to pay a one-third contingent fee is powerful evidence of a reasonable fee, as one of the best ways to demonstrate the value of counsel's work to the Class is to review the consideration agreed to be paid by the named Plaintiffs in their contracts. Newberg on Class Actions §14:6 (4th ed. 2002), citing Goodrich, Frank and Silber,

Reagen, Common Fund and Common Fund Problems: Fee Objections and Class Counsel's Response, 17 Rev. Litig. 525, 548-49 (Summer 1998). "As Judge Posner emphasized in *In re Continental Illinois Securities Litigation*, 962 F.2d 566 (C.A.7 1992), 'the object in awarding a reasonable attorney's fee ... is to simulate the market ... The class counsel are entitled to the fee they would have received had they handled a similar suit on a contingent fee basis, with a similar outcome, for a paying client.' In non-class litigation, one-third contingency fees are typical." *Id.* Although this analysis pertains to the Common Fund doctrine, its reasoning is applicable to this Court's current task of reviewing the reasonableness of the contingent fee contract in that the percentage fee is taken on a pro rata basis from each class member's recovery; the only distinction is that the "fund" is created by the judgment rather than by a settlement, and that distinction weighs in favor of counsel's request since there has been no compromise of any claim and the total judgment will be available to all class members if the judgment is upheld on appeal.

In addition, since the Class' recovery in this case is the product of the Court's judgment, and not of a settlement negotiated among the parties and counsel which compromises claims and relief, this additional notice to absent class members is not necessary. Rule 23(e)'s notice and objection procedures specifically apply only to settlements, voluntary dismissals, and compromises of the class' claims issues or defenses. Plaintiffs submit that a reduced contingent fee is not a compromise of any claim issue or defense; the absent class members will, according to the judgment, receive their share of the total, uncompromised amount as has been determined solely by the Court. While they also have to pay a percentage of their recovery to their attorneys for their fees, such a contingent fee is common, and the typical 33⅓% has been reduced to 25%. The absent class members in this case are adequately protected by Class representatives who are

and have been making informed decisions, communicating with their counsel and with other class members, and performing their duties diligently.

The record demonstrates that counsel have communicated openly and frequently with the Class representatives who are, because of that relationship and involvement in every phase of the litigation over the four and one half year life of this case, in the best position to make decisions for the Class. The Class representatives have been approved by the Court as possessing the same type of interests and having suffered the same type of injury as the absent class members, and they have fairly and adequately protected the class members' interests as evidenced by their successful judgment in excess of Five Million Dollars.

If, however, the Court finds that the current record is insufficient to support the 25% contingent fee sought by counsel, and/or finds that notice to absent class members would be helpful to its determination, Plaintiffs' counsel submit that it should be sent in the form of the Notice attached as Exhibit 8. Plaintiffs' counsel also represent that they will effectuate such notice immediately upon order of the Court. Plaintiffs' counsel request the opportunity to file a response to any absent class member who comes forward pursuant to the Notice, so that counsel can provide information, address any concerns or misunderstandings, and present arguments to the Court as to weight and relevancy prior to any determination.

## IV. Supplemental Fee Application Post-Judgment

As indicated in the Final Judgment Entry, this Court has retained jurisdiction to resolve Plaintiffs' supplemental fee application post-judgment, and, based upon Defendant's expressed intention to appeal, Plaintiffs request permission to file a supplemental application at the conclusion of all appeals or upon other final resolution. Such supplemental application will

include the work performed and expenses incurred since August 18, 2004 which is the last date covered by the last fee application (Doc. #67) considered by this Court.

## V. Conclusion

Based upon the foregoing, and incorporating the factual and legal arguments made in the previous filings related to their fee applications, Plaintiffs' counsel respectfully submit that a contingent fee to be paid by the Class in the amount of 25% of the total judgment of $5,162,449.54, is in all aspects supported by the record and is fair and reasonable. Plaintiffs' counsel also respectfully submit that notice to absent class members of this contingency fee is not warranted, however, if the Court finds otherwise, they submit that such notice be sent in the form proposed. Plaintiffs also request permission to file a supplemental fee application at the conclusion of all appeals or upon other final resolution.

Respectfully submitted,

s/Theresa L. Groh
Theresa L. Groh, Esq. (0029806)
John C. Murdock, Esq. (0063749)
Murdock Goldenberg Schneider & Groh, L.P.A.
35 E.7th Street, Suite 600
Cincinnati, Ohio 45202
Telephone: (513) 345-8291
Facsimile: (513) 345-8294

**Trial Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2005, I filed the foregoing with the Clerk of Court using the CM/ECF system to send notification of such filing to the attorneys of record.

s/Theresa L. Groh
Theresa L. Groh