# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SCOTT D. DALESANDRO, et al.,      :   Case No.: C-1-01-109
   On behalf of themselves and     :
   all others similarly situated,     :   Judge Sandra S. Beckwith
                              :
       Plaintiffs,           :
                              :
   v.                         :
                              :   AFFIDAVIT OF
THE INTERNATIONAL PAPER     :   SCOTT DALESANDRO
COMPANY,                 :
                              :
       Defendant.          :
                              :

The undersigned, Scott Dalesandro, being first cautioned and duly sworn on oath, states as follows:

1.     I continue to prosecute this case on behalf of myself and all other similarly situated salaried employees who were denied benefits by International Paper upon their termination in February 2001.

2.     In representing the interests of the Class since this case was filed more than four years ago, I have had countless phone conferences and meetings with one or more of my counsel, Theresa Groh and John Murdock and Myron Wolf, including discussions related to the various methods by which the Class might receive, and also pay, our attorneys' fees and costs.

3.     As a Class Representative, I have had numerous discussions with other class members explaining the status and progress of the litigation, including the prospect of obtaining a recovery which would amount to less than the full amount of our benefits. Many of these discussions related to the employees' understanding, agreement and expectation that we would pay to our counsel their attorney fees out of our recovery. I previously signed an affidavit dated

August 5, 2003 approximating the time that I had spent executing my duties in this action at 175 hours; I estimate that I have spent an additional 50 hours in the two years since that affidavit as many employees have come to me for information and updates.

4.    At the outset, when I and other employees first began the investigation of this case and sought to retain legal counsel, we could not find any attorney who was qualified to represent all of the employees and prosecute an ERISA class action; more importantly, we could not find any attorney willing to take this case on a contingency basis.

5.    At the time Ms. Groh and Mr. Murdock agreed to pursue a class action, other employees and I met with them and Mr. Wolf.  At the initial meeting, each employee and I explained to the attorneys that none of us could pay an hourly fee.  Therefore, these three attorneys agreed to represent the Class on a contingent basis whereby we agreed to pay 33⅓% of our recovery to our attorneys for their fee, and to reimburse them for expenses they advanced only if we prevailed.  (Exhibit A attached)

6.    I always knew and expected that I and the employees would pay a part of our recovery that resulted from this litigation to our attorneys for their fees.  I did not expect or rely upon the idea that International Paper would pay all of my attorney fees, and my attorneys never made any such promises, guarantees or representations to me.  Based upon my many conversations with other class members, I believe that their expectations and understanding have been consistent with mine.

7.    As a Class Representative, I have made every effort to maximize the recovery for the Class.  In doing so, I have participated in key strategic decisions, including several discussions related to the eventual payment of attorney fees and expenses, and related to the method and manner of that payment under various scenarios including after judgment or appeal,

or upon a settlement. In each instance, my counsel were clear in explaining that they would first seek a payment of the fees and costs from International Paper to the Class, and that they would make every effort to obtain a Court order directing International Paper to pay the maximum amount of the attorneys' fees and expenses permitted by law. My counsel fully explained that an outcome could be that the Court would order International Paper to pay an amount less than the amount we sought, or none at all. I understood that the Court had complete discretion with regard to whether and how much to order International Paper to pay to us, and that such an order was not automatic. My counsel explained exactly the manner and method of the payment of fees we were seeking as set forth in the Plaintiffs' fee application which I reviewed and approved at the time of its filing.

8.     I understood, from the beginning, that the agreement I entered into with my counsel, for myself and on behalf of all the employees, was a 33⅓% contingent fee agreement pursuant to which we would be responsible for paying all or a part of our attorneys' fees and expenses out of any recovery that we might receive through judgment or settlement. I also understood and accepted the fact that the exact amount I or any other employee might be responsible to pay for attorney fees was unknown at the time the fee agreement was signed, and would not be determined until the conclusion of the case when the extent and nature of the work performed and the results were known, and when the Court decided what amount of fees, expenses and interest, if any, International Paper was obligated to pay to us. I determined that this agreement was in the best interests of the employees as it was the most favorable and beneficial arrangement for the Class, and would allow us to fashion the fairest apportionment of attorney fees to counsel.

9.    Based upon the recent Court Orders ruling on the attorney fees, expenses and interest and entering judgment for the Class Plaintiffs in the amount of $5,162,449.54, I fully concur that a 25% fee is imminently fair and reasonable to both the class of employees who stand to recover a substantial portion of their benefits if the judgment is upheld, and fair to our attorneys for their work and the results achieved.

10.    I also always understood and agreed that if we were unsuccessful in this case, did not prevail, and realized no recovery, our attorneys would not be paid any fee.

11.    I am willing to appear and answers any questions the Court may have of me, to the extent I can do so without waiving any privilege, relating to the matters set forth in this affidavit or any other issues in this case.

FURTHER AFFIANT SAITH NAUGHT.

SCOTT DALESANDRO

STATE OF Washington    )
                        ) S.S.
COUNTY OF Clark         )

Sworn to before me and subscribed in my presence, a Notary Public for said State and County, this 26th day of July, 2005.



Notary

{00012852; 1}                                    4

LAW OFFICES OF

# MYRON A. WOLF

ATTORNEYS AT LAW

---

MYRON A. WOLF
BARBARA L. HORWITZ

120 N. SECOND STREET • P.O. BOX 741
HAMILTON, OHIO 45012
TELEPHONE (513) 863-0664
FACSIMILE (513) 868-1800

February 16, 2001

Mr. Scott D. Dalesandro
3465 Lakebrook Court
Hamilton, Ohio 45011

Re:    **Class action on behalf of salaried employees v. International Paper to recover benefits pursuant to Severance Policy #828**

Dear Scott:

Thank you for meeting with us to discuss your possible claims against International Paper to recover benefits provided by Severance Policy #828. We are pleased to represent you and all other salaried employees who are similarly denied those benefits on the following terms and conditions.

You authorize Myron A. Wolf, Theresa L. Groh and the law firm of Murdock, Goldenberg, Schneider & Groh, L.P.A. to represent you to conduct the initial investigation and research for the purpose of determining whether the factual and legal bases exist to file a class action lawsuit. If we decide to file a class action, you agree to serve as a named plaintiff who will represent all other salaried employees of International Paper who are denied Policy #828 benefits. We, the attorneys, will bear the cost of that initial investigation and research.

You will send a written formal claim for Policy #828 benefits and a written formal request for review of any denial. You will notify the undersigned immediately upon receiving any response to those requests. As soon as those requests are denied, we will advise you of your legal rights and options, including the filing of a class action. As we agreed in our conference this afternoon, the attorneys agree to represent you on behalf of a larger class and if, at any time, the case cannot be prosecuted as a class action, you are not obligated to proceed with the litigation individually, and we are not obligated to represent you individually.

Attorney fees for Plaintiffs who proceed in a class action are ordinarily submitted to and determined by the Court, and paid by the Defendant; also, the unique federal law (ERISA) which we discussed, provides that the prevailing party is awarded attorney fees as a part of the judgment. In the event attorney fees are not so awarded, you agree to pay 33 and 1/3% of any recovery or increase in benefits we are able to accomplish for you through legal action. In addition, you agree to pay the expense of any litigation, which costs will be advanced by the attorneys and deducted from your recovery.

Page 2
Mr. Scott D. Dalesandro
February 16, 2001

Dated: ___2/16/01___                    _____
                                        Scott D. Dalesandro

Dated: ___2/16/01___                    _____
                                        Theresa L. Groh

Dated: ___2/16/01___                    _____
                                        Myron A. Wolf

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SCOTT D. DALESANDRO, et al.,       :   Case No.: C-1-01-109
   On behalf of themselves and     :
   all others similarly situated,     :  Judge Sandra S. Beckwith
                                  :
       Plaintiffs,             :
                                    :
     v.                     :
                                    :  AFFIDAVIT OF
THE INTERNATIONAL PAPER     :  DIANE NOONAN
COMPANY,                    :
                                    :
       Defendant.            :
                                    :

The undersigned, Diane Noonan, being first cautioned and duly sworn on oath, states as follows:

    1.     I continue to prosecute this case on behalf of myself and all other similarly situated salaried employees who were denied benefits by International Paper upon their termination in February 2001.

    2.     In representing the interests of the Class since this case was filed more than four years ago, I have had countless phone conferences and meetings with one or more of my counsel, Theresa Groh and John Murdock and Myron Wolf, including discussions related to the various methods by which the Class might receive, and also pay, our attorneys' fees and costs.

    3.     As a Class Representative, I have had numerous discussions with other class members explaining the status and progress of the litigation, including the prospect of obtaining a recovery which would amount to less than the full amount of our benefits.   Many of these discussions related to the employees' understanding, agreement and expectation that we would pay to our counsel their attorney fees out of our recovery.  I previously signed an affidavit dated August 5, 2003 approximating the time that I had spent executing my duties in this action at 175

hours; I estimate that I have spent an additional 100 hours in the two years since that affidavit as many employees have come to me for information and updates.

4.     At the outset, when I and other employees first began the investigation of this case and sought to retain legal counsel, we could not find any attorney who was qualified to represent all of the employees and prosecute an ERISA class action; more importantly, we could not find any attorney willing to take this case on a contingency basis.

5.     At the time Ms. Groh and Mr. Murdock agreed to pursue a class action, other employees and I met with them and Mr. Wolf.  At the initial meeting, each employee and I explained to the attorneys that none of us could pay an hourly fee.  Therefore, these three attorneys agreed to represent the Class on a contingent basis whereby we agreed to pay 33⅓% of our recovery to our attorneys for their fee, and to reimburse them for expenses they advanced only if we prevailed.  (Exhibit A attached)

6.     I always knew and expected that I and the employees would pay a part of our recovery that resulted from this litigation to our attorneys for their fees.  I did not expect or rely upon the idea that International Paper would pay all of my attorney fees, and my attorneys never made any such promises, guarantees or representations to me.   Based upon my many conversations with other class members, I believe that their expectations and understanding have been consistent with mine.

7.     As a Class Representative, I have made every effort to maximize the recovery for the Class.  In doing so, I have participated in key strategic decisions, including several discussions related to the eventual payment of attorney fees and expenses, and related to the method and manner of that payment under various scenarios including after judgment or appeal, or upon a settlement.  In each instance, my counsel were clear in explaining that they would first seek a payment of the fees and costs from International Paper to the Class, and that they would make

every effort to obtain a Court order directing International Paper to pay the maximum amount of the attorneys' fees and expenses permitted by law. My counsel fully explained that an outcome could be that the Court would order International Paper to pay an amount less than the amount we sought, or none at all. I understood that the Court had complete discretion with regard to whether and how much to order International Paper to pay to us, and that such an order was not automatic. My counsel explained exactly the manner and method of the payment of fees we were seeking as set forth in the Plaintiffs' fee application which I reviewed and approved at the time of its filing.

8.    I understood, from the beginning, that the agreement I entered into with my counsel, for myself and on behalf of all the employees, was a 33⅓% contingent fee agreement pursuant to which we would be responsible for paying all or a part of our attorneys' fees and expenses out of any recovery that we might receive through judgment or settlement. I also understood and accepted the fact that the exact amount I or any other employee might be responsible to pay for attorney fees was unknown at the time the fee agreement was signed, and would not be determined until the conclusion of the case when the extent and nature of the work performed and the results were known, and when the Court decided what amount of fees, expenses and interest, if any, International Paper was obligated to pay to us. I determined that this agreement was in the best interests of the employees as it was the most favorable and beneficial arrangement for the Class, and would allow us to fashion the fairest apportionment of attorney fees to counsel.

9.    Based upon the recent Court Orders ruling on the attorney fees, expenses and interest and entering judgment for the Class Plaintiffs in the amount of $5,162,449.54, I fully concur that a 25% fee is imminently fair and reasonable to both the class of employees who stand

to recover a substantial portion of their benefits if the judgment is upheld, and fair to our attorneys for their work and the results achieved.

10.    I also always understood and agreed that if we were <u>un</u>successful in this case, did <u>not</u> prevail, and realized <u>no</u> recovery, our attorneys would not be paid any fee.

11.    I am willing to appear and answers any questions the Court may have of me, to the extent I can do so without waiving any privilege, relating to the matters set forth in this affidavit or any other issues in this case.


FURTHER AFFIANT SAITH NAUGHT.

_____
DIANE NOONAN


STATE OF OHIO            )
                         ) S.S.
COUNTY OF BUTLER         )

    Sworn to before me and subscribed in my presence, a Notary Public for said State and County, this ___ day of July, 2005.

_____
MYRON A. WOLF
NOTARY PUBLIC, STATE OF OHIO
COMMISSION HAS NO EXPIRATION DATE

LAW OFFICES OF

# MYRON A. WOLF

ATTORNEYS AT LAW

MYRON A. WOLF
BARBARA L. HORWITZ

120 N. SECOND STREET • P.O. BOX 741
HAMILTON, OHIO 45012
TELEPHONE (513) 863-0664
FACSIMILE (513) 868-1800

February 16, 2001

Ms. Diane Noonan
260 South Washington Blvd.
Hamilton, Ohio 45013

Re:   **Class action on behalf of salaried employees v. International Paper to recover benefits pursuant to Severance Policy #828**

Dear Diane:

Thank you for meeting with us to discuss your possible claims against International Paper to recover benefits provided by Severance Policy #828. We are pleased to represent you and all other salaried employees who are similarly denied those benefits on the following terms and conditions.

You authorize Myron A. Wolf, Theresa L. Groh and the law firm of Murdock, Goldenberg, Schneider & Groh, L.P.A. to represent you to conduct the initial investigation and research for the purpose of determining whether the factual and legal bases exist to file a class action lawsuit. If we decide to file a class action, you agree to serve as a named plaintiff who will represent all other salaried employees of International Paper who are denied Policy #828 benefits. We, the attorneys, will bear the cost of that initial investigation and research.

You will send a written formal claim for Policy #828 benefits and a written formal request for review of any denial. You will notify the undersigned immediately upon receiving any response to those requests. As soon as those requests are denied, we will advise you of your legal rights and options, including the filing of a class action. As we agreed in our conference this afternoon, the attorneys agree to represent you on behalf of a larger class and if, at any time, the case cannot be prosecuted as a class action, you are not obligated to proceed with the litigation individually, and we are not obligated to represent you individually.

Attorney fees for Plaintiffs who proceed in a class action are ordinarily submitted to and determined by the Court, and paid by the Defendant; also, the unique federal law (ERISA) which we discussed, provides that the prevailing party is awarded attorney fees as a part of the judgment. In the event attorney fees are not so awarded, you agree to pay 33 and 1/3% of any recovery or increase in benefits we are able to accomplish for you through legal action. In addition, you agree to pay the expense of any litigation, which costs will be advanced by the attorneys and deducted from your recovery.

Page 2
Ms. Diane Noonan
February 16, 2001

Dated: 2/16/01                          _____
                                        Diane Noonan


Dated: 2/16/01                          _____
                                        Theresa L. Groh


Dated: 2/16/01                          _____
                                        Myron A. Wolf

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SCOTT D. DALESANDRO, et al.,       :    Case No.: C-1-01-109
    On behalf of themselves and      :
    all others similarly situated,       :    Judge Sandra S. Beckwith
                                      :
         Plaintiffs,             :
                                        :
     v.                            :
                                        :    AFFIDAVIT OF
THE INTERNATIONAL PAPER      :    JANET DEMPSEY
COMPANY,                          :
                                          :
         Defendant.            :
                                          :

       The undersigned, Janet Dempsey, being first cautioned and duly sworn on oath, states as follows:

       1.      I am a class member in this action and I also separately executed a fee agreement with Theresa Groh and John Murdock to prosecute this case on my behalf.

       2.      I first met with Ms. Groh, Mr. Murdock and Mr. Wolf in February 2001 to discuss our possible claims, and to explore whether they would agree to represent me and/or the other employees affected by our termination from International Paper.

       3.      When many employees, including myself, first began investigating this case and searched for lawyers, we could not find any attorney who was qualified to represent all of the employees and prosecute an ERISA class action. We also could not find any attorney willing to take this case on a contingency basis. When some employees and I met with Ms. Groh, Mr. Murdock and Mr. Wolf in February 2001, we each stated that none of us could pay an hourly fee. These three attorneys then agreed to represent the Class on a contingent basis so that we were

only obligated to pay their fees and reimburse them for expenses they advanced if we prevailed, and out of our recovery. We also agreed to follow the 33⅓% contingency fee contract the Class Representatives, Diane Noonan and Scott Dalesandro, had previously signed.

4.    I also understood and accepted the fact that the exact percentage I or any other employee might be responsible to pay for attorney fees was unknown at the time the fee agreement was signed, and would not be determined until the conclusion of the case when the extent and nature of the work performed and the results were known, and when the Court decided what amount of fees, expenses and interest, if any, International Paper was obligated to pay to us.

5.    My counsel also explained that International Paper could have been ordered to pay less than the amount we sought, or none at all. I understood that the Court had complete discretion with regard to whether and how much to order International Paper to pay to us, and that such an order was not automatic.

6.    I did not expect or rely upon International Paper being made to pay all of my attorney fees, and my attorneys never made any such promises, guarantees or representations to me. Based upon my many conversations with other employees, I believe that their expectations and understanding have been consistent with mine.

7.    I have had many discussions with the Class Representatives who have taken much time to explain the status and developments in this litigation, including the probability of obtaining a recovery which would amount to less than a full recovery of all benefits, and including the payment to our counsel for their fees and expenses out of that recovery.

8.    Based upon the recent Court Orders ruling on the attorney fees, expenses and interest and entering judgment for the Class Plaintiffs in the amount of $5,162,449.54, I fully

concur that a 25% fee is imminently fair and reasonable to me, to the employees who stand to recover a substantial portion of their benefits if the judgment is upheld, and to our attorneys for their work and the results achieved.

9.    I also always understood and agreed that if we were <u>un</u>successful in this case, did <u>not</u> prevail, and realized <u>no</u> recovery, our attorneys would not be paid any fee.

10.    I am willing to appear and answers any questions the Court may have of me, to the extent I can do so without waiving any privilege, relating to the matters set forth in this affidavit or any other issues in this case.


FURTHER AFFIANT SAITH NAUGHT.


JANET DEMPSEY


STATE OF OHIO            )
                         ) S.S.
COUNTY OF BUTLER         )

Sworn to before me and subscribed in my presence, a Notary Public for said State and County, this 25 day of July, 2005.


MYRON A. WOLF
NOTARY PUBLIC, STATE OF OHIO
MY COMMISSION HAS NO EXPIRATION DATE

{00012853; 1}

# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SCOTT D. DALESANDRO, et al.,          :    Case No.: C-1-01-109
   On behalf of themselves and          :
   all others similarly situated,        :    Judge Sandra S. Beckwith
                                   :
        Plaintiffs,                  :
                                     :
     v.                                :
                                     :
THE INTERNATIONAL PAPER              :    AFFIDAVIT OF
COMPANY,                              :    JENNY HOBBS
                                   :
        Defendant.                   :
                                   :

The undersigned, Jenny Hobbs, being first cautioned and duly sworn on oath, states as follows:

1.     I am a class member in this action and I also separately executed a fee agreement with Theresa Groh and John Murdock to prosecute this case on my behalf.

2.     I first met with Ms. Groh, Mr. Murdock and Mr. Wolf in February 2001 to discuss our possible claims, and to explore whether they would agree to represent me and/or the other employees affected by our termination from International Paper.

3.     When many employees, including myself, first began investigating this case and searched for lawyers, we could not find any attorney who was qualified to represent all of the employees and prosecute an ERISA class action. We also could not find any attorney willing to take this case on a contingency basis. When some employees and I met with Ms. Groh, Mr. Murdock and Mr. Wolf in February 2001, we each stated that none of us could pay an hourly fee. These three attorneys then agreed to represent the Class on a contingent basis so that we were

{00012856; 1}

only obligated to pay their fees and reimburse them for expenses they advanced if we prevailed, and out of our recovery. We also agreed to follow the 33⅓% contingency fee contract the Class Representatives, Diane Noonan and Scott Dalesandro, had previously signed.

4.    I also understood and accepted the fact that the exact percentage I or any other employee might be responsible to pay for attorney fees was unknown at the time the fee agreement was signed, and would not be determined until the conclusion of the case when the extent and nature of the work performed and the results were known, and when the Court decided what amount of fees, expenses and interest, if any, International Paper was obligated to pay to us.

5.    My counsel also explained that International Paper could have been ordered to pay less than the amount we sought, or none at all. I understood that the Court had complete discretion with regard to whether and how much to order International Paper to pay to us, and that such an order was not automatic.

6.    I did not expect or rely upon International Paper being made to pay all of my attorney fees, and my attorneys never made any such promises, guarantees or representations to me. Based upon my many conversations with other employees, I believe that their expectations and understanding have been consistent with mine.

7.    I have had many discussions with the Class Representatives who have taken much time to explain the status and developments in this litigation, including the probability of obtaining a recovery which would amount to less than a full recovery of all benefits, and including the payment to our counsel for their fees and expenses out of that recovery.

8.    Based upon the recent Court Orders ruling on the attorney fees, expenses and interest and entering judgment for the Class Plaintiffs in the amount of $5,162,449.54, I fully

{00012856; 1}

concur that a 25% fee is imminently fair and reasonable to me, to the employees who stand to recover a substantial portion of their benefits if the judgment is upheld, and to our attorneys for their work and the results achieved.

9.    I also always understood and agreed that if we were <u>un</u>successful in this case, did <u>not</u> prevail, and realized <u>no</u> recovery, our attorneys would not be paid any fee.

10.   I am willing to appear and answers any questions the Court may have of me, to the extent I can do so without waiving any privilege, relating to the matters set forth in this affidavit or any other issues in this case.


    FURTHER AFFIANT SAITH NAUGHT.


                                        JENNY HOBBS


STATE OF OHIO          )
                       ) S.S.
COUNTY OF Butler       )

    Sworn to before me and subscribed in my presence, a Notary Public for said State and County, this 20th day of July, 2005.




SHELLEY L. ALEXANDER
Notary Public, State of Ohio
My Comm. Expires 10/31/09


{00012856; 1}