# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| SCOTT D. DALESANDRO, et al., On behalf of themselves and all others similarly situated, | : Case No.: C-1-01-109 |
| | : |
| | : Judge Sandra S. Beckwith |
| Plaintiffs, | : |
| v. | : |
| | : AFFIDAVIT OF |
| THE INTERNATIONAL PAPER COMPANY, | : JOE KEATING |
| | : |
| Defendant. | : |

The undersigned, Joe Keating, being first cautioned and duly sworn on oath, states as follows:

1. I am a class member in this action and I also separately executed a fee agreement with Theresa Groh and John Murdock to prosecute this case on my behalf.

2. I first met with Ms. Groh, Mr. Murdock and Mr. Wolf in February 2001 to discuss our possible claims, and to explore whether they would agree to represent me and/or the other employees affected by our termination from International Paper.

3. When many employees, including myself, first began investigating this case and searched for lawyers, we could not find any attorney who was qualified to represent all of the employees and prosecute an ERISA class action. We also could not find any attorney willing to take this case on a contingency basis. When some employees and I met with Ms. Groh, Mr. Murdock and Mr. Wolf in February 2001, we each stated that none of us could pay an hourly fee. These three attorneys then agreed to represent the Class on a contingent basis so that we were

{00012841; 1}

only obligated to pay their fees and reimburse them for expenses they advanced if we prevailed, and out of our recovery. We also agreed to follow the 33⅓% contingency fee contract the Class Representatives, Diane Noonan and Scott Dalesandro, had previously signed.

4. I also understood and accepted the fact that the exact percentage I or any other employee might be responsible to pay for attorney fees was unknown at the time the fee agreement was signed, and would not be determined until the conclusion of the case when the extent and nature of the work performed and the results were known, and when the Court decided what amount of fees, expenses and interest, if any, International Paper was obligated to pay to us.

5. My counsel also explained that International Paper could have been ordered to pay less than the amount we sought, or none at all. I understood that the Court had complete discretion with regard to whether and how much to order International Paper to pay to us, and that such an order was not automatic.

6. I did not expect or rely upon International Paper being made to pay all of my attorney fees, and my attorneys never made any such promises, guarantees or representations to me. Based upon my many conversations with other employees, I believe that their expectations and understanding have been consistent with mine.

7. I have had many discussions with the Class Representatives who have taken much time to explain the status and developments in this litigation, including the probability of obtaining a recovery which would amount to less than a full recovery of all benefits, and including the payment to our counsel for their fees and expenses out of that recovery.

8. Based upon the recent Court Orders ruling on the attorney fees, expenses and interest and entering judgment for the Class Plaintiffs in the amount of $5,162,449.54, I fully

{00012841; 1}

concur that a 25% fee is imminently fair and reasonable to me, to the employees who stand to recover a substantial portion of their benefits if the judgment is upheld, and to our attorneys for their work and the results achieved.

9. I also always understood and agreed that if we were <u>un</u>successful in this case, did <u>not</u> prevail, and realized <u>no</u> recovery, our attorneys would not be paid any fee.

10. I am willing to appear and answers any questions the Court may have of me, to the extent I can do so without waiving any privilege, relating to the matters set forth in this affidavit or any other issues in this case.

FURTHER AFFIANT SAITH NAUGHT.

_____
JOE KEATING

STATE OF OHIO         )
                      ) S.S.
COUNTY OF BUTLER      )

Sworn to before me and subscribed in my presence, a Notary Public for said State and County, this 25th day of July, 2005.

_____
MYRON A. WOLF
NOTARY PUBLIC, STATE OF OHIO
MY COMMISSION HAS NO EXPIRATION DATE

{00012841; 1}

# EXHIBIT 6

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| SCOTT D. DALESANDRO, et al.,<br>  On behalf of themselves and<br>  all others similarly situated, | : | Case No.: C-1-01-109 |
| | : | |
| | : | Judge Sandra S. Beckwith |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | AFFIDAVIT OF |
| THE INTERNATIONAL PAPER<br>COMPANY, | : | JULIE SMITH |
| | : | |
| Defendant. | : | |
| | : | |

The undersigned, Julie Smith, being first cautioned and duly sworn on oath, states as follows:

1.  I am a class member in this action and I also separately executed a fee agreement with Theresa Groh and John Murdock to prosecute this case on my behalf.

2.  I first met with Ms. Groh, Mr. Murdock and Mr. Wolf in February 2001 to discuss our possible claims, and to explore whether they would agree to represent me and/or the other employees affected by our termination from International Paper.

3.  When many employees, including myself, first began investigating this case and searched for lawyers, we could not find any attorney who was qualified to represent all of the employees and prosecute an ERISA class action. We also could not find any attorney willing to take this case on a contingency basis. When some employees and I met with Ms. Groh, Mr. Murdock and Mr. Wolf in February 2001, we each stated that none of us could pay an hourly fee. These three attorneys then agreed to represent the Class on a contingent basis so that we were

{00012855; 1}

only obligated to pay their fees and reimburse them for expenses they advanced if we prevailed, and out of our recovery. We also agreed to follow the 33⅓% contingency fee contract the Class Representatives, Diane Noonan and Scott Dalesandro, had previously signed.

4. I also understood and accepted the fact that the exact percentage I or any other employee might be responsible to pay for attorney fees was unknown at the time the fee agreement was signed, and would not be determined until the conclusion of the case when the extent and nature of the work performed and the results were known, and when the Court decided what amount of fees, expenses and interest, if any, International Paper was obligated to pay to us.

5. My counsel also explained that International Paper could have been ordered to pay less than the amount we sought, or none at all. I understood that the Court had complete discretion with regard to whether and how much to order International Paper to pay to us, and that such an order was not automatic.

6. I did not expect or rely upon International Paper being made to pay all of my attorney fees, and my attorneys never made any such promises, guarantees or representations to me. Based upon my many conversations with other employees, I believe that their expectations and understanding have been consistent with mine.

7. I have had many discussions with the Class Representatives who have taken much time to explain the status and developments in this litigation, including the probability of obtaining a recovery which would amount to less than a full recovery of all benefits, and including the payment to our counsel for their fees and expenses out of that recovery.

8. Based upon the recent Court Orders ruling on the attorney fees, expenses and interest and entering judgment for the Class Plaintiffs in the amount of $5,162,449.54, I fully

{00012855; 1}

concur that a 25% fee is imminently fair and reasonable to me, to the employees who stand to recover a substantial portion of their benefits if the judgment is upheld, and to our attorneys for their work and the results achieved.

9. I also always understood and agreed that if we were unsuccessful in this case, did not prevail, and realized no recovery, our attorneys would not be paid any fee.

10. I am willing to appear and answers any questions the Court may have of me, to the extent I can do so without waiving any privilege, relating to the matters set forth in this affidavit or any other issues in this case.

FURTHER AFFIANT SAITH NAUGHT.

_____
JULIE SMITH

STATE OF OHIO       )
                    ) S.S.
COUNTY OF BUTLER    )

Sworn to before me and subscribed in my presence, a Notary Public for said State and County, this 25th day of July, 2005.

_____
MYRON A. WOLF
NOTARY PUBLIC, STATE OF OHIO
MY COMMISSION HAS NO EXPIRATION

{00012855; 1}

# EXHIBIT 7

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| SCOTT D. DALESANDRO, et al., On behalf of themselves and all others similarly situated, | : Case No.: C-1-01-109 : : Judge Sandra S. Beckwith |
| Plaintiffs, | : : |
| v. | : : |
| THE INTERNATIONAL PAPER COMPANY, | : AFFIDAVIT OF : DONNA THEOBALD : |
| Defendant. | : : |

The undersigned, Donna Theobald, being first cautioned and duly sworn on oath, states as follows:

1.  I am a class member in this action and I also separately executed a fee agreement with Theresa Groh and John Murdock to prosecute this case on my behalf.

2.  I first met with Ms. Groh, Mr. Murdock and Mr. Wolf in February 2001 to discuss our possible claims, and to explore whether they would agree to represent me and/or the other employees affected by our termination from International Paper.

3.  When many employees, including myself, first began investigating this case and searched for lawyers, we could not find any attorney who was qualified to represent all of the employees and prosecute an ERISA class action. We also could not find any attorney willing to take this case on a contingency basis. When some employees and I met with Ms. Groh, Mr. Murdock and Mr. Wolf in February 2001, we each stated that none of us could pay an hourly fee. These three attorneys then agreed to represent the Class on a contingent basis so that we were

{00012854; 1}

only obligated to pay their fees and reimburse them for expenses they advanced if we prevailed, and out of our recovery. We also agreed to follow the 33⅓% contingency fee contract the Class Representatives, Diane Noonan and Scott Dalesandro, had previously signed.

4. I also understood and accepted the fact that the exact percentage I or any other employee might be responsible to pay for attorney fees was unknown at the time the fee agreement was signed, and would not be determined until the conclusion of the case when the extent and nature of the work performed and the results were known, and when the Court decided what amount of fees, expenses and interest, if any, International Paper was obligated to pay to us.

5. My counsel also explained that International Paper could have been ordered to pay less than the amount we sought, or none at all. I understood that the Court had complete discretion with regard to whether and how much to order International Paper to pay to us, and that such an order was not automatic.

6. I did not expect or rely upon International Paper being made to pay all of my attorney fees, and my attorneys never made any such promises, guarantees or representations to me. Based upon my many conversations with other employees, I believe that their expectations and understanding have been consistent with mine.

7. I have had many discussions with the Class Representatives who have taken much time to explain the status and developments in this litigation, including the probability of obtaining a recovery which would amount to less than a full recovery of all benefits, and including the payment to our counsel for their fees and expenses out of that recovery.

8. Based upon the recent Court Orders ruling on the attorney fees, expenses and interest and entering judgment for the Class Plaintiffs in the amount of $5,162,449.54, I fully

{00012854; 1}

concur that a 25% fee is imminently fair and reasonable to me, to the employees who stand to recover a substantial portion of their benefits if the judgment is upheld, and to our attorneys for their work and the results achieved.

9. I also always understood and agreed that if we were unsuccessful in this case, did not prevail, and realized no recovery, our attorneys would not be paid any fee.

10. I am willing to appear and answers any questions the Court may have of me, to the extent I can do so without waiving any privilege, relating to the matters set forth in this affidavit or any other issues in this case.

FURTHER AFFIANT SAITH NAUGHT.

*/s/ Donna Theobald*
DONNA THEOBALD

STATE OF OHIO      )
                   ) S.S.
COUNTY OF BUTLER   )

Sworn to before me and subscribed in my presence, a Notary Public for said State and County, this 25 day of July, 2005.

*/s/ Myron A. Wolf*
MYRON A. WOLF
NOTARY PUBLIC, STATE OF OHIO
COMMISSION HAS NO EXPIRATION DATE

{00012854; 1}

# EXHIBIT 8

# COURT ORDERED NOTICE:

### Date

**To: All members of the Class in the case of *Dalesandro, et al. v. The International Paper Company*, Case No. C-1-01-109, U.S. District Court, Southern District of Ohio**

This Notice is sent to you by order of U.S. District Court Judge Sandra S. Beckwith, in the case *Dalesandro, et al. v. The International Paper Company*, to inform you that the Court has entered a final judgment in favor of the Class.

As of the time of the issuance of this Notice, however, International Paper Company has indicated that it intends to exercise its right to appeal Judge Beckwith's ruling and judgment in your favor to the U.S. Federal Court of Appeals for the Sixth Circuit. In the event of an appeal, Judge Beckwith's ruling and judgment will be upheld, modified, or reversed. Therefore, until after the outcome of the appeal process, as a class member you will not know the final status of your entitlement to severance pay.

## BASIC BACKGROUND INFORMATION

You are being sent this Notice as a result the lawsuit, *Dalesandro, et al. v. The International Paper Company*, Case No. C-1-01-109, which was filed as a class action on your behalf, as well as others similar to you. This lawsuit was filed in federal court on February 22, 2001, before Judge Beckwith in the United States District Court for the Southern District of Ohio. The persons who sued on your behalf are former International Paper Company employees Scott D. Dalesandro and Diane Noonan. On March 21, 2003, Judge Beckwith issued a ruling that all persons employed by International Paper Company at the Hamilton B Street Mill who were subject to Policy #828 and who were terminated without cause on February 9, 2001 as a result of the sale of the Mill are entitled to severance benefits under Policy #828.

{00012879; 1}

**ENTRY OF FINAL JUDGMENT**

On July 8, 2005, Judge Beckwith decided the issues related to the amount of the judgment, interest, attorney fees and expenses to be paid to the Class by International Paper and entered a final judgment in the total amount of $5,162,449.54 as follows:

$4,203,760.32 for the benefits provided in Section 2 of Policy #828;

$628,822.65 for prejudgment interest at the simple rate of 3.46% per annum from March 12, 2001 to July 8, 2005 (date of judgment);

$323,531.80 of Plaintiffs' attorneys fees; and

$6,334.77 of Plaintiffs' expenses incurred in prosecuting this case.

The Court also ordered International Paper to pay interest on the total judgment at the rate of 3.46% which will be compounded annually from July 8, 2005 until the date of payment.

Plaintiffs counsel has requested the Court to approve the payment of their attorney fees from the Class in the amount of 25% of the total judgment based upon the contingent fee contract executed and agreed to by the two Class representatives when the litigation was commenced in February 2001. This contingent fee percentage has been reduced from the 33⅓% in the original fee contract to 25%.

**You have 30 DAYS from the date of this Notice** in which to review this judgment and object to the fee requested to be paid by the Class to Class Counsel. You must do so within this 20 day period by filing a written objection setting forth the basis for your objection with the U.S. District Court for the Southern District of Ohio, 324 Potter Stewart U.S. Courthouse, 100 E. Fifth Street, Cincinnati, Ohio 45202 under the case name of *Dalesandro, et al. v. The International Paper Company*, Case No. C-1-01-109. You must also send a copy to Plaintiffs' Counsel: Theresa L. Groh, Murdock, Goldenberg, Schneider & Groh, L.P.A., at 35 E. 7th Street, Suite 600, Cincinnati, Ohio 45202, who will have until 45 days from the date of this Notice to respond.

**WHAT YOU MUST DO**

If you DO NOT object to the above judgment or the payment by the Class of 25% of the total judgment to Class Counsel, then you are not obligated to take any action and the case will proceed. If you DO object, then you must follow the procedure outlined above.

**MORE INFORMATION**

This legal action, captioned *Dalesandro, et al. v. The International Paper Company*, Case No. C-1-01-109, exists on file with and is a matter of public record in the U.S. District Court for the Southern District of Ohio, 324 Potter Stewart U.S. Courthouse, 100 E. Fifth Street, Cincinnati, Ohio 45202. You are welcome to contact your Class Attorneys at 513-345-8291, and ask for Theresa Groh, Esq. with any questions. You are also welcome to write or fax your Class Attorneys, Attention: Theresa Groh, Esq. to Murdock Goldenberg Schneider & Groh, L.P.A., 35 E. 7th Street, Suite 600, Cincinnati, Ohio 45202; Fax Number (513) 345-8294.