UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| SCOTT D. DALESANDRO and DIANNE NOONAN, on behalf of themselves and the certified Class, | : : : : | |
| Plaintiffs, | : : | Case No. C-1-01 109 |
| Vs. | : : | Judge Sandra S. Beckwith |
| INTERNATIONAL PAPER COMPANY, | : : : | |
| Defendant | : | |

### SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT ("Agreement") is entered into by and among Defendant International Paper Company ("Defendant"), named Plaintiffs Scott D. Dalesandro and Dianne Noonan ("Plaintiffs"), and the Class ("Class Members") pursuant to this Court's order of March 21, 2003.

### Recitals

A.      Plaintiffs and Defendant enter into this Agreement, subject to Final Court Approval, for the purpose of forever settling and compromising, on the terms set forth herein, the ERISA claims related to Champion International Corporation Reorganization Severance Policy #828 that were brought in *Dalesandro, et al. v. International Paper Company*, Case No. C-1-01-109 (S.D. Ohio) (the "Litigation"), as to which the District Court entered final judgment on July 8, 2005, and which judgment is presently being appealed by both Plaintiffs and Defendant in the Court of Appeals for the Sixth Circuit.

B.      The Court has previously certified this case as a class action by order of March 21, 2003. The Class the Court has certified is:

{00013183; 2}

> All participants under Champion International Corporation Reorganization Severance Policy #828 who were employed by International Paper Company at the Hamilton B Street Mill and who were terminated without cause on February 9, 2001 as a result of the sale of the Mill to Smart Paper, and who were denied severance benefits under Severance Policy #828.

A complete list of all Class Members, as determined by the Court and agreed by the parties, is attached as Exhibit 1 hereto.

C. Defendant has denied and continues to deny all claims made with respect to the alleged facts or causes of action. Nevertheless, without admitting or conceding any liability or damages whatsoever, Defendant has agreed to settle the Litigation, on the terms and conditions set forth in this Agreement, to avoid the burden, expense, and uncertainty of continuing the Litigation; to avoid the diversion of its resources and personnel required by continuing the Litigation; and to put to rest all claims that have been brought or asserted in the Litigation, which are based upon any of the facts, circumstances or conduct alleged. Defense counsel has analyzed and evaluated the merits of the claims made against the International Paper Company, the merits of pending appeals, and the impact of the Agreement on Defendant. Defense counsel are aware that Plaintiffs have appealed certain portions of the Court's final Judgment dated July 8, 2005 and recognize that Defendant might be held to be liable to pay additional compensation to Plaintiffs and the Class Members if Plaintiffs prevail in their appeal. Based upon their analysis and evaluation of a number of factors, and recognizing the substantial risks of continued litigation, including the possibility that the Litigation, if not settled now, might result in significant liability for the Defendant, Defense counsel has determined that it is desirable and beneficial that the Litigation be settled in the manner and upon the terms and conditions set forth in this Agreement.

D. Plaintiffs' Counsel have analyzed and evaluated the merits of the claims made against Defendant, the merits of the pending appeals, and the impact of this Agreement on Plaintiffs and the Class Members. Plaintiffs' Counsel are aware that Defendant has appealed the Court's final Judgment dated July 8, 2005 and recognize that Plaintiffs and the Class Members might not receive any benefit or consideration for the claims asserted in the Litigation if Defendant prevails in its appeal. Based upon their analysis and evaluation of a number of factors, and recognizing the substantial risks and expense of continued litigation, including the possibility that the Litigation, if not settled now, might not result in any recovery whatsoever for the Plaintiffs or Class Members, or might result in a recovery which is not as valuable or beneficial as this Settlement, and that would not occur for years, Plaintiffs' Counsel have determined that the terms and conditions of this Agreement are fair, reasonable and adequate and that this Settlement is in the best interests of the Plaintiffs and Class Members.

E. The Litigation has been vigorously contested between Plaintiffs and Defendant for over four years, and negotiations have been extensive, adversarial, and included the use of an experienced mediator.

F. As a result of these and other considerations, the Parties have agreed to settle the Litigation as provided for herein.

NOW, THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties hereby agree to a full and complete settlement of the Litigation on the following terms and conditions:

## I. DEFINITIONS

**1.01 Parties.** "Parties" shall mean and refer to Defendant, named Plaintiffs Scott Dalesandro and Diane Noonan, and all attorneys acting on their behalf.

**1.02 Class; Class Members.** "Class" shall mean and refer to the Class which was certified by this Court as: All participants under Champion International Corporation Reorganization Severance Policy #828 who were employed by International Paper Company at the Hamilton B Street Mill and who were terminated without cause on February 9, 2001 as a result of the sale of the Mill to Smart Paper, and who were denied severance benefits under Severance Policy #828. "Class Members" shall mean and refer to the members of such Class, including the named Plaintiffs and any and all representatives, heirs, administrators, executors, beneficiaries, agents and assigns.

**1.03 Plaintiff's Counsel.** "Plaintiff's Counsel" means Theresa L. Groh and John C. Murdock of Murdock Goldenberg Schneider & Groh, L.P.A. and Myron A. Wolf in their capacity as counsel for the named Plaintiffs and for the Class.

**1.04. Defense Counsel.** "Defense Counsel" shall mean Grant Cowan of Frost Brown Todd LLC and James McElligott and Carter Younger of McGuireWoods, LLP in their capacity as counsel for International Paper.

**1.05 Order Granting Preliminary Approval.** "Order Granting Preliminary Approval" (attached as exhibit 3) means the order entered by the District Court approving the terms and conditions of this Settlement and Agreement, including the manner and timing of providing notice to the Class, the conditional award of attorneys' fees, costs, and incentive awards, the time period for filing objections, and the date for hearing of the Motion for Final Approval ("Final Fairness Hearing").

1.06   **Preliminary Approval.** "Preliminary Approval" means that the District Court has entered an Order Granting Preliminary Approval.

1.07   **Order Granting Final Approval.** "Order Granting Final Approval" shall mean an order entered by the District Court which approves the fairness, reasonableness and adequacy of this Settlement and Agreement after the Final Fairness Hearing, and after petitioning the Court of Appeals for Sixth Circuit to remand the case for purposes of Class Settlement and dismissal with prejudice pursuant to this Agreement.

1.08   **Final Court Approval.** "Final Court Approval" shall mean that all of the following have occurred:

- A.  The District Court has entered an Order Granting Final Approval as defined herein; the Court of Appeals has remanded the case to the District Court for Class Settlement pursuant to this Agreement; and

- B.  That Order has become "Final." The Order Granting Final Approval shall be "Final" upon:

    - i.  Expiration of the time for seeking rehearing or reconsideration and/or appellate review; <u>or</u>

    - ii.  Exhaustion of any and all avenues of rehearing, reconsideration and appellate review, if rehearing, reconsideration or appellate review is sought, and no further rehearing, reconsideration or appellate review is permitted, or the time for seeking such review has expired and the Order Granting Final Approval and remand Orders of the Court of Appeals have not been modified, amended or reversed in any way.

**1.09. Final Fairness Hearing.** "Final Fairness Hearing" shall mean the hearing held on the Parties' Joint Motion for Final Approval.

## II. GENERAL TERMS OF THE SETTLEMENT

**2.01 Purpose of Settlement.** This Agreement shall not be construed by anyone as an admission of any liability of any kind by Defendant. This Agreement is being entered into by Defendant solely to settle and compromise any and all disputes between the Parties as described more fully herein.

**2.02 Settlement, Settlement Notice, Attorneys' Fees, Litigation Costs, and Incentive Payments.** Subject to Final Approval of this Settlement, Defendant has agreed to pay a total of Three Million, Six Hundred-Seventy Thousand Dollars ($3,670,000.00) to settle the Litigation (the "Settlement Amount"). The Settlement Amount shall be used to pay all claims of the Plaintiffs and Class Members, plus any court-approved attorneys' fees, litigation costs, and incentive payments. No interest shall be awarded on any of these amounts. Defendant shall be responsible for the cost of claims administration.

**2.03** Upon the entry of the Order Granting Preliminary Approval, the Parties shall begin mailing Class Members the Notice of Settlement Agreement and Final Fairness Hearing in the form attached hereto as Exhibit 2.

**2.04** The Notice shall specifically inform the Class Members that administration of the settlement and interpretation of this Agreement after Final Approval is vested in the District Court and that they have no right to appeal court orders entered after Final Court Approval.

**2.05** Plaintiffs' Counsel shall complete the mailing of the Notice to the Class Members along with the agreed form of the Exhibit indicating the calculations of the Class Member's recovery, and along with the agreed form of the Release ("Notice Materials" attached as Exhibit

2), no later than ten (10) days from the date of the Order Granting Preliminary Approval. The individualized Notice Materials will be sent to all Class Members by First Class U.S. Mail to the last address known to Plaintiffs' counsel who have maintained and updated the Class Members' addresses as that information has been related to them by Class Members and Defendant over the course of the Litigation. Moreover, the identification and addresses of the Class Members are the best available as they come from the employment records of the International Paper Company which was specifically provided to and used by Plaintiffs' counsel in connection with the Parties' efforts to facilitate notice to the Class Members at previous points in the Litigation. Upon the return of any undeliverable Notice Materials by the postal service to Plaintiffs' counsel, a second set of the Notice Materials will be sent to a subsequent address if one can be located through the exercise of reasonable diligence utilizing the class representatives and/or other Class Members and/or a National Change of Address database.

**2.06** To receive their Settlement Distribution Payment, a Class Member must execute a Release, in the form set forth in Exhibit 2, which is required under the terms of the Champion International Corporation Reorganization Severance policy #828 as a condition of obtaining severance benefits. The final due date for submitting executed Releases shall be 45 days following the date of the Final Court Approval and must bear a postmark indicating that it was mailed on or before such deadline date.

**2.07** The parties will send a reminder notice to, and Plaintiffs' counsel may contact, those Class Members who have not submitted executed releases by the thirtieth (30th) day following the date of the Final Court Approval.

**2.08** Plaintiffs' Counsel will petition the Court to conditionally approve in the Preliminary Approval Order the payment of attorneys' fees not to exceed 25% in total of the

$3,670,000.00 Settlement Amount, and the payment of litigation costs not to exceed $25,000 in total, subject to any objections of Class Members which shall be resolved at the Final Fairness Hearing. Defendant will not object to Plaintiffs' Counsel's petition so long as the attorneys' fees and cost amount requested do not exceed these agreed amounts. Any such payments will be deducted from the $3,670,000.00 Settlement Amount before the Plaintiffs and the Class Members' claims are paid.

2.09   Plaintiffs' Counsel will also petition the Court to conditionally approve in the Preliminary Approval Order incentive payments to the two named Plaintiffs, Scott Dalesandro and Dianne Noonan, in addition to their Settlement Distribution Payments, subject to any objections by Class Members to be resolved at the Final Fairness Hearing,. Any incentive payment will be deducted from the $3,670,000.00 Settlement Amount before the Plaintiffs and Class Members' claims are paid. Defendant will not object to such incentive payments so long as the combined total does not exceed $20,000.

2.10   If a Class Member has submitted a timely executed release in the proper form to Defendant, then Defendant shall pay that Class Member his or her Settlement Distribution Payment pursuant to the terms of this Agreement.

2.11   Each Class Member's Settlement Distribution Payment will be calculated by multiplying each Class Member's individual severance calculation (as set forth in the severance calculations filed by Defendant on June 30, 2005) by the Settlement Discount. The Settlement Discount is calculated by dividing $4,203,760.32 (the total amount of the judgment for the severance claims of all Class Members) into the Settlement Amount of $3,670,000.00 *after* deductions for Plaintiffs' attorney fees, costs, and incentive payments to the named Plaintiffs. For example, if following Final Court Approval, Plaintiffs' counsel are awarded $900,000 in

attorneys fees and $25,000 in litigation costs, and the named Plaintiffs are awarded a total of $20,000 in incentive awards, a total of $945,000.00 shall be deducted from the $3,670,000.00 Settlement Amount, and the numerator of the Settlement Discount will be $2,725,000.00. The Settlement Discount in that example will be 0.6482, which is $2,725,000 divided by $4,203,760.32. In that example, each Class Member's Settlement Distribution Payment will be calculated by multiplying 0.6482 times each Class member's individual severance calculation set forth in Defendant's June 30, 2005 filing. In no event will the Defendant pay out more than $3,670,000.00 for the total of: 1) all Settlement Distribution Payments, 2) Plaintiffs' attorney fees, 3) Plaintiffs' litigation costs, 4) incentive awards and 5) any remaining distributions.

### III. APPROVAL AND CLASS NOTICE

**3.01** **Preliminary Approval by the Court.** The Parties will file their Joint Motion for Preliminary Approval and appear before the Court as soon as possible to seek an Order Granting Preliminary Approval.

**3.02** **Class Notice.** Notice to the Class Members will be effectuated as set forth above.

**3.03** **Objections to Settlement.** Any Class Member who wishes to object to the fairness, reasonableness or adequacy of this Agreement or the terms of this Settlement, must file with the Clerk of the Court and serve on all counsel for the Parties no later than fifteen (15) days prior to the date of the Final Fairness Hearing, such written objections as he or she may have, as well as the specific reason(s) for each objection, including any legal support the Class Member wishes to bring to the Court's attention and any evidence the Class Member wishes to introduce in support of the objection. Class Members may object either on their own or through an attorney hired at their own expense. Defendant and Plaintiffs may file a response to any properly and timely filed objection no later than five (5) days prior to the date of the Final Fairness Hearing.

If a Class Member hires an attorney to represent him or her, the attorney must:

(a) File a notice of appearance with the Clerk of Court no later than fifteen (15) days before the Final Fairness Hearing or as the Court may otherwise direct, and

(b) Serve a copy of such notice of appearance on all counsel for the Parties so that it is received within the same time period.

Any Class Member who files and serves a written objection, as described herein, may appear, personally or through an attorney, at the Final Fairness Hearing to object to the fairness, reasonableness or adequacy of this Agreement or the Settlement. Subject to the Court's discretion, any Class Member (or attorney representing a Class Member) who fails to comply with the provisions of this section 3.03 shall waive and forfeit any and all rights the Class Member may have to appear separately and/or to object, and shall be bound by all the terms of the Agreement and by all proceedings, orders and judgments in the Litigation.

All Class Members received prior notice and prior opportunity to opt out of the Class in September 2003, and no Class Member has chosen to opt out of the Class. This Settlement Agreement is contingent on the fact that the opportunity to opt out expired in September 2003 and that all Class Members will be bound by this executed Settlement Agreement.

**3.04** The Parties will file their Joint Motion for Final Approval no later than ten (10) days prior to the date of the Final Fairness Hearing

**3.05 Entry of Order Granting Final Approval.** The date and time of the Final Fairness Hearing shall be set in the Order Granting Preliminary Approval and included in the Notice to each Class Member. At the Final Fairness Hearing, the Parties will request that the District Court, among other things, approve the Settlement as final, fair, reasonable, adequate

and binding on all Class Members, and petition the Court of Appeals for the Sixth Circuit to remand the case to the District Court for dismissal in accordance with the Class Settlement.

**3.06   Effect of Failure to Enter Order Granting Final Approval.** In the event the Court fails to enter an Order Granting Final Approval in accordance with this Agreement, or the Order Granting Final Approval does not for any reason become Final as defined herein, the Litigation will resume unless the Parties agree to: (1) jointly seek and obtain a superseding order from this Court or an appellate court directing the entry of an Order Granting Final Approval, or (2) attempt to renegotiate the Settlement and seek Court approval of the renegotiated settlement.

**3.07   Right to Set Aside Agreement.** Either Party shall have the right to set aside or rescind this Agreement, in the good faith exercise of its discretion, if the Court makes any modifications to this Agreement or grants Final Approval to less than all of the Class Members. In the event either Party exercises its discretion, this Agreement and all negotiations, proceedings, documents prepared, and statements made in connection herewith shall be without prejudice to the Parties, shall not be deemed or construed to be an admission or confession by the Parties of any fact, matter, or proposition of law, and shall not be used in any manner for any purpose, and all Parties shall stand in the same position as if this Agreement had not been negotiated, made or filed with the Court. In such event, the Parties shall move the Court to vacate any and all orders entered by the Court pursuant to the terms of this provision.

## IV.   DISTRIBUTIONS

**4.01   Administration.** The Parties will work together to effectuate the notice and Defendant will have responsibility for making the distributions to the Class Members in accordance with Section 2.11.

**4.02   Payment of Settlement Amounts.** Defendant will pay the Settlement Distribution Payments as follows;

1) To Class Members who submit timely and properly executed Releases <u>before</u> Final Court Approval, Defendant shall ensure that the Settlement Distribution Payment is made no later than twenty-one (21) days following the Final Court Approval;

2) To Class Members who submit timely and properly executed Releases <u>after</u> Final Court Approval, Defendant shall ensure that the Settlement Distribution Payment is made no later than fourteen (14) days following Defendant's receipt of the Release.

Defendant shall include with the distribution payment an itemization of all taxes, withholdings, or other employment or government related deductions that may have been made therefrom.

**4.03   Payment of Attorneys' Fees, Litigation Costs and Incentive Awards.** Defendant shall pay to Plaintiffs' counsel the Court-approved attorneys' fees, litigation costs, and incentive awards within ten (10) days after Final Court Approval.

**4.04   Communication with Class Members.** Plaintiffs' Counsel may communicate with any Class Member and shall respond to all Class Member inquiries. Defendant shall not communicate with any Class Member concerning this Agreement or Litigation without the prior consent of Plaintiffs' counsel, until after the Final Fairness Hearing, and shall direct all inquiries to Plaintiffs' counsel within 48 hours of such inquiry.

**4.05   Remaining Funds.** If, following sixty (60) days after Final Court Approval, actual Settlement Distribution Payments made together with any court-approved attorneys' fees, costs award, incentive awards and any other payments do not total $3,670,000.00, then any unpaid or unclaimed or returned amounts ("Remaining Funds") shall be distributed by Defendant on a pro rata basis to the Class Members who properly made claims. No pro rata distribution of

Remaining Funds will be required if the total amount is less than $2500.00. In the event the Remaining Funds total less than $2500.00, those funds shall be paid by Defendant to the United Way of Butler County, Ohio.

**4.06**  Defendant shall file a final accounting reporting to the Court and Plaintiffs' counsel the entire distribution of the $3,670,000.00 Settlement Amount no later than sixty (60) days after Final Court Approval.

## V.  MISCELLANEOUS PROVISIONS

**5.01  Cooperation Between the Parties.**  The Parties shall cooperate fully with each other and shall use their best efforts to obtain Court approval of this Agreement and all of its terms and to provide notice and distribute the settlement funds, following such approval, to Class Members.

**5.02  Entire Agreement.**  No representations, warranties, or inducements have been made to any of the Parties to this Agreement, other than those representations, warranties, and covenants contained in this Agreement. This Agreement and the Exhibits attached hereto constitute the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into this Agreement. No waiver, modification or amendment of the terms of this Agreement, made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by all Parties, and then only to the extent set forth in such written waiver, modification or amendment, and subject to any required Court approval.

**5.03  Construction of Agreement.**  The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each Party participated jointly in

the drafting of this Agreement, and therefore, the terms of this Agreement are not intended to be construed against any Party by virtue of draftsmanship.

5.04    **Arms' Length Transaction.**  The Parties have negotiated all the terms and conditions of this Agreement at arms' length.  The exact wording, language, form and structure of the exhibits have also been negotiated at arms' length.  All terms, conditions and exhibits in their exact form are material to this Agreement and have been relied upon by the Parties in entering into this Agreement.

5.05    **Binding Effect.**  This Agreement shall be binding upon and inure to the benefit of the Parties, and their respective heirs, successors and assigns.  The individuals signing this Agreement on behalf of Defendant hereby represent and warrant that they have the power and authority to enter into this Agreement on behalf of Defendant, on whose behalf they have executed this Agreement, as well as the power and authority to bind Defendant to this Agreement.  Plaintiffs' Counsel executing this Agreement represent and warrant that they have the authority to enter into this Agreement on behalf of and to bind Plaintiffs and, unless restricted otherwise by the Court, on behalf of and to bind the Class.

5.06    **Waiver.**  Any failure by any of the Parties to insist upon the strict performance by any of the other Parties of any of the provisions of this Agreement shall not be deemed a waiver of any of the provisions of this Agreement and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

5.07    **When Agreement Becomes Effective; Counterparts.**  This Agreement shall become effective upon its execution by Defendant and Plaintiffs' Counsel.  The Parties may

execute this Agreement in counterparts and execution in one or more counterparts shall have the same force and effect as if all Parties had signed the same instrument.

5.08 **No Third Party Beneficiaries.** This Agreement shall not be construed to create rights in, or to grant remedies to or delegate any duty, obligation or undertaking established herein to any third party as a beneficiary to this Agreement.

5.09 **Further Acts.** Each of the Parties, upon the request of any other of the Parties hereto, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

5.10 **Captions.** The captions or headings of the sections or paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

5.11 **Singular/Plural.** The plural of any defined term includes the singular, and the singular of any defined term includes the plural, as the case may be.

5.12 **Continuing Jurisdiction.** The Court shall retain jurisdiction over the interpretation and implementation of this Agreement, as well as any and all matters arising out of, or related to, the interpretation or implementation of the Settlement or Agreement.

5.13 **Facsimile Signatures.** Any party may execute this Agreement by signing their name on the designated signature block below, and transmitting that signature page via facsimile to all counsel. Any signature made and transmitted by facsimile for the purpose of executing this Agreement, shall be deemed an original signature for purposes of this Agreement, and shall be binding upon the Party transmitting their signature by facsimile.

5.14    **Calculating Deadlines.** If any deadline described in this Agreement falls on a Saturday, Sunday or legal holiday, that deadline shall be extended to the same time on the next business day.

**For the Plaintiffs: Scott D. Dalesandro and Dianne Noonan, and the certified class**

By: _____            Date: 9-19-05
Theresa L. Groh (29806)
John C. Murdock (63749)
Murdock Goldenberg Schneider & Groh, LPA
35 E. Seventh Street, Suite 600
Cincinnati, Ohio, 45202

and

**For the Defendant: International Paper Company**

By: _____            Date: 9-19-05
Grant S. Cowan (29667)
Frost Brown Todd LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, Ohio  45202-4182
(513) 651-6800

W. Carter Younger (VSB #01147)
(Admitted Pro Hac Vice)
James P. McElligott, Jr. (VSB #014109)
McGuireWoods LLP
One James Center
Richmond, Virginia  23219
(804) 775-4363