# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| SCOTT D. DALESANDRO, et al., On behalf of themselves and all others similarly situated, | : Case No.: C-1-01-109 : : Judge Sandra S. Beckwith |
| Plaintiffs, | : : |
| v. | : **DECLARATION OF** : **THERESA L. GROH IN** : **SUPPORT OF THE MOTION** |
| THE INTERNATIONAL PAPER COMPANY, | : **FOR PRELIMINARY APPROVAL** : **OF CLASS ACTION SETTLEMENT** : |
| Defendant. | : : |

I, Theresa L. Groh, under penalty of perjury pursuant to 28 U.S.C. 1746, declare as follows:

1. I state the following based upon my personal knowledge.

2. I represent the named Plaintiffs in this action and have been approved as Class Counsel for the certified class in the above-captioned litigation.

3. This case has been extensively litigated and vigorously contested.

4. In September 2004, the parties retained Charles Farnsworth, a highly-respected attorney and mediator from Oakland, California to facilitate a potential resolution of this case. Materials indicating Mr. Farnsworth's credentials and qualifications are attached hereto.

5. The mediation commenced in the morning of October 14, 2004 in Cincinnati, Ohio, and began with counsel for all parties fully disclosing their assessments of the litigation to each other and to the mediator. Each party was given the opportunity to question and respond to the other and to the mediator, and had substantial time to fully assess and challenge the strengths and the weaknesses of each other's claims, defenses and evidentiary materials. Following that

{00013195; 1}

initial joint session, the mediator began a series of separate meetings which lasted the entire day and the mediation became contentious between the parties at several points.

6. All counsel and the parties spent the entire day of October 14, 2004 attempting to reach an agreement on a mediated resolution, but failed. The mediator then spent considerable time in the weeks after the mediation in attempts to resolve the dispute, but without success.

7. In July 2005, soon after the Court issued its final ruling on attorneys' fees and entered final judgment in the case, counsel for all parties renewed their efforts toward a negotiated resolution to avoid the appeals they faced. Over the next several weeks in July and August of 2005, counsel for the parties negotiated at arms length the precise language and specific terms of the settlement agreement which the parties have submitted to the Court.

8. As counsel for the class, there had been other occasions throughout this litigation wherein I have sent notice or other correspondence to class members. In doing so, I have utilized the names and addresses provided to me by International Paper Company, and the updated information that I received from time to time from class members throughout the course of this case. The notices and correspondence that I have sent to class members in at least two previous instances in this case, have resulted in successful delivery to each and every class member. Also, I have been contacted by class members both before and after those notices and correspondence were sent to them, who provided me with updated information and new addresses. Therefore, I have been able to maintain updated and accurate address information on most, if not all, of the 149 class members in this case.

SO DELCLARED THIS 13th DAY OF SEPTEMBER 2005, CINCINNATI, OHIO.

_____
Theresa L. Groh

{00013195; 1}

ARBITRATOR & MEDIATOR

**CHARLES E. FARNSWORTH**
ATTORNEY AT LAW
AIRPORT CORPORATE CENTRE
7677 OAKPORT STREET, SUITE 565
OAKLAND, CALIFORNIA 94621

E-MAIL: CEFARNS@PACBELL.NET

TEL (510) 635-2790
FAX (510) 635-1516

## RESUME

**Professional Experience**
1998-present: Law Office of Charles E. Farnsworth, Oakland
1989-1997  : Of Counsel, Van Blois & Knowles, Oakland
1972-1989  : Senior Partner, Farnsworth, Saperstein & Seligman, Oakland

Litigation experience: Over 20 years of litigating and arbitrating employment, personal injury, business, contract, civil rights, product liability, and workers' compensation cases. Class action and individual cases. Plaintiff and defense experience.

Arbitrator, Mediator, and Evaluator experience: Over 14 years as a neutral, hearing more than 700 cases in the areas of employment, civil rights, business contract, personal injury, elder abuse, housing, real estate, false claims act, attorneys fees, and stock broker-customer claims.

**Alternative Dispute Resolution Panel Memberships**
American Arbitration Association (Commercial and Employment—Mediator and Arbitrator)
National Association of Securities Dealers (Arbitrator and Mediator)
New York Stock Exchange (Arbitrator)
U.S. District Court, San Francisco (Arbitrator, Mediator, Early Neutral Evaluator)
Alameda County Superior Court (Arbitrator, Mediator, Evaluator)
Contra Costa Superior Court (EASE and SCAN Mediator, Arbitrator)
California Dispute Resolution Council

**ADR Training**
American Arbitration Association - Mediation Training (1990)
The Mediation Center, Eugene, Ore.- Resourceful Mediation/Advanced Mediation Skills (1993)
American Arbitration Association - Securities Arbitration Training (1993)
U.S. District Court - Early Neutral Evaluation Training (1993), Mediation Training (1994)
National Association of Securities Dealers - Arbitration Training (1994)
National Association of Securities Dealers - Advanced Chairperson Training (1995)
Negotiation Strategy Institute - Cutting Edge Mediation Strategy (1997)
American Arbitration Association - Arbitrator Training (1998)
American Arbitration Association - Commercial Arbitration (2000)
American Arbitration Association - Arbitrator II, Adv. Case Mgmt. (Employment) (2002)

**Teaching Experience**
Mediation trainer, U.S. Department of Justice (1997); mediation trainer, U.S. District Court

1

(1998); American Arbitration Association panelist (1999); Instructor of Law, Bryan College of San Francisco (1996-1999).

**Representative Cases as Arbitrator, Mediator, Evaluator, Special Master**
- Third-party negligence claim by construction worker, involving six parties; successful two-day mediation.
- Breach of stockbroker's fiduciary duty; arbitration with more than 400 documents, 35 days of hearing.
- Wrongful death of student from alleged lack of premises security; successful three-day mediation.
- Breach of attorney fee contract; special master reference and arbitration; eight-day hearing.
- Wrongful termination of college professor; successful three-day mediation.
- Wrongful terminations of nurses in violation of public policy; five-day arbitration.
- Breach of contract to purchase business; three-day arbitration.
- Elder abuse claims for deaths of nursing home patients; eight cases, all successfully mediated.
- Breach of executive contract; six-day arbitration with 500 exhibits.
- Evaluation of False Claims Act case against city.
- Sexual harassment of police officer; successful two-day mediation.
- Breach of executive contract; three-day arbitration.
- Breach of commercial distribution contract; two-day evaluation.
- Breach of contract to install computer system; successful mediation.

**Education**
L.L.B.   Stanford University (1966)
M.A.    Mills College (1993)
B.S.     University of Kansas (1960)

**Bar Membership**
State Bar of California; Supreme Court of the United States; all District Courts of California.

**References**
Miriam R. Arfin, Director of ADR Programs, U.S. District Court
Howard A. Herman, Program Counsel for ADR Programs, U.S. District Court
Mimi E. Lyster, Director of ADR Programs, Contra Costa Coordinated Trial Courts
Diana Compton, ADR Coordinator, Alameda County Bar Association

Attorney and other references upon request.

**Fees and Facilities:** $300 per hour. Two conference rooms and caucus room available.

3/03