# EXHIBIT E

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| SCOTT D. DALESANDRO and DIANNE NOONAN, on behalf of themselves and the certified Class,<br>           Plaintiffs,<br><br>v.<br><br>INTERNATIONAL PAPER COMPANY,<br>           Defendant | :<br>:<br>:   Case No. C-1-01 109<br>:<br>:<br>:   Judge Sandra S. Beckwith<br>:<br>:<br>: |

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

[date of mailing]

This Notice is sent to you by order of United States District Court Judge Sandra S. Beckwith. The Court has previously certified this case as a class action and you have been identified as a member of the Class. Please read this Notice carefully. It contains important information and attachments regarding the class action settlement described below.

This Notice explains the terms of the settlement and informs you of your legal rights and obligations. This Notice should not be understood as an expression of any opinion by the Court as to the merits of any of the claims or defenses asserted by the parties.

1. **SUMMARY**

This case involves your claims of entitlement to benefits under Champion International Paper Company Corporation Reorganization Policy #828 ("Policy #828") as a result of International Paper Company's termination of your employment, along with others, at the Hamilton B Street Mill on February 9, 2001.

Judge Beckwith has ruled that the Class is entitled to recover severance benefits under Section 2 of Policy #828 in the amount of $4,203,760.32, and International Paper Company has initiated an appeal of this ruling and judgment in your favor, and Plaintiffs have initiated an appeal of certain portions of the judgment, to the United States Court of Appeals for the Sixth Circuit.

To avoid the burden, expense, and uncertainty of continued litigation, however, and without admitting that benefits were wrongfully withheld from any employee, Defendant has concluded that it is in its best interests to resolve and settle the litigation by entering into a settlement agreement (the "Agreement"). Defendant has agreed to pay $3,670,000 in exchange for a Release signed by the Class Members to settle this case.

Your attorneys and the Class Representatives, Scott Dalesandro and Diane Noonan, have analyzed the merits of the appeals, the risks of continuing the litigation, and the probability that even if the Class were successful on appeal, payment would be delayed years. They have concluded that the terms of the settlement are fair and reasonable and that it is in the Class Members' best interests to enter into the Agreement.

Judge Beckwith granted <u>preliminary</u> approval of the settlement and the Agreement, subject to a fairness hearing which will take place on [_____]. After that hearing, upon <u>final</u> approval of the Agreement and after all time has expired for any appeal of that final approval, Defendant will pay to you your share of the settlement amount based on the benefits that were found to be due to you under Section 2 of Policy #828. Your individualized payment amount is explained in the attached calculation sheet. You must sign and return the attached Release to receive your payment. The Court will then dismiss the litigation on the merits.

2. **THE BENEFITS AND TERMS OF THE PROPOSED SETTLEMENT**

This settlement resulted from extensive and vigorously contested negotiations on the part of Class Counsel and Defendant's counsel, all of whom have substantial experience in litigating class actions involving similar claims. This litigation has been vigorously contested from its inception and has spanned more than four and one half years; the parties have engaged in multiple and voluminous briefing and arguments; and only after several informal and formal negotiating sessions, meetings, conferences, including the use of an experienced mediator, were the parties able to resolve all the issues and agree upon the settlement, subject to the approval of the Court.

Plaintiffs and Defendant have agreed to the settlement summarized below. The complete terms and conditions of the proposed settlement are on file with the Clerk of Court at the address listed below in Section 6. The parties' obligations under the Agreement will not become effective unless and until it receives final Court approval, including the exhaustion of appeals.

    *a.*    *Relief to the Class*

Class Members will receive a specified share of the $3,670,000 settlement fund, out of which attorneys fees, litigation costs, and any incentive payments to the two named Plaintiffs will first be paid. The Court will consider and must approve those deductions.

The amount that is paid to a Class Member is based on the employee's severance benefit as previously calculated and provided to each Class Member in a prior notice in this case. Since the settlement is a compromise and not a full payment of the benefits, and since your attorneys and the named Plaintiffs are seeking payments from the settlement fund, the amount of your settlement distribution payment is less than the figure previously provided. Additionally, all distributions from the settlement amount to Class Members may be subject to tax withholding and/or reporting. To the extent possible, payments shall be paid in accordance with normal payroll practices and procedures and shall reflect all applicable federal income tax and other withholdings and deductions.

The payment you will receive if you sign and return the attached Release is explained on the attached calculation sheet. This amount represents your pro rata share of the settlement fund, based upon your total years of service at Champion/International Paper Company.

In addition, if you were age 49 or older and your age and service equaled at least 59 as of February 9, 2001 you are also eligible for enhanced monthly pension benefits under the "Flex Six" amendments to the Champion Salaried Retirement Plan #001. Based upon International Paper Company records, if you have been determined to be eligible, the attached benefits calculation sheet will set forth the additional amount of the Flex Six enhancement. However, under the terms of the Champion Salaried Retirement Plan #001 and its successor plan, the Retirement Plan of International Paper Company, if you are presently employed by Smart Papers, LLC, you will not receive the Flex Six enhancement until you terminate employment with Smart Papers, LLC.

Any money that remains in the settlement fund due to Class Members choosing or failing to submit a signed Release within the required time period will be distributed to the Class Members who do return timely signed Releases; however, if the remaining funds total less than $2,500, that amount will instead be paid to The United Way of Butler County.

### b.  *Attorneys' Fees and Costs*

At the fairness hearing, Class Counsel will ask the Court to approve reimbursement of the litigation costs they expended on your behalf in this litigation, not to exceed $25,000; they will also ask the Court to approve the payment of their attorneys' fees not to exceed 25% of the settlement amount. The Court retains the discretion to approve these or other amounts for cost reimbursement and attorneys' fees. Defendant does not oppose Class Counsel's request for $25,000 for cost reimbursement and 25% of the settlement amount for attorneys' fees. Any attorneys' fees and costs approved by the Court will be paid from the $3,670,000 settlement fund before distributions are made to the Class Members.

### c.  *Additional Payment to the Named Plaintiffs*

Class Counsel intend to seek an incentive payment for the two named Plaintiffs, in addition to the payment of their own claims for severance benefits, in an amount not to exceed a total of twenty thousand dollars ($20,000) for their diligent performance of their fiduciary duties as Class Representatives on behalf of all Class Members. These incentive payments are sought to compensate the two named Plaintiffs for voluntarily undertaking and fulfilling the responsibilities and duties on behalf of the Class that far exceeded the pursuit of their individual claims. Any incentive payment approved by the Court will be paid from the $3,670,000 settlement fund before distributions are made to the Class Members.

### d.  *Legal Effect of Judgment*

Upon final approval by the Court, this settlement will bind you, your representatives, heirs, administrators, executors, beneficiaries, agents, attorneys, and assigns. The payments described above shall be in lieu of and discharge any obligations of Defendant to pay the severance benefits, attorneys' fees, costs, or any other expectation of remuneration or benefit on the part of the Class connected with this litigation. The Class Members will not be permitted to commence or prosecute, either as a group or individually, any action on behalf of themselves or any other person asserting claims against Defendant for the claims in this case.

   *e.*      *If Court Does Not Approve the Proposed Settlement*

If the settlement is not approved by the Court, the case will proceed as if no settlement has been attempted. In that event, the parties retain the right to proceed with their appeals in the United States Court of Appeals for the Sixth Circuit. If the settlement is not approved, there can be no assurance that the Class will recover more than is provided for in the settlement, or indeed, anything. If Defendant prevails on its appeal, it will not be obligated to pay the Class Members any compensation.

3. **THE FAIRNESS HEARING TO APPROVE SETTLEMENT**

The Court has granted preliminary approval of the proposed settlement, concluding preliminarily that the settlement is fair, adequate, and reasonable; that the proposed distribution of the settlement amount is fair, adequate, and reasonable; and that the proposed incentive awards to the named Plaintiffs are fair and reasonable.

A hearing will be held to determine whether final approval of the settlement should be granted. At the hearing, the Court will hear objections and arguments concerning the fairness of the proposed settlement. The hearing will take place before Judge Beckwith on [_____, 2005] at _____ a.m./p.m., at the Potter Stewart U.S. Courthouse, 100 East Fifth Street, Room 810, Cincinnati, Ohio 45202. **YOU ARE NOT OBLIGATED TO ATTEND THIS HEARING UNLESS YOU PLAN TO OBJECT TO THE SETTLEMENT.**

4. **HOW TO PARTICIPATE IN THE SETTLEMENT**

If you wish to receive a distribution from the class settlement fund, you must sign and return the attached Release to receive your payment upon final Court approval of the settlement. You will be represented by Class Counsel, and will participate in the settlement and share in the benefits, if it is approved by the Court and if you timely submit your executed release. You will be bound by the Court's final judgment, which will determine all of your legal rights in connection with the subject matter of this lawsuit, and your claims against the Defendant will then be released.

5. **IF YOU OBJECT TO THE PROPOSED SETTLEMENT**

If you object to the fairness, reasonableness, and adequacy of the proposed settlement, you may appear in person or by your own attorney, hired at your own expense, at the fairness hearing and present any evidence or argument that may be proper and relevant. However, you will not be heard at the fairness hearing unless you timely file: (1) an appearance; (2) a written statement of the objections to the settlement; and (3) the grounds for the objections, along with any papers, briefs, pleadings or other documents for the Court's consideration, with the Clerk of Court, Potter Stewart U.S. Courthouse, 100 East Fifth Street, Cincinnati, Ohio 45202.

Any objection filed with the Court must include, at a minimum, your name, address, the case number (*Dalesandro v. International Paper Co., Case No. C-1-01-109*), and a statement of the reasons why you believe that the Court should find that the proposed settlement is not in the best interests of the Class. Please note that it is not sufficient to state simply that you object to the settlement. You must state reasons why the Court should not approve the settlement.

The foregoing items must be <u>received</u> by the Clerk of Court on or before [_____(30 days before Fairness Hearing)]. You must also serve copies of the notice and objection by registered mail on each of the attorneys for the Plaintiffs and for the Defendant by the same date, at the addresses listed below:

| **Class Counsel for Plaintiffs** | **Counsel for Defendant** |
|---|---|
| Theresa L. Groh (0029806)<br>John C. Murdock (0063749)<br>MURDOCK GOLDENBERG SCHNEIDER<br>  & GROH, LPA<br>35 East Seventh Street, Suite 600<br>Cincinnati, OH  45202-2446<br>Phone:  513-345-8291<br>Fax:     513-345-8294<br><br>**Attorneys for Plaintiffs and**<br>**the Certified Class** | Grant S.Cowan (0029667)<br>FROST BROWN TODD LLC<br>2200 PNC Center<br>201 East Fifth Street<br>Cincinnati, Ohio 45202-4182<br>Phone: 513-651-6800<br>Fax:  513- 651-6981<br><br>W. Carter Younger (VSB #01147)<br>(Admitted Pro Hac Vice)<br>MCGUIRE WOODS LLP<br>One James Center<br>Richmond, Virginia  23219<br>Phone:  804-775-4363<br>Fax:  804-698-2214<br>**Attorneys for Defendant** |

6.  **EXAMINING COURT RECORDS**

The foregoing description of the case is general and does not cover all of the issues and proceedings thus far. In order to see the complete file, including a copy of the settlement agreement, you should visit the Clerk of Court, Potter Stewart U.S. Courthouse, 100 East Fifth Street, Cincinnati, Ohio 45202. The Clerk will make all files relating to this lawsuit available to your for inspection and copying at your own expense.

7.  **IF YOU HAVE QUESTIONS**

Any questions you have concerning this Notice should be directed to your Class Counsel:

> Theresa L. Groh, Esq.
> MURDOCK GOLDENBERG SCHNEIDER & GROH, LPA
> 35 East Seventh Street, Suite 600
> Cincinnati, Ohio 45202
> Tel: 513-345-8291  Fax: 513-345-8294

IF YOU HAVE ANY QUESTIONS, PLEASE CONTACT CLASS COUNSEL AT THE ADDRESS LISTED ABOVE, OR COUNSEL OF YOUR OWN CHOOSING AND AT YOUR OWN EXPENSE. **PLEASE DO NOT CONTACT THE COURT OR THE CLERK OF COURT.**

**This Notice is sent to you by Order of the United States District Court for the Southern District of Ohio, Western Division.**

# Exhibit A
## Example

Severance Calculation

| Weekly Pay | Years of Service | Age at February 9, 2001 Termination | Weeks of Severance |
|---|---|---|---|
| $0.00 | 0.00 | 0 | 0.00 |

#828 Severance Pay:   $0.00 x Settlement Discount _____ = _____


Flex Six Enhancement:

Because you were age 49 or older and your age and service equaled at least 59 as of February 9, 2001, under the court's ruling you are entitled to Flex Six. Your monthly benefit under the Retirement Plan will be enhanced as follows. The amounts below reflect the benefits calculated as of February 9, 2001, on a single life annuity basis.

Monthly Benefits Without Flex Six:

Monthly life annuity of             $0.00 payable at normal retirement date
X Early retirement factor            0.000
= Monthly life annuity of            $0.00 payable when you turn age 55 (subject to the blocking provision)

Monthly Benefit with Flex Six:

Monthly life annuity of             $0.00 payable at normal retirement date
X Early retirement factor            0.000
= Monthly life annuity of            $0.00 payable 2/9/2001 (subject to the blocking provision)

Blocking Provision

Section 7.4(b) of the Champion Salaried Retirement Plan #001 and its successor, the Retirement Plan of International Paper Company, provides that the "Benefit Commencement Date" of a retiring employee can be any time after age 55 provided that a participant is not employed by Champion (now IP) or an affiliate or "with respect to a Participant who worked at a divested location, by any purchaser of such location". Because Smart Papers is a purchaser of a divested location under the Retirement Plan, an affected participant cannot start benefits until terminating employment with Smart Papers or any successor. This blocking provision applies whether or not you receive the Flex Six benefits. For more information about the Retirement Plan, refer to your Summary Plan Description or contact the Employee Service Center at 1 (888) ESC-2YOU.

# Exhibit A
**Example**

Settlement Severance Calculation

| Weekly Pay | Years of Service | Age at February 9, 2001 Termination | Weeks of Severance |
|---|---|---|---|
| $0.00 | 0.00 | 0 | 0.00 |

#828 Severance Pay:   $0.00 x  Settlement Discount _____.

[Not eligible for Flex Six]

*Dalesandro, et al v. International Paper Company*
Civil Action No. C-1-01-109, S.D. Ohio

## RELEASE AND WAIVER

I, the undersigned employee (the "Employee"), agree to release International Paper Company (the "Company") from any claim that I may have related to my termination as set forth below. I hereby waive any right I may have to sue the Company and the other Releasees identified below. I have entered into this Release and Waiver in consideration of the Company's settlement payment to me, pursuant to the Settlement Agreement approved by the Court in *Dalesandro, et al. v. International Paper*, Civil Action No. C-1-01-109. This Release and Waiver will not take effect until a final order is entered approving the Class Settlement, in accordance with the terms of that Settlement Agreement.

1. <u>Complete Release</u>:

I agree to release and discharge, and promise not to sue the Company or any of its subsidiaries or affiliated or related companies, or its predecessors, successors, employees, officers, directors, stockholders, representatives, assigns, agents, attorneys, insurers, employee benefits plans and programs, or the trustees, administrators, fiduciaries and insurers of such plans and programs (the "Releasee" or collectively the "Releasees").

I release all claims arising under federal, state, or local laws which I currently have against the Releasees arising out of the termination of my employment with the Company. These claims include those related to: the design or administration of any employee benefit program, including Champion International Corporation Reorganization Severance Policy #828, wrongful discharge, breach of express or implied contract, liability in tort, the Employee Retirement Income Security Act, and the WARN Act.

This Release and Waiver shall not apply to my vested rights to retirement or pension benefits under Company retirement pension plans in which I participate, including, if applicable, Policy #828 Flex Six benefits.

2. <u>Right to Attorney Review</u>

I have been advised to have an attorney review this Release and Waiver and I understand that I can consult legal counsel of my choosing before I sign this Release and Waiver.

3. <u>Non-Admission of Liability</u>:

The Company does not believe or admit that it or any other person or entity described in the first paragraph of Section (1) has done anything wrong in connection with the Employee's employment or termination of employment or severance.

4.  Non-Release of Future Claims:

This Release and Waiver does not waive or release any rights or claims that the Employee may have which arise after the date this Release and Waiver is signed by the Employee.

5.  Consequences of Violation of Promises and Agreements:

If the Employee breaks the promises and agreements set forth herein by filing a lawsuit or other complaint or charge based on claims that have been released, as to any person or entity in violation of this Release and Waiver, the Employee agrees to pay that person's or entity's reasonable attorneys' fees and all other costs incurred in defending against the claim.

6.  Severability:

The provisions of this Release and Waiver are severable and, if any part of it is found to be unenforceable, the other paragraphs shall remain fully valid and enforceable.

7.  Choice of Laws:

This Agreement shall be governed by the substantive laws, statute or common laws of the State of Ohio, but not by its choice of laws statutes or common laws.

8.  Entire Agreement:

Except for those pre-existing agreements signed by the Employee and the Company, and the Settlement Agreement approved by the Court in *Dalesandro, et al. v. International Paper Company*, Civil Action No. C-1-01-109, this is the entire agreement relating to the release of the undersigned's rights and claims, and the Company has made no promises to the Employee other than those in this Release and Waiver, or the Settlement Agreement, or any pre-existing agreements signed by the Employee and the Company. It is not necessary that the Company sign this Release and Waiver for it to become binding upon the Company and the Employee.

I HAVE READ THIS AGREEMENT, UNDERSTAND IT AND VOLUNTARILY ENTER INTO IT.

Date:_____    _____
                                          Employee Signature

                                          _____
                                          Print Name

{00013222; 2}5/30/00