UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION



SCOTT D. DALESANDRO and DIANNE
NOONAN, on behalf of themselves and
the certified Class,
    Plaintiffs,

v.

INTERNATIONAL PAPER COMPANY,

    Defendant

Case No. C-1-01-109

Judge Sandra S. Beckwith

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiffs, Scott Dalesandro and Diane Noonan ("Plaintiffs"), on behalf of themselves and the certified Class, and Defendant International Paper Company ("Defendant") (collectively, "the parties"), have negotiated and executed a proposed Class Action Settlement Agreement ("the Settlement") attached as Exhibit 1 hereto. Pursuant to the Settlement, the parties jointly moved for entry of an order granting preliminary approval of the Settlement. Having reviewed the Settlement Agreement and considered the written and oral submissions in support of preliminary approval of the Settlement, the Court now FINDS, CONCLUDES, AND ORDERS as follows:

### I. Settlement for the Certified Class

The Settlement Agreement provides for a class settlement of the claims that are the subject of this litigation. This Court has previously considered and decided that the Class is readily identifiable and that the requirements of Federal Rule of Civil Procedure 23(a) are satisfied, including numerosity, commonability, typicability, and the adequacy of the

representatives and their counsel. (Court order dated March 21, 2003, Doc. #40). The Court has also concluded that the requirements of Federal Rule of Civil Procedure 23(b)(3) are satisfied because questions of law and fact common to the Class members predominate over any questions affecting only individual members and that a class action is superior to other available methods for the fair and efficient adjudication of this matter. *Id.*

> The Class the Court has certified is:
>
> > All participants under Champion International Corporation Reorganization Severance Policy #828 who were employed by International Paper Company at the Hamilton B Street Mill and who were terminated without cause on February 9, 2001 as a result of the sale of the Mill to Smart Paper, and who were denied severance benefits under Severance Policy #828.

*Id.* A complete list of all Class Members, as determined by the Court and agreed by the parties, is attached as Exhibit 2 hereto.

Plaintiffs Scott Dalesandro and Diane Noonan have been appointed as the representatives of the Class, and the law firm of Murdock Goldenberg Schneider & Groh, LPA, by Theresa L. Groh and John C. Murdock, and attorney Myron A. Wolf, have been appointed as Counsel for the Class. No class members have opted out of the class.

**II.   Preliminary Approval of the Terms of the Settlement**

Defendant has at all times disputed, and continues to dispute, Plaintiffs' allegations in this lawsuit and to deny any liability for any of the claims that have been alleged by Plaintiffs or other members of the Class.

The Settlement essentially requires Defendant to pay $3,670,000 into a settlement fund to be used to pay the Class Members in exchange for a release of their claims; Plaintiffs' attorneys' fees, litigation costs, and any incentive awards to the named Plaintiffs will also be paid from this

settlement fund, and Defendant will pay for all administrative costs associated with implementing the terms of the settlement.

The amount that is paid to a Class Member will be based on that Class Member's severance benefit as previously calculated and provided to each Class Member in a prior notice in this case. To the extent possible, payments shall be paid in accordance with normal payroll practices and procedures and shall reflect all applicable federal income tax and other withholdings and deductions.

The payment that a Class Member will receive if he/she properly and timely signs and returns the Release will be explained in an individualized calculation sheet attached to the Notice. This amount will represent the Class Member's pro rata share of the settlement fund, based upon that Class Member's total years of service at Champion/International Paper Company.

In addition, if the Class Member was age 49 or older and his/her age and service equaled at least 59 as of February 9, 2001 that Class Member will also be eligible for enhanced monthly pension benefits under the "Flex Six" amendments to the Champion Salaried Retirement Plan. Based upon International Paper Company records, if a Class Member has been determined to be eligible, the calculation sheet will set forth the additional amount of the Flex Six enhancement. Under the terms of the applicable Retirement Plans, a Class Member cannot receive the Flex Six enhancement until he or she terminates employment from Smart Papers, LLC or any successor.

Any money that remains in the settlement fund due to Class Members choosing or failing to submit a properly executed Release within the required time period will be distributed to the Class Members who do return timely signed Releases; if the remaining funds total less than $2,500.00, that amount will instead be paid to The United Way of Butler County.

On a preliminary basis, therefore, taking into account: (1) the Plaintiffs' likelihood of success on the merits balanced against the amount and form of relief offered in the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the judgment of experienced trial counsel; (5) the nature of the negotiations; and (6) the public interest, the Court finds that the Settlement falls within the appropriate range of possible approval and does not appear in any way to be the product of collusion.

Accordingly, the Settlement Agreement and corresponding Settlement are hereby preliminarily approved as fair, adequate and reasonable.

### III.   Approval of the Form and Manner of Distributing the Settlement Notice, Verification Form and Instructions

As provided for in the Settlement Agreement, the parties have submitted a proposed Settlement Notice. The Notice along with the agreed form of the Exhibit indicating the calculations for each individual Class Member's recovery, and the agreed form of the Release (collectively, the "Notice Materials") proposed by the parties are attached to this Order as Exhibit 3.

The proposed Notice Materials appear to be the best notice practical under the circumstances and allow members of the Class a full and fair opportunity to consider the proposed Settlement and develop a response. The proposed plan for distributing the Settlement Materials by direct U.S. Mail appears to be a reasonable method calculated to reach all members of the Class who would be bound by the Settlement, and there appears to be no additional method of distribution that would be reasonably likely to notify members of the Class who will not receive notice pursuant to the proposed distribution plan. The Notice Materials fairly, accurately, and reasonably inform members of the Class of: (1) the individualized calculation of

each Class Member's Settlement payment, (2) appropriate information about the nature of this litigation, and the essential terms of the Settlement; (3) appropriate information about how to obtain additional information regarding this litigation and the Settlement; (4) appropriate information about, and means for submitting, the Release to receive Settlement payments; and (5) appropriate information about how to challenge or object to the Settlement, if they wish to do so. The Notice Materials fairly and adequately inform members of the Class that failure to complete and submit a Release, in the manner and time specified in the Notice, shall constitute a waiver of any right to obtain any Settlement payment. The Notice Materials also fairly and adequately inform members of the Class that if they do not comply with the specified procedures and the deadline for objections, they will lose any opportunity to have any objection considered at the Final Fairness Hearing or otherwise to contest approval of the Settlement.

The Court, having reviewed the proposed Notice Materials finds and concludes that the proposed plan for distributing the same will provide the best notice practicable, satisfies the notice requirements of Rule 23(e), and satisfies all other legal and due process requirements. Accordingly, the Court hereby Orders as follows:

1. The form and manner of distributing the proposed Notice Materials are hereby approved.

2. The parties shall complete the mailing of the Notice Materials to the Class Members no later than ten (10) days from the date of the Order Granting Preliminary Approval.

3. Upon the return of any undeliverable Notice Materials by the postal service, a second set of the Notice Materials will be sent to a subsequent address if one can be located through the exercise of reasonable diligence

utilizing the Class Representatives and/or other Class Members and/or a National Change of Address database.

4. To receive their Settlement Distribution Payment, a Class Member must execute a Release, in the form set forth in Exhibit 3, which is required under the terms of the Champion International Corporation Reorganization Severance Policy #828 as a condition of obtaining severance benefits. The final due date for submitting executed Releases shall be 45 days following the date of the Final Court Approval and must bear a postmark indicating that it was mailed on or before such deadline date.

5. As an extra safeguard to ensure that Class Members have every opportunity to receive and return their Notice Materials, the parties will send a reminder notice to, and Plaintiffs' counsel may contact, those Class Members who have not submitted executed Releases by the thirtieth (30th) day following the date of the Final Court Approval.

The foregoing notice plan provides the best notice practical under the circumstances and will provide Class Members a full and fair opportunity to consider the terms of the proposed Agreement and make a fully informed decision on whether to participate and/or to object to the settlement.

### IV. Procedures for Final Approval of the Settlement

#### A. Fairness Hearing

The Court hereby schedules, for the 16 day of November, 2005, at the hour of 10:30 a.m., a hearing to determine whether the Settlement should receive final approval (the "Fairness Hearing"). At that time, the Court also will consider any petition that may be filed for the payment of attorneys' fees and expenses to Class Counsel, and any incentive payment to be made to the class representatives.

#### B. Deadline for Class Counsel to File a Petition for an Award of Attorneys' Fees and Reimbursement of Expenses

Class Counsel have filed several briefs relating to their payment of attorneys' fees and reimbursement of expenses. Class Counsel may file and serve on all counsel a reply to any opposition memorandum filed by any objector no later than five (5) days before the Fairness Hearing. All such awards of attorneys fees and expenses shall be paid to Class Counsel within ten (10) days of Final Approval.

#### C. Deadline for Filing Objections to Matters to Be Heard at the Fairness Hearing and for Filing Requests to Appear and Present Argument or Evidence

Any Class Member who wishes to object to the fairness, reasonableness or adequacy of this Settlement must file with the Clerk of the Court and serve his or her objection on all counsel, no later than 15 days before the Fairness Hearing. A Class Member may appear in person or by his or her own attorney, hired at the Class Member's own expense, at the fairness hearing and present any evidence or argument that may be proper and relevant. A Class Member or an attorney representing a Class Member will not be heard at the fairness hearing unless they file and serve counsel listed below on or before November 1, 2005: (1) an appearance; (2) a written

statement of the objections to the settlement; and (3) the grounds for the objections, along with any papers, briefs, pleadings or other documents for the Court's consideration.

<u>Class Counsel</u>:

Theresa L. Groh (0029806)
Murdock Goldenberg Schneider & Groh, LPA
35 E. 7th Street, Suite 600
Cincinnati, Ohio 45202
Phone: 513-345-8291
Fax: 513-345-8294

<u>International Paper Company</u>:

Grant S. Cowan (0029667)
FROST BROWN TODD LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, Ohio 45202-4182
Phone: 513-651-6800
Fax: 513-651-6981

W. Carter Younger (VSB #01147)
(Admitted Pro Hac Vice)
James P. McElligott (VSB #14109)
MCGUIRE WOODS LLP
One James Center
Richmond, Virginia 23219
Phone: 804-775-4329
Fax: 804-698-2111

Any Class Member who files and serves a written objection in accordance with this section may appear at the Fairness Hearing to object to any aspect of the fairness, reasonableness or adequacy of this Agreement or the settlement contemplated hereby. A Class Member who does not timely file and serve such a written objection shall not be heard at the Fairness Hearing. Subject to the Court's discretion, any Class Member (or attorney) who fails to comply with the provisions of this section, shall waive and forfeit any and all rights the Class Member may have

to appear separately and/or to object and shall be bound by all the terms of the Agreement and by all proceedings, orders and judgments in this case.

### E. Deadline for Filing Papers in Support of the Class Certification and Final Approval of the Settlement and in Response to Objections

Any papers in response to any objection and in support of final approval of the Settlement may be filed with the Court and served on all parties at least five days before the Fairness Hearing.

### F. Deadline for Returning Executed Releases.

Each Class Member who wishes to receive a Settlement payment must properly execute and return to Counsel for International Paper Company the Release included in the Notice Materials, by first-class United States Mail, postmarked by the United States Postal Service no later than forty-five (45) days following the date of Final Approval.

### G. Dismissal of Plaintiffs' Class Members' Claims with Prejudice and Release

Under the terms of the entry of the Judgment and Final Approval, the claims of Plaintiffs' and the Class will be dismissed with prejudice, including all ERISA claims and claims for attorneys fees related to Champion International Corporation Reorganization Severance Policy #828 that were brought in *Dalesandro, et al. v. International Paper Company*, Case No. C-1-01-109 (S.D. Ohio), as to which the District Court entered final judgment on July 8, 2005.

Class members will also release claims pursuant to the agreed upon Release.

### H. Release of Fees and Costs for Representation of Class.

Class Counsel and Plaintiffs, on behalf of the Class and each individual Class Member, will irrevocably and unconditionally release, acquit, and forever discharge, any claim that they may have against Defendant for attorneys' fees or costs associated with Class Counsel's representation of Plaintiffs and the Class upon Final Approval. Any fee payments made under

this Agreement will be the full, final and complete payment of all attorneys' fees and costs associated with Class Counsel's representation of the Class Members.

IT IS SO ORDERED

Dated: September 24th, 2005

_____
Judge Sandra S. Beckwith