# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| SCOTT D. DALESANDRO and DIANNE NOONAN, on behalf of themselves and the certified Class,<br>    Plaintiffs,<br><br>v.<br><br>INTERNATIONAL PAPER COMPANY,<br><br>    Defendant | Case No. C-1-01-109<br><br>Judge Sandra S. Beckwith |

**ORDER GRANTING FINAL APPROVAL
OF CLASS ACTION SETTLEMENT**

Plaintiffs, Scott Dalesandro and Diane Noonan ("Plaintiffs"), on behalf of themselves and the certified Class, and Defendant International Paper Company ("Defendant") (collectively, "the parties"), have negotiated and executed a proposed Class Action Settlement Agreement ("the Settlement").[1] Pursuant to the Settlement, the parties jointly moved for and received the Court's preliminary approval of the Settlement (Doc. #s 102 & 104). Pursuant to the Court's Order Granting Preliminary Approval, Class Counsel and Defendant implemented the terms of the Settlement and notified all Class Members of the Fairness Hearing which was conducted on November 16, 2005.

---

[1] The Settlement Agreement is attached as Exhibit 1 to the parties Joint Motion for Preliminary Approval of Class Action Settlement (Doc. #102).

The Court has reviewed the written and oral submissions related to the final approval of the Settlement, including Class Counsel's request for attorney fees, reimbursement of expenses, and incentive payments to the two class representatives, and the Court now finds, concludes and orders the following:

## I.      The Certified Class

The Settlement Agreement provides for a class settlement of the claims that are the subject of this litigation. This Court has previously considered and decided that the Class is readily identifiable and that the requirements of Federal Rule of Civil Procedure 23(a) are satisfied, including numerosity, commonality, typicality, and the adequacy of the representatives and their counsel. (Court order dated March 21, 2003, Doc. #40). The Court has also concluded that the requirements of Federal Rule of Civil Procedure 23(b)(3) are satisfied because questions of law and fact common to the Class members predominate over any questions affecting only individual members and that a class action is superior to other available methods for the fair and efficient adjudication of this matter. *Id.*

The Class the Court has certified and to which the terms of this Settlement apply is:

> All participants under Champion International Corporation Reorganization Severance Policy #828 who were employed by International Paper Company at the Hamilton B Street Mill and who were terminated without cause on February 9, 2001 as a result of the sale of the Mill to Smart Paper, and who were denied severance benefits under Severance Policy #828.

## II.     Final Approval of the Terms of the Settlement

The Settlement requires Defendant to pay $3,670,000 into a settlement fund to be used to pay the Class Members in exchange for a release of their claims; Plaintiffs' attorneys' fees, reimbursement of expenses, and incentive awards to the named Plaintiffs will also be paid from

this settlement fund; and Defendant will pay for all administrative costs associated with implementing the terms of the settlement.

The amount that is paid to a Class Member will be based on that Class Member's severance benefit as previously calculated and provided to each Class Member,[2] subject to adjustments made during the notice period and the amounts of the Court's final award of attorneys' fees and payment to class representatives. To the extent possible, payments shall be paid in accordance with normal payroll practices and procedures and shall reflect all applicable federal income tax and other withholdings and deductions.

The payment that a Class Member will receive if he/she properly and timely signs and returns the Release has been explained in an individualized calculation sheet attached to the Notice Material that were sent to each Class Member. This amount represents the Class Member's pro rata share of the settlement fund, based upon that Class Member's total years of service at Champion/International Paper Company.

In addition, if the Class Member was age 49 or older and his/her age and service equaled at least 59 as of February 9, 2001 that Class Member will also be eligible for enhanced monthly pension benefits under the "Flex Six" amendments to the Champion Salaried Retirement Plan. Based upon International Paper Company records, for the Class Members who have been determined to be eligible, their calculation sheet with their Notice Materials set forth the additional amount of the Flex Six enhancement. Under the terms of the applicable Retirement

---

[2] The exact amounts of the final Settlement Distribution Payments for each Class Member will be determined in accordance with the Amended Severance Calculations (filed under seal November 9, 2005) and after the expiration of the deadline to return Releases; the exact and final amounts shall be set forth in Defendant's Final Report and Accounting.

Plans, a Class Member cannot receive the Flex Six enhancement until he or she terminates employment from Smart Papers, LLC or any successor.

Any money that remains in the settlement fund due to Class Members choosing or failing to submit a properly executed Release within the required time period will be distributed on a pro rata basis to the Class Members who do return timely signed Releases; if the remaining funds total less than $2,500.00, that amount will instead be paid to The United Way of Butler County.

Upon consideration, therefore, taking into account: (1) the Plaintiffs' likelihood of success on the merits balanced against the amount and form of relief offered in the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the judgment of experienced trial counsel; (5) the nature of the negotiations; and (6) the public interest, the Court finds that the Settlement falls within the appropriate range of possible approval and does not appear in any way to be the product of collusion.

Accordingly, the Settlement Agreement and corresponding Settlement are hereby approved as fair, adequate and reasonable.

### III. Final Approval of the Form and Manner of Distributing the Settlement Notice, Verification Form and Instructions

As provided for in the Settlement Agreement, the parties submitted a proposed Settlement Notice and plan to effectuate that notice. The Notice along with the agreed form of the Exhibit indicating the calculations for each individual Class Member's anticipated recovery, and the agreed form of the Release (collectively, the "Notice Materials") proposed by the parties were approved by the Court (Doc. #104).

The Notice Materials are the best notice practical under the circumstances and allow members of the Class a full and fair opportunity to consider the proposed Settlement and develop

a response. The proposed plan for distributing the Settlement Materials is a reasonable method calculated to reach all members of the Class who would be bound by the Settlement, and there are no additional methods of distribution that would be reasonably likely to notify members of the Class who have not received notice pursuant to the proposed distribution plan. The Notice Materials fairly, accurately, and reasonably inform members of the Class of: (1) the individualized calculation of each Class Member's Settlement payment, (2) appropriate information about the nature of this litigation, and the essential terms of the Settlement; (3) appropriate information about how to obtain additional information regarding this litigation and the Settlement; (4) appropriate information about, and means for submitting, the Release to receive Settlement payments; and (5) appropriate information about how to challenge or object to the Settlement, if they wish to do so.

The Notice Materials fairly and adequately inform members of the Class that failure to complete and submit a Release, in the manner and time specified in the Notice, shall constitute a waiver of any right to obtain any Settlement payment. The Notice Materials also fairly and adequately inform members of the Class that if they do not comply with the specified procedures and the deadline for objections, they will lose any opportunity to have any objection considered at the Final Fairness Hearing or otherwise to contest approval of the Settlement.

The Court, having reviewed the proposed Notice Materials finds and concludes that the distribution of the same provided the best notice practicable, satisfied the notice requirements of Rule 23(e), and satisfied all other legal and due process requirements. Accordingly, the Court approves the form and manner of distributing the Notice Materials; the Court further approves the additional steps to be taken by Class Counsel of sending a reminder notice to and/or

contacting those Class Members who have not submitted executed Releases by _____, 2006, which is the thirtieth (30th) day following the date of this Order.

IV.  **Objections to the Settlement**

All Class Members were notified of the process to follow if any objected to the fairness, reasonableness or adequacy of this Settlement; objections were required to be filed with the Clerk of the Court and serve his or her objection on all counsel, no later than November 1, 2005. All Class Members were also notified that they may appear in person or by their own attorney, hired at the Class Member's own expense, at the fairness hearing and present any evidence or argument that may be proper and relevant; they were also notified that a Class Member or an attorney representing a Class Member would not be heard at the fairness hearing unless they file and served Class Counsel and Counsel for Defendant on or before November 1, 2005: (1) an appearance; (2) a written statement of the objections to the settlement; and (3) the grounds for the objections, along with any papers, briefs, pleadings or other documents for the Court's consideration.

Class Members were notified that any Class Member who files and serves a written objection in accordance with the requirements set out in the Notice may appear at the Fairness Hearing to object to any aspect of the fairness, reasonableness or adequacy of this Agreement or the settlement contemplated hereby. Class members were informed that a Class Member who does not timely file and serve such a written objection shall not be heard at the Fairness Hearing and, subject to the Court's discretion, any Class Member (or attorney) who fails to comply with the requirements set out in the Notice, shall waive and forfeit any and all rights the Class Member may have to appear separately and/or to object and shall be bound by all the terms of the Agreement and by all proceedings, orders and judgments in this case.

No Class Members have appeared, either personally or through counsel and none have objected to the Settlement. Therefore, under the terms of the entry of the Judgment and Final Approval, the claims of the named Plaintiffs and the Class will be dismissed with prejudice, including all ERISA claims and claims for attorneys fees related to Champion International Corporation Reorganization Severance Policy #828 that were brought in *Dalesandro, et al. v. International Paper Company*, Case No. C-1-01-109 (S.D. Ohio), as to which the District Court entered final judgment on July 8, 2005.

**V.    Deadline for Submitting Releases**

To receive their Settlement Distribution Payment, a Class Member must execute the Release, which is required under the terms of the Champion International Corporation Reorganization Severance Policy #828 as a condition of obtaining severance benefits. The final due date for submitting executed Releases shall be _____, 2006, which is 45 days following the date of this Order Granting Final Approval, and must bear a postmark indicating that it was mailed on or before such deadline date.

**VI.   Payment of Settlement Amounts.**

Defendant is ordered to pay the Settlement Distribution Payments, if no appeal of this Order is made, as follows:

1) To Class Members who have submitted timely and properly executed Releases <u>before</u> the date of this Order, Defendant shall ensure that the Settlement Distribution Payment is made no later than twenty-one (21) days following the expiration of the time to appeal this Order;

2) To Class Members who submit timely and properly executed Releases <u>after</u> the date of this Order, Defendant shall ensure that the Settlement Distribution Payment is made no

later than the later of 1) fourteen (14) days following Defendant's receipt of the Release, or 2) twenty-one (21) days following the expiration of the time to appeal this Order.

If an appeal of this Order is made, payment shall be made following exhaustion of any and all avenues of rehearing, reconsideration and appellate review, if rehearing, reconsideration and appellate review is sought, and no further rehearing, reconsideration, or appellate review is permitted, or the time for seeking such review has expired and if and only if this Order has not been modified, amended or reversed in any way. Defendant shall ensure that the Settlement Distribution Payment is made no later than twenty-one (21) days following such exhaustion of any and all avenues of rehearing, reconsideration, or appellate review.

Defendant shall include with the distribution payment an itemization of all taxes, withholdings, or other employment or government related deductions that may have been made there from. Any money that remains in the settlement fund due to Class Members choosing or failing to submit a properly executed Release within the required time period will be distributed on a pro rata basis to the Class Members who do return timely signed Releases; if the remaining funds total less than $2,500.00, that amount will instead be paid to The United Way of Butler County.

**VI.  Class Counsel's Attorneys' Fees and Reimbursement of Expenses and Incentive Payments to the Class Representatives**

Class Counsel have filed several briefs relating to their payment of attorneys' fees and reimbursement of expenses. Upon consideration of all relevant materials and arguments, the Court hereby concludes and orders as follows:

1. Trial courts within the Sixth Circuit have discretion to calculate an award of attorney's fees by using either (1) percentage of the fund calculation, or (2) a lodestar/multiplier approach.

2. A lawyer who recovers a common fund for the benefit of persons other than him/herself or his/her client is entitled to a reasonable attorney's fee from the fund as a whole.

3. The results achieved in this litigation and Settlement provides substantial benefits to the class including the creation of the $3,670,000.00 common fund and other nonmonetary relief including, but not limited to, preservation of the enhancement to certain Class Members' pension payments.

4. Class Counsel has submitted evidence of the hours spent prosecuting this case which this Court has thoroughly reviewed in ruling on the fee-shift request prior to settlement. Class Counsel's request to be paid 25% of the common fund is equivalent to the application of a 1.5 multiplier to the hours Class Counsel had documented up through August 18, 2004; considering the many hours that can be reasonably expected to have been spent working on behalf of the Class in the 15 months since the last application, the Court recognizes that this multiplier is, in reality, less than 1.5. Under the specific facts and circumstances of this case, and given the nature of this contentious and highly adversarial litigation, and in light of the results obtained, 25% and a 1.5 multiplier are within the range of reasonableness and supports Class Counsel's request.

5. There is also evidence in the record that Class Counsel undertook this litigation on a one third contingency basis, and that the Class Representatives and other employees who had signed retention agreements prior to class certification all understood and agreed to pay their counsel out of their recovery. The Class Representatives and

other absent class members have been clear and unequivocal in their support of and agreement to the 25% contingent fee requested by Class Counsel.

6. The fact that Class Counsel reduced that contingency rate from one third of any recovery to one quarter of the common fund further supports their request.

7. The fee requested provides adequate incentive to undertake this representation for the benefit of others.

8. The complexity of the litigation supports the requested fee in light of the legal issues involved and the vigorous defense put forth by International Paper.

9. The professional skill of class counsel supports the requested fee as Class Counsel's abilities and perseverance were central to the success achieved in this litigation.

10. Class Counsel is also entitled to reimbursement from the common fund for the expenses incurred during this litigation.

11. Both Class Representatives discharged their duties in an appropriate manner with the best interests of the class in mind spending significant time reviewing pleadings, preparing for and meeting to discuss affidavit testimony and strategy, assisting in settlement negotiations, communicating with more than 100 co-employees and class members, and communicating with Class Counsel. It is also apparent that the Class Representatives closely monitored the case and approved all significant actions of Class Counsel at every juncture in this litigation. Absent their willingness to undertake these obligations, the substantial recovery obtained in this case for the benefit of all salaried employees would not have occurred. Accordingly, it is appropriate to award reasonable incentive awards to each Class Representative.

Therefore, the following payments are found to be reasonable and are approved and ordered to be paid from the common fund prior to any Settlement Distribution Payments as follows: $917,500.00 to Class Counsel for their attorneys fees; the reimbursement of expenses incurred during this litigation not to exceed $25,000.00 to Class Counsel; and a total of $20,000.00 to the two Class representatives, Scott Dalesandro and Dianne Noonan, in addition to their Settlement Distribution Payments. Defendant shall pay via wire transfer to Class Counsel their attorney fees, their expenses, and the incentive payment amount no later than the 40th day following the date of this Order if no appeal is filed.

### VII.     Final Report and Accounting

Defendant shall make all Settlement Distribution Payments and all other disbursements of the Settlement Fund no later than sixty (60) days after the expiration of the time to appeal this Order, if no appeal is made. Defendant shall file a final accounting of the same reporting to the Court and Plaintiffs' counsel the entire distribution of the Settlement Amount no later than that same date.

### VIII.    Dismissal of Plaintiffs' Class Members' Claims with Prejudice and Release

Under the terms of the entry of the Judgment and Final Approval, the claims of Plaintiffs' and the Class will be dismissed with prejudice, including all ERISA claims and claims for attorneys fees related to Champion International Corporation Reorganization Severance Policy #828 that were brought in *Dalesandro, et al. v. International Paper Company*, Case No. C-1-01-109 (S.D. Ohio), as to which the District Court entered final judgment on July 8, 2005.

### IX.     Release of Fees and Costs for Representation of Class

Class Counsel and Plaintiffs, on behalf of the Class and each individual Class Member, will irrevocably and unconditionally release, acquit, and forever discharge, any claim that they

may have against Defendant for attorneys' fees or costs associated with Class Counsel's representation of Plaintiffs and the Class upon Final Approval. Any fee payments made under this Agreement will be the full, final and complete payment of all attorneys' fees and costs associated with Class Counsel's representation of the Class Members.

IT IS SO ORDERED

Dated: _____, 2005

_____
Judge Sandra S. Beckwith